Michael J Brosnahan
21 Hummingbird Circle
Sedona Az. 86336
mtk63@hotmail.com
(928) 300-6030

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA – PRESCOTT DIVISION

| | |
|---|---|
| Real Party(s) In Interest(s):<br>**MICHAEL J BROSNAHAN**<br>**Consumer Claimant**<br><br>Plaintiffs,<br><br>Vs<br><br>"Debt Collector"<br>CALIBER HOME LOANS Inc. and its agents,<br>LSF9 MASTER PARTICIPATION TRUST and<br>SUMMIT SERVICE AND REALTY LLC<br><br>AND/OR Real Party(s) In Interest:<br><br>Defendants | Case No.: No. CV-16-08277-PCT-DLR<br>**Enforce Fair Debt Collection Practices Act**<br>**15 U.S.C. § 1692**<br><br>**Federal Question 28 U.S.C. § 1331**<br><br>AND<br><br>**APPLICATION FOR AN**<br>**EMERGENCY TEMPORARY**<br>**RESTRAINING ORDER TO STAY**<br>**THE SALE OF REAL PROPERTY;**<br>AND<br>**Imposition of Permanent Injunction**<br><br>**Complaint**<br><br>Honorable: |

   Plaintiff Michael J Brosnahan, *pro per,* is a natural person and is a "Consumer" as defined by 15 USC 1692a(3)(4), Specially and not generally before this court, not waiving any rights, without prejudice, hereby respectfully submits this Enforcement of Fair Debt Collection Practices Act 15 U.S.C. § 1692 and Federal Question 28 U.S.C. § 1331 Consumer is in the United States Of America and any action against him or thing attached to him must be addressed in a <u>Court Of Competent Jurisdiction</u>. Any action against or concerning the Consumer is action against the United States Of America; and, Application for an Emergency Temporary Restraining Order and Imposition of Permanent Injunction Pursuant to Federal Rules of Civil Procedure Rule 65 against Defendants that is a "Debt Collector" as defined in accordance with FDCPA, 15 U.S.C. § 1692a(6), to stay the sale scheduled for November 23,

2016 of the consumers' principle dwelling unique real property used primarily for personal, family, or household purposes is in question. 15 USC 1692k(3)(d) 18 U.S. Code § 1345 Injunctions against fraud.

Real property description: 21 Hummingbird Circle, Sedona, Az. 86336-7012. Parcel Number: Lot 33 of Chapel Bell Estate Unit 4, According to Case 2 Maps, Page 324, Records Of Coconino County, Arizona, APN NO 401-54046

The date for the 'unlawful' non-judicial foreclosure proceeding of Consumer Plaintiff's real property started on or about August 24, 2016, where a Notice of Trustee Sale was recorded at the Coconino County Recorder Office by Debt Collector CALIBER HOME LOANS Inc. and its agents, SUMMIT SERVICE AND REALTY LLC, with said sale set to occur on November 23, 2016 at 11:30 AM.

Debt Collector CALIBER HOME LOANS Inc. and its agents, SUMMIT SERVICE AND REALTY LLC, acting administratively as Judge and Jury and ignored their fiduciary responsibilities as Trustees to verify all documents and accounts; Debt Collector CALIBER HOME LOANS Inc. and its agents SUMMIT SERVICE AND REALTY LLC initiated unlawful commencement of a non-judicial foreclosure proceeding against Consumer Plaintiff without the proper documentation. Therefore Consumer Plaintiff is apprehensive of the effect of any delay in the issuance of the Order concerning this Application. "Debt collector", as a debt collector, forwarded or caused to have forwarded a communication regarding the attempt to collect an alleged "debt" as defined in 15 USC 1692a(5).Immediately Cease and Desist pursuant to 15 USC 1692c(c). Pursuant to 15 USC 1692c(c)(1)

At all relevant times, Defendants CALIBER HOME LOANS Inc. and its agents are in fact "Debt Collector" as defined under the FDCPA. 15 U.S.C. § 1692a(6) acted recklessly or knowingly and committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this matter. Any allegations about the acts of the Corporations means that those acts were committed through their officers, directors, employees, agents, and/or representatives while those individuals were acting within the actual or implied scope of their authority.

### JUDICIAL NOTICE:

Time is of the essence, due to Defendants CALIBER HOME LOANS Inc. and its agents negligent reckless behavior.

By Law and precedent and in accordance with the Supreme Court of the United States *pro se* Pleadings MAY NOT be held to the same standard as a lawyer's and/or attorney's. Additionally, *pro se* motions, pleadings and all papers may ONLY be judged by their function and never their form. Litigants are to be held to less stringent pleading standards. Consumer Claimant Plaintiff

2

hereby invokes in this case, *inter alia*, "Federal consumer financial laws," 12 U.S.C. § 5491(a), including the entire Fair Debt Collection Practices Act ("FDCPA") and the Consumer Financial Protection Act of 2010 ("CFPA"). 12 U.S.C. § 5481(12)(H), (14),H.R.946 - Plain Writing Act of 2010, 28 U.S.C. § 1331,18 U.S. Code § 1345 - Injunctions against fraud, FTC 16 C.F.R. § 433, ("Holder" Rule) *especially FDCA,TILA,RESPA, REGULATION Z,Titles15, 33, 44 and 47, inter alia*, the Uniform Commercial Code, *inter alia*, the federal Constitution, all Civil and/or God granted Rights, *inter alia*, all maxims of law, *inter alia*, rules of equity, *inter alia*, all Treaties, and all other national and/or international agreements and/or accords, and, *inter alia*, all other applicable laws, codes statutes, and the like.

### Jurisdiction and Venue

This Court has subject-matter jurisdiction over this action because it PRESENTS A FEDERAL QUESTION, 28 U.S.C. § 1331, AND IS BROUGHT BY A CONSUMER to Enforce Fair Debt Collection Practices Act, 28 U.S.C. § 1345 INJUNCTIONS AGAINST FRAUD.

Venue is proper because Debt Collector Defendants transacts business in the Arizona Division of this District and defendants are therefore considered to be residents.28 U.S. Code § 82,12 U.S.C. § 5564(F);

### INTRODUCTION

This matter arises out of Defendants', Debt Collector CALIBER HOME LOANS Inc. and its agents, violation of the FDCPA unlawful commencement of a non-judicial foreclosure proceeding against Consumer Plaintiff without the proper documentation and accounting. Defendants Debt Collector know that they are no longer in possession of the Plaintiffs' unaltered "Genuine Original Promissory Note" and are refusing to return the Note in its unaltered form to its rightful owner, Consumer Michael J. Brosnahan. They are attempting to conceal the alterations to the Note by both keeping the Plaintiffs' Note and attempting to take the Plaintiffs' property through the unlawful commencement of a non-judicial foreclosure proceeding. Consumer Plaintiff questions the Jurisdiction of the non-judicial court and foreclosure proceeding and veracity of the alleged paperwork to move forward with the non-judicial foreclosure against Plaintiff. Consumer Plaintiff as well as the Defendants', Debt Collector CALIBER HOME LOANS Inc. and its agents, know this alleged paperwork will not hold up under the scrutiny of the Higher Court and Best Evidence Rules enforced in a <u>Court Of Competent Jurisdiction</u>.

This matter also arises out of Defendants', Debt Collector CALIBER HOME LOANS Inc. and its agents, wrongful conduct with respect to the defrauding the State of Arizona and its citizens out of "public recording" fees and fraudulent business practices. As a result of Defendants' past and continuing wrongful conduct, the legally protected property rights of Consumer Plaintiff have been and continue to be severally violated. Because Defendants' wrongful conduct has resulted and continues to result in immediate and irreparable harm to Consumer Plaintiff for which there

3

is no adequate remedy at law, Plaintiff now brings this Application for an Emergency Temporary Restraining Order and Imposition of Permanent Injunction Pursuant to Federal Rules of Civil Procedure Rule 65 ("Plaintiff's Application").

Consumer received "debt collector" communications. Said communications violates the Fair Debt Collection Practices Act pursuant to 15 USC 1692c(a), as Consumer did not authorize and/or give direct prior consent for "debt collector" to communicate with Consumer regarding this or any alleged debt. Additionally, pursuant to 15 USC 1692c(a), their communications were sent without the express permission from a court of <u>competent jurisdiction</u>. 15 USC 1692g

Debt Collector, CALIBER HOME LOANS Inc. and its agents, committed identity theft and established a new Alleged Account, Loan number 9804529874, in the Consumers' name, which is another violation of the Fair Debt Collections Practice Act for which Defendant's are now liable. Based on the above-stated facts regarding their acts and violations, in accordance with the FDCPA, and specifically 15 USC 1692k(1), they are trespassing and harassing me, and are now liable for ALL damages. See: CFPB Complaint: 161112-000216

Consumer, Mr. Brosnahan, believes that the alleged debt has been knowingly passed, without ever being validated, from one company to the next in an attempt conceal material facts and evidence and that the debt has been paid in full and that none of the above-mentioned entities (i.e., Debt Collectors) are the Creditor or Holder in Due Course of the alleged note and debt in question. CALIBER HOME LOANS must by law identify and disclose "The Real Party of Interest on the Note" as the alleged "CREDITOR" and "HOLDER IN DUE COURSE".
Defendants CALIBER HOME LOANS Inc. and its agents filed false and/or forged documents into a public office on or about August 24,2016 and are in violation of A.R.S. § 39-161 on the false presumption that they have standing to foreclose.

Defendants, Debt Collector CALIBER HOME LOANS Inc. and its agents are not entitled to the benefit of any presumptions after demonstrating clearly that they have been continuously violated FDCPA and manipulating the laws of evidence to achieve an unjust result.  Presumptions raised in the UCC and other statutes do not apply to Debt Collector CALIBER HOME LOANS Inc. and its agents because they have amply demonstrated that they lack credibility, reliability and authenticity as a pattern and practice.

The Debt collector CALIBER HOME LOANS Inc. and its agents obtained and used affidavits that were patently false and misleading which were then filed into the Coconino County Recorder's Office, clouding the title, in which the affiants represented that they had personal knowledge of the validity and ownership of debts. Debt collector knows that many of these affidavits were executed by persons who lacked personal knowledge of the facts and were never party to the contract. Consumer is the only natural person with personal and first-hand knowledge of the fact regarding this matter. Filing of the affidavit was a "false, deceptive, or misleading representation" made in connection with collection of a debt in violation of 15 U.S.C. § 1692e, and that it used "unfair or unconscionable means" to collect a debt in violation of 15 U.S.C. §

4

1692f. Defendants' acts and practices constitute violations of sections 807(3) and 807(10) of the FDCPA. 15 U.S.C. § 1692e(3), (10).

Debt Collector, Caliber Home Loans Inc. and its agents, threatened the consumer in an attempt to unlawfully take possession of (i.e., "steal) the consumers' principle dwelling unique real property used primarily for personal, family, or household purposes from the consumer on August 24, 2016 by filing false and/or forged documents in a public office to establish legal ownership and clouding the title; this is a clear violation of Arizona A.R.S. § 39-161, and other laws, which prohibits any unlawful proceeding against the consumer to garner the false presumption that Debt Collector has standing to foreclose.

Debt collector CALIBER HOME LOANS Inc. and its agents were "aggregating" paper, not debts or loans. And, the courts are presuming that where there is paper there must be a transaction somewhere in the paperwork even if there is not. Starting around 2007, the empty trusts were said to have been repackaged into new special purpose vehicles which also turned out to be mostly trusts. It is the same game as creating multiple assignments to give the illusion that an original transaction took place, from which all future instruments derive their value. But, if the "originator" did not actually loan any money to the alleged "borrower", then none of the instruments have any value or utility. They are void. No amount of assignments can create the asset and no amount of repackaging will bring the trusts alive.

Debt Collector violation of FTC 16 C.F.R. § 433, ("Holder" Rule) makes any assignee or holder of the credit contract responsible for claims the consumer might have against the seller

### **Willful and malicious harassment:**

Consumer Right to Cancel is my rescission letter. In consumer's letter dated 2009, consumer, via USPS mail, under TILA effectively rescinded the alleged loan. CALIBER HOME LOANS and its agents are knowingly, willfully and maliciously attempting to collect a debt on an alleged Loan that was RESCINDED. The mortgage and note did not exist after the notice of rescission. SCOTUS recently found and unanimously agreed that the statute means what it says and is the express terms of the law. Hence any action to enforce or collect under the terms of the note or mortgage or deed of trust were void, ab initio. Defendants are in violation of the express provisions of the Federal Act.

Because of their willful concealment and intentional deceptive business practices, Debt collector CALIBER HOME LOANS Inc. and its agents, the Consumer has become unwittingly entrapped in part of a scheme: A shell game by Debt Collector concerning the value and ownership of the Note and Deed of Trust on the consumer's primary residence and the rights and responsibilities arising there under; and this scheme violates both the FDCPA and Plain Writing Act of 2010. Debt collector is seeking to illegally seize possession of Consumer's home and obtain a windfall by concealing the true parties of an alleged loan.

5

Any reasonable person can see after reviewing the substantial irregularities in the paperwork, solid evidence and facts presented herein, why this matter has been ongoing for more than seven years without equitable resolution. The Consumer has acted in good faith and worked diligently since January 01, 2009 to resolve this dispute. He believes the court will find the Statute of Limitations on the contract in question is over. Due to the amount of time that has lapsed without resolution, he is entitled to Quite Title to his property.

**SWORN DENIAL:** Pursuant to the Constitution for the United States, the Uniform Commercial Code (UCC) 3-601, 3-602, 3-603, 3-604, 3-605, the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. §§ 1601, 1692 *et seq* and all other applicable law, Consumer herby states the following:

1. I deny that the above-referenced purported debt is my debt;
2. If the above-referenced purported debt is my debt, I deny that it is a valid lawful debt;
3. If the above-referenced purported debt is a valid debt, I deny the amount claimed, or stated, or attempted to be collected is the correct amount.

**15 U.S.C. § 1692 (E) STATES:** a "false, deceptive, and misleading representation, in connection with the collection of any debt", includes the false representation of the character or legal status of any debt and further makes a threat to take any action that cannot legally be taken a deceptive practice. Account: ending in: Loan Number: # 137733623 APN NO 401-54046 (i.e., the alleged "Loan").Then CALIBER HOME LOANS, LSF9 MASTER PARTICIPATION TRUST, new Alleged Account Number: Loan 9804529874 claims omit information which should have been disclosed, such as but not limited to vital citations and disclosing the agency's jurisdictional and statutory authority. Specifically Debt Collector is hereby requested to produce:

1. Claims further contains misinformation, false deceptive and misleading representations, and allegations intended to intentionally pervert the truth for the purpose of inducing one, in reliance upon such, to part with property belonging to them and to surrender certain substantive legal and statutory rights.
2. To act upon these claims would divest one from his property and his prerogative rights, resulting in legal injury.

**PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT. 15 U.S.C. §§ 1601, 1692 ET SEQ,** this constitutes timely written notice that Consumer Michael J Brosnahan declines to pay the referenced erroneous purported debt, which is unsigned and unattested, and which Michael J Brosnahan discharges and cancels in its entirety. I hereby give effective notice and cancel the transaction indicated above without any further notice, without dishonor, until Loan Number: # 137733623 APN NO 401-54046 (alleged "Loan"), CALIBER HOME LOANS

6

Re:New Loan Number 9804529874 CALIBER HOME LOANS LSF9 MASTER PARTICIPATION TRUST does the following:

1. Validates the purported debt;
2. Validates that the purported debt does not constitute fraud;
3. Produces the documentation and information demanded herein.

**PURSUANT TO 15 U.S.C. § 1692 (G) (4) VALIDATION OF DEBTS**, this is lawful demand; the Debt Collector must provide lawful validation and supporting legal evidence to substantiate Debt Collector's, CALIBER HOME LOANS Re: Loan Number 9804529874 CALIBER HOME LOANS, LSF9 MASTER PARTICIPATION TRUST, claims that:

1. The purported debt does not constitute fraud;
2. The purported debt does not constitute fraudulent misrepresentation;
3. The purported debt is lawfully owed by Michael J Brosnahan to Account: Loan Number: # 137733623 APN NO 401-54046 (alleged "Loan") Re: Loan Number 9804529874 CALIBER HOME LOANS LSF9 MASTER PARTICIPATION TRUST.

**PURSUANT TO FAIR DEBT COLLECTION ACT, 15 U.S.C. § 1692 (G) (8)**, as Debt Collector is merely an "agency", or board, acting on someone else's behalf, I demand that CALIBER HOME LOANS, LSF9 MASTER PARTICIPATION TRUST:

1. The name and provide all details of the genuine original "principal";
2. The name and all details of the "holder in due course";
3. The name and all details for whom Debt Collector is attempting to collect this alleged debt.

**UNTIL ALL THE REQUIREMENTS** of the Fair Debt Collection Practices Act have been met by Debt Collector Re: Loan Number 9804529874 , CALIBER HOME LOANS, LSF9 MASTER PARTICIPATION TRUST has no legal jurisdiction to continue any collection activity on the purported debt that Consumer Michael J Brosnahan allegedly owes. This is not Consumer Michael J Brosnahan refusal to pay a lawful debt, but I am hereby:

1. Disputing the validity of the alleged debt;
2. Disputing that purported debt does not constitute fraud;

**ALL ELEMENTS HAVE BEEN MET**

27.     Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

7

28. All four elements required for granting a Temporary Restraining Order and Injunctive Relief have been met as evidenced by Debt Collector CALIBER HOME LOANS Inc. and its agents numerous illegal and/or criminal acts.

29. **First Element (likelihood of success on the merits of Michael J Brosnahan's claims)**

Consumer Michael J Brosnahan must establish a reasonable probability of success on the merits, and not a certainty of success. *Oburn v. Shapp*, 521 F. 2d 142 (3rd Cir. 1975). Consumer Michael J Brosnahan's legally protected property rights are clear and unambiguous. (Exhibit A through I)

30. **Second Element (the denial of injunctive relief will result in irreparable harm to Consumer Michael J Brosnahan)**

In order to demonstrate irreparable harm, Consumer Michael J Brosnahan must demonstrate potential harm which cannot be addressed by a legal or equitable remedy following a trial. *Instant Air Freight Co. v. CF. Airfreight, Inc.*, 882 F.2d 797 (3rd Cir. 1989). A deprivation of a person's legally-protected property right will result in irreparable harm. Defendants' wrongful conduct has severely invaded Consumer Michael J Brosnahan's legally protected property rights. Moreover, the harm resulting from their wrongful conduct is continuing, making any assessment of monetary damages even more uncertain and difficult. Accordingly, Consumer Michael J Brosnahan's request for injunctive relief clearly establishes that a denial thereof will result in immediate and continuing irreparable harm to him.

31. **Third Element (that the granting of injunctive relief will not result in even greater harm to the non-moving party)**

Consumer Michael J Brosnahan has clearly satisfied this element. No harm will result to Defendants should injunctive relief be granted, as Defendants, jointly and separately, have no lawful interest in the property. Debt collector CALIBER HOME LOANS Inc. and its agents, jointly or separately, by and through their *ens legis'*, are using Criminal activities with the use of false and forged documents against Consumer Michael J Brosnahan's real property and violating fiduciary responsibility to all parties. Debt collector CALIBER HOME LOANS Inc. and its agents, have fabricated the facts and are attempting to assign themselves alleged rights that they do not possess by clouding the Title.

32. **Fourth Element (the grant of injunctive relief is in the public interest)**

Defendants, Debt collector CALIBER HOME LOANS Inc. and its agents, jointly and separately, have deprived Arizona in numerous ways. The radical drop in property values caused by Defendants' illegal foreclosures have greatly contributed the State of Arizona's negative financial status due to the extreme decline in revenues from property taxes and the increased need for "homeless" and other services.

8

33.   As evidenced by recent findings and news reports, the Defendants have not followed proper procedures or may have committed fraud in foreclosing homes without proper procedure or documentation. Attorney Generals across the country are calling for investigations. Members of Congress are calling for investigations. Debt collector CALIBER HOME LOANS Inc. and its agents have used their corporations to cause this Country, State Of Arizona and the people great financial harm.

**Maxim:** *Fraus Omnia Vitiate!* (Fraud vitiates everything.), see, *Nudd v. Burrows*, 91 US 426 (1875); "Fraud destroys the validity of everything into which it enters." See also: *B. Boyce's Executors v. Grundy*, 3 Pet. (28 US) 210 (1830), "Fraud vitiates everything."

It is in the public interest to stop illegal foreclosures.

Plaintiff Consumer has met ALL FOUR elements required for this Court to issue a Temporary Restraining Order to stay the unlawful sale of Consumer's principle dwelling unique real property and has a more than likely possibility of winning the suit against Debt Collector Defendants.

## V. BOND REQUIREMENTS

34.   Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

35.   No bond should be required of Consumer, as Debt collector CALIBER HOME LOANS Inc. and its agents have no interest, nor any rights, in Consumer Michael J Brosnahan's property. Bonds are to secure and/or indemnify a party from loss; a party that has no interest and no right to a property cannot possibly incur a loss.

35.   If this Court decides to require a bond, Consumer Michael J Brosnahan hereby requests a *de minimus* bond, as he is forced through no fault of his own to expose the Defendants Debt Collector CALIBER HOME LOANS Inc. and its agents numerous violations of FDCPA and illegal acts against him.

36.   The preceding notwithstanding, this Court should recognize that property is itself the bond in this case. Whoever succeeds in the litigation is indemnified and protected by the value of property. Accordingly, the requirement of a bond would be little more than punishment on Consumer Michael J Brosnahan with bias and prejudice for Defendants, Debt collector CALIBER HOME LOANS Inc. and its agents.

Consumer files this Application ONLY "in lieu of the SUMMARY JUDGMENT and DEFAULT" if the DEFAULT is not granted. It is Consumer Plaintiff's belief the DEFAULT should and shall be granted, and files this Application as this Court has yet to issue the DEFAULT. If this Court does issue the DEFAULT, then this Application shall be deemed moot and stricken from the record.

9

## STATEMENT OF FACTS

Plaintiff Consumer questions the Jurisdiction of the non-judicial court and foreclosure proceeding and veracity of the alleged paperwork to move forward with the non-judicial foreclosure against Plaintiff was nothing more than "Hearsay" and inadmissible as evidence in this Court. The veracity of accounting and the Affidavit by now is in question. Debt Collector CALIBER HOME LOANS Inc. and its agents continues to trespass on Consumer this case and commit fraud upon the court and should be sanctioned accordingly.

### I. ARGUMENT

#### A. Standard Applicable to Grant Temporary Injunctive Relief

It is well settled within the United States District Court that:

> To satisfy the injunction standard, the moving party must demonstrate the classic four elements: (1) a reasonable probability of success on the merits; (2) that denial of injunctive relief will result in irreparable harm; (3) that granting injunctive relief will not result in even greater harm to the non moving party; and (4) that granting injunctive relief will be in the public interest.
>
> See: *Saudi Basic Industry Corp. v. Exxon Corp.,* 364 F.3d 106, citing *Allegheny Energy, Inc. v. DQE, Inc.,* 171 F.3d 153, 158

Accordingly, where (as it is here) all four elements of injunctive relief are established by the moving party, injunctive relief is appropriate.

#### B. Because Consumer Plaintiff Has Established All Four Elements for the Grant of Injunctive Relief, a Temporary Restraining Order is Appropriate.

As to the first required element (i.e., likelihood of success on the merits of movant's claims) it is well settled that Plaintiff must establish a reasonable probability of success on the merits, and not a certainty of success. *Oburn v. Shapp,* 521 F.2d. In the instant case, Plaintiff's legally protected property rights are clear and unambiguous. It is also clearly evident that Defendants' conduct set forth in Plaintiff's Complaint is wrongful and violates Plaintiff's legally protected property rights. Accordingly, Plaintiff's Complaint and Plaintiff's Application clearly establish a reasonable likelihood of success on the merits of Plaintiff's claims.

With respect to the second element (i.e., the denial of injunctive relief will result in irreparable harm to Plaintiff) it has been held that "in order to demonstrate irreparable harm,

(Plaintiff) must demonstrate potential harm which cannot be addressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Airfreight, Inc.,* 882 F.2d. It is well settled that a deprivation of a person's legally protected property right will result in irreparable harm. In the instant case, Defendants' wrongful conduct has severally invaded Plaintiff's legally protected property rights. Moreover, the harm resulting from Defendants' wrongful conduct is continuing, making any assessment of monetary damages even more uncertain and difficult. Accordingly, Plaintiff's Complaint clearly establishes that a denial of injunctive relief will result in immediate and continuing irreparable harm to Plaintiff.

The third and fourth elements necessary for injunctive relief (i.e., that the granting of injunctive relief will not result in even greater harm to the nonmoving party, and that the grant of injunctive relief is in the public interest) are also clearly established in Plaintiff's Complaint. No harm will result to Defendants should injunctive relief be granted. Conversely, immediate and irreparable harm will result to Plaintiff should injunctive relief be denied. Accordingly, Plaintiff has clearly satisfied the third element. The same is also true with respect to the fourth element in that it is clearly within the public interest that the legally protected property rights of Plaintiff be protected.

It is also in the public's interest that the TRO be granted to allow Plaintiff to properly prepare for the civil case as Plaintiff has spent several months studying and collecting evidence that will prove conclusively that:

> Debt Collector Defendants have defrauded Arizona, Arizona taxpayers, Arizona body politic, Arizona Consumers, and Arizona government, *et al.* out of Arizona's rightfully due 'public' recording fees in an unlawful attempt to unjustly enrich Defendants at the cost and expense of Arizona, the Arizona taxpayers, Arizona body politic, Arizona Consumers, and the Arizona government, *et al.* Consumers in United States of America

### III. In Furtherance of Plaintiff's Application, Plaintiff Moves this Court to take Judicial Notice of U.C.C. § 3-302(d,e,g)

**A.    Defendant is inconsistent with their 'STANDING' in this matter**
1. Defendant has claimed in this case to be a 'Holder'; and Defendant has claimed in the non-judicial foreclosure proceeding to be a 'HOLDER IN DUE COURSE.'
2. Defendant has altered the Note by stamping the Note "without recourse" and thereby either discharging the Note and/or confessing to fraudulently transferring the Note pursuant to, *inter alia*, A.R.S. §§ 47-3407, 47-3416(A)(3), 47-3417(A)(2), 47-4207(A)(3)

**B.     Defendant(s) by and through Defendant's counsel filed a non-judicial foreclosure proceeding knowingly, intelligently and willfully in violation of the law requiring that ONLY a HOLDER IN DUE COURSE can commence foreclosure proceeding.**

Pursuant to, *inter alia*, U.C.C. § 3-302. HOLDER IN DUE COURSE, *specifically paragraphs d, e and g*, a Holder does not have the right to foreclose on a "property." Although Defendant MAY be a Holder in some ways, Defendant cannot be the Holder in Due Course as Defendant may ONLY has a security interest in the property.

U.C.C. § 3-302. HOLDER IN DUE COURSE.

(d) If, under Section 3-303(a)(1), the promise of performance that is the consideration for an instrument has been partially performed, the holder may assert rights as a holder in due course of the instrument only to the fraction of the amount payable under the instrument equal to the value of the partial performance divided by the value of the promised performance.

(e) If (i) the person entitled to enforce an instrument has only a security interest in the instrument and (ii) the person obliged to pay the instrument has a defense, claim in recoupment, or claim to the instrument that may be asserted against the person who granted the security interest, the person entitled to enforce the instrument may assert rights as a holder in due course <u>only to an amount payable under the instrument</u> which, at the time of enforcement of the instrument, does not exceed the amount of the unpaid obligation secured. (*Emphasis added*)

Defendant(s) and/or Defendant's counsels filing of a non-judicial foreclosure proceeding as a 'Holder' was a fraudulent act.

**C.     U.S.D.C. District of Arizona, the Honorable Judge Hollowell previously described the banks fraud against home owners, the state, and the body politic, in Her memorandum decision for In re: Weisband, March 29, 2010.**

Defendant has conspired with the other Defendants and Defendants' counsel to deprive Arizona, the people of Arizona, the body politic of Arizona, and the Counties of Arizona by avoiding recording fees and therefore invalidating ALL transfers of Title, Deeds, etc.

The Honorable Hollowell's succinct description of the fraud committed by GMAC and the co-conspirators in that case is representative of the fraud committed by Defendant and the Defendant's co-conspirators in this case.

**D.     Defendant's and/or Defendant's counsel are purposefully obfuscating facts and laws**

Debt Collector Defendant's and/or Defendant's counsel's use of legalese purposeful obfuscation of facts and color of laws to appear to this Court as the CREDITOR and/or the

12

HOLDER IN DUE COURSE when Defendant and Defendant's counsel are well aware Defendant is neither the CREDITOR nor the HOLDER IN DUE COURSE in this matter.

### E. Defendant's conduct and acts cause Defendant to be considered a "DEBTOR" pursuant to the Uniform Commercial Code.

Defendants cannot be the CREDITOR and/or the HOLDER IN DUE COURSE as one or more of the Defendants was and/or is the DEBTOR pursuant to U.C.C. § 9-102:

U.C.C. § 9-102 Definitions and index of definitions
A. In this chapter, unless the context otherwise requires:
28. "Debtor" means:
(b) A seller of accounts, chattel paper, payment intangibles or promissory notes; or
(c) A consignee. (*All emphasis added*)

### F. This Court should now query Defendant on Defendant's 'True' position in this matter pursuant to the FDCPA ,U.C.C.

It is now incumbent on this court to query Defendant as to Defendant's lawful position in this instant matter. If Defendants refuse to stipulate in open court that Defendant is the CREDITOR and HOLDER IN DUE COURSE in this instant matter then Defendant should explain to Plaintiff and this Court how Defendant can proceed with a non-judicial foreclosure.
Defendant's own acts of fraud upon this court, Plaintiff, Arizona's body politic, and the public in general are the single cause of this paradox and absent Defendant "stating the claim" they are the CREDITOR and HOLDER IN DUE COURSE in this matter, this court cannot hear from the Debt Collector Defendants.

In the interest of justice and to assist this Court in understanding the FDCPA violations Defendant committed against Plaintiff, Plaintiff will elaborate further on the FDCPA violations fraud being committed by Defendant
Defendant, by and through the company "assigned, sold or transferred" the purported 'Promissory Note/Deed of Trust', which then caused Defendant to become a "DEBTOR" pursuant to, *inter alia,* U.C.C. § 9-102 (A.R.S. § 47-9102).
In fact, ALL Defendants have committed acts which cause them to become "DEBTORS" as defined by the U.C.C.

*See*: U.C.C. § 9-102 Definitions and index of definitions
A. In this chapter, unless the context otherwise requires:
   "Debtor" means:
(b) A seller of accounts, chattel paper, payment intangibles or promissory notes; or
(c) A consignee. (*All emphasis added*)

Defendant received pecuniary gain from the Violations FDCPA acts committed under the guise of a 'lawful transaction' to unlawfully convert real property from the Consumer lawful owner, to a corporation.

Defendants conspired to create a 'scheme' and/or 'artifice' to "securitize" Promissory Notes and receive the profits thereof, yet Defendants have attempted to invoke the Rights of a HOLDER IN DUE COURSE.  Such rights are mutually exclusive in law.  Once the 'NOTE' was "securitized" by Defendants, Defendants' knowingly, intelligently, and willfully - PERMANENTLY - forsook any possible Rights of a HOLDER IN DUE COURSE. violation of FTC 16 C.F.R. § 433, ("Holder" Rule)

**<u>For this Court's clarification, Plaintiff will explain the fraud committed by the Defendant's, jointly and severally:</u>**

ALL Defendants have committed acts which cause them to become "DEBTORS" as defined by the U.C.C.

*See*: U.C.C. § 9-102 <u>Definitions and index of definitions</u>
A. In this chapter, unless the context otherwise requires:
28. "Debtor" means:
(b) A seller of accounts, chattel paper, payment intangibles or <u>promissory notes</u>;   or
(c) A consignee. (*All emphasis added*)

Defendants have violated numerous Federal laws and State of Arizona laws by commencing 'non-judicial foreclosure' proceedings even though they are well aware they are NOT the HOLDER IN DUE COURSE.

Pursuant to, *inter alia*, U.C.C. § 3-302 ONLY the HOLDER IN DUE COURSE may foreclose.  Defendants MAY 'claim' to be the HOLDER, yet Defendants will NOT claim to be the HOLDER IN DUE COURSE, and yet to commence a 'non-judicial foreclosure' proceeding Defendants MUST 'trick' the State into believing Defendants are the HOLDER IN DUE COURSE.

Furthermore, these Defendants have committed 'perjury by inconsistent statements' by fraudulently claiming to the State of Arizona that they are the HOLDER IN DUE COURSE to commence the 'non-judicial foreclosure' proceeding, yet in this Court and ALL other documents they ONLY claim to be a HOLDER.

See: *Inter alia*, A.R.S. § 13-2705; Perjury by inconsistent statements.

**IV.     <u>Plaintiff hereby questions ALL parties actual standing in this matter</u>**

Defendant's purported counsel may in fact not be counsel for Defendant, but may in fact be ONLY appearing as counsel and TRULY representing their own interest.

If, in fact, counsel is representing Defendant then counsel shall provide to this Court for this Court's and Plaintiff's 'inspection' the 'Power of Attorney' and ALL of the documents purporting to give counsel the authority to act on Defendant's behalf.

If, in fact, counsel is acting in their own behalf, then counsel has committed fraud upon this Court.

More succinctly stated, Plaintiff has the Right, and hereby invokes said Right, to have ALL parties, state on and for the record, their relationship to Consumer Plaintiff and their relationship to this matter.

In fact, Plaintiff has no idea who really has the requested documents, yet Plaintiff is absolutely sure, as this Court will agree, and Defendants will NEVER argue against, that no entity and/or person is or lawfully can be the holder in due course in this matter, therefore, no entity and/or person can lawfully foreclose in this matter.

2. Defendants' actions caused great emotional stress to Consumer Plaintiff and negatively affected Plaintiff's ability to earn an income. Defendants are jointly and severally liable for Plaintiff financial losses. Defendants may be held jointly and severally accountable punitively for the suffering they have caused Plaintiff.

3. Defendants have received pecuniary gain by defrauding Arizona and/or the several Counties of Arizona by unlawfully 'avoiding' the required "County Recording Fees" for 'transferring, selling, assigning, etc' Titles, Deeds, Notes, etc. and/or the like.

4. Plaintiff hereby moves this Court, and it is now incumbent on this Court, in the interest of justice and pursuant to, *inter alia*, F.R.Civ.P. Rule 1 to query Defendant, and DEMAND DEBT Defendant Debt Collector stipulate and agree on and for the record, as to whether or not Defendant Debt Collector is or is not the HOLDER IN DUE COURSE and the CREDITOR in this instant matter before this Court.

5. It is a functional impossibility for Consumer Plaintiff, a laymen, *and/or any juris doctorate for that matter*, to explain the horrendous and numerous acts of fraud perpetrated against the State of Arizona, the body politic of Arizona, and the Plaintiff by Defendant(s) in a few "short" paragraphs.

6. Defendant(s) Debt Collector have spent untold millions of dollars and possibly thousands of hours of attorney's time to contrive such an abysmal scheme to steal from the people, the States, the Counties, and the United States of America as a whole all at the same time.

7. Although the Debt Collector plan itself is simple, 1) Trick the Consumer home owners with legalese terms no laymen will understand; 2) Subvert the FDCPA and other consumer protection laws; avoid a Court of Competent Jurisdiction 3) Scare and threaten Consumer that attempts to protect their Consumer and constitutional Rights; 4) Move cases to prevent the Consumer homeowners from accessing their Due Process Rights; and 5) Payoff anyone that is willing to help the Debt Collector steal the real property from the Consumer and true homeowners, instituting the biggest hoax and swindle in history required a large number of corrupt lawyers willing to use their knowledge to defraud and eventually destroy the Consumer and the whole Country.

15

## V. CONCLUSION

WHEREFORE, Plaintiff's Application satisfies each and every element necessary for the grant of injunctive relief, Plaintiff Application for an Emergency Temporary Restraining Order and Imposition of Permanent Injunction should be granted.

WHEREAS, Plaintiff has the Right to inspect the documents to verify Defendant has not altered, mutilated, destroyed, etc. said documents, and that the signatures on said document are valid pursuant to accordingly Plaintiff MUST be allowed to inspect said documents.

WHEREAS, Debt Collector Defendants and Defendants' attorneys have neither admitted nor denied they are in possession of the documents in question, and therefore this Court may only conclude that Defendants do not have said documents.

WHEREAS, Debt Collector Defendants and Defendants' attorneys are knowingly, intelligently, and willfully, with malice aforethought, committing fraud; upon this Court, Plaintiff, the State of Arizona, the body politic of Arizona and the United States of America.

WHEREAS, Debt Collector Defendants are violating numerous Federal laws.

THEREFORE, this Court should grant Summary Judgment in favor of Plaintiff.

### Demand for Relief

The Consumer requests that the Court:
ORDER that Defendants are immediately forbidden and restrained from taking any further action against Consumer Claimant Plaintiff MICHAEL J BROSNAHAN. Defendants are ordered that they are not to sell, assign, transfer, or convey Plaintiff's real property located at 21 Hummingbird Circle, Sedona, Az. 86336-7012. Parcel Number: Lot 33 of Chapel Bell Estate Unit 4, According To Case 2 Maps, Page 324, Records Of Coconino County, Arizona, APN NO 401-54046,

A. Permanently enjoin Defendants from committing future violations of the FDCPA and CFPA; and any and all foreclosure actions against Consumer;

B. Award damages or other monetary relief against Defendants;

C. Order Defendants to pay restitution to the consumer harmed by their unlawful conduct;

D. Order disgorgement of ill-gotten revenues against Defendants;

E. Impose civil money penalties against Defendants;

F. Order Defendants to pay the Consumer's costs incurred with prosecuting this action; and,

G. Award additional relief as the Court may determine to be just and proper.

RESPECTFULLY SUBMITTED: This 22th day of November, in the year, of our Lord, 2016.

BY: _____, agent
Consumer Claimant Michael J Brosnahan, *pro per*
Sincerely and signed without prejudice,

<u>COPYRIGHT NOTICE:</u> The above-mentioned entity is quoting citations 'as purported in' context to copyrighted case law, statutes, rules of court and court decision material as found in books published with Federal or state funding supplied by the Citizens of the United States of America and intended for use by attorneys, and does so under the provisions of the Fair use clause of the copyright laws of the United States

**VERIFIED AFFIDAVIT**

    The undersigned Affiant, Consumer Claimant Michael J Brosnahan, *pro per*, a natural pearson, a civilian, hereinafter "Affiant", does solemnly declare and state as follows:
1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, not misleading, to the best of Affiants knowledge and belief, and admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

BY: _____, agent
Consumer Claimant Michael J Brosnahan, *pro per*
Sincerely and signed without prejudice,

**CERTIFICATE OF SERVICE**
ORIGINAL and COPY of the foregoing
Delivered and Filed with the Clerk of the Court,
This 22th day of November, 2016,
The Honorable
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Conformed COPY of the foregoing
"Debt Collector"
CALIBER HOME LOANS Inc. and its agents,
LSF9 MASTER PARTICIPATION TRUST
and SUMMIT SERVICE AND REALTY LLC

BY: _____, agent
Consumer Claimant Michael J Brosnahan, *pro per*
Sincerely and signed without prejudice,