# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Michael J Brosnahan,

          Plaintiff,

v.

Caliber Home Loans Incorporated, et al.,

          Defendants.

No. CV-16-08277-PCT-DLR

**ORDER**

       Pro se Plaintiff Michael Brosnahan filed this action against Defendants Caliber Home Loans Incorporated (Caliber), LSF9 Master Participation Trust (LSF9), and Summit Service & Realty LLC (Summit) on November 22, 2016, alleging a single claim under the Fair Debt Collections Practices Act (FDCPA) related to the initiation of a non-judicial foreclosure of real property located at 21 Hummingbird Circle, Sedona, Arizona 86336-7012 (Property). (Doc. 1.) Also on November 22, 2016, Brosnahan filed an *ex parte* Application for Emergency Temporary Restraining Order (TRO) to Stay the Sale of Real Property. (*Id.*) The Court held an *ex parte* hearing that same day and denied Brosnahan's application after considering his verified complaint, new documents submitted to the Court for the first time during the hearing, and Brosnahan's oral arguments. (Doc. 5.) This written order details the Court's reasoning.

       Under Federal Rule of Civil Procedure 65(b)(1):

> The court may issue a [TRO] without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

"[C]ourts have recognized very few circumstances justifying the issuance of an *ex parte* TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). For example, an *ex parte* TRO might be appropriate "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing," or where "notice to the defendant would render fruitless the further prosecution of the action." *Id.* (internal quotations and citations omitted).

Brosnahan's application is denied because he has not complied with Rule 65(b)(1). Specifically, Brosnahan did not certify in writing the efforts he made to notify Defendants of his TRO application and the reasons why notice should not be required. Nor did he show during the *ex part*e hearing that notice to the Defendants should be excused. According to Brosnahan's verified complaint, the non-judicial foreclosure is scheduled to occur on November 23, 2016 at 11:30 a.m, and Defendants noticed the non-judicial foreclosure on August 24, 2016. (Doc. 1 at 2.) Despite three months' notice, Brosnahan waited until the day before the non-judicial foreclosure to file his *ex parte* TRO application.

Moreover, Arizona law provides that persons who receive notice of a non-judicial foreclosure "shall waive all defenses and objections . . . not raised in an action that results in the issuance of a court order granting [preliminary injunction relief] entered before 5:00 p.m. . . . on the last business day before the schedule date of the sale." A.R.S. § 33-811(C). Brosnahan waited until mere hours before this statutory deadline to file his request and has not offered a satisfactory explanation for his delay, which militates against the issuance of a TRO. *See Rosal v. First Fed. Bank of Cal.*, No. C 09-1276 PJH, 2009 WL 837570, at *2 (N.C. Cal. 2009).

Aside from his failure to notify Defendants of his request, Brosnahan also has not shown that a TRO is appropriate. The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Whitman v. Hawaiian Tug & Barge Corp./Young Bros., Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). These elements are balanced on a sliding scale, whereby a stronger showing of one element may offset a weaker showing of another. *See Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1131, 1134-35 (9th Cir. 2011). However, the sliding-scale approach does not relieve the movant of the burden to satisfy all four prongs for the issuance of a preliminary injunction. *Id.* at 1135. Instead, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135. The movant bears the burden of proof on each element of the test. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Although Brosnahan has demonstrated a likelihood of irreparable harm in the absence of preliminary relief, he has not carried his burden on the remaining requirements for the issuance of a TRO. First, Brosnahan has not demonstrated a likelihood of success on the merits. His verified complaint is styled as an action to enforce the Fair Debt Collection Practices Act (FDCPA). (Doc. 1.) "The FDCPA subjects 'debt collectors' to civil damages for engaging in certain abusive practices while attempting to collect debts." *Ho v. ReconTrust Co., NA*, 840 F.3d 618 (9th Cir. 2016) (citing 15 U.S.C. §§ 1692d-f, 1692k). A "debt collector" is:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purposes

of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). "[M]ortgagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA." *Mansour*, *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)); *see also De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1075 n.3 (9th Cir. 2011) ("debt collector does not include those 'mortgage service companies and others who service outstanding debts or others, so long as the debts were not in default when taken for servicing'" (quoting S. Rep. No. 95-382 (1977)). Further, "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." *Ho*, 840 F.3d 618.

Brosnahan makes a host of allegations against Defendants regarding the ownership of his home loan. For example, Brosnahan alleges that:

- Caliber and its agents are violating the FDCPA through the "unlawful commencement of a non-judicial foreclosure proceeding against [him] without the proper documentation and accounting."

- Defendants "are no longer in possession of [his] unaltered 'Genuine Original Promissory Note' and are refusing to return the Note in its unaltered form[.]"

- Defendants noticed a non-judicial foreclosure sale for November 23, 2016 in an effort to "conceal the alterations to the original note[.]"

- His home loan "has been knowingly passed, without ever being validated, from one company to the next in an attempt to conceal material facts and evidence[.]"

- Caliber and its agents filed forged documents and have no "standing to foreclose."

(Doc. 1. at 3-4.)

Brosnahan's allegations are conclusory and do not state a plausible claim to relief under the FDCPA. He does not specify the nature of Defendants' abusive debt collection

practices. Although Brosnahan claims that he received "debt collector" communications from Defendants, he does not append these communications nor does he allege their contents. (*Id.* at 4.) To the extent Brosnahan's complaint is based on actions taken by Defendants to facilitate the non-judicial foreclosure of the Property, these actions do not qualify as debt collection within the meaning of the FDCPA. Moreover, although the FDCPA provides for civil damages, Brosnahan cites no authority that alleged violations of the FDCPA give rise to a defense against non-judicial foreclosure.[1]

Second, Brosnahan has not shown that the balance of hardships and the public interest favor preliminary relief. The verified complaint fails to state a claim that would entitle Brosnahan to the relief he seeks. Brosnahan has not given Defendants fair notice of this action, thereby depriving them of an opportunity to be heard. And, as previously noted, Brosnahan's long delay in seeking preliminary relief militates against the issuance of a TRO.

Typically, movants request a TRO to maintain the status quo so that the Court may schedule a hearing on a motion for preliminary injunction. Here, however, Brosnahan has not filed a motion for preliminary injunction. Moreover, once the non-judicial foreclosure sale occurs, Brosnahan's requested relief will no longer be available. Under these circumstances, it appears futile to schedule a preliminary injunction hearing. Instead, Brosnahan is directed to serve Defendants with a copy of the summons and complaint in accordance with the Federal Rules of Civil Procedure.

---

[1] During the hearing, Brosnahan argued that his original lender had violated the Truth in Lending Act (TILA), that he rescinded his loan in 2009, and that, as a result, no debt is owed on the Property. However, other than a passing reference to TILA and an allegation that he "effectively rescinded the alleged loan" by mailing a Right to Cancel letter in 2009, (Doc. 1 at 5), Brosnahan's verified complaint does not assert any claims under TILA. Rather, his complaint explicitly raises claims only under the FDCPA. Nor did Brosnahan identify the alleged TILA violations during the *ex parte* TRO hearing.

1

2          **IT IS ORDERED** that Brosnahan's *ex parte* Application for a TRO, (Doc. 1), is

3  **DENIED**.

4          Dated this 23rd day of November, 2016.

5

6

7                                              Douglas L. Rayes
                                              United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28