MICHAEL J BROSNAHAN
21 HUMMINGBIRD CIR.
SEDONA, AZ 86336
928-300-6030
mtk638@HotMAIL.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

FILED _____ LODGED
_____ RECEIVED _____ COPY

JAN 1 8 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Real Party In Interest:
MICHAEL J BROSNAHAN
Consumer Claimant
                    Plaintiff,

v.

CALIBER HOME LOANS, INC., et al.
AND/OR Real Party(s) In Interest:
                    Defendants.

No. CV-16-08277-PCT-DLR

**Enforcement action Fair Debt Collection Practices Act 15 U.S.C. § 1692**

**Federal Question 28 U.S.C. § 1331**

**Amended Complaint**

**(Oral argument requested)**

(Honorable Douglas L. Rayes)

Plaintiff Michael J Brosnahan, pro per, is a natural person and is a "Consumer" as defined by 15 USC 1692a(3)(4), private right of action 15 U.S.C. § 1692k, not waiving any rights, without prejudice, hereby respectfully submits this Enforcement of Fair Debt Collection Practices Act 15 and U.S.C. § 1692 and Federal Question 28 U.S.C. § 1331. Consumer is in the United States of America and any action against him, or thing attached to him must be addressed in a Court of Competent Jurisdiction, 28 U.S.C. § 1251 Original jurisdiction. Any action against or concerning the Consumer is an action against the United States of America by Defendants that is a "Debt Collector" as defined pursuant to FDCPA, 15 U.S.C. § 1692a(6). Defendants alleged foreclosure sale is imminent and they continue to threaten, harass, abuse and trespass on Consumers' inalienable rights and the Consumers' principle dwelling unique real property used primarily for personal, family, or household purposes is in question; and for declaratory and injunctive relief and the stay of the sale. 15 U.S.C. § 1692k(3)(d).

I hereby submit the following: Verified Amended Complaint complying with court Order dated January 04,2017

## Parties

Plaintiff Michael J. Brosnahan, appearing pro se, pro per, is a natural person and is a "Consumer" as defined by 15 U.S.C. § 1692a(3)(4),

Defendants Caliber Home Loans, Inc., LSF9 Master Participation Trust, and Summit Services and Realty LLC (collectively "Defendants") "Debt Collector" as defined in accordance with FDCPA, 15 U.S.C. § 1692a(6)

At all relevant times, Defendants Caliber Home Loans Inc., LSF9 Master Participation Trust, and Summit Services and Realty LLC (collectively "Defendants") and its agents are in fact "Debt Collector" as defined under the FDCPA. 15 U.S.C. § 1692a(6). Defendants have acted and continue to act recklessly or knowingly and commit the acts, cause or direct others to commit the acts, or permit others to commit the acts alleged in this matter. Any allegations about the acts of the Corporations means those acts were committed through their officers, directors, employees, agents, and/or representatives while those individuals were acting within the actual or implied scope of their authority.

Debt Collector Defendants and its agents, have knowingly and repeatedly violated the federal law prohibitions on Unfair, Deceptive, or Abusive Acts or Practices (UDAAP) for financial services providers servicing and collecting on loans that were wholly or partially void or uncollectible under Federal and State law.

## Real Property Description

21 Hummingbird Circle, Sedona, AZ 86336-7012. Parcel Number: Lot 33 of Chapel Bell Estate Unit 4, According to Case 2 Maps, Page 324, Records Of Coconino County, Arizona, APN NO 401-54046

## INTRODUCTION

The date for the 'unlawful' non-judicial foreclosure proceeding of Consumer Plaintiff's unique real property started on or about August 24, 2016, where a Notice of Trustee Sale was recorded at the Coconino County Recorder Office by Debt Collector CALIBER HOME LOANS Inc. and its agents, SUMMIT SERVICES AND REALTY LLC, with said sale set to occur on

November 23, 2016 at 11:30 AM and subsequently canceled November 23, 2016. Defendants willfully, maliciously and with knowledge of for thought began another foreclosure proceeding scheduled for February27,2017. The alleged foreclosure sale by debt collector is imminent.

Debt Collector CALIBER HOME LOANS Inc. and its agents, SUMMIT SERVICES AND REALTY LLC, acting administratively as Judge and Jury ignored their fiduciary responsibilities as Trustees to verify all documents and accounts; Debt Collector CALIBER HOME LOANS Inc. and its agents LSF9 Master Participation Trust ,SUMMIT SERVICES AND REALTY LLC initiated unlawful commencement of a non-judicial foreclosure proceeding against Consumer Plaintiff without the proper documentation. Therefore Consumer Plaintiff is apprehensive regarding the effect of any delay in the issuance of the Order concerning this Application. "Debt collector", as a debt collector, forwarded, or caused to have forwarded, a communication regarding an attempt to collect an alleged "debt" as defined in 15 USC 1692a(5). Consumer demands Defendant/debt collector immediately CEASE and DECIST pursuant to 15 U.S.C. § 1692c(c). Pursuant to 15 USC 1692c(c)(1)

Consumer, Mr. Brosnahan, believes 1) the alleged debt has been knowingly passed, without ever being validated, from one company to the next in an attempt to conceal material facts and evidence 2) that the debt has been paid in full; 3) and, that none of the above-mentioned entities (i.e., Debt Collectors) are the Creditor or Holder in Due Course of the alleged note and debt in question. CALIBER HOME LOANS must by law identify and disclose "The Real Party of Interest on the Note" as the alleged "CREDITOR" and "HOLDER IN DUE COURSE".

Defendants and its agents filed false and/or forged documents into a public office on or about August 24,2016 and are in violation of A.R.S. § 39-161 on the false presumption that they have standing to foreclose.

## PRELIMINARY STATEMENT

This is an action brought for damages for violations of the Federal consumer financial laws," 12 U.S.C. § 5491, including the Fair Debt Collection Practices Act ("FDCPA") and the Consumer Financial Protection Act of 2010 ("CFPA"). 12 U.S.C. § 5481(12)(H), (14). The Consumer has authority to bring private right of action that extends to persons engaged in the

collection of debts related to any consumer financial product or service. 12 U.S.C. § 5481(5), (15)(A)(x). Consumer has independent litigating authority to commence civil actions on his own to address violations of "Federal consumer financial laws," including the FDCPA and the CFPA. 12 U.S.C. § 5564(a)-(b); 15 U.S.C. § 1692l(b)(6) and Real Estate Settlement Practices Act (RESPA) 12 U.S.C. §2605 et seq.; for damages for violations of the Truth in Lending Act (TILA)15 U.S.C. §1641 et seq.; for damages attached to violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and for declaratory and injunctive relief.

## JUDICIAL NOTICE

Time is of the essence, due to Defendants and its agents negligent reckless behavior. Defendants executed a document entitled "assignment" which contained no warranties of title or interest. Alleged foreclosure sale is imminent and, as such, Defendant/debt collectors continue to threaten, harass and trespass on Consumer's inalienable rights.

By Law and precedent and in accordance with the Supreme Court of the United States *pro se* pleadings MAY NOT be held to the same standard as a lawyer's and/or attorney's. Additionally, *pro se* motions, pleadings and all papers may ONLY be judged by their function and never their form. Litigants are to be held to less stringent pleading standards. Consumer Claimant Plaintiff hereby invokes in this case, *inter alia*, 28 U.S. Code § 1251 "Federal consumer financial laws," 12 U.S.C. § 5491(a), including the entire Fair Debt Collection Practices Act ("FDCPA") and the Consumer Financial Protection Act of 2010 ("CFPA"). 12 U.S.C. § 5481(12)(H), (14),H.R.946 - Plain Writing Act of 2010, 28 U.S.C. § 1331,18 U.S. Code § 1345 - FTC 16 C.F.R. § 433, ("Holder" Rule) - Injunctions against fraud, FTC 16 C.F.R. § 433, ("Holder" Rule) *especially FDCA, TILA, RESPA, REGULATION Z,* Gramm- Leach-Bliley Act 15 U.S.C. 6823 Titles15, 33, 44 and 47, *inter alia*, the Uniform Commercial Code, *inter alia*, the federal Constitution, all Civil and/or God granted Rights, *inter alia*, all maxims of law, *inter alia*, rules of equity, *inter alia*, all Treaties, and all other national and/or international agreements and/or accords, and, *inter alia*, all other applicable laws, codes statutes, and the like.

Consumer Plaintiff Michael J. Brosnahan, appearing pro se, and Defendants Caliber Home Loans Inc., LSF9 Master Participation Trust, and Summit Services and Realty LLC

(collectively "Defendants"), by and through their counsel, Kendra L. Haar of PERKINS COIE LLP have met and conferred to discuss this matter, including the possibility of settlement. The parties have also reviewed the Court's December 1, 2016 Order in this matter.

## Jurisdiction and Venue

This Federal Judicial Court has subject-matter jurisdiction over this action because it presents a FEDERAL QUESTION, 28 U.S.C. § 1331, and is brought by a consumer for Enforcement of Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, 28 U.S. Code § 1251 under the United States of America Constitution Article III section II the right sought to be protected herein are secured by the United States of America Constitution by Acts of congress, and federal common law.

Venue is proper because Debt Collector Defendants alleged unlawful acts and business are conducted in the Arizona Division of this District and defendants are therefore considered to be residents, pursuant to 28 U.S. Code § 1391.

## FACTUAL ALLEGATIONS

Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

1) Consumer received without his expressed permission "debt collector" communications. Said communications violates the Fair Debt Collection Practices Act pursuant to 15 USC § 1692c(a), as Consumer did not authorize and/or give direct prior consent for "debt collector" to communicate with Consumer regarding this or any alleged debt. Additionally, pursuant to 15 USC 1692c(a), their communications were sent without the express permission from a Court of Competent Jurisdiction. This violated 15 USC § 1692a(4),1692d ,1692e(11) and 1692g.

2) On or about March 15, 2016, LSF9 MASTER PARTICIPATION TRUST allegedly acquired an interest of "ownership"."Debt Collector" LSF9 MASTER PARTICIPATION TRUST sent Consumer on March 25,2016 "Notice of Ownership of Mortgage Loan" nowhere in the correspondence did they claim to be the "Creditor" or "Holder In Due Course". In the case involving this particular assignment,

Defendants executed a document entitled "Notice of Ownership of Mortgage Loan" which contained no warranties of title or interest, showing that "LSF9 Master Participation Trust" is in fact not a trust holding beneficial rights to the Defendants' loan, but rather it is an undisclosed "Participation Agent" for yet more undisclosed investors identified as simply "Us" in correspondence, this in violation of 15USC§ 1692a(4), 1692c(a) and Plain Writing Act of 2010.

3) On or about May17, 2016 Debt Collector Ocwen, known a criminal organization as evidenced by recent findings and news reports and a consent order of $125 million, knowingly transferred the undocumented and unverified alleged debt to Defendants who ignored "Due Diligence" and accepted the transfer of the alleged debt and did so with full knowledge and understanding and accepting full "Moral Hazard" of the transaction on March 15,2016.Thus violating 15 USC§1692a(4),1692e, 1692e(2)(A) and other sub-paragraphs. Defendants violation of FTC 16 C.F.R. § 433, ("Holder" Rule) makes any assignee or holder of the credit contract responsible for claims the consumer might have against the seller. Defendants executed a document entitled "assignment" that contained no warranties of title or interest, which is Breach of fiduciary.

4) On or about May17, 2016 CALIBER HOME LOANS and its agents, then stole consumer identity, i.e., "identity theft" in accordance with 18 U.S. Code § 1028A and section 523 of the Gramm- Leach-Bliley Act 15 U.S.C. 6823 and created a new account 9804xxxxx, without the Consumer's authorization, then sent threatening and harassing communications, in violation of 15 USC 1692d, in the form of CALIBER HOME LOANS and its agents "NOTICE OF SALE OF OWNERSHIP OF MORTGAGE LOAN" letter dated May 31, 2016 and another letter dated June 03,2016. Debt Collector's violation of FTC 16 C.F.R. § 433, ("Holder" Rule) makes any assignee or holder of the credit contract responsible for claims the consumer might have against the seller. Which is Mail Fraud 18 USC 1341, 1342 & 1345; 39 USC 3005 & 3007. CALIBER HOME LOANS and its agents, "debt buyers" cannot support their collection activities with basic documents, such as the original contracts and "Genuine Original

Note" underlying the alleged debts or the chain of title evidencing that the debt buyer had standing to non judicial foreclosure on consumer. Defendants filed non judicial documents without investigating or verifying support for the foreclosure including whether or not the facts alleged were true. Defendants executed a document entitled "assignment" that contained no warranties of title or interest. These actions by Debt Collector would lead an unsophisticated consumer to believe he is responsible to pay the alleged debt, a violation of 15 USC § 1692a(4),1692f (6)(A).

5) On June 27, 2016, Consumer, in good faith, ccorresponded to Defendants and its agents that they were Harassing the Consumer. Consumer also asked the Debt Collector to identify themselves more clearly and describe the nature and history of the alleged debt. Consumer disputed said the Debt and attempted discover who the Creditor and Holder In Due Course is in accordance with RESPA Qualified Written Request and FDCA debt validation. Furthermore, Consumers' correspondence to Defendants and its agents stated: "...*Please do not misfile or lose the same as the information contained is private in nature. This letter further constitutes my Request for Michael J Brosnahan complete Loan File pursuant to TILA, RESPA FDCA and Arizona Law. Please consider this my response to your "NOTICE OF SALE OF OWNERSHIP OF MORTGAGE LOAN" letter dated May 31, 2016 and another letter dated June 03,2016 from Mary Elis Senior Vice President CALIBER HOME LOANS that identified CALIBER HOME LOANS was now the "Loan Servicer " and "Debt collector". These letters asking me to dispute the validity of the debt within thirty days. I am currently acting in good faith so I may have quiet and peaceful enjoyment of my home. I will attempt to be concise in my response as there are many misrepresentations and violations to address in your letter. CALIBER HOME LOANS and its agents are purposely obfuscated facts and avoided important issues and determining factors in this matter thus causing undue delay in achieving a just, speedy and inexpensive resolution to this matter. you have no legal right to initiate a foreclose as it never truthfully identify themselves or third parties of interest or answers and addressed my valid concerns stated in my previous*

*correspondence CALIBER HOME LOANS and its agents is seeking to illegally seize possession of Mr. Brosnahan's home and to obtain a windfall by concealing the true parties to the fraud from an, alleged loan...Pg 2 **Notice** CALIBER HOME LOANS and its agents: As a result of their mortgage activities, CALIBER HOME LOANS and its agents, and each of them are and were Subject to and must comply with the Federal Truth in Lending Act (hereinafter referred to as "TILA" [15 U.S.C. 1601-16666j] and the Acts corresponding Regulation (hereinafter referred to as "Reg. Z" [24 C.F.R. 3500.1-3500.17]; the Real Estate Settlement Procedures Act (hereinafter referred to as "RESPA") [12 U.S.C,2601 et seq]; Business and Professions Code [17200; Federal Trade Commission 5]; 24 Code of Federal Regulations 3500.10; Unfair and Deceptive Business Practices and Acts {UDAP Statutes); The violations of A.R.S. Title 44, especially §§1200 series, etc. Non-judicial foreclosures require the purported power of sale clause to be a lawful agreement, which in this instant case was not. CALIBER HOME LOANS and its agents are erroneously misusing 12 U.S.C. § 1821(d)(13)(D) in an attempt to misplace the liability of their continued malicious, willful and unlawful attempt to Foreclosure as a debt collector and steal Mr. Brosnahan's unique real property. Please provide the name, address, and phone number of the true owner of this obligation pursuant to 15 U.S.C. § 1641(f)(2) and describe your relationship to this entity... Pg 9 **"Willful and malicious harassment: <u>Right to Cancel</u> is my rescission letter. In Consumer letter dated 2009: Michael J Brosnahan legally mailed first class effectively rescinding under TILA the loan.** CALIBER HOME LOANS and its agents are willfully and maliciously attempting to collect a debt on an alleged Loan that was Rescind My <u>Notice of Right to Cancel</u> is my rescission letter sent back in 2009. According to **SCOTUS January 13, 2015 unanimous decision in (**Jesinoski v. Countrywide Home Loans, Inc., 2015 WL 144681 ***TILA, 15 U.S.C. § 1635***), provides borrowers with an unconditional right to rescind. The subject mortgage and note did not exist after the notice of rescission. That is the express terms of the law. Hence any action to enforce or collect under the terms of the note or mortgage or deed of trust*

*were void, ab initio. CALIBER HOME LOANS and its agents willful and malicious violation of the express provisions of the Federal Act.* Since Defendants claim they are a party to the contract and have not cancelled the security interest, and returned all monies paid by the Plaintiff, within the 20 days of receipt of the original Notice of rescission, Defendants are responsible for actual and statutory damages pursuant to 15U.S.C.§1640(a).

6) On August 05, 2016, 45-days later, Consumer received a communication from Debt Collector that was nonresponsive and refused to acknowledged any of the consumers legitimate concerns even though they were previously informed: " *CALIBER HOME LOANS and its agents must accept the full "Moral Hazard" of their continued willful ignorance and their actions that continue to purposefully obfuscating facts and laws. CALIBER HOME LOANS and its agents can no longer claim "plausible deniability". CALIBER HOME LOANS and its agents cannot expect to legally collect on an alleged Loan/Debt it allegedly claims originated on May 25, 2006 and simultaneously turns a blind eye as to the fraudulent nature of the origination, accounting irregularities, statutory violations and false and forged documents that it is maliciously using in an attempt to steal Consumer unique real property."*

7) On August 24, 2016: Under what authority did Defendants and its agents, jointly or separately, by and through their *ens legis,* cause to have filed and recorded false and/or forged documents in the Coconino County Recorder's Office. The Defendants and its agents obtained and used affidavits, under the color of law, that were patently false and misleading which were then filed into the Coconino County Recorder's Office, clouding the title, affiants of said affidavits claimed they had personal knowledge of the validity and ownership of debts, however, Defendants know that many of these affidavits were executed by persons who lacked personal knowledge of the facts and were never party to the contract. Consumer is the only natural person with personal and first-hand knowledge of the fact regarding this matter. Filing of the affidavits was a "false, deceptive, or misleading representation" made in connection with collection of a debt

violates 15 U.S.C. § 1692e, furthermore, "unfair or unconscionable means" to collect a debt in violation of 15 U.S.C. § 1692f. Defendants' acts and practices constitute violations of sections 807(3) and 807(10) of the FDCPA. 15 U.S.C. § 1692e(3), (10) and Mail Fraud 18 USC 1341, 1342 & 1345; 39 USC 3005 & 3007.

8) On August 24, 2016 in response to Consumer's good faith communication, Debt Collector, acting in bad faith, took a punitive measure on the "consumer asking for debt validation" and willfully, maliciously and with knowledge of forethought recorded a Trustee Sale, scheduling it the day before Thanksgiving November 23, 2016. Debt Collectors actions threatened the Consumer in their attempt to collect an alleged debt and they are terrorizing and attempting extort the consumer regarding a debt they knew and know not to be legitimate. Defendants are seeking to illegally seize possession of Consumer Mr. Brosnahan's home and to unlawfully take possession of (i.e., "steal) the consumers' principle dwelling unique real property to obtain a windfall by concealing the true parties to the fraud from an alleged loan and using "unfair or unconscionable means" to collect a debt in violation of 15 U.S.C. § 1692f. 1692f (6)(A).

9) On September 15, 2016 acting in good faith, Consumer concerned about Defendants ongoing threats, abuse and harassments sent by USPS Certified Mail # 7016 0910 0000 7647 4611 *"NOTICE OF DISPUTE AND DEMAND FOR VERIFICATION OF DEBT IN ACCORDANCE WITH 15 USC 1692 (FDCPA) to Debt Collector CALIBER HOME LOANS and its agents again demanding proof of claim: BE ADVISED AND NOTICED: "I have not requested photocopies of any invoice, statement, bill, summary, agreement, and/or the like and that any future communication received by your company in any written or other form, absent the above-cited requisite "verification of the debt", irrespective of the inclusion of any photocopy of any related invoice, statement, bill, summary, agreement and/or the like, constitutes you, your company's, and/or your client's tacit admission, confession and agreement that neither you, your company, nor your client or any alleged creditor has a lawful, bonafide, verifiable claim. Can "debt collector" Caliber Home Loans, Inc. provide any evidence, excluding*

*"hearsay", identify the creditor in fact in this transaction? Pursuant to 15 U.S.C. § 1692 (G) (4) Validation of Debts, this is lawful demand that Debt Collector must provide lawful validation and supporting legal evidence to substantiate Debt Collector, Caliber Home Inc., claim that: 1) The purported debt does not constitute fraud; 2) The purported debt does not constitute fraudulent misrepresentation; 3) The purported debt is lawfully owed by Michael J Brosnahan to Caliber Home Inc. Account Loan Number: xxxxxx9874 (alleged "Loan"). Please verify under oath that above-mentioned claim is valid, and free from any claims and defenses. Furthermore, also verify that if the alleged account was transferred at any time it was done so in good faith and by the consent of all parties involved. The "Debt collector" non-disclosure may give rise to a federal "deception" charge NOTICE: Any lawyer responsible for false debt collection claim will be held accountable under the Fair Debt Collection Practices Act, 15 USC 1692. ...* **I will bring suit against your agency for violations of federal and state consumer protection laws.** *Therefore, this notice can be construed as a Notice of Intent to bring such action if your response does not support a legal debt "owed" to your agency " Consumer copied: Arizona Attorney General Mark Brnovich Civil Litigation Division Consumer Protection and Advocacy Office Section Tucson Office who opened a case file: CIC 16-009479 / CALIBER HOME LOANS*

10) **On or about October 09,2016,** under the color of law, Defendants and its agents, by and through their *ens legis* ignored and violated the Posted: "Private Property, No Trespass, No Photographs" signs on Consumer's property; did in fact violate consumers privacy, photograph, trespass, threaten, harass and abuse Consumer when it was publicly posted on the front gate of Consumers home for all neighbors and passersby to see: The "Foreclosure Trustee Sale Notice" that clearly stated "this an attempt to collect a debt". Their actions violate 'third party disclosures', a violation pursuant to Section 15U.S.C.§1692e(3),(10),1692e(2)(A)(10),1692f(6)(A)(B)(C),

1692d,1692c(b), A.R.S.131504 Criminal Trespassing in the First Degree.

11) On October20,2016 Consumer sent correspondence via USPS Certified Mail Tracking

7016 0910 0000 7644 4928 to Arizona Attorney General Mark Brnovich Civil Litigation Division Consumer Protection and Advocacy Office Section Tucson Office regarding case file: CIC 16-009479 / CALIBER HOME LOANS and "Debt Collector" USPS CERTIFIED MAIL TRACKING # 7016 0910 0000 7644 4911. *pg 2 "Why did Debt Collector and its agents, in response to Consumer reasonable request for debt validation. Debt Collector did not respond in a timely manner and provide legitimate proof. Instead Debt Collector and its agents, punitively responded and threatened the consumer without first validating the alleged debt by Trespassed and posting a* <u>*Public Foreclosure Notice*</u> *on or about October 09, 2016 on front gate of consumer's residence which clearly states with the Foreclosure date of November, 23, 2016, "This is an attempt to collect a debt...". This action is a violation of 15 USC 1692d§ 806, along with Furnishing Certain Deceptive Forms, USC 1692j § 812; False Or Misleading Representations,15 USC 1692e § 807; Communication In Connection With Debt Collection, 15 USC 1692c § 805...pg3* <u>Notice:</u> **Consumer here by demands that Debt Collector, CALIBER HOME LOANS and its agents, immediately Cease and Desist any and all Foreclosure actions."**

12) **On November 05,2016 Consumer** sent correspondence to Defendants USPS Certified Mail Tracking #7016 0910 0000 7644 8483 the Debt Collector, "*<u>Notice:</u> Consumer here by demands that Debt Collector, CALIBER HOME LOANS and its agents, immediately Cease and Desist any and all Foreclosure actions. ...*" *Exercising my right to private action,* **I will bring suit against you, personally, and your agency for violations of federal and state consumer protection laws.** *Therefore, this notice can be construed as a Notice of Intent to bring such action, as your non-response does not support a legal debt "owed" to your agency..."Should you continue to choose and pursue your unlawful Foreclosure, trespass, harassment, threats, identity theft and other actions, pursuant to your admission,* **you are doing so with full knowledge and understanding and FOR THE RECORD, accept all associated liabilities, penalties, fees, fines and punitive damages etc."**

**13)** On November 12, 2016, Consumer filed complaint with the CFPA over debt collectors abusive behavior. See Case number 161112-000216

**14)** On November 23, 2016,11AM. Trustee sale the day before Thanksgiving, Consumer physically went to Flagstaff court steps and was informed by the realtor Jodie xxx, commissioned by the Debt Collector that the sale was permanently CANCELLED 5 minutes before alleged sale, with no notice to consumer. This is *prima facie evidence* of the truth, facts and evidence asserted by the consumer in this matter over the past eight years is true and correct and there is no evidence to the contrary. FDCPA § 1692e says a debt collector cannot use any false, deceptive, or misleading representation or means in connection with the debt collection and 1692e(5) says the debt collector cannot threaten to take any action that cannot legally be taken or that is not intended to be taken. Violated 15 USC 1692f (6)(A)

**15)** November 22, 2016 ,one day before the foreclosure sale, Debt acting in bad faith and with malice aforethought are purposely obfuscated facts to avoided important issues through willful concealment of determining factors in this matter sent a response to CFPB complaint; Case number 161112-000216, 63 pages correspondence, using legalese (prohibited under FDCPA) that misrepresents the material facts, omits evidence and stubbornly remains unapologetic and displays a willful ignorance of their abusive behavior and actions towards the consumer, with no mention of the cancelled trustee sale. Consumer Received this communication on November 28, 2016.

**16)** November 28, 2016 Continued their harassment, as Defendants jointly or separately, by and through their *ens legis,* cause to have filed and recorded false and/or forged documents in the Coconino County Recorder's Office: "Notice Of Trustee Sale" Filing of the affidavit was a "false, deceptive, or misleading representation" made in connection with collection of a debt in violation of 15 U.S.C. § 1692e, and that it used "unfair or unconscionable means" to collect a debt in violation of 15 U.S.C. § 1692f. Defendants' acts and practices constitute violations of sections 807(3) and 807(10) of the FDCPA. 15 U.S.C. § 1692e(3), (10) and Mail Fraud 18 USC 1341, 1342 & 1345; 39

USC 3005 & 3007,15 USC 1692f (6)(A).

17) December 02, 2016 Consumer disputed Response filed November 22, by Debt collector to Consumer complaint with the CFPA over Debt Collectors abusive behavior Case number 161112-000216: "*Any reasonable person can see after reviewing the substantial irregularities in the accounting, paperwork, solid evidence and facts presented herein, why this matter has been ongoing for more than eight years without equitable resolution. The Consumer has acted in good faith and worked diligently since January 01, 2009 to resolve this dispute. He believes the any <u>Court of Competent Jurisdiction</u> will find the Statute of Limitations on any contract in question is over. Due to the amount of time that has lapsed without resolution, Consumer believes he is entitled to quite peaceful enjoyment of his unique real property without further trespass or harassment from any debt collectors. ARS Ann. § 12-541 et seq Alleged debt is considered "time-barred." ... "As evidenced by recent findings and news reports, on October 06, 2015; As Debt Collector Caliber Home Loans and its agents has grown, so have customer complaints. More than 1,000 complaints have been lodged with the federal Consumer Financial Protection Bureau, many in the past year. New York attorney general, has opened an investigation into the mortgage company, a person in Mr. Schneiderman's office confirmed. New York Attorney, Mr. Schneiderman: The investigation into Caliber is returning to familiar turf in investigating mortgage abuses. He was a co-chairman of the residential mortgage-backed securities task force that worked with the Justice Department and other state attorneys generals to negotiate tens of billions of dollars in settlements with Wall Street banks over their mortgage practices during the run-up to the financial crisis.*"

18) Dated: December 15, 2016 Consumer received correspondence from Defendants they were debt collectors and that they would comply with the FDCPA and cease all communications.

19) Dated: December19,2016, Consumer; harassed again when he received correspondence from Defendants in violation of 15 USC 1692c

**20)** December 23, 2016, Consumer; harassed again when he received correspondence from Defendants in violation of 15 USC 1692c, 1692j

### Conditions Precedent

Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

Consumer questions Non judicial foreclosure: What authority do Defendants claim the right to proceed? For Defendants to act upon these claims would divest Consumer from his property and his prerogative rights, resulting in legal injury.

1) The failure of Defendants to properly accelerate their own alleged loan, an essential prerequisite to foreclosure, is at issue because Paragraph twenty-two Deed of Trust, provides, in pertinent part, the following: Acceleration; Remedies, Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...

   The notice shall specify:
   (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding[,] and sale of the Property. Consumer did not receive from the alleged "Lender" this prior to both non judicial proceedings.

   Plaintiff demand to see the notices from the alleged "Lender" as required by law and not from Debt Collector Caliber Home Loans. The issue at hand is very simple, the Deed Of Trust requires the "Lender" to send Consumer notice that they have sold or assigned the servicing rights, otherwise Plaintiff has no way of knowing that Defendants has the right to collect or enforce payment on behalf of the alleged "owner" of the note.

Who is the "Authorized Banking Institution" that holds the account and where is the account being held?

2) Defendants' failed and breached contract: Defendants by and through employees of Defendants' *ens legis* did commit a breached contract by creating a "Substitution Of Trustee" not "appointed" by the "Lender". Defendants and its agents, jointly or separately, by and through their *ens legis,* cause to have filed and recorded false and/or forged documents in the Coconino County Recorder's Office "Substitution Of Trustee" Dated: 08-24-2015 that clearly breaks the chain of title see DEED OF TRUST paragraph 24 - Paragraph twenty-four Deed of Trust provide, in pertinent part, the following:*"Substitute Trustee. **Lender** may, for any reason or cause, from time to time **remove Trustee and appoint a successor trustee** to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law."* (*Emphasis added*) In Arizona Law and contracts; that means ONLY "Lender" and No One Else may appoint a successor Trustee. Substitution of trustee can only be assigned by the "lender". Defendants by and through employees of Defendants' *ens legis* created a unlawful "Substitution Of Trustee" without the "lender". Defendants executed a document entitled "assignment" that contained no warranties of title or interest.

Debt Collector, under the color of law, fabricates and purposefully obfuscates facts to assign themselves alleged rights they do not possess by clouding the Title. This is accomplished by "aggregating" paper, not debts or loans, and is a violation of 15 USC 1692e. This causes the Article1 courts to presume that "where there is paper there must be a transaction somewhere within the paperwork" even when this presumption is false. The paper is repackaged into new accounts ("Identity Theft") and special purpose vehicles which are often trusts. It is the same game as creating multiple assignments through an LLC to give the illusion that an original transaction took place from which all future instruments derive their value; however, if the

"originator" did not properly document a transaction, which is their fiduciary duty to do so, then none of the instruments have any value or utility.

The Consumer has acted in good faith and worked diligently since January 01, 2009 to resolve this matter before the Court. Consumer believes any <u>Court of Competent Jurisdiction</u> will find that after eight years the Statute of Limitations on any alleged contracts in question is over. Due to the amount of time that has lapsed without resolution, Consumer believes he is entitled to quite peaceful enjoyment of his unique real property without further trespass or harassment from any debt collectors. ARS Ann. § 12-541 et seq Alleged debt is considered "time-barred."

## STATEMENT OF FACTS

Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

Plaintiff Consumer questions the Jurisdiction of the non-judicial court and foreclosure proceeding and veracity of the alleged paperwork to move forward with the non-judicial foreclosure against Plaintiff was nothing more than "hearsay" and inadmissible as evidence in this Court. The veracity of accounting and the Affidavit by now is in question. Defendants and its agents continue to trespass and harass Consumer.

**Plaintiff Moves this Court to take Judicial Notice of U.C.C. § 3-302(d,e,g)**

**A. Defendants are inconsistent with their 'STANDING' in this matter**

1. Defendants have claimed in this case to be an 'owner'; and Defendant have claimed in the non-judicial foreclosure proceeding to be a 'HOLDER IN DUE COURSE.'

2. Defendants have altered the Note by stamping the Note "without recourse" and thereby either discharging the Note and/or confessing to fraudulently transferring the Note pursuant to, *inter alia*, A.R.S. §§ 47-3407, 47-3416(A)(3), 47-3417(A)(2), 47-4207(A)(3)

3. Defendants by and through Defendants' counsel filed a non-judicial foreclosure proceeding knowingly, intelligently and willfully in violation of

the law requiring that ONLY a HOLDER IN DUE COURSE can commence foreclosure proceeding.

Pursuant to, *inter alia*, U.C.C. § 3-302. HOLDER IN DUE COURSE, *specifically paragraphs d, e and g*, a Holder does not have the right to foreclose on a "property." Although Defendants MAY be a Holder in some ways, Defendants cannot be the Holder in Due Course as Defendants may ONLY have a security interest in the property. U.C.C. § 3-302. HOLDER IN DUE COURSE.

(d) If, under Section 3-303(a)(1), the promise of performance that is the consideration for an instrument has been partially performed, the holder may assert rights as a holder in due course of the instrument only to the fraction of the amount payable under the instrument equal to the value of the partial performance divided by the value of the promised performance.

(e) If (i) the person entitled to enforce an instrument has only a security interest in the instrument and (ii) the person obliged to pay the instrument has a defense, claim in recoupment, or claim to the instrument that may be asserted against the person who granted the security interest, the person entitled to enforce the instrument may assert rights as <u>a holder in due course only to an amount payable under the instrument which, at the time of enforcement</u> of the instrument, does not exceed the amount of the unpaid obligation secured. (*Emphasis added*) Defendant(s) and/or Defendant's counsels filing of a non-judicial foreclosure proceeding as a 'Holder' was an unlawful act.

### B. Defendants' and/or Defendants' counsel are purposefully obfuscating facts and laws

Debt Collector Defendant's and/or Defendant's counsel's use of legalese (prohibited under FDCPA) for purposeful obfuscation of facts and color of laws to appear to this Court as the CREDITOR and/or the HOLDER IN DUE COURSE when Defendants and Defendant's counsel are well aware Defendants are neither the CREDITOR nor the HOLDER IN DUE COURSE in this matter.

### C. Defendants' conduct and acts cause Defendants' to be considered a "DEBTOR" pursuant to the Uniform Commercial Code.

Defendants cannot be the CREDITOR and/or the HOLDER IN DUE COURSE as one or

more of the Defendants was and/or is the DEBTOR pursuant to U.C.C. § 9-102:

> U.C.C. § 9-102 <u>Definitions and index of definitions</u>
> A. In this chapter, unless the context otherwise requires:
> 28. "Debtor" means:
> (b) A seller of accounts, chattel paper, payment intangibles or <u>promissory notes</u>; or
> (c) A consignee. (*All emphasis added*)

### D. This Court should now query Defendant on Defendant's 'True' position in this matter pursuant to the FDCPA and U.C.C.

It is now incumbent on this court to query Defendant as to Defendant's lawful position in this instant matter. If Defendants refuse to stipulate in open court that Defendant are the CREDITOR and HOLDER IN DUE COURSE in this instant matter then Defendants should explain to Plaintiff and this Court how Defendants can proceed with a non-judicial foreclosure.

Defendant's own acts of fraud upon this court, Plaintiff, Arizona's body politic, and the public in general are the single cause of this paradox and absent Defendants "stating the claim" they are the CREDITOR and HOLDER IN DUE COURSE in this matter, this court cannot hear from the Debt Collector Defendants.

### E. In the interest of justice and to assist this Court in understanding the FDCPA violations Defendants' 15 USC § 1692a(4) committed against Plaintiff.

Defendants, by and through the company "assigned, sold or transferred" the purported 'Promissory Note/Deed of Trust', which then caused Defendants to become a "DEBTOR" pursuant to, *inter alia*, U.C.C. § 9-102 (A.R.S. § 47-9102).

In fact, ALL Defendants have committed acts which cause them to become "DEBTORS" as defined by the U.C.C.

> *See*: U.C.C. § 9-102 <u>Definitions and index of definitions</u>
> A. In this chapter, unless the context otherwise requires:
>    "Debtor" means:
> (b) A seller of accounts, chattel paper, payment intangibles or <u>promissory notes</u>; or
> (c) A consignee. (*All emphasis added*)

Defendant received pecuniary gain from the Violations of FDCPA acts committed under the guise of a 'lawful transaction' to unlawfully convert real property from the Consumer, lawful owner, to a corporation.

Defendants conspired to create a 'scheme' and/or 'artifice' to "securitize" Promissory Notes and receive the profits thereof, yet Defendants have attempted to invoke the

rights of a HOLDER IN DUE COURSE. Such rights are mutually exclusive in law. Once the 'NOTE' was "securitized" by Defendants, Defendants' knowingly, intelligently, and willfully - PERMANENTLY - forsook any possible Rights of a HOLDER IN DUE COURSE, in violation of FTC 16 C.F.R. § 433, ("Holder" Rule)

Furthermore, these Defendants have committed 'perjury by inconsistent statements' by fraudulently claiming to the State of Arizona that they are the HOLDER IN DUE COURSE to commence the 'non-judicial foreclosure' proceeding, yet in this Court and ALL other documents they ONLY claim to be a "Owner". See: *Inter alia*, A.R.S. § 13-2705; Perjury by inconsistent statements.

**Plaintiff hereby questions ALL parties actual standing in this matter.**

Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

Defendants' purported counsel may in fact not be counsel for Defendants, but may in fact be ONLY appearing as counsel and TRULY representing their own interest.

If, in fact, counsel is representing Defendants then counsel shall provide to this Court for this Court's and Plaintiff's 'inspection' the 'Power of Attorney' and ALL of the documents purporting to give counsel the authority to act on Defendants' behalf.

If, in fact, counsel is acting in their own behalf, then counsel has committed fraud upon this Court.

More succinctly stated, Plaintiff has the Right, and hereby invokes said Right, to have ALL parties, state on and for the record, their relationship to Consumer Plaintiff and their relationship to this matter.

In fact, Plaintiff has no idea who really has the requested documents, yet Plaintiff is absolutely sure, as this Court will agree, and Defendants will NEVER argue against, that no entity and/or person is or lawfully can be the holder in due course in this matter, therefore, no entity and/or person can lawfully foreclose in this matter.

Plaintiff hereby moves this Court, and it is now incumbent on this Court, in the interest of justice and pursuant to, *inter alia*, F.R.C.P. Rule 1 to query Defendants, and DEMAND

Defendants stipulate and agree on and for the record, as to whether or not Defendants is or is not the HOLDER IN DUE COURSE and the CREDITOR or Debt Collector in this instant matter before this Court.

Defendants' actions caused great emotional stress to Consumer Plaintiff and negatively affected Plaintiff's ability to earn an income. Defendants are jointly and severally liable for Plaintiff's financial losses. Defendants may be held jointly and severally accountable punitively for the suffering they have caused Plaintiff.

It is a functional impossibility for Consumer Plaintiff, a laymen, *and/or any juris doctorate for that matter*, to explain the horrendous and numerous acts unlawfuly perpetrated against the State of Arizona, the body politic of Arizona, and the Consumer Plaintiff by Defendants in a few "short" paragraphs. Defendants have spent untold millions of dollars and possibly thousands of hours of attorney's time to contrive such an abysmal scheme to steal from the people, the States, the Counties, and the United States of America as a whole all at the same time.

The Defendants plan itself is simple, 1) Trick the Consumer home owners with legalese terms no laymen will understand; 2) Subvert the FDCPA and other consumer protection laws; avoid a <u>Court of Competent Jurisdiction</u> 3) Scare, threaten and bully Consumer in their attempt to divest him of his constitutional Rights and property 4) Move cases to prevent the Consumer homeowners from accessing their Due Process Rights; and 5) Payoff anyone that is willing to help the Defendants steal the real property from the Consumer and true homeowners, instituting the biggest hoax and swindle in history which required a large number of corrupt lawyers willing to use their knowledge to defraud and eventually destroy the Consumer and the whole Country.

It is repugnant in equity that any Debt collector and/or Defendants will garner all three (3) aspects of the purported "agreement" if Defendant and/or Defendants prevail in this unlawful non judicial foreclosure issue. The three material issues in this Suit are: 1) the real property; 2) the Note; 3) the money. It is a material fact that the U.C.C. prohibits such an unjust enrichment windfall, as evidenced by U.C.C. § 3-501(B)(2). This would be unjust and equivalant to asset forfeiture.

# COUNT I
## VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), 12 U.S.C. §2605

Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

a) Conditions Precedent; Defendants failed and breached contract: Paragraph twenty-two (22) Deed of Trust "Acceleration; Remedies"

b) Conditions Precedent; Defendants failed and breached contract: Deed of Trust paragraph twenty-four (24) Substitution of trustee can only be assigned by the "lender"

c) Plaintiff's written requests for information about his account and correction of Defendants' failed to correct numerous errors "qualified written requests'' within the meaning of RESPA.

d) Defendants' failed to respond in a proper and timely way to Plaintiff's ''qualified written requests'' for information about, and corrections to, his mortgage account, in violation of 12 U.S.C. §2605(e).

e) FTC 16 C.F.R. § 433, ("Holder" Rule)

**WHEREFORE,** Plaintiff demands judgment against Defendants for a proper accounting and application of his mortgage payments and for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to 12 U.S.C. §2605.

# COUNT II
## VIOLATION OF TRUTH IN LENDING ACT (TILA), 15 U.S.C. §1641

Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

a) "Identity Theft" in accordance with 18 U.S. Code § 1028A and section 523 of the Gramm- Leach-Bliley Act 15 U.S.C. 6823 and created a new account 9804xxxxx, without my, the Consumer's, authorization

b) Violation TILA, 15 U.S.C. § 1635:Consumer noticed Debt collector and ignored TILA Rescission, and attempted to collect debt after notice. See SCOTUS unanimous decision January 13, 2015 (*Jesinoski v. Countrywide Home Loans, Inc., 2015 WL 144681* ).

c) Defendants claim they are a party to the contract and have not cancelled the security interest and returned all monies paid by the Plaintiff, within the 20 days of receipt of the original Notice of rescission, Defendants are responsible for actual and statutory damages pursuant to 15U.S.C.§1640(a).

**WHEREFORE,** Plaintiff demands judgment against Defendants for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1640(a).

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692

Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

(a) Violated 15 USC 1692c(a)

Without the prior consent of the Consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt.

(b) Violated 15 USC § 1692a(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

(c) Violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

(d) Violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(e) Violated 15 U.S.C. §1692e(6) by sale or transfer of any interest in the debt will cause the consumer to lose any claim or defense to payment of the debt.

(f) Violation of FTC 16 C.F.R. § 433, ("Holder" Rule) makes any assignee or holder of the credit contract responsible for claims the consumer might have against the seller

(g) Violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(h) Violated 15 USC 1692f (6)(A) (6) Taking or threatening to take any non judicial action to effect dispossession or disablement of property if -- (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(i) Violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(j) Violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(k) Violated 15 U.S.C. §1692f (6) taken or threatened to unlawfully repossess or disable the consumer's property.

(l) Violated 15 U.S.C. §1692 e(5) misleading representation or means in connection with the debt collection and says the debt collector cannot threaten to take any action that cannot legally be taken or that is not intended to be taken.

(m) Violation of 15 U.S.C. § 1692e "false, deceptive, or misleading representation" made in connection with collection of a debt in violation of, and that it used "unfair or unconscionable means" to collect a debt and

(n) Violation of 15 U.S.C. § 1692f. Defendants used affidavits in which the affiants represented that they had personal knowledge of the validity and ownership of debts. By using these affidavits, Defendants represented, directly or indirectly, expressly or by implication, that those affiants had personal knowledge of the validity and ownership of the debts. In numerous instances in which they submitted such affidavits,

Defendants knew or should have known that the affiants in fact did not have such personal knowledge.

(o) Defendants' representations as set forth in this Complaint were false or misleading and constituted deceptive acts and practices, in violation of sections 1031(a) and 1036(a)(1)(B) of the CFPA. 12 U.S.C.§§ 5531(a), 5536(a)(1)(B).Defendants' use of such affidavits falsely represented to consumers the character, amount, or legal status of debts. Defendants' use of such affidavits constituted false representations or deceptive means to collect or attempt to collect debts. Defendants' use of such affidavits was an unfair or unconscionable means used to collect or attempt to collect debts. Defendants' acts and practices constitute violations of sections 807(2)(A), 807(10), and 808 of the FDCPA. 15 U.S.C. §§ 1692e(2)(A), (10), 1692f.

(p) December 15, 2016 violation of 15 USC 1692 received correspondence from Defendants acknowledge cease and desist  15 USC 1692c(1)

(q) December 19, 2016 violation of 15 USC 1692c(1) Consumer was harassed again when he received correspondence from Defendants after told to cease and desist 15 USC 1692c, 1692j

(r) December 23, 2016 Consumer was harassed again when he received correspondence from Defendants in violation of 15 USC 1692c, 1692j

**WHEREFORE,** Plaintiff demands judgment against Defendants jointly and separately for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

**WHEREAS,** Plaintiff has supplied this Court *prima facie* and incontrovertible evidence that Defendants knowingly, intelligently and willfully committed in an unlawful attempt to divest Plaintiff of Plaintiff's unique real property. Violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law. Federal Rules of Civil Procedure Rule 38

**Demand for Relief**

Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

**WHEREFORE,** Plaintiff respectfully prays upon this court to grant Plaintiff declaratory and injunctive relief, consistent with the findings of the aforesaid, including, but not limited to Plaintiff demands judgment against Defendants jointly and separately for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692, pursuant to 12 U.S.C. §2605 and pursuant to 15U.S.C.§1640(a); enjoining the above-named Defendants, as well as any party, yet unnamed Defendants, from Selling, Converting or by any means whatsoever, Dispossessing Plaintiff of Property, until all facts, are clarified, as to be determined following the completion of discovery, which is now pending and to provide Plaintiff, thereafter, Oral Argument, and/or any other relief this court deems just and proper.

RESPECTFULLY SUBMITTED: This 18th day of January, in the year, of our Lord, 2017.


BY: _____, agent
Consumer Claimant Michael J Brosnahan, *pro per*
Sincerely and signed without prejudice,

1

2

3

4  **CERTIFICATE OF SERVICE**
    ORIGINAL and COPY of the foregoing
5  Delivered and Filed with the Clerk of the
    Court,
6  This 18th day of January, 2017,
    The Honorable Douglas L. Rayes
7  UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF ARIZONA

8

9

    Conformed COPY of the foregoing
10  Perkins Coie LLP
    Brian C. Lake
11  Kendra L. Haar
    2901 North Central Avenue, Suite 2000
12  Phoenix, Arizona  85012-2788
    Attorneys for Defendants Caliber Home Loans,
13  LSF9 Master Participation Trust, and Summit
    Services and Realty LLC

14

15                              BY: _____, agent

16                              Consumer Claimant Michael J Brosnahan, *pro per*
                                Sincerely and signed without prejudice,
17

18

19

20

21

22

23

24

25

26

27

28