Brian C. Lake (#020543)
Kendra L. Haar (#030959)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
BLake@perkinscoie.com
KHaar@perkinscoie.com
docketphx@perkinscoie.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL J. BROSNAHAN, | No. 3:16-cv-08277- DLR |
| Plaintiff, | |
| v. | **MOTION TO DISMISS** |
| | (Honorable Douglas L. Rayes) |
| CALIBER HOME LOANS, INC., LSF9 MASTER PARTICIPATION TRUST, and SUMMIT SERVICE AND REALTY LLC | |
| Defendants. | |

1   Plaintiff Michael J. Brosnahan's First Amended Complaint ("FAC") violates the

2   Rules of Civil Procedure and should be dismissed outright.  [Doc. 13]  Defendants Caliber

3   Home Loans, Inc., LSF9 Master Participation Trust, and Summit Service and Realty LLC

4   (collectively "Caliber")[1] move to dismiss Plaintiff's FAC for failure to meet the pleading

5   requirements of Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") and failure to

6   state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

7                          **MEMORANDUM IN SUPPORT**

8   This case arises out of a pending non-judicial foreclosure and trustee's sale of

9   Plaintiff's residential property for which the loan was issued in 2006.  Plaintiff does not

10  deny that he is in default of his loan obligations.[2]  In fact, Plaintiff stopped making

11  payments on the loan *more than eight years ago* on January 1, 2009, and has not made

12  any payments since.  [*See* Doc. 13 at 17]  Nevertheless, Plaintiff now seeks to enjoin the

13  trustee's sale of the property and also collect damages under a nebulous theory that the

14  issuer and later noteholder of the loan and deed of trust somehow violated a variety of

15  state and federal laws in originating, servicing, and foreclosing on the loan.  Plaintiff's 27-

16  page long FAC, while unclear, suggests he seeks both damages and an order clearing title.

17  But Plaintiff fails to state any tenable claim for relief against Caliber—let alone any basis

18  for awarding him free and clear title.  In fact, this is the second spurious lawsuit Plaintiff

19  has filed over the last several years in an attempt to delay and complicate foreclosure of

20  this same property, for which he long ago stopped making loan payments.  Plaintiff's first

21  lawsuit was dismissed with prejudice by a federal judge as being without merit.  This

22  action should be dismissed with prejudice as well.

23

24

25

26  _____

    [1]  The FAC makes no efforts to separate the Defendant entities or their conduct.

27  [2]  *See generally* Doc. 13, (FAC) (containing no allegations that the debt has been

28  satisfied).  Because Plaintiff's FAC does not have numbered paragraphs, any citations to
    the FAC in this Motion are to the page number.

**Brief Statement of Relevant Facts[3]**

**I.     LOAN HISTORY**

In 2006, Plaintiff borrowed $373,500.00 from Countrywide Home Loans, Inc., which was secured by a Deed of Trust ("DOT")[4] against the property at 21 Hummingbird Circle, Sedona, AZ 86336 ("the Property").[5] [*See* Doc. 13 at 2]  In the DOT, which served as the loan's Security Instrument, the following parties are defined:  Countrywide as the Lender, the Mortgage Electronic Registration System, Inc. ("MERS") as the beneficiary, and Plaintiff as the Borrower.  On May 25, 2006, Plaintiff, as the "Borrower," executed a Promissory Note (the "Note") and the DOT and Security Instrument.[6]  Plaintiff stopped making payments on the Loan on January 1, 2009.  [*See id.* at 17]

As contemplated by paragraph 20 of the DOT, the Note was sold one or more times over the course of the loan, and the Loan Servicer changed as well:

- On July 27, 2011, MERS granted, assigned, and transferred its beneficial interest under the DOT to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP.[7]

- On May 19, 2014, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP granted, assigned, and transferred its beneficial interest under the DOT to Christiana Trust.[8]

---

[3]  The facts set forth in this Brief Statement are undisputed, accepted as true for the purposes of this Motion, and are based on the Complaint allegations or other documents, of which the Court may take judicial notice.

[4]  As discussed more fully in Caliber's Request for Judicial Notice, filed concurrently, a district court may consider documents referred to or "whose contents are alleged in the complaint" but are not attached to the plaintiff's pleading.  *See, e.g.*, *Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir. 2000).  The Court may also take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

[5]  The Property is further described in the DOT as parcel ID Number 401-51-046 at Lot 33, of Chapel Bells Estates Unit 4, according to case 2 of maps, page 324.  The DOT was filed in the Official Records of Coconino County on May 31, 2006 as Document No. 3386186, and is attached as Ex. 1 to the Defendants' Request for Judicial Notice, filed concurrently with this Motion ("Request for Judicial Notice").

[6]  Ex. 1 (DOT at 1 & 11) and Ex. 2 (Note) to the Request for Judicial Notice.

[7]  Ex. 3 to the Request for Judicial Notice.

[8]  Ex. 4 to the Request for Judicial Notice.

- On July 2, 2014, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP corrected its grant, assignment, and transference of its beneficial interest under the DOT to Christiana Trust.[9]

- On March 27, 2015, Christiana Trust granted, assigned, and transferred its beneficial interest under the DOT to Wilmington Trust, N.A., not in its individual capacity but as trustee of ARLP Securitization Trust, Series 2014-2.[10]

As also contemplated by the DOT (at ¶ 24), the Trustee was substituted from time to time and successor trustees were appointed:

- The original Trustee was Fidelity National Title Insurance Co.[11]

- On May 1, 2009, the original beneficiary, MERS, appointed Recontrust Company, N.A. as Successor Trustee under the DOT.[12]

- On May 21, 2015, Western Progressive - Arizona, Inc. was substituted as Trustee by Wilmington Trust, N.A., not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-2, by its Servicer Ocwen Loan servicing, LLC.[13]

- On August 24, 2016, the present beneficiary, LSF9 Master Participation Trust, by Caliber Home Loans, Inc., solely in its capacity as servicer, substituted the trustee and appointed Summit Services and Realty, LLC, as Trustee under the DOT.[14]

## II.   PRIOR LITIGATION HISTORY – ROUND ONE

Plaintiff stopped making payments on the Loan on January 1, 2009.  [*See* Doc. 13 at 17]   Trustee Recontrust Company filed the first Notice of Trustee's Sale on the Property in 2009.[15]   Plaintiff fought this this non-judicial foreclosure in court by filing an action in Superior Court in Coconino County, which the defendants removed to federal court.[16]   Defendants filed a motion to dismiss for failure to state a claim.[17]   Plaintiff

---

[9]  Ex. 5 to the Request for Judicial Notice.

[10]  Ex. 6 to the Request for Judicial Notice.

[11]  Ex. 1 (DOT at 1) to the Request for Judicial Notice.

[12]  Ex. 8 to the Request for Judicial Notice.

[13]  Ex. 9 to the Request for Judicial Notice.

[14]  Ex. 10 to the Request for Judicial Notice.

[15]  Ex. 11 to the Request for Judicial Notice.

[16]  Exs. 15 and 16 to the Request for Judicial Notice.

[17]  Ex. 17 to the Request for Judicial Notice.

responded to the motion to dismiss, and also filed a separate motion for sanctions and a motion for default judgment.[18]  On June 30, 2010, Judge Martone issued an order granting the motion to dismiss and denying Plaintiff's motions.[19]  The court noted that "Plaintiff's 47-page *pro se* complaint is a rambling narrative of various allegations against defendants and challenges to the enforceability of his deed of trust."  The court concluded that "[t]o survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'''" and "Plaintiff's complaint does not satisfy this test."[20]

Plaintiff refused to accept that result, and filed a 36-page Motion to Vacate Judgment, essentially rehashing the same arguments.[21]  Plaintiff also filed a separate Motion to Compel Defendants' Attorneys to Submit an Affidavit and a Motion for Stay of Non-judicial Proceedings.[22]  On August 27, 2010, Judge Martone issued another order denying Plaintiff's motion to vacate and other motions.[23]  The court noted that Plaintiff had failed to show why the dismissal order should be vacated, and "[i]nstead he largely repeats arguments made in his response to the motion to dismiss, and levels charges about defendants' 'criminal' and 'terrorist' conduct."[24]

Still refusing to accept the result, Plaintiff filed a 21-page "Motion to Recuse," in which he again rehashed the same arguments and asserted (without any factual support) that Judge Martone was unfairly biased.[25]  On September 23, 2010, the court issued an order denying Plaintiff's Motion to Recuse, finally ending the case.[26]

---

[18]  *Id.*

[19]  Ex.  18 to the Request for Judicial Notice.

[20]  *Id.* at 1-2 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

[21]  Ex. 19 to the Request for Judicial Notice.

[22]  Exs. 20 and 21 to the Request for Judicial Notice.

[23]  Ex. 22 to the Request for Judicial Notice.

[24]  *Id.* at 1-2.

[25]  Ex. 23 to the Request for Judicial Notice.

[26]  Ex. 24 to the Request for Judicial Notice.

Although Plaintiff's legal action was dismissed, it does not appear that a trustee's sale of the property was conducted at that time. Neither the FAC nor the documents in the public record explain why the trustee's sale did not occur in late 2010 or soon thereafter.[27]

## III.   ANOTHER NOTE TRANSFER AND CURRENT LITIGATION HISTORY – ROUND TWO

In March 2016, LSF9 Master Participation Trust acquired an interest in the Loan. [Doc. 13 at 5]  On March 25, 2016, LSF9 Master participation Trust sent Plaintiff a Notice of Ownership of Mortgage Loan.  [*Id.*]  Then, on August 24, 2016, Caliber recorded a Notice of Trustee's Sale in the Coconino County Recorder's Office, which was scheduled for November 22, 2016 and subsequently cancelled.  Caliber recorded another Notice of Trustee's Sale, scheduled for February 27, 2017.  [*Id.* at 2-3]

Plaintiff apparently now claims that the Loan was unilaterally rescinded by him in 2009, but Plaintiff still possesses the collateral for the Loan.  [Doc. 13 at 8][28]

---

[27]  Interestingly, about three months before he filed his legal action seeking to stop the trustee's sale of his property located at 21 Hummingbird Circle, Sedona AZ (the property at issue in this case), Plaintiff had already filed an action in federal court to prevent a trustee sale of another property in default he owned located right across the street at 22 Hummingbird Circle, Sedona, AZ.  *See Michael Brosnahan v. JPMorgan Chase Bank, et al.*, No. 3:09-cv-08224-JAT (D. Ariz. Teilborg, J.) (PACER online case docket is attached as Ex. 25 to the Request for Judicial Notice).  The court in that action granted Defendants' motion to dismiss for failure to state a claim (while also denying Plaintiff's additional motion to quash, motion for preliminary injunction and motion for TRO).  *Id.*  Plaintiff filed an amended complaint, after which the court granted another motion to dismiss the amended complaint, with prejudice (while also denying Plaintiff's additional motion to compel defendants' attorneys to submit an affidavit, motion to stay all non-judicial proceedings, motion to strike, motion to sequester the note, and "motion to compel court and defendants to adhere to Erie doctrine").  *Id.*  Plaintiff then filed a motion to vacate all court rulings and a motion for recusal, both of which were denied by the court.  *Id.*  Plaintiff then filed an appeal with the Ninth Circuit, which was also dismissed.  *Id.*  Although this action related to a separate property across the street, it demonstrates that Plaintiff is no stranger to the court system (or to these issues) and that he has a continuing strategy of filing baseless legal claims and frivolous motions in an attempt to complicate and delay creditors that are merely exercising their legitimate rights on default.  In addition, the Coconino County Superior Court's online docket indicates that in January 2016 Plaintiff filed yet another action against a noteholder and loan servicer, although details are not available (including the location of the property involved).  *See Michael Brosnahan v. Ocwen Fin. Corp. & Ocwen Loan Servicing LLC*, No. S-0300-CV-201600045 (Ariz. Sup. Ct., Coconino Cnty).

[28]  *See also* Exs. 12-14 to the Request for Judicial Notice.

On November 22, 2016, Plaintiff commenced this action. The Complaint alleged a single claim under the Fair Debt Collection Practices Act related to the initiation of a non-judicial foreclosure of the Property. [Doc. 1] Plaintiff also filed an ex parte Application for an Emergency Temporary Restraining Order ("TRO") to Stay the Sale of Real Property. [Doc. 1 at 1; Doc. 7 at 1] The Court denied Plaintiff's TRO Application and ordered Plaintiff to serve the Defendants with the Complaint. [Doc. 7 at 5] Among other things, the Court's order outlined the insufficiencies of Plaintiff's Complaint in asserting a claim arising under the FDCPA. [*Id.* at 4-5] The Court found:

> to the extent Brosnahan's complaint is based on actions taken by [Caliber] to facilitate the non-judicial foreclosure of the Property, these actions do not qualify as debt collection within the meaning of the FDCPA. Moreover, although the FDCPA provides for civil damages, Brosnahan cites no authority that alleged violations of the FDCPA give rise to a defense against non-judicial foreclosure. *Id.* at 5.

Plaintiff served the complaint and summons on Caliber. [Doc. 12] And the parties met and conferred to discuss the case. [Doc. 13 at 5] The parties stipulated to permit the Plaintiff to amend his complaint. [Doc. 10; Doc. 11] Plaintiff filed the FAC, which now alleges three purported causes of action: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) violation of the Truth in Lending Act ("TILA"); and (3) violation of the Fair Debt Collection Practices Act ("FDCPA"). [Doc. 13 at 22-25]

**Argument**

To survive a motion to dismiss, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must also contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Rules demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

1     While a court must generally accept as true all allegations contained in a complaint,

2  that tenet does not apply to mere conclusory statements. *Id.* at 678-79. And even pro se

3  litigants like the Plaintiff "must comply with Federal Rules of Civil Procedure and meet

4  certain minimal standards of pleading." *See Ticktin v. C.I.A.*, No. CV-08-998-PHX-

5  MHM, 2009 WL 976517, at *4 (D. Ariz. Apr. 9, 2009) (quotation omitted).

6     Plaintiff offers *no* well-pleaded facts and *no* simple, direct, and concise allegations.

7  The FAC falls far short of the Rules' pleading requirements, and must be dismissed.

8  **I.     THE FAC VIOLATES FEDERAL RULES OF CIVIL PROCEDURE 8(A),**
   **8(D), AND 10(B), AS WELL AS THIS COURT'S DECEMBER 1 ORDER.**
9

10    Rule 8 requires "sufficient allegations to put defendants fairly on notice of the

11  claims against them." *Brabant v. JP Morgan Chase Bank*, CV 11-00848-TUC-JGZ, 2012

12  WL 2572281, at *3 (D. Ariz. July 2, 2012) (quoting *McKeever v. Block*, 932 F.2d 795,

13  798 (9th Cir. 1991)). A complaint that consists of conclusory allegations against a group

14  of defendants without specific allegations of individual wrongdoing does not put

15  defendants fairly on notice of the claims against them. *Id.* (dismissing complaint where

16  claims against all defendants were devoid of any attempt to associate factual allegations

17  with specific defendants or claims.). In addition, "[e]ach allegation must be simple,

18  concise and direct." Fed. R. Civ. P. 8(a). A party must "state its claims . . . in numbered

19  paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b).

20    While, in general, courts liberally construe the pleadings of a pro se litigant, "pro

21  se litigants are [still] bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54

22  (9th Cir. 1995); *see also Sepehry-Fard v. Dept. Stores Nat'l Bank*, 15 F. Supp. 3d 984,

23  987 (N.D. Cal. 2014) ("pro se pleadings must still allege facts sufficient to allow a

24  reviewing court to determine whether a claim has been stated.").

25    Here, the FAC as a whole fails to make "simple, concise and direct" allegations in

26  separately numbered paragraphs. Caliber should not have to wade through the FAC to try

27  to glean what claims for relief Plaintiff has attempted to assert and what alleged facts

28  support those attempted claims. The fact that Plaintiff is pro se does not give him license

1  to ignore the Rules of Civil Procedure or to pursue a lawsuit without alleging facts to

2  support his legal claims, relying instead on conclusory assertions and a scattershot list of

3  statutes.  For this independent reason, the Court should dismiss the FAC with prejudice.

4  **II.    PLAINTIFF HAS FAILED TO STATE ANY CLAIMS FOR RELIEF.**

5  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the

6  claims against them."  While Plaintiff alleges three total claims against all Defendants, all

7  of Plaintiff's claims are meritless, and none are supported by well-pleaded facts.  The

8  FAC fails to inform Caliber of the claims against it any more than did the Complaint.  As

9  a result, Plaintiff fails to state any claim upon which relief can be granted, and the Court

10  should dismiss all of Plaintiff's claims with prejudice. *See, e.g.*, *Robinson v. BAC Home*

11  *Loans Servicing, LP*, CV11-1920-PHX-JAT, 2012 WL 1520125, at *4 (D. Ariz. May 1,

12  2012) (dismissing complaint with prejudice that contained "numerous mortgage

13  foreclosure arguments that have been rejected time and time again for failure to state a

14  claim" because amendment would be futile and no additional facts could save the claims).

15  **A.    Plaintiff Fails to State a Claim under the Real Estate Settlement**
16  **Procedures Act.  (COUNT I)**

17  First, Plaintiff claims that Defendants are liable for violating the Real Estate

18  Settlement Procedures Act (RESPA), pursuant to 12 U.S.C. § 2605.  RESPA provides that

19  "[i]f a servicer of a federally related mortgage loan receives a qualified written request

20  from the borrower (or an agent of the borrower) for information relating to the servicing

21  of such loan, the servicer shall provide a written response" and  "provide the borrower

22  with a written explanation or clarification that includes . . . information requested by the

23  borrower [and] the name and telephone number of an individual employed by, or the

24  officer or department of, the servicer who can provide assistance to the borrower."  *Id.* §

25  2605(e).  A qualified written request must include the borrower's information and a

26  statement of the reasons the account is believed to be in error.  *Id.*  A qualified written

27  request "is one that relates to the servicing of the loan."  *Brabant*, 2012 WL 2572281, at

28  *9 (citing *Consumer Sols. REO v. Hillery*, 685 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009)).

1    Plaintiff incomprehensibly asserts that his "written requests for information about

2    his account and correction of Defendants' failed to correct numerous errors 'qualified

3    written requests' within the meaning of RESPA." [Doc. 13 at 22]  Plaintiff continues:

4    "Defendants' failed to respond in a proper and timely way to Plaintiff's 'qualified written

5    requests' for information about, and corrections to, his mortgage account, in violation of

6    12 U.S.C. § 2605(e)."  [*Id.*]  Plaintiff did not attach his written requests to the FAC, or the

7    supposedly insufficient responses.  Plaintiff does seemingly quote from communications

8    to Caliber discussing the loan.  [*Id.* at 7-8]  This communication is not a qualified written

9    request because it poses no questions about the servicing of the loan, but rather challenges

10   Caliber's *right to service* the loan and the validity of the underlying documents.  This is

11   not a basis for a claim under RESPA, and the FAC fails to allege facts that would support

12   a claim for relief under RESPA.  *See Brabant*, 2012 WL 2572281, at *9.

13   Additionally, to recover under RESPA, a plaintiff must allege facts demonstrating

14   that he suffered actual damages as a result of a defendant's alleged failure to respond.

15   This is also grounds for dismissal of Plaintiff's RESPA claim.  *See Amaral v. Wachovia*

16   *Mortgage Corp.*, 692 F. Supp. 2d 1226, 1232 (E.D. Cal. 2010) ("Absent factual

17   allegations suggesting that Plaintiffs suffered actual damages, Plaintiffs' RESPA claim is

18   insufficiently pled and subject to dismissal.").  The FAC contains no factual allegations

19   relating to actual damages, and this insufficiently pled claim should be dismissed.

20   ### B.    Plaintiff Fails to State a Claim under the Truth In Lending Act. (COUNT II)

21

22   Plaintiff claims that Defendants are liable for violating the Truth In Lending Act

23   ("TILA"), pursuant to 15 U.S.C. § 1641.  [Doc. 13 at 22-23]  There are no factual

24   allegations in the FAC, which if proven true, could establish any Defendants' liability

25   under TILA.  Plaintiff's TILA claim provides a series of three conclusory assertions that

26   Caliber violated TILA without providing factual support—and citing statues unrelated to

27   TILA.  [*Id.*]  Plaintiff fails to state any facts in this count, let alone facts that would entitle

28   him to any sort of relief.

1        TILA requires lenders to make certain specific disclosures of information in certain

2   approved formats before the loan is consummated.  *See* U.S.C. § 1601, *et seq*.  Caliber

3   was not involved in originating Plaintiff's 2006 loan—it had no involvement until 2016.

4   Thus, to survive a motion to dismiss, Plaintiff would have to allege specific facts showing

5   how his original lender failed to make the adequate disclosures required by the statute

6   before the loan was made, *and* establishing some basis by which Caliber could be held

7   liable for such a failure.  As for civil damages claims against a subsequent assignee of a

8   loan secured by real property, TILA expressly provides that such a claim "may be

9   maintained against any assignee of such [original] creditor only if—(A) the violation for

10  which such action or proceeding is brought is apparent on the face of the disclosure

11  statement provided in connection with such transaction pursuant to this subchapter . . . ."

12  15 U.S.C. § 1641(e)(1).  Plaintiff has not pleaded any facts establishing that any alleged

13  TILA violation was "apparent on the face of the disclosure statement" that was provided

14  to Plaintiff when the loan was initially made in May 2006.

15       Further, even if Caliber had been involved in originating Plaintiffs' loans, the time

16  in which to bring such an action has run.  The statute of limitations for a civil damages

17  claim under TILA is only one year.  *Id.* § 1640(e).  Since the loan was made in 2006, this

18  limitations period has long since run.  The right to rescind a transaction under TILA

19  expires three years after the date of consummation of the transaction.  *Id.* § 1635(f).  "This

20  three-year period is not a statute of limitations within which to file an action, but is rather

21  the duration of the right to rescind."  *McCann v. Quality Loan Serv. Corp.*, 729 F. Supp.

22  2d 1238, 1242 (W.D. Wash. 2010).  Although Plaintiff alleges that he asserted his right to

23  rescind sometime in 2009, he provides no letter proving the date he supposedly exercised

24  his right to rescind.  What is more, he consummated the loan in May 2006.  This suit was

25  not filed until November 2016—over a decade later.  Plaintiff also still possesses the

26  collateral that is the Property at issue here.  Any claim for rescission under TILA is

27  therefore time-barred, and any claim for civil damages under TILA is baseless.

28

1

**C.    Plaintiff Fails to State a Claim under the Fair Debt Collections Practices Act.  (COUNT III).**

2

3     For Plaintiff's third and final formal claim for relief, Plaintiff asserts that Caliber

4 violated the Fair Debt Collections Practices Act (FDCPA), under 15 U.S.C. § 1672.  But

5 Plaintiff fails to state a claim under FDCPA because Caliber is not a "debt collector" as

6 defined under the FDCPA.  The purpose of the FDCPA is to regulate (and thus eliminate)

7 abusive practices by debt collectors.   15 U.S.C. § 1692(e); *Herrejon v. Ocwen Loan*

8 *Servicing, LLC*, 980 F. Supp. 2d 1186, 1201-02 (E.D. Cal. 2013).  As such, the FDCPA

9 applies only to debt collectors and not to Caliber, a mortgage servicer.  Plaintiff does not

and cannot allege that Caliber's principal business is FDCPA debt collection. *See id.*

10     "Debt collectors" may face civil damages under the FDCPA for "engaging in

11 certain abusive practices while attempting to collect debts."  *Ho v. ReconTrust Co., NA*,

12 840 F.3d 618 (9th Cir. 2016) (citing 15 U.S.C. § 1692d-f, 1692k) (emphasis added).

13 Under this statue, a "debt collector" is defined as:

14
> Any person who uses any instrumentality of interstate commerce or
> the mails in any business the principal purposes of which is the
15 > collection of any debts, or who regularly collects or attempts to
> collect, directly or indirectly, debts owed or due or asserted to be
16 > owed or due to another.

17 15 U.S.C. § 1692a(6).  As the Court has previously explained, "mortgagees and their

18 beneficiaries, including mortgage servicing companies, are not debt collectors subject to

19 the FDCPA."  *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182

20 (D. Ariz. 2009) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985);

21 *see also De Dios v. Int'l Realty & Inves.*, 641 F.3d 1071, 1075 n.3 (9th Cir. 22011) ("debt

22 collector does not include those 'mortgage service companies and others who service

23 outstanding debts or others, so long as the debts were not in default when taken for

24 servicing.'"  (quoting S. Rep. No. 95-382 (1977)).  Further, "actions taken to facilitate a

25 non-judicial foreclosure, such as sending the notice of default and notice of sale, are not

26 attempts to collect 'debt' as the term is defined by the FDCPA."  *Ho*, 840 F.3d 618.

27 Plaintiff simply ignores the Court's prior ruling in this same case that "actions taken by

28

1    Defendants to facilitate the non-judicial foreclosure of the Property . . . do not qualify as

2    debt collection within the meaning of the FDCPA" and that the FDCPA does not provide

3    any defenses against non-judicial foreclosure.  [Doc. 7 at 5]

4         In addition, Plaintiff makes a host of allegations against Caliber regarding the

5    ownership of the loan.  For example, Plaintiff asserts eighteen bullet points of statute

6    sections that were purportedly "violated" but does not provide any well-pleaded facts

7    specifying the conduct by Caliber that supposedly violated each of these statutory

8    provisions.  [Doc. 13 at 23-25]

9         Plaintiff's allegations continue to be conclusory and do not state a plausible claim

10   to relief under the FDCPA.  Plaintiff still does not specify the nature of Caliber's

11   supposedly abusive debt collection practices.  Although Plaintiff claims that he received

12   "debt collector" communications from Caliber, he does not attach those communications

13   to the FAC, nor does he allege their contents with any detail, an omission clearly pointed

14   out by the court in its November 23, 2016 order.  [Doc. 7 at 5]  The FAC did nothing to

15   correct that fatal flaw.

16        Plaintiff's FAC is based on Caliber's actions taken to facilitate the non-judicial

17   foreclosure of the Property, which, as the Court already held, do not fall into the FDCPA's

18   meaning of "debt collection."  [*Id.*]  Further, although the FDCPA provides a possible

19   basis for civil damages, the statute provides no defense against a non-judicial foreclosure.

20        Numerous courts have concluded that "the activity of foreclosing on [a] property

21   pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA."

22   *Diesner v. Mortgage Electronic Registration Sys.*, 618 F. Supp. 2d 1184, 1188-89 (D.

23   Ariz. 2009) (citing *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1203-04 (D.

24   Or. 2002) (the activity of foreclosing on a property is not the collection of a debt within

25   the meaning of the FDCPA); *Castro v. Exec. Trustee Servs., LLC*, No. CV-08-2156-PHX-

26   LOA, 2009 WL 438683, at *6 (D. Ariz. Feb. 23, 2009) (same).

27        Plaintiff points to letters sent by Caliber that provide a notice that "This is an

28   attempt to collect a debt."  [Doc. 13 at 3]  This does not constitute an admission to being a

1    "debt collector" as contemplated by the FDCPA, and a label on a letter does not change

2    the substance of the underlying transaction or whether that transaction falls within the

3    scope of the statute.   The FDCPA fails to provide grounds upon which relief may be

4    granted, and as a result this claim must also be dismissed.

5        **D.     Plaintiff Fails to State a Claim for Relief in any of the FAC's various
              other allegations that are not identified as enumerated causes of action.**

6

7            **1.     Caliber need not prove standing to conduct a non-judicial
                   foreclosure.**

8            Plaintiff challenges Caliber "standing" to non-judicially foreclose.   [Doc. 13 at 20]

9    "Standing" is a prudential and constitutional doctrine requiring that the parties to *litigation*

10   have an actual interest in the outcome.   Non-judicial foreclosures are, by definition,

11   conducted without court involvement pursuant to the power of sale contractually

12   conferred by the trustor; the concept of "standing" has no relevance in the context of a

13   trustee's sale.   "Standing" is not a concept governing a non-judicial foreclosure.

14           Rather, non-judicial foreclosures are governed exclusively by A.R.S. §§ 33-801–

15   821, which provide the "only procedure" for a valid trustee's sale.   *Patton v. First Fed.*

16   *Sav. & Loan Ass'n of Phoenix*, 118 Ariz. 473, 476, 578 P.2d 152, 155 (1978); *accord*

17   *Chavez   v.   ReconTrust Co.*, 2008 WL 5210893, *3–4 (E.D. Cal. Dec. 11, 2008) (slip

18   copy) (noting that statutory framework governing non-judicial foreclosures is exhaustive

19   and should not be supplemented with additional requirements).   These statutes do not have

20   a "standing" requirement.   Rather, they provide,

21           [b]y virtue of his position, a power of sale is conferred upon the trustee of a
             trust deed under which the trust property may be sold, [as] provided in this
22           chapter, after a breach or default in performance of the contract or
             contracts, for which the trust property is conveyed as security, or a breach
23           or default of the trust deed. . . .   The power of sale may be exercised by the
             trustee without express provision therefore in the trust deed.

24   A.R.S. § 33-807(A).   This provision makes clear—the existence of a DOT securing an

25   obligation confers inherent authority [29] on the trustee to sell the trust property upon

26   default.   Whether the trustee would also have "standing" to prosecute a legal action

27   _____

28   [29]   In other words, the trustee need not obtain the prior approval of the borrower or the
         court, a requirement Plaintiff seeks, in effect, to impose here.

1  against the trustor for default of his loan obligations has no bearing on the trustee's
2  inherent authority to sell the trust property conferred by contract and statute.  Thus, the
3  trustee need not prove "standing" or anything else before conducting a sale.  Rather, it is
4  the trustor's burden to prove that a pending sale is improper if he wishes to have the sale
5  enjoined.  Plaintiff cannot do that by invoking a requirement that does not bind the
6  trustee.[30]

7                    **2.      The statute of limitations does not affect a trustee's sale.**

8          Plaintiff alludes in the FAC to Caliber being barred from enforcing the DOT by a
9  statute of limitations.  [Doc. 13 at 17]  This argument does not support Plaintiff's claims
10  for relief under RESPA, TILA, or the FDCPA because these statutes are affirmative
11  claims for money damages under each relevant statute—not a defense against a non-
12  judicial foreclosure.  A statute of limitations has no bearing on the claims in the FAC.

13          Further, Plaintiff's statute of limitations argument does not bar enforcement of the
14  DOT to recover the collateral Property through a trustee's sale.  An action on a note is a
15  legally distinct and separate from a non-judicial foreclosure action.  *Universal Inv. Co. v.*
16  *Sahara Motor Inn, Inc.*, 127 Ariz. 213, 215, 619 P.2d 485, 487 (Ct. App. 1980) (deed of
17  trust statute does not mandate foreclosure by trustee's sale, but allows option to foreclose
18  as mortgage or bring action on debt).  In Arizona, an action for quiet title "cannot be
19  sustained as against a mortgage debt confessedly unpaid."  *Manicom v. CitiMortgage,*
20  *Inc.*, 236 Ariz. 153, 161, 336 P.3d 1274, 1282 (2014) (quoting *Provident Mut. Building-*
21  *Loan Ass'n v. Schwertner*, 15 Ariz. 517, 140 P. 495 (1914) (an unsatisfied mortgage,

---

24  [30]  The courts have expressly held that an action on the note and a non-judicial foreclosure
25  are separate remedies available to the owner of a defaulted loan.  *See, e.g., Universal Inv.*
*Co. v. Sahara Motor Inn Inc.*, 127 Ariz. 213, 215, 619 P.2d 485, 487 (Ct. App. 1980).
26  The purpose of a trustee's sale is to provide "relatively inexpensive and speedy
foreclosure proceedings."  *Andreola v. Ariz. Bank*, 26 Ariz. App. 556, 559, 550 P.2d 110,
27  113 (1976); *see also LeDesma v. Pioneer Nat'l Title Ins. Co.*, 129 Ariz. 171, 173-74, 629
P.2d 1007, 1009–10 (Ct. App. 1981).  A requirement that the trustee must prove
28  "standing" to foreclose would effectively nullify the difference between judicial and non-
judicial foreclosures and violate the Legislature's purpose of the non-judicial option.

1    securing a debt barred by limitations will not be removed as a cloud on title without the

2    debt first being paid)).

3        Finally, even if Caliber wanted to enforce payments under the Loan, the statute of

4    limitations would not bar recovery under the contract.  Payments on the Note are not in

5    default until due.  *See, e.g.*, *Ortiz v. Trinity Fin. Servs. LLC*, 98 F. Supp. 3d 1037, 1043

6    (D. Ariz. 2015) (statute of limitations applies to each installment separately and does not

7    begin to run on any installment until it is due).  Pursuant to the Note, the Maturity Date on

8    this Loan will not occur until at least June 1, 2036.[31]

9            **3.    Plaintiff's claims of a condition precedent fail to state a claim.**

10       Plaintiff alleges the DOT contained a condition precedent requiring notice of

11    acceleration prior to initiation of a trustee's sale. [Doc. 13 at 15]  Plaintiff implies that he

12    has not seen a notice of acceleration before the trustee's sale notice was recorded.  [*Id.* at

13    15-16]  Even if acceleration is required before a trustee's sale is held and Caliber has not

14    yet accelerated the loan, this alleged failure does not state a claim for relief because the

15    trustee's sale has not yet occurred and notice of acceleration may still be issued.  Yet, the

16    acceleration clause does not require acceleration before sale, but requires thirty days'

17    notice of default and notice of intent to accelerate before the acceleration is to occur.[32]

18        Moreover, a rider in the loan document unequivocally supports the reading that

19    loan acceleration is not required before filing a notice of trustee's sale.  Specifically, in the

20    1-4 family rider, signed by Plaintiff in 2006, states:  "Borrower's default or breach under

21    any note or agreement in which Lender has an interest shall be a breach under the Security

22    Instrument and Lender may invoke *any of the remedies* permitted by the Security

23    Instrument."[33]   Finally, under the Note ¶ 10, Plaintiff explicitly waived any right of

24

25

26    _____

27    [31]  Ex. 2 (Note ¶ 3) to the Request for Judicial Notice.

      [32]  Ex. 1 (DOT ¶ 22) to the Request for Judicial Notice.

28    [33]  Ex. 2 (Loan Documents, 1-4 Family Rider at ¶ I) to the Request for Judicial Notice.

1  Presentment, which waived any requirement that the Note Holder to demand payment of

2  amounts due.[34]

3  **4.    The historical "Substitutions of Trustees" not appointed by the
       original lender fail to state a claim for relief.**

4

5  Plaintiff appears to assert that the loan documents were breached and are

6  unenforceable because a substitution of trustee was not appointed by "Lender."  [Doc. 13

7  at 16, 22]  This assertion controverts the law and common sense.  The DOT (at ¶ 24)

   states that "Lender may, for any reason or cause, from time to time remove Trustee and
8
   appoint a successor trustee to any Trustee appointed hereunder.  Without conveyance of
9
   the Property, the successor trustee shall succeed to all the title, power and duties conferred
10
   upon Trustee herein and by Applicable Law."[35]  With each assignment of the DOT, the
11
   new Noteholder steps into the shoes of the original lender.[36]  When the Noteholder steps
12
   into the shoes of the original lender, it has the rights and responsibilities of the original
13
   lender under the loan documents.  Nothing in the DOT states that only the original lender
14
   may substitute a trustee, and this assertion fails to state any claim for relief.[37]
15
       **5.    Plaintiff's argument that Ocwen "knowingly transferred the
16              undocumented and unverified alleged debt" to Caliber fails to
                state a claim.**
17
   Without citing any authority, Plaintiff asserts that the prior noteholder (Owcen
18
   Loan Servicing) transferred the debt to Caliber on May 17, 2016, and concludes that:  the
19
   debt was "undocumented and unverified," this was a "breach of fiduciary," and Caliber
20
   cannot enforce the loan documents because it is not the "holder in due course" and thus
21
   not the true owner of the debt.  [Doc. 13 at 6, 17]  This fails to state any claim that
22

23  _____

    [34] Ex. 2 (Note ¶ 10) to the Request for Judicial Notice.
24
    [35] Ex. 1 (DOT ¶ 24) to the Request for Judicial Notice.
25
    [36] *See, e.g.*, Exs. 3-7 to the Request for Judicial Notice (granting, assigning, and
26  transferring all beneficial interests under the deed of trust dated 5/25/2006 and recorded as
    instrument No. 3386186 on 5/31/2006).
27  [37] It is ironic Plaintiff is asserting that Caliber is liable as a successor noteholder for some
    supposed (unidentified) TILA violations in the original lender's 2006 loan documents, but
    that Caliber cannot be a successor noteholder for the administrative purpose of
28  substituting a trustee.

1    warrants relief.  Neither Arizona's UCC nor Arizona's judicial foreclosure statutes require

2    presentation of the original note before commencing foreclosure proceedings.  *See*

3    A.R.S. § 47-3301 ("'persons entitled to enforce' an instrument [include] the holder of the

4    instrument, a nonholder in possession of the instrument who has the rights of a holder *or a*

5    *person not in possession of the instrument who is entitled to enforce the instrument*

6    pursuant to § 47-3309"); *id.* § 33-807 (foreclosure statutes do not require presentation of

7    the original note before commencing foreclosure proceedings).  Courts have routinely

8    held that Plaintiff's "show me the note" argument lacks merit.  *See Mansour*, 618 F. Supp.

9    2d at 1181 (listing cases).  Accordingly, regardless of how Plaintiff pleads this argument,

10   it provides no grounds for relief.

11                   **6.      Amendment of the FAC would be futile.**

12          Even liberally construing the FAC to find any way in which Plaintiff could

13   possibly state a claim for relief, Plaintiff has failed to state any claims upon which relief

14   may be granted.  Nor could Plaintiff amend his claims to allege that Caliber caused him

15   any injury.  A court may deny leave to amend when dismissing a case for failure to state a

16   claim if "the court determines that the pleading could not possibly be cured by the

17   allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Plaintiff

18   has already taken advantage of leave to amend, with the Court's order that shed light on

19   some of the problems in Plaintiff's Complaint.  [*E.g.*, Doc. 7 at 4-5 ("Brosnahan's

20   allegations are conclusory and do not state a plausible claim to relief under the FDCPA.

21   He does not specify the nature of Defendants' abusive debt collection practices. . . .")]

22   Yet, Plaintiff ignored this advice and filed a FAC, which is substantially similar in nature

23   to the Complaint and makes several unsupported, conclusory allegations and a recitation

24   of statutes devoid of explanation of how the statutes apply or the factual allegations to

25   support any legal claims.  Amendment at this point would be futile because Plaintiff has

26   failed to state any reasonable facts that could support any claim for relief.

27

28

1

**Conclusion**

2          For the foregoing reasons, Defendants respectfully request that the Court dismiss

3    with prejudice all of Plaintiff's claims.

4

5    Dated:  February 9, 2017                    **PERKINS COIE LLP**

6
                                                By: /s/ *Kendra L. Haar*
7                                                    Brian C. Lake
                                                     Kendra L. Haar
8                                                    2901 North Central Avenue, Ste. 2000
                                                     Phoenix, Arizona  85012-2788
9
                                                Attorneys for Defendants Caliber Home
10                                               Loans, LSF9 Master Participation Trust,
                                                 and Summit Service and Realty LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## NOTICE OF CERTIFICATION OF CONFERRAL

2        Pursuant to this Court's order dated November 29, 2016, the parties have conferred
3  to determine wither an amendment could cure a deficient pleading.  In this conferral, the
4  parties have been unable to agree that the pleading is curable by a permissible
5  amendment.  Accordingly, Defendants have moved forward with filing the above motion
6  to dismiss pursuant to Federal Rule of Procedure 12(b).

7

8  Dated: February 9, 2017               **PERKINS COIE LLP**

9

10                              By: /s/ *Kendra L. Haar*
                                  Brian C. Lake

11                                  Kendra L. Haar
                                  2901 North Central Avenue, Ste. 2000
                                  Phoenix, Arizona  85012-2788

12

13                              Attorneys for Defendants Caliber Home
                              Loans, LSF9 Master Participation Trust,
                              and Summit Service and Realty LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2
       I hereby certify that on February 9, 2017, I electronically transmitted the attached

3
documents to the Clerk's Office using the CM/ECF System for filing.

4
       I also certify that on February 9, 2017, I served a copy of the attached documents

5
via First Class mail on Plaintiff *Pro Se* Michael J. Brosnahan, 21 Hummingbird Circle,

6
Sedona, AZ 86336-7012.

7
                                        s/ Susan Carnall

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28