Brian C. Lake (#020543)
Kendra L. Haar (#030959)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
BLake@perkinscoie.com
KHaar@perkinscoie.com
docketphx@perkinscoie.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL J. BROSNAHAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., LSF9 MASTER PARTICIPATION TRUST, and SUMMIT SERVICE AND REALTY LLC<br><br>Defendants. | No. CV-16-08277-PCT-DLR<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS CALIBER HOME LOANS, INC., LSF9 MASTER PARTICIPATION TRUST, AND SUMMIT SERVICE AND REALTY LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(Honorable Douglas L. Rayes) |

Defendants Caliber Home Loans, Inc., LSF9 Master Participation Trust, and Summit Service and Realty LLC (collectively "Caliber") respectfully request under Federal Rule of Evidence 201 ("Rule 201") that this Court take judicial notice of the documents listed below in connection with Caliber's Motion to Dismiss, which is filed concurrently with this request.

Rule 201 allows a court to take judicial notice of documents outside of the complaint that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Ariz. R. Evid. 201. Courts routinely take judicial notice of loan documents in foreclosure cases. *See, e.g.*, *Kuc v. Christiana Trust ARLP 3*, No. CV-15-08136-PCT-DLR, 2016 WL 74712, at *1 n.2 (Jan. 6, 2016). Likewise, it is entirely proper for a court to take judicial notice of court filings in other cases. *See, e.g.*, *In re Sabino R.*, 198 Ariz. 424, 10 P.3d 1211 (Ct. App. 2000) ("It is proper for a court to take judicial notice of its own records or those of another action tried in the same court."); *Pierpont v. Hydro. Mfg. Co., Inc.*, 22 Ariz. App. 252, 526 P.2d 776 (1974). A district court may consider documents referred to or "whose contents are alleged in the complaint" but are not attached to the plaintiff's pleading. *See, e.g.*, *Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir. 2000).

The documents attached were all filed in the county recorder's office or an earlier action filed in the District Court of Arizona involving the Property at issue in this case. The documents, of which the Court may take judicial notice, are briefly described below:

- Attached as **Exhibit 1** is the Deed of Trust on the Property at issue, which was filed in the Official Records of Coconino County on May 31, 2006 as Document number 3386186.

- Attached as **Exhibit 2** is the Note, Riders, and other Loan Documents (collectively the "Loan Documents").

- Attached as **Exhibit 3** is the Assignment of the Deed of Trust from MERS to Bank of America, N.A. Successor by Merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP, dated July 27, 2011 and recorded in the official records of Coconino County Recorder's office, as Document number 3601435.

- Attached as **Exhibit 4** is the Assignment of the Deed of Trust from Bank of America, N.A. Successor by Merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP to Christiana Trust, dated May 19, 2014 and recorded in the official records of Coconino County Recorder's office, as Document number 3692738.

- Attached as **Exhibit 5** is the Corrective Assignment of the Deed of Trust from Bank of America, N.A. Successor by Merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4, dated July 2, 2014 and recorded in the official records of Coconino County Recorder's office, as Document number 3696095.

- Attached as **Exhibit 6** is the Assignment of the Deed of Trust from Christiana Trust to Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-2, dated March 27, 2015 and recorded in the official records of Coconino County Recorder's office, as Document number 3720139.

- Attached as **Exhibit 7** is the Assignment of the Deed of Trust from Wilmington Trust, N.A., not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-2 to Defendant LSF9 Master Participation Trust, dated July 19, 2016 and recorded in the official records of Coconino County Recorder's office, as Document number 3758829.

- Attached as **Exhibit 8** is the Substitution of Trustee wherein MERS appointed Recontrust Company, N.A. under the DOT, dated May 1, 2009 and recorded in the official records of Coconino County Recorder's office, as Document number 3522413.

- Attached as **Exhibit 9** is the Substitution of Trustee wherein Wilmington Trust, N.A., not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-2, by its Servicer Ocwen Loan servicing, LLC, under the DOT dated May 1, 2009, appointed Western Progressive - Arizona, Inc. as successor Trustee on May 21, 2015 and recorded in the official records of Coconino County Recorder's office, as Document number 3725177.

- Attached as **Exhibit 10** is the Substitution of Trustee wherein Defendant LSF9 Master Participation Trust, by Caliber Home Loans, Inc., solely in its capacity as servicer, appointed Summit Services and Realty, LLC, as Trustee under the DOT, dated August 22, 2015 and recorded in the official records of Coconino County Recorder's office, as Document number 3761244.

- Attached as **Exhibit 11** is the Notice of Trustee's Sale, to be held by Recontrust Company, N.A., as Trustee, dated May 1, 2009 and

recorded in the official records of Coconino County Recorder's office, as Document number 3522414.

- Attached as **Exhibit 12** is the Notice of Trustee's Sale, to be held by Summit Services and Realty, LLC, as Trustee, dated August 23, 2016 and recorded in the official records of Coconino County Recorder's office, as Document number 3761245.

- Attached as **Exhibit 13** is the cancellation of the Notice of Trustee's Sale, to be held by Summit Services and Realty, LLC, as Trustee, dated November 23, 2016 and recorded in the official records of Coconino County Recorder's office, as Document number 3770489.

- Attached as **Exhibit 14** is the Notice of Trustee's Sale, to be held by Summit Services and Realty, LLC, as Trustee, for the benefit of LSF9 Master Participation Trust, by Caliber Home Loans, Inc., solely in its capacity as servicer of the Loan, dated November 23, 2016 and recorded in the official records of Coconino County Recorder's office, as Document number 3770490.

- Attached as **Exhibit 15** is the complaint for Case No. 3:10-cv-08056-FJM, filed by Plaintiff in 2010 in the Superior Court in Coconino County, which was later removed by the defendant to this Court against predecessor-in-interest Bank of America, making similar claims related to the Property.

- Attached as **Exhibit 16** is the Notice of Removal for Case No. 3:10-cv-08056-FJM [Doc. 1].

- Attached as **Exhibit 17** is a copy of the full online docket for Case No. 3:10-cv-08056-FJM.

- Attached as **Exhibit 18** is the Court's Order granting Defendants' motion to dismiss Plaintiff's 2010 complaint for Case No. 3:10-cv-08056-FJM [Doc. 21].

- Attached as **Exhibit 19** is the Motion to Vacate Judgment, filed by Plaintiff in Case No. 3:10-cv-08056-FJM [Doc. 23].

- Attached as **Exhibit 20** is the Motion to Compel Defendants' Attorneys to Submit an Affidavit, filed by Plaintiff in Case No. 3:10-cv-08056-FJM [Doc. 25].

- Attached as **Exhibit 21** is the Motion for Stay of Non-judicial Proceedings, filed by Plaintiff in Case No. 3:10-cv-08056-FJM [Doc. 28].

- Attached as **Exhibit 22** is the Court's Order denying Plaintiff's Motion to Vacate and other motions in Case No. 3:10-cv-08056-FJM [Doc. 29].

- Attached as **Exhibit 23** is the Motion to Recuse, filed by Plaintiff in Case No. 3:10-cv-08056-FJM [Doc. 30].

- Attached as **Exhibit 24** is the Court's Order denying Plaintiff's Motion to Rescue in Case No. 3:10-cv-08056-FJM [Doc. 31].

- Attached as **Exhibit 25** is a copy of the full online docket for Case No. 3:09-cv-08224-JAT.

Moreover, on a motion to dismiss, the Court may take judicial notice of matters of public record outside the pleadings without converting the motion to a summary judgement motion. *See, e.g.*, *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, [the court] may take judicial notice of matters of public record outside the pleadings."); *see also Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) ("In deciding whether to dismiss a claim under Fed. R. Civ. P. 12(b)(6), a court may look beyond the plaintiff's complaint to matters of public record."); *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987) ("[F]acts subject to judicial notice may be considered on a motion to dismiss.").

**Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the attached documents and contents contained therein.

Dated: February 9, 2017

**PERKINS COIE LLP**

By: /s/ *Kendra L. Haar*
    Brian C. Lake
    Kendra L. Haar
    Suite 2000
    2901 North Central Avenue
    Phoenix, Arizona  85012-2788

Attorneys for Defendants Caliber Home Loans, LSF9 Master Participation Trust, and Summit Service and Realty LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2017, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing.

I also certify that on February 9, 2017, I served a copy of the attached documents via First Class mail on Plaintiff *Pro Se* Michael J. Brosnahan, 21 Hummingbird Circle, Sedona, AZ 86336-7012.

<u>s/ Susan Carnall</u>