# Exhibit 15

546

DEBORAH YOUNG, CLERK
BY _____ DEPUTY

2010 MAR 22 PM 3: 28

FILED

1  Michael J. Brosnahan, *pro per*
   Private Mail Box 11-188
2  2370 West Highway 89A
   Sedona, Arizona 88336
3  Phone # (928) 300-6030
   <mtk63@hotmail.com>
4

5      **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
6      **IN AND FOR THE COUNTY OF COCONINO**

7                                              ) Case no: CV 2010 - 00224
   MICHAEL J BROSNAHAN                         )
8                                              ) **JUDICIAL NOTICE**
                Plaintiff,                     )
9      Vs.                                     ) **PETITION FOR TEMPORARY**
                                               ) **RESTRAINING ORDER FOR;**
10  BANK OF AMERICA, FORMERLY                  ) **1. DEFENDANTS' FRAUD; AND**
    COUNTRYWIDE BANK,                          ) **2. DEFENDANTS' USE OF VOID**
11  BAC HOME LOANS SERVICING LP,                 **CONTRACT PURSUANT TO**
    RECONTRUST COMPANY, MERS                     **AMERICAN JURISPRUDENCE**
12   AND JOHN DOES 1-10,000                      **SECOND EDITION 46 § 203 AND**
                                                 **ARIZONA REVISED STATUTES;**
13              Defendant.                        **AND**
                                                 **PLAINTIFF STATES THE CLAIM**
14                                               **FOR WHICH RELIEF CAN BE**
                                                 **GRANTED PURSUANT TO:**
15                                               **F.R.Cv.P. RULE 12(b)(6)**
                                                 **3. TRIAL BY JURY DEMANDED**
16

17  _____

18
        **COMES NOW**, MICHAEL J BROSNAHAN, Plaintiff, on Petition for
19
    Temporary Restraining Order for Defendant's numerous acts of fraud upon this court,
20
    including without limitations, Defendant's purposeful fraud in attempting to appear as
21
    **CREDITOR** to this honorable court, when in fact Defendants are well aware they are not
22
    the **CREDITOR** and therefore **NOT the Real Party in interest** in this instant matter.
23
        It is now incumbent on this court to query Defendants as to Defendants' lawful
24
    position in this instant matter. If Defendants refuse to stipulate in open court that
25
    Defendants are the **CREDITOR** in this instant matter, this court must remove Defendants
26
    from this hearing forthwith, as this court is here to settle a matter between a **CREDITOR**
27
    and a **DEBTOR.**
28

SCANNED

1    Accordingly, if Defendants are not the **CREDITOR** in this Matter, then

2 Defendants have thus stipulated that Plaintiff MUST be the **CREDITOR** in this matter.

3    Defendants cannot be the **CREDITOR** in this instant matter as Defendants

4 NEVER risked any assets, nor are Defendants holding any assets.

5    A **CREDITOR** cannot be a **CREDITOR** if they don't hold the asset in question,

6 *i.e.: the NOTE and/or the property*; and **Mortgage Pass-through Trusts**, *i.e R.E.I.T.,*

7 cannot hold assets for if they do their tax exempt status is violated and the Trust itself is

8 void *ab initio.*

9    Defendant MUST NOW inform this court, the I.R.S. and the S.E.C. of their status

10 of either being a **CREDITOR** and/or not being a **CREDITOR**.

11    Defendants own acts of fraud upon this court, Plaintiff, and the public in general are

12 the single cause of this paradox and absent Defendants stating the claim as **CREDITOR,**

13 this court cannot hear from Defendants.

14    By Law and precedent and in accordance with the Supreme Court of the United

15 States *pro se* Pleadings MAY NOT be held to the same standard as a lawyer's and/or

16 attorney's; and whose motions, pleadings and all papers may ONLY be judged by their

17 function and never their form. See: ***Haines v. Kerner; Platsky v. CIA; Anastasoff v.***

18 ***United States;*** Litigants are to be held to less stringent pleading standards;

19

20 ***See: Haines v. Kerner, 404 U.S. 519-421***; In re Haines: pro se litigants are held to

21 less stringent pleading standards than admitted or licensed bar attorneys.
Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the

22 opportunity to submit evidence in support of their claims.

23 ***See also: Platsky v.C.I.A., 953 f.2d. 25***; In re Platsky: court errs if court dismisses

24 the pro se litigant without instruction of how pleadings are deficient and how to
repair pleadings.

25

26 ***See also: Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000);*** In re

27 Anastasoff: litigants' constitutional (guaranteed) rights are violated when courts
depart from precedent where parties are similarly situated.

28

**PARTIES:**

Plaintiff MICHAEL J BROSNAHAN is an adult individual who at all material times relevant to this complaint, owns real property located at 21 Hummingbird Circle, Sedona, AZ 86336.

Defendants BANK OF AMERICA, FORMERLY COUNTRYWIDE BANK, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY, MERS AND JOHN DOES 1-10,000 who are at all material times relevant to this complaint.

**WARNING NOTICE: DEFENDANT PARTIES HAVE HEREBY BEEN NOTICED BY THIS COMPLAINT AND SERVICE THEREOF UPON ALL ABOVE LISTED DEFENDANTS, THAT ANY FURTHER PROCEEDINGS TO VIOLATE THE DUE PROCESS OF PLAINTIFF WILL BE CAUSE TO RESULT IN LOSS OF ANY CLAIM OF IMMUNITY.**

**ACTUAL CONSTRUCTIVE NOTICE: TO ALL NAMED DEFENDANTS HEREIN, YOU ARE ADVISED TO PRODUCE THE AFOREMENTIONED DOCUMENTS – IF YOU PROCEED IN SELLING OF THIS PROPERTY YOU MUST PRODUCE THE ACTUAL UNALTERED GENUINE ORIGINAL PROMISSORY AND TRUSTEE NOTES. IN BEING SOLD THOSE NOTES WOULD REMAIN IN THE STREAM OF COMMERCE AND BOTH NOTES MUST BE RETURNED OR AN ASSUPSIT SUIT WILL BE FILED TO COLLECT THE ACTUAL VALUE OF BOTH NOTES AND INCLUDING BUT NOT LIMITED TO ANY OTHER ACTION TO POTENTIALLY INCLUDE A CRIMINAL COMPLAINT FOR VIOLATIONS OF 18 USC.**

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL AND NOTICE TO PRINCIPAL IS NOTICE TO AGENT.**

I.      **Plaintiff hereby states the claim for which relief can be granted as follows:**

**CLAIMS:**   1.      Defendants are not the **CREDITOR,** or an **ASSIGNEE of the CREDITOR,** in this instant matter, and accordingly, Defendants have no standing in this instant matter.

2.      Defendants are not the **Real Party in Interest** in this instant matter, and accordingly, Defendants have no standing in this instant matter.

3.      Defendants did NOT put Defendants' assets at risk in this instant matter.

3

4.    Defendants may have only "lent credit" in this instant matter.

5.    Defendants purposely destroyed the GENUINE ORIGINAL PROMISSORY NOTE to "securitize" the NOTE.

6.    Defendants' use of *"legalese"* in the mortgage documents as a means of converting Real Property from its true owner to Defendants is a criminal act of "conversion through fraudulent means" and therefore the mortgage documents are evidence of a criminal act and cannot be used by this Court in this instant matter. *(See: Black's Sixth; "Understand")*

**RELIEF:**    Defendants return the **GENUINE ORIGINAL PROMISSORY NOTE** and ALL MONEY PAID [*by Plaintiff to Defendants, with a full disclosure of accounting of such*] to Plaintiff forthwith;

Accordingly; Plaintiff will relinquish ALL rights to said real property in question to Defendants.

If Defendants **do not** STATE THE CLAIM UNDER PENALTY OF PERJURY that Defendants are the **CREDITOR** in this instant matter, Defendants agree to accept Judgment by Default in favor of Plaintiff.

If Defendants **do** STATE THE CLAIM UNDER PENALTY OF PERJURY that Defendants are the **CREDITOR** in this instant matter, Defendants agree to deliver acknowledgement of such forthwith to the S.E.C. and the I.R.S.

/

**II.    Plaintiff has the Due Process Right as protected by, *inter alia,* the Fourteenth Amendment of the federal Constitution to rely on the court adhering to, *inter alia,* A.R.Cv.P., *inter alia,* and the federal and state Constitutions:**

A.R.Cv.P. Rule 1
These rules govern the procedure in the superior courts of Arizona in all suits of a civil nature whether cognizable as cases at law or in equity.  They shall be construed to secure the just, speedy, and inexpensive determination of every action.

**III.    Plaintiff questions the jurisdiction of the non-judicial proceeding known only to Plaintiff as an administrative procedure fraudulently based on an invalid and unenforceable confession of judgment presumption in the mortgage documents.**

4

Once jurisdiction is questioned the court MUST dismiss the action. Plaintiff hereby questions the jurisdiction of the non-judicial proceeding.

A.R.Cv.P. Rule 12(h)(3). Waiver or preservation of certain defenses
A party waives all defenses and objections which that party does not present either by motion as hereinbefore provided, or, if that party has made no motion, in that party's answer or reply, **except;**
 **(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action**. (*Emphasis added*)

See: ***McCorkle v. First Pennsylvania Banking and Trust Co. (4th Cir. 1972) 459 F.2d 243, 244.*** "At any stage of a litigation, including the appellate, subject matter jurisdiction may be questioned. By failing to do so, the parties cannot confer jurisdiction by consent. If the court perceives the defect, it is obligated to raise the issue sua sponte."

See also: ***McCready v. White, 417 F.3d Case 1:05-cv-04743;*** "Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."

Subject-matter jurisdiction is an issue that must be considered at any stage of the litigation. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); ***United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003); BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 551 (7th Cir. 2002)*** ("[S]ubject-matter jurisdiction . . . may be questioned at any time until the litigation becomes final, and sometimes even later."). Even if the defense of lack of subject-matter jurisdiction is overruled, stricken, or excluded by the district court, it may be reasserted at any time in the action. *See:* ***5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 132 (3d ed. 2004) (citing Fahnestock v. Reeder, 223 F. Supp. 2d 618, 621 (E.D. Pa. 2002)).***

Once questioned, the Defendant and/or the court MUST prove jurisdiction BEFORE proceeding with a case. This requirement has not been abrogated nor does it exclude non-judicial proceedings.

1    The non-judicial foreclosure procedure requires jurisdiction as does any matter,

2    judicial, administrative or otherwise.  Defendant has attempted to circumvent jurisdiction

3    requirements by falsely claiming Defendant has met for the court the requisite elements of

4    jurisdiction, primarily that Defendant is the Real Party in Interest.

5    Defendant's claim to be the Real Party in Interest is false, fraudulent and unlawful.

6    Pursuant to, *inter alia*, Rule 17(a), Defendant must prove Defendant is the Real Party in

7    Interest, not just claim such.

8    It is a functional impossibility for Defendant to be the Real Party in Interest without

9    the GENUINE ORIGINAL PROMISSORY NOTE.  Ergo, it is a functional impossibility

10   for Defendant to prove Defendant is the Real Party in Interest without presenting to this

11   court the GENUINE ORIGINAL PROMISSORY NOTE.

12   It is an incontrovertible fact that Defendant is not in possession of the GENUINE

13   ORIGINAL PROMISSORY NOTE, and accordingly, it is an incontrovertible fact that

14   Defendant is committing fraud upon the court by falsely and/or fraudulently claiming

15   Defendant is in possession of the GENUINE ORIGINAL PROMISSORY NOTE.

16   **WHEREAS;** Plaintiff states the claim, and as an offer of proof, hereby accuses

17   Defendant of committing acts of perjury by; Defendant claiming to be in possession of the

18   GENUINE ORIGINAL PROMISSORY NOTE; and Defendant claiming to be the

19   GENUINE HOLDER IN DUE COURSE; and the Defendant claiming to be the

20   **CREDITOR**.

21   **THEREFORE;** Defendants MUST present for inspection to Plaintiff and this court

22   the GENUINE ORIGINAL PROMISSORY NOTE **or** Defendants MUST agree to

23   Judgment by Default in favor of Plaintiff.

24   **FURTHERMORE;** Plaintiff states the claim: "the GENUINE ORIGINAL

25   PROMISSORY NOTE does not exist," accordingly there is **NO** GENUINE HOLDER IN

26   DUE COURSE, Defendant is NOT the GENUINE HOLDER IN DUE COURSE and

27   Defendant is NOT the **CREDITOR** in this instant matter; and therefore no entity has the

28   right to foreclose on the Plaintiff's real property in question in this instant matter.

1    **ALSO FURTHERMORE;** Plaintiff states the claim the GENUINE ORIGINAL
2    PROMISSORY NOTE was "purposely destroyed" by Defendant in furtherance of
3    Defendants' fraudulent and unlawful acts to "securitize" the NOTE.

4    **ALSO FURTHERMORE;** Plaintiff states the claim Defendant has committed
5    fraud and is committing fraud upon the court by claiming a COPY OF A PROMISSORY
6    NOTE as a GENUINE ORIGINAL PROMISSORY NOTE, and claiming to be the
7    CREDITOR regarding this issue.

8    Pursuant to law and in accordance with Plaintiff's claims; Defendants MUST
9    present to this court the GENUINE ORIGINAL PROMISSORY NOTE and prove to be
10   the **CREDITOR** in this agreement or agree to Plaintiff's demand for Judgment by Default
11   in favor of Plaintiff.

12   This pleading is supported by the law of the case herein, the prior rulings of this
13   Court herein, the docket of this case, all documents involving Plaintiff and Defendants,
14   each of which are incorporated by this reference as if fully set forth, and for each of which
15   Plaintiff requests this Court to take Judicial Notice thereof.  This pleading is further
16   supported by the accompanying Memorandum of Points and Authorities.

17   RESPECTFULLY SUBMITTED this 22nd day of March, in the year of Our Lord, 2010.

18
19
20   Michael J. Brosnahan, *pro per*
21
22
23
24
25
26
27
28

## MEMORANDUM OF POITNS AND AUTHORITIES

Defendants are committing BARRATRY by fraudulently filing documents only a **CREDTIOR** and a **Real Party in Interest** may file pleadings into this court in this instant matter, when in fact Defendants are **NOT** the **CREDTIOR** and **NOT** the **Real Party in Interest** in this instant matter.

It is a functional impossibility for Plaintiff to "**understand**" the mortgage documents Defendants used in their unlawful attempt to convert Plaintiff's Real Property to Defendants' possession. Plaintiff's inability to "understand" the "*legalese*" used by the attorneys who wrote the mortgage documents prohibits Defendants from using said documents as evidence against Plaintiff.

In fact, Defendants' *malum in se* act of using "*legalese*" in a document to unlawfully convert real property is defined in law as "theft through unlawful conversion." Defendants cannot now use said documents to convert said property without said documents being used as prima facie evidence of Defendants' felonious act.

**This court cannot use evidence of a felonious act to assist a criminal in furtherance of a felonious act.**

*See:* Black's Law Sixth Edition:
**Understand.** To know; to apprehend the meaning; to appreciate; as, to understand the nature and effect of an act. International-Great Northern R. Co. v. Pence, Tex. Civ.App., 113 S.W.2d 206, 210. To have a full and clear knowledge of; to comprehend. Thus, to invalidate a deed on the ground that the grantor did not understand the nature of the act, the grantor must be incapable of comprehending that the effect of the act would divest him of the title to the land set forth in the deed. As used in connection with the execution of wills and other instruments, the term includes the realization of the practical effects and consequences of the proposed act. *See* Capacity.

Definitions from Bouviers Law Dictionary 1856 Edition:
**BARRATRY,** crimes. In old law French barat, baraterie, signifying robbery, deceit, fraud. In modern usage it may be defined as the habitual moving, exciting, and maintaining suits and quarrels, either at law or otherwise. 1 Inst. 368; 1 Hawk. 243.

2. A man cannot be indicted as a common barrator in respect of any number of false and groundless actions brought in his own right, nor for a single act in right of another; for that would not make him a common barrator.

3. Barratry, in this sense, is different from maintenance (q. v.) and champerty. (q. v.)

**CHAMPERTY,** crimes. A bargain with a plaintiff or defendant, *campum partire*, to divide the land or other matter sued for between them, if they prevail at law, the champertor undertaking to carry on the suit at his own expense. 1 Pick. 416; 1 Ham. 132; 5 Monr. 416; 4 Litt. 117; 5 John. Ch. R. 44; 7 Port. R. 488.

2. This offence differs from maintenance, in this, that in the latter the person assisting the suitor receives no benefit, while in the former he receives one half, or other portion, of the thing sued for. See Punishment; Fine; Imprisonment; 4 Bl. Com. 135.

3. This was an offence in the civil law. Poth. Pand. lib. 3, t. 1; App. n. 1, tom. 3, p. 104; 15 Ves. 139; 7 Bligh's R. 369; S. C. 20 E. C. L. R. 165; 5 Moore & P. 193; 6 Carr. & P. 749; S.C. 25 E. C. L. R. 631; 1-Russ. Cr. 179 Hawk.P. C. b.1 c.84, s.5.

4. To maintain a defendant may be champerty. Hawk. P. C. b. 1, c. 84, s. 8 3 Ham. 541; 6 Monr. 392; 8 Yerg. 484; 8 John. 479; 1 John. Ch. R. 444;, 7 Wend. 152; 3 Cowen, 624; 6 Co@ven, 90

I. **Defendants are Not the Real Party in Interest in this and the non-judicial proceeding as current possession of the GENUINE ORIGINAL PROMISSORY NOTE is a requirement for a party to be the Real Party in Interest in all proceedings pursuant to the U.C.C.**

Defendant is not and cannot be the Real Party in Interest and is committing fraud by unlawfully attempting to foreclose on real property owned by Plaintiff. Absent possession of the GENUINE ORIGINAL PROMISSORY NOTE singed by Plaintiff, Defendant cannot lawfully move forward with the non-judicial process as the non-judicial court authorities do NOT have subject matter jurisdiction.

II. **Absent prima facie evidence that Defendant is the Real Party in Interest in this and the non-judicial proceeding, Defendant cannot be considered the Real Party in Interest in this and/or the non-judicial proceeding**

The ONLY acceptable evidence that Defendant may be the Real Party in Interest is the GENUINE ORIGINAL PROMISSORY NOTE. Defendant did NOT present the GENUINE ORIGINAL PROMISSORY NOTE to the officers acting in the non-judicial

9

procedure and therefore the non-judicial procedures claims to jurisdiction are and were fraudulent claims and are thus void.

**III.** **Absent prima facie evidence that Defendant is the CREDITOR in this and the non-judicial proceeding, Defendant cannot be considered the CREDITOR in this and/or the non-judicial proceeding**

The ONLY acceptable evidence that Defendant is the **CREDITOR** in this instant matter is the GENUINE ORIGINAL PROMISSORY NOTE and the accounting showing the Defendant loaning the Plaintiff the Defendants' assets. Defendant did NOT put assets at risk in this matter. Defendant did NOT present the GENUINE ORIGINAL PROMISSORY NOTE and the accounting records to the officers acting in the non-judicial procedure and therefore the non-judicial procedure "claims to jurisdiction" are and were fraudulent claims and are thus void.

**IV.** **Since Defendant is not the Real Party in Interest in this and/or the non-judicial proceeding, the foreclosure is an unlawful procedure**

Defendant has and is committing fraud by attempting to foreclose on real property Defendant is not the lawful lien holder of. Defendant is NOT the **CREDITOR** and NOT the GENUINE HOLDER IN DUE COURSE of the GENUINE ORIGINAL PROMISSORY NOTE and therefore CANNOT proceed non-judicially in any matter.

**V.** **Defendant received a COPY of the PROMISSORY NOTE AFTER the PROMISSORY NOTE was determined to be in default**

Defendant was fully informed the NOTE and/or mortgage was delinquent and in dishonor before Defendant accepted a copy of the NOTE and/or became the HOLDER of a COPY of the NOTE.

Even if Defendant did receive the GENUINE ORIGINAL PROMISSORY NOTE, which is impossible, Defendant's claims are still invalid as Defendant has previously admitted knowledge the NOTE and/or mortgage was in default.

/

A.R.S. § 47-3302 2(C). Holder in due course
A. Subject to subsection C of this section and section 47-3106, subsection D, "holder in due course" means the holder of an instrument if:
2. The holder took the instrument:
**(c) Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series;**

A.R.S. § 47-3305. Defenses and claims in recoupment
A. Except as stated in subsection B of this section, the right to enforce the obligation of a party to pay an instrument is subject to the following:
1. A defense of the obligor based on:
(a) Infancy of the obligor to the extent it is a defense to a simple contract;
(b) Duress, lack of legal capacity or illegality of the transaction which, under other law, nullifies the obligation of the obligor;
(c) Fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms; or
(d) Discharge of the obligor in insolvency proceedings.

**VI.     Defendant has knowingly, with malice aforethought, violated numerous, *inter alia*, Arizona Revised Statutes to convene the non-judicial proceeding and/or attempt to unlawfully foreclose on Plaintiff's real property**

Plaintiff hereby submits the following A.R.S. as offer of proof as an abridged list of the crimes perpetrated by Defendant in Defendant's fraudulent attempt to unlawfully convert Plaintiff's real property into Defendant's asset. Key words are in **bold** for the court's convenience.

Defendant's unlawful use of the non-judicial proceeding to fraudulently establish "standing" without the GENUINE ORIGINAL PROMISSORY NOTE is prima facie evidence of Defendant's guilt, and evidence of Defendant's violations of the statues.

In fact, Defendant could not have convened the non-judicial procedure without having violated one and possible all of the listed statutes, and possibly other state and federal laws.

Plaintiff presents the following list ONLY as evidence of the non-judicial procedure's lack of jurisdiction and not as evidence of criminal activity on the part of

11

Defendant. Accordingly, Defendant cannot disavow said claims for Plaintiff's use of
criminal violations in civil litigation.

**39-161**. Presentment of false instrument for filing; classification
A person who acknowledges, certifies, notarizes, procures or offers to be filed,
registered or recorded in a public office in this state an instrument he knows to be
false or forged, which, if genuine, could be filed, registered or recorded under any
law of this state or the United States, or in compliance with established procedure is
guilty of a class 6 felony. As used in this section "instrument" includes a written
instrument as defined in section 13-2001.

**13-2004**. Criminal simulation; classification
A. A person commits criminal simulation if, with intent to defraud, such person
makes, alters, or presents or offers, whether accepted or not, any object so that it
appears to have an antiquity, rarity, **source**, authorship or value that it does not in
fact possess.
B. Criminal simulation is a class 6 felony.

**13-2005.** Obtaining a signature by deception; classification
A. A person commits obtaining a signature by deception if, with intent to defraud,
such person obtains the signature of another person to a written instrument by
knowingly misrepresenting or omitting any fact material to the instrument or
**transaction**.

**13-2006**. Criminal impersonation; classification
A. A person commits criminal impersonation by:
2. Pretending to be a representative of some person or organization with the intent
to defraud; or
3. **Pretending to be, or assuming a false identity of**, an employee or a
representative of some person **or organization** with the intent to induce another
person to provide or allow access to property.

**13-2010.** Trafficking in the identity of another person or entity; classification
A. A person commits **trafficking in the identity** of another person or **entity** if the
person knowingly **sells, transfers or transmi**ts any personal identifying
information or entity identifying information of another person or entity, including
a real or fictitious person or entity, without the consent of the other person or entity
for **any unlawful purpose or to cause loss** to the person or entity **whether or not
the other person or entity actually suffers any economic loss**, or allowing
another person to obtain or continue employment.

**13-2204.** Defrauding secured creditors; definition; classification
A. A person commits defrauding secured creditors if the person knowingly
**destroys,** removes, **conceals, encumbers, converts, sells, obtains, transfers,**

12

**controls or otherwise deals** with property subject to a security interest with the intent to hinder or prevent the enforcement of that interest.

**13-2205**. Defrauding judgment creditors; classification
A.  A person commits defrauding judgment creditors if such person secretes, **assigns, conveys or otherwise disposes** of his property with the intent to defraud a judgment creditor or to prevent that property from being subjected to payment of a judgment.

**13-2206**. Fraud in insolvency; classification
A.  A person commits fraud in insolvency if, when proceedings have been or are about to be instituted for the appointment of a trustee, receiver or other person entitled to administer property for the benefit of **CREDITORs** or when any other assignment, composition or liquidation for the benefit of **CREDITORs** has been or is about to be made, such person:
**2. Knowingly falsifies any writing or record relating to the property**; or
3. Knowingly misrepresents or refuses to disclose to a receiver or other person entitled to administer property for the benefit of **CREDITORs** the existence, amount or location of the property or any other information which he could be legally required to furnish to such administration; or
**4. Obtains any substantial part of or interest in the debtor's estate with intent to defraud any CREDITOR.**

**13-2306**. Possession of altered property; classification
A.  A person who is a dealer in property and recklessly possesses property the permanent identifying features of which, including serial numbers or labels, have been removed or in **any fashion altered** is guilty of a class 6 felony.

**13-2308**. Participating in or assisting a criminal syndicate; classification
A.  A person commits participating in a criminal syndicate by:
1.  Intentionally organizing, managing, directing, supervising or financing a criminal syndicate with the intent to promote or further the criminal objectives of the syndicate; or
3.  Furnishing advice or direction in the conduct, financing or management of a criminal syndicate's affairs with the intent to promote or further the criminal objectives of a criminal syndicate; or
4.  Intentionally promoting or furthering the criminal objectives of a criminal syndicate by inducing or committing any act or omission by a public servant in violation of his official duty; or

**13-2310**. Fraudulent schemes and artifices; classification; definition
A.  Any person who, pursuant to a scheme or artifice to defraud, knowingly obtains any benefit by means of false or fraudulent pretenses, representations, promises or material omissions is guilty of a class 2 felony.

13

B. Reliance on the part of any person shall not be a necessary element of the offense described in subsection A of this section.

**13-2311**. Fraudulent schemes and practices; willful concealment; classification

A. Notwithstanding any provision of the law to the contrary, in any matter related to the business conducted by any department or agency of this state or any political subdivision thereof, any person who, pursuant to a scheme or artifice to defraud or deceive, knowingly falsifies, conceals or covers up a material fact by any trick, scheme or device or makes or uses any **false writing or document** knowing such writing or document contains any false, fictitious or fraudulent statement or entry is guilty of a class 5 felony.

B. For the purposes of this section, "agency" includes a public agency as defined by section 38-502, paragraph 6.

**13-2317**. Money laundering; classification; definitions

A. A person is guilty of money laundering in the first degree if the person does any of the following:

1. Knowingly initiates, organizes, plans, finances, directs, manages, supervises or is in the business of money laundering in violation of subsection B of this section.

B. A person is guilty of money laundering in the second degree if the person does any of the following:

1. Acquires or maintains an interest in, transacts, transfers, transports, receives or conceals the existence or nature of racketeering proceeds knowing or having reason to know that they are the proceeds of an offense.

2. Makes property available to another by transaction, transportation or otherwise knowing that it is intended to be used to facilitate racketeering.

3. Conducts a transaction knowing or having reason to know that the property involved is the proceeds of an offense and with the intent to **conceal or disguise** the nature, location, **source, ownership or control of the property** or the intent to facilitate racketeering.

4. Intentionally or knowingly makes a false statement, misrepresentation or false certification or makes a false entry or omits a material entry in any application, financial statement, account record, customer receipt, report or other document that is filed or required to be maintained or filed under title 6, chapter 12.

5. Intentionally or knowingly evades or attempts to evade any reporting requirement under section 6-1241, whether by structuring transactions as described in 31 Code of Federal Regulations part 103, by causing any financial institution, money transmitter, trade or business to fail to file the report, by failing to file a required report or record or by any other means.

6. Intentionally or knowingly provides any false information or fails to disclose information that causes any licensee, authorized delegate, money transmitter, trade or business to either:

(a) Fail to file any report or record that is required under section 6-1241.

14

(b) File such a report or record that contains a material omission or misstatement of fact.

7. Intentionally or knowingly falsifies, conceals, covers up or misrepresents or attempts to falsify, conceal, cover up or misrepresent the identity of any person in connection with any transaction with a financial institution or money transmitter.

8. In connection with a transaction with a financial institution or money transmitter, intentionally or knowingly makes, uses, offers or presents or attempts to make, use, offer or present, whether accepted or not, a forged instrument, a falsely altered or completed written instrument or a written instrument that contains any materially false personal identifying information.

9. If the person is a money transmitter, a person engaged in a trade or business or any employee of a money transmitter or a person engaged in a trade or business, intentionally or knowingly accepts false personal identifying information from any person or otherwise knowingly incorporates false personal identifying information into any report or record that is required by section 6-1241.

10. Intentionally conducts, controls, manages, supervises, directs or owns all or part of a money transmitting business for which a license is required by title 6, chapter 12 unless the business is licensed pursuant to title 6, chapter 12 and complies with the money transmitting business registration requirements under 31 United States Code section 5330.

C. A person is guilty of money laundering in the third degree if the person intentionally or knowingly does any of the following:

1. In the course of any transaction transmitting money, confers or agrees to confer anything of value on a money transmitter or any employee of a money transmitter that is intended to influence or reward any person for failing to comply with any requirement under title 6, chapter 12.

2. Engages in the business of receiving money for transmission or transmitting money, as an employee or otherwise, and receives anything of value upon an agreement or understanding that it is intended to influence or benefit the person for failing to comply with any requirement under title 6, chapter 12.

D. In addition to any other criminal or civil remedy, if a person violates subsection A or B of this section as part of a pattern of violations that involve a total of one hundred thousand dollars or more in any twelve month period, the person is subject to forfeiture of substitute assets in an amount that is three times the amount that was involved in the pattern, including conduct that occurred before and after the twelve month period.

E. Money laundering in the third degree is a class 6 felony. Money laundering in the second degree is a class 3 felony. Money laundering in the first degree is a class 2 felony.

**13-2320.** Residential mortgage fraud; classification; definitions

A. A person commits residential mortgage fraud if, with the intent to defraud, the person does any of the following:

1. Knowingly makes any deliberate **misstatement, misrepresentation** or material omission during the mortgage lending process that is relied on by a mortgage lender, **borrower** or other party to the mortgage lending process.

2. Knowingly **uses** or facilitates the use of any deliberate **misstatement, misrepresentation** or material omission during the mortgage lending process that is relied on by a mortgage lender, **borrower** or other party to the mortgage lending process.

3. Receives any proceeds or other monies in connection with a residential mortgage loan that the person knows resulted from a violation of paragraph 1 or 2 of this subsection.

**4. Files or causes to be filed with the office of the county recorder of any county of this state any residential mortgage loan document that the person knows to contain a deliberate misstatement, misrepresentation or material omission.**

B. An offense involving residential mortgage fraud shall not be based solely on information that is lawfully disclosed under federal disclosure laws, regulations and interpretations related to the mortgage lending process.

**VII. Defendant CANNOT use the confession of judgment as written in the mortgage for any proceeding, judicial, non-judicial, and/or otherwise**

Arizona law requires the power of attorney for the confession of judgment to be signed AFTER the indebtedness became due and payable. Therefore, any clause in the mortgage pertaining to such is void and does not give Right and/or cause for Defendant to claim confession of judgment authority and/or right.

A.R.S. § 44-143
Judgment by confession shall not be entered upon a note, bond or other instrument in writing for the payment of money under the authority of a power of attorney to confess judgment thereon, unless such authority is executed and acknowledged on a day subsequent to the date on which the indebtedness to be confessed became due and payable.

**VIII. Defendant cannot claim *res judicata* for standing from any decision in the non-judicial proceeding as jurisdiction of the non-judicial proceeding is and was in question, and therefore Defendant's standing remains in question.**

Whereas the non-judicial proceeding may only claim jurisdiction in accordance with a valid confession of judgment and/or attorney's warrant, the fact neither the

16

confession of judgment nor the attorney's warrant were valid causes the non-judicial proceeding to not have jurisdiction.  Decision made in any proceeding that lack jurisdiction are void.

Fraudulent statements in an affidavit invalidate said affidavit.

Failure of a confession of judgment to meet all five (5) elements required invalidates said confession of judgment.

## IX.   Defendant's use of a Notary Public who has a "beneficial interest" in the process for the non-judicial proceeding is invalid

The Notary Public used by Defendant and/or Defendant's attorneys has a financial and/or business interest with the Defendant and/or Defendant's attorneys and therefore said Notary Public's actions are in violation of the, *inter alia*, Notary's Code of Ethics and the , *inter alia*, Arizona Revised Statutes § 41-328, and accordingly the Notary's verification is fraudulent and thus void.

ARIZONA NOTARY PUBLIC REFERENCE MANUAL, page 2
Second paragraph:
This means, a notary public cannot be a "party to the transaction" or a "party to the instrument" and the notary public cannot have any financial or beneficial interest in the transaction, no matter how small (A.R.S. § 41-328(B)).  A notary public has a financial interest in a transaction if he or she will gain (or lose) something of value in the transaction.  A notary public has beneficial interest in a transaction if the document will benefit the notary in some way.

Last paragraph:
 "If a jurat is performed, the document signer is also required to vouch for the truthfulness of the document."

A.R.S. § 41-328. Prohibited conduct; incomplete documents; signatures of relatives
B.  A notary public is an impartial witness and shall not notarize the notary's own signature or the signatures of any person who is related by marriage or adoption.

**X.     Plaintiff disputes ALL signatures by ALL other parties and demands verification   by prima facie evidence, affidavit, and non-hearsay testimony to validate ALL signatures**

There are numerous instances of Defendants Notary Public notarizing documents with; incorrect dates; fraudulent signatures; attestations done absent parties being present; perjurous statements of claims of being sworn; dates that do not correlate to events; etc.

ALL documents notarized MUST be correct or the whole process itself is void and Defendant is required by law to prove the process is valid once questioned.

**XI.    Plaintiff disputes ALL claims of service of process by Defendants in ALL matters concerning the non-judicial foreclosure process**

To contest a cognovit clause on federal due-process grounds, a judgment debtor must plead specific facts sufficient to support a claim that he or she did not voluntarily, intelligently, and knowingly waive the right to prejudgment notice and hearing. *See:* ***F.D.I.C. v. Aaronian, 93 F.3d 636 (9th Cir. 1996).***

In some states, the practice of ex parte entry of judgment by confession is in disrepute, and notice must be given to the debtor before entry of judgment. *See:* ***First Mut. Corp. v. Grammercy & Maine, Inc., 176 N.J. Super. 428, 423 A.2d 680 (Law Div.1980).***

A state statute may provide that a judgment by confession may not be entered as a final judgment, effective in all respects as a judgment after trial, until the prothonotary gives written notice to the obligor by certified mail, return receipt requested, of an opportunity for judicial determination as to whether the obligor understandingly waived the right to notice and an opportunity to be heard prior to the entry of final judgment. *See***: *Cheidem Corp. v. Farmer, 449 A.2d 1061 (Del. Super. Ct. 1982).***

Any errors in the service of process is considered by law a "fatal error" and the whole process is then considered void.  Absent fully correct process of service Defendant has no authority to proceed with a foreclosure on any party and/or property.

Defendant is then required by law to cease and desist with said foreclosure process and may only begin again once if and only if Plaintiff's claims are proved invalid.

**XII.  Plaintiff disputes ALL claims by Defendant that there is ANY amount due on the mortgage in question as said mortgage has been paid in full, directly and/or indirectly, by one or more of the following: Credit Slips, "bailout funds", mortgage insurance, government agencies, signature of party, etc.**

Defendant did receive "bail out" and/or "TARP" funds from the government and/or private quasi-government institutions that did in fact "pay-off" some or all of Defendants "mortgages" and/or other financial deals.

It is incumbent on Defendant to prove the mortgage in question WAS NOT paid-off and/or Defendant was enumerated directly and/or indirectly for the mortgage in question.

In fact, absent prima facie evidence controverting Plaintiff's claim that Defendant was reimbursed in some way by some entity for the mortgage in question, Defendant is agreeing that said mortgage is paid in full.

Defendant MUST therefore present for inspection to the Plaintiff a complete list with accounting of ALL funds received correlated to ALL mortgages paid and not paid before continuing with any foreclosure attempt on the property and/or mortgage in question.

Defendant's failure to produce for inspection said accounting documents is Defendant's agreement that the mortgage in question is paid in full. There is no law dictating who is required to pay for a mortgage for it to be considered paid in full.

In fact, Plaintiff believes the mortgage was and is paid in full and Defendant is attempting to fraudulently convert real property through a conspiracy involving numerous parties unknown to Plaintiff.

**XIII.  Plaintiff disputes and hereby rebuts any and all statements in any and all Affidavits submitted by Defendant and/or Defendant's agents**

19

22-219. <u>Confession of judgment without issuance or service of process</u>
A. A party may appear in person or by an agent or attorney before a justice of the peace without issuance or service of process and confess judgment for an amount within the jurisdiction of the justice of the peace, and such judgment shall be entered thereon upon the filing by Plaintiff, his agent or attorney of an affidavit of the justness of Plaintiff's claim.
B. Where the judgment is confessed by an agent or attorney, the warrant of agent or attorney authorizing the confession shall be filed with the justice and noted in the docket.

## XIV.  Legal definitions laymen may not be presumed to know and/or understand

Definitions a "laymen" would not likely understand and would require a BAR licensed attorney to define and explain before a "laymen" may be considered "knowingly, understanding, and willfully" agreeing to numerous legal definitions that ONLY competent counsel would be familiar with.  Absent Defendant proving Plaintiff had knowledge of the following terms, Defendant cannot lawfully claim Plaintiff knowingly, intelligently, and willfully agreed to any mortgage containing said terms and/or concepts.

**Black's Law Dictionary 6th Edition:**

*Cognovit judgment*.  See Cognovit judgment; *also, Confession Of judgment, below.*

*Confession of judgment*.  At common law, judgment entered where Defendant, instead of entering plea, confessed action, or withdrew plea and confessed action.
Judgment where a Defendant gives the Plaintiff a cognovit or written confession of the action by virtue of which the Plaintiff enters judgment. The act of a debtor in permitting judgment to be entered against him by his creditor, for a stipulated sum, by a written statement to that effect or by warrant of attorney, without the institution of legal proceedings of any kind; voluntary submission to court's jurisdiction. *O'Hara v. Manley*, **140 Pa.Super. 39, 12 A.2d 820, 822**. Such agreements for confession of judgment are void in many states; *e.g.* **Mass.G.L. c. 231, § 13A.**
The negotiability of an instrument is not affected by a term authorizing a confession of judgment if the instrument is not paid when due. U.C.C. § 3-112. *See also* Cognovit judgment.

*Cognovit judgment*.  Confession of judgment by debtor.  Written authority of debtor and his direction for entry of judgment against him in the event he shall default in payment. Such provision in a debt instrument or agreement permits the creditor or his attorney on

20

default to appear in court and confers judgment against the debtor. Such agreements are prohibited, or greatly restricted, in many states; though, where permitted, the constitutionality of such has been upheld. **D. H. Overmyer Co., Inc. v. Frick Co., 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124.** *See* Cognovit note; Judgment *(Confession of judgment)*.

*Cognovit note.* An extraordinary note which authorizes an attorney to confess judgment against person or persons signing it. It is written authority of a debtor and a direction by him for entry of a judgment against him if obligation set forth in note is not paid when due. Such judgment may be taken by any person holding the note, which cuts off every defense which maker of note may otherwise have and it likewise cuts off all rights of appeal from any judgment taken on it. **Jones v. John Hancock Mut. Life Ins. Co., D.C.Mich., 289 F.Supp. 930, *935.*** *See* Cognovit judgment; Judgment *(Confession of judgment)*.

*Warrant of attorney.* An instrument in writing, addressed to one or more attorneys therein named, authorizing them, generally, to appear in any court, or in some specified court, on behalf of the person giving it, and to confess judgment in favor of some particular person therein named, in an action of debt. It usually contains a stipulation not to bring any action, or any writ of error, or file a bill in equity, so as to delay him; such writing usually being given as security for obligation on which judgment was authorized, and in such procedure service of process is not essential. *See* Judgment *(Confession of Judgment)*.

*Seisin.* Possession of real property under claim of freehold estate. The completion of the feudal investiture, by which the tenant was admitted into the feud, and performed the rights of homage and fealty. Possession with an intent on the part of him who holds it to claim a freehold interest. Right to immediate possession according to the nature of the estate. **Williams v. Swango, 365 Ill. 549, 7 N.E.2d 306, 309.**

*Actual seisin.* Possession of the freehold by the pedis positio of one's self or one's tenant or agent, or by construction of law, as in the case of a state grant or a conveyance under the statutes of uses, or (probably) of grant or devise where there is no actual adverse possession; it means actual possession as distinguished from constructive possession or possession in law.

*Constructive seisin.* Seisin in law where there is no seisin in fact; as where the state issues a patent to a person who never takes any sort of possession of the lands granted, he has constructive seisin of all the land in his grant, though another person is at the time in actual possession.

*Equitable seisin.* A seisin which is analogous to legal seisin; that is, seisin of an equitable estate in land. Thus a mortgagor is said to have equitable seisin of the land by receipt of the rents.

*Seisin in deed.* Actual possession of the freehold; the same as actual seisin or seisin in fact. **Roetzel v. Beal, 196 Ark. 5, 116 S.W.2d 591, 593.**

*Seisin in law.* A right of immediate possession according to the nature of the estate. As the old doctrine of corporeal investiture is no longer in force, the delivery of a deed gives seisin in law.

*Seized.* A person is "seized" within Fourth Amendment when police officer restrains person's freedom to walk away. **State v. Ochoa, 112 Ariz. 582, 544 P.2d 1097, 1099.** It exists when reasonable person would feel that he was not free to leave. **U.S. v. Albert, C.A.N.C., 816 F.2d 958, 960.** See Seizure. The status of legally owning and possessing real estate. See Seisin.

*Seizure.* The act of taking possession of property, e.g., for a violation of law or by virtue of an execution of a judgment. Term implies a taking or removal of something from the possession, actual or constructive, of another person or persons. **Molinav. State, 53 Wis.2d 662, 193 N.W.2d 874, 877.**

A "seizure" of property (under Fourth Amendment) occurs when there is some meaningful interference with an individual's possessory interest in that property. *U.S. v. Jacobsen, U.S.Minn., 466 U.S. 109, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85.*

*Parol.* A word; speech; hence, oral or verbal. Expressed or evidenced by speech only; as opposed to be writing or by sealed instrument.

*Parol contract.* An oral contract as distinguished from a written or formal contract.

**XV.** **Discussion of confession of judgment clause as it pertains to the mortgage in question and the use of such in the non-judicial foreclosure of Plaintiff's Real Property**

Defendant is attempting to non-judicially foreclose on real property in accordance with the presumption the "confession of judgment" concept (hereafter cognovit clause) in the mortgage/deed of trust (hereafter mortgage) is and was valid. It is a functional impossibility for a cognovit clause to be valid in the State of Arizona pursuant to *stare decisis* applicable to mortgage document signing unless an attorney represented Plaintiff throughout the negotiations of the mortgage.

Defendant is fully aware Plaintiff was NOT represented by a BAR licensed attorney at any point during the mortgage and/or purchase process that lead to the mortgage being

22

agreed upon by either party. As such, the mortgage is void *ab initio*, not just voidable, but void and in fact did never lawfully exist pursuant to Arizona law.

It is now incumbent on Defendant and/or Defendant's attorney to claim as their defense in this matter before proceeding with any other defense, that Plaintiff was not required nor entitled to competent counsel during the mortgage negotiations and signing, in contradiction to the *stare decisis* pertaining to cognovit clauses in any and all contracts and/or mortgages.

Accordingly, Defendant must therefore establish an argument against law and set new precedent in violation of, *inter alia*, A.R.Cv.P. Rule 11(a):

> "…….it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or **reversal of existing law**; and that it is not interposed for any improper purpose, such as to harass or to **cause unnecessary delay or needless increase in the cost of litigation**." (*Emphasis added*)

American Jurisprudence, Second Edition, Judgments
IV. Particular Kinds of Judgments, D. Judgment by Confession, 6. Practice and Procedure Topic Summary Correlation Table References
§ 230. Notice and hearing, West's Key Number Digest, Federal Civil Procedure 2396, West's Key Number Digest, Judgment 29 to 70
See:***D. H. Overmyer Co. Inc., of Ohio v. Frick Co., 405 U.S. 174, 92 S. Ct. 775, 31*** L. Ed. 2d 124
"A maker of a confession of judgment voluntarily, intelligently, and knowingly waives due-process rights it otherwise possesses to prejudgment notice and hearing, and does so with full awareness of the legal consequences, when:

(1) the cognovit does not involve unequal bargaining power or overreaching;

(2) the agreement is not a contract of adhesion;

(3) the cognovit provision is obtained for adequate consideration;

(4) the cognovit is a product of negotiations carried on by parties with the advice of competent counsel; and

(5) the maker, despite cognovit, is not defenseless under state law."

Plaintiff hereby claims all five (5) elements required for a cognovit clause to be valid in Arizona have been purposely violated by Defendant to deprive Plaintiff of Plaintiff's Civil Rights under color of state law.

### Verified explanation of the five (5) elements of cognovit, as they pertain to this instant matter, and as such, prima facie evidence the five (5) elements of cognovit have not been met

(1) Defendant had an unequal bargaining power and Defendant was overreaching by:

i) Plaintiff is a laymen and as such did not have the requisite knowledge to discover Defendant's numerous acts of concealment and/or fraud concerning the "legal definitions" of words and/or language used in the mortgage document;

ii) Defendant is familiar with the "legal definitions" of the words and/or language of the mortgage and purposely, with malicious intent, confused Plaintiff and misrepresented the meanings of numerous words and/or the functionality of the language in the mortgage document(s);

iii) Defendant was overreaching the potential of Plaintiff of understanding the mortgage and the words and/or language used in the mortgage as said was mortgage was obviously designed and written in such a way to purposely confuse laymen;

(2) The mortgage is without controversy an adhesion contract as Defendant openly refuses to allow ANY change to the mortgage documents.

See: *Cubic Corp. v. Marty, 4 Dist. 185., C.A.3d. 438, 229 Cal. Rptr 828, 833; Standard Oil Co. of Calif. v. Perkins, C.A.Or., 347, F.2d 379, 383* "Distinctive feature of adhesion contract is that weaker party has no realistic choice as to its terms."

(3) There can be no adequate consideration when nothing is given for something. Defendant required Plaintiff to unknowingly give up Plaintiff's Right to Due Process yet Defendant gave absolutely nothing in return for Plaintiff's Right.

Black's Sixth Edition, page 39: Such as is equal, or reasonably proportioned, to the value for that which it is given.

See: *Nissen v. Miller, 44 N.M. 487, 105 P.2d. 324, 326* "Equal to some given occasion or work."

24

*See also*: ___Town of Winchester v. Cox, 129 Conn. 106, 26 A2.d 592, 597___ "Such only as puts injured party in as good condition as he would have been if injury if injury had not been inflicted."

(4)    "Competent counsel" as used when referring to contract negotiations in Arizona CAN ONLY mean a BAR licensed attorney. A.R.Civ.P., *inter alia*, Rule 6 deals with "duties of counsel" and accordingly ONLY references and applies to BAR licensed attorneys. Defendant has no bases and no grounds to claim "competent counsel" can mean anything other than a BAR licensed attorney. If, in fact and on the record, Defendant's attorney even attempts to claim in this matter that "competent counsel" can mean something other than a BAR licensed attorney then this court shall immediately reported Defendant to the ARIZONA BAR for his fraudulent effort and violation of his contract with the ARIZONA BAR.

The courts in Arizona have made numerous decisions relating to "competent counsel" when referring to contracts and all of such state unequivocally that said counsel MUST be, and may ONLY be, a licensed attorney.

**The following issue is absolutely incontrovertible under Arizona Law:**

**ANY MORTGAGE THAT IS NOT A PRODUCT OF NEGOTIATIONS CONDUCTED BY A COMPETENT BAR LICENSED ATTORNEYS IS VOID *AB INITIO* AND CANNOT BE ENFORCED IN ANY JUDICIAL AND/OR NON-JUDICIAL PROCEEDING IN ARIZONA.**

**In fact, if Defendant is not willing to claim for the record that Plaintiff was not required to have advice of counsel for the mortgage in question to be valid, then Defendant has agreed that the mortgage in question is void.**

**Also, in fact, if Defendant does agree that Plaintiff was required to have advice of counsel for the mortgage to be valid, yet Defendant is well aware that Plaintiff did not have advice of counsel, then Defendant is thereby confessing to the crime of barratry if Defendant does not agree to a summary judgment in favor of Plaintiff.**

(5) Defendant's attempt at non-judicial foreclosure, and therefore his defense, is based solely upon the claim that Plaintiff is defenseless under state law due to the "confession of judgment" clause in the mortgage.

It is well established that court is adversarial in nature, yet contracts are agreements between parties to prevent disputes. Accordingly, rules for specific contractual agreements such as mortgages have been decided by precedent to prevent parties from using the court to take advantage of weaker parties. The legality of a non-judicial foreclosure is not the issue before this court. More correctly stated the requirement of confession of judgment" is the primary controversy this court must determine. The determination of the validity of "confession of judgment" must rely on the *stare decisis* as previously stated.

Plaintiff hereby states and claims as an offer of proof in this matter, it is not lawfully possible for this court to determine the mortgage in question is valid unless this court determines that:

1. Defendant and Plaintiff had equal bargaining power and Defendant request in the mortgage were not overreaching;

2. Plaintiff could have altered the terms and conditions of the mortgage and the Defendant would have still consummated the deal;

3. Plaintiff was adequately compensated for his loss and that Plaintiff understood he was voluntarily, knowingly, and intelligently agreeing to said loss;

4. Plaintiff was advised by a BAR licensed through out the mortgage process;

5. Plaintiff has a defense against the cognovit clause based in law irrespective of Defendant's claims.

Absent a conclusion based in fact and Arizona law that all five (5) elements of a cognovit clause have been met, then this court may only determine that the mortgage in question is VOID *ab initio* and that Plaintiff is the true lawful owner of the real property in question.

## XVI.   VERIFIED STATEMENTS OF FACTS AND ALLEGATIONS BASED ON VERIFIED FACTS

Plaintiff, avers that, prior to, during and up to recent event, Plaintiff had no knowledge whatsoever as to particular terms contained within the Deed of Trust, which, Plaintiff learned much later, contained, *inter alia,* a small and somewhat hidden and/or disguised provision, known as a Power of Sale Clause that, Plaintiff now finds Defendant wanton to, individually and severally invoke, in order to literally confiscate Plaintiff's property without due process.

Whereas, normally, at minimum, each page of an important (life-altering) document, such as a Deed of Trust, would require initialing of the party executing it, (as to signify the obligor's acknowledgement thereof). Defendants furthered their concealment by not only directing Plaintiff away from certain terms/clauses and alike, but are wholly without evidence via initialing of these terms/clauses, that would have otherwise alerted Plaintiff to the extent of what rights were truly being abrogated.

Plaintiff believes and therefore avers, that Defendants willfully and intentionally concealed the aforesaid Clauses, and any irrevocability thereafter imparted to the sole detriment of Plaintiff, including, but not limited to, the preclusion to commence any action in defense of Plaintiff's rights, for the expressed purpose of depriving an otherwise unknowing Plaintiff of fundamental rights to Due Process, by nothing less than despicable and clearly unconscionable means.

Federal questions of constitutionality arise from the conduct and nature of Defendants' actions, both individually and collectively, insofar as to the inherent rights that may be otherwise enjoyed by Plaintiff, as insured under the Fifth and Fourteenth Amendments to the United States Constitution; and, as to certain statutorily clothed tetherings upon ones rights; particularly, a Power of Sale clause, and the irrevocable means by which it attaches, in defiance of the Supremacy Clause of the United States Constitution.

The Fourteenth Amendment to the United States Constitution reads, in pertinent part "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Plaintiff states that Amendment V of the Constitution of the United States provides the same answer being raised by the Plaintiff that: **"No person shall be deprived of life, liberty, or property without due process of law." A similar provision exists in all the state constitution; the phrases "Due Course of Law", and the "Law of the Land" are sometimes used; but all three of these phrases have the same meaning and that applies conformity with the ancient and customary laws of the English people or laws indicated by parliament.** ***Davidson v. New Orleans 96 U.S. 97, 24, L Ed 616.***

The Supremacy Clause of the United States Constitution, Article VI, paragraph 2, mandates that State judges, regardless of state constitutional considerations, and laws enacted to the contrary, by effectuating the united States Constitution and its amendments as being the "supreme law of the land".

The Supremacy Clause reads in pertinent part, " This Constitution and the Laws of the United States in Pursuance thereof; and all treaties made or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every state shall be bound thereby, any Thing in the Constitution or the Laws of any State to the contrary notwithstanding."

The Due Process Clause of the United States Constitution requires "timely individual notice…, before their property can be adversely affected". *See **Volkswagenwerk Aktiengesallschaft v. Schlunk, 486 U.S. 694,707 (1988)***

Plaintiff was (unknowingly) deprived of Due Process (and other) rights, as guaranteed under the Fourteenth Amendment of the United States Constitution and, the Arizona State Constitution; as, Defendants', in the first instance, through <u>unconscionable means</u>, caused to be executed a certain Deed of Trust, which, unknown, nor otherwise explained to Plaintiff, lacked the proper "Notice", having substituted in lieu of, an obscure and/or as yet detected provision for the unfettered power of sale of Plaintiff's property.

Notice is a Due Process issue, that in the absence thereof, constitutes the abrogation of Plaintiff's substantive and procedural due process rights as afforded under the **Fifth (5th)** and **Fourteenth (14th) Amendments**, guaranteed Plaintiff by the **United States Constitution**.

***Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*** (*"An elemental and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections."*)

The Constitution of the United States and Arizona makes it illegal for any one to take property without just compensation and by this amendment (5th) there can be no proceeding against life, liberty, or property which may result in the observance of those general rules established in our system of Jurisprudence for the security of private rights which guarantees to each citizen the equal protection of the laws and prohibits a denial thereof by any Federal official." (*See rights*) ***Bolling v. Sharpe, 327 U.S. 497. U.S. vs Kuwzbzva (DC-CAL) 56F Supp. 716.***

The terms "due process of law" and "natural rights" as used in the Federal Constitution and/or the Declaration of Independence, have been repeatedly declared to be the exact equivalent of the phrase "law of the land" as used in the *__Magna Charta. 16 Am. Jur. 2d 547;__*

Plaintiff hereby incorporates paragraphs one (1) through thirty-nine (39) as if they are set forth at length herein.

Upon information and belief of Plaintiff, a power of sale clause, whether evidenced or not, within a Deed of Trust, is akin in performance to a cognovit note and/or confession of judgment, however, it operates far more insidiously; as, it specifically robs the (unknowing) maker of certain or otherwise assured rights and remedies, including, but not limited to Due Process, and redress by appeal, while wholly evading the requisite (form and manner of) noticing as encumbering cognovits or confessions.

Upon information and belief of Plaintiff, the hidden power of sale clause, which in effect, creates a cognovit note/confession of judgment, as irrevocably granted in a Deed of Trust, does just that; it creates conditions that are in violation of the Arizona Constitution.

WHAT IS A COGNOVIT NOTE? A cognovit note is not an ordinary note. It is indeed an extraordinary note, which authorizes an attorney to confess judgment against the person or persons signing it. It is written authority of the debtor and a direction by them for the entry of a judgment against debtor, if the obligation set forth in the note is not paid when due.

Such a judgment (of confession) may be taken by any person or any company holding the note, only if specifically and diligently pointed out and discussed as to the legal ramifications in so doing, for it cuts off every defense which the maker of the note might otherwise possess. It likewise cuts off all rights of appeal from any judgment taken on it.

According to The United States Supreme Court, "a cognovit note is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment

30

without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the debtor".

Justice Blackmun, expressing the unanimous view of the court in ***Overmyer v. Frick, 405 U.S. 174, 92 S.Ct. 775, L.Ed.2d 124 (1972)***, stated the criteria for establishing constitutionality of a Cognovit Note is not determine upon the theory of the note **but the method used by both parties to afford each other due process** protection afforded by the Fourteenth Amendment. *(Emphasis added)*

Justice Blackmun stated, "…[i]t was held that (1) a cognovit clause was not, per se, violative of the Fourteenth Amendment due process requirements as to prejudgment notice and hearing, and (2) under the facts in the instant case, **(*Overmyer*)** due process was not violated by the entry of the confessed judgment, since the record established that **the debtor had knowingly and voluntarily waived its rights to notice and hearing, with full awareness of the legal consequences**, by executing the cognovit note, which was **supported by consideration** from the creditor, and which had resulted **from negotiations between the parties of equal bargaining power**,…" ***Id*** *(Emphasis added)*

Justice Douglas, joined by Justice Marshall concurring, stated, in effect that, (1) **the record must establish that a clear and unmistakable, voluntarily and intelligently valid waiver of the debtor's constitutional rights**, (2)… a trial judge was required to vacate a judgment obtained through a cognovit clause when presented sufficient evidence of an affirmative defense to pose a jury question, a preponderance of evidence burden not being imposed, and (3) the preponderance of the evidence in the (present) case does not support even a conclusionary finding that Plaintiff was even aware of the existence of any cognovit note, let alone intentionally, deliberately, knowingly and intelligently waive due process rights.

Justice Douglas, further observed, "Debtors receive the benefit of credit at a lower rate of interest than they would receive if they did not give the creditor the right to confess judgment against them. Nevertheless, **the right to be heard in court is central to our system of justice, and, as with other constitutional rights, there is no presumption of**

31

1  waiver." ***Overmyer, 405, U.S. 174, 31 L. 2d 124, 92S.Ct. 775 (1972) and its companion***

2  ***case, Swarb v. Lennox, 405 U.S. 191, 31 L. ed.2d 138, 92 S.Ct. 767 (1972) and at 186,***

3  ***188.  (Emphasis added)***

4        Based upon the Defendants' lack of credible evidence and/or proof that Plaintiff

5  ever waived or was ever advised of legal detriment upon the signing of what must be

6  characterized, at best, as a hidden cognovit clause, is just preposterous and is sufficient to

7  warrant presentation to a jury.

8        In order to help determine the validity of the cognivit note and/or confession of

9  judgment before this Court, one must concede that the mentioned contract containing the

10  hidden clause, was never explained to the Plaintiff, so Plaintiff was never aware of

11  waiving Fourteenth Amendment rights through a contract of adhesion (illegal and/or void

12  contract) or the product of disparity in the parties' bargaining power.

13        Most contracts of adhesion are either procedural and/or substantively

14  unconscionable and, the unconscionability alone should void the cognovit clause of this

15  adhesion contract.

16        Plaintiff is aware that in a civil proceeding, acquiescence in the loss of

17  fundamental rights will not be presumed, and, that the rights to due process in a civil

18  judgment are subject to waiver. Plaintiff emphatically states that the contract of adhesion

19  was a take it or leave it offer and the cognovit clause was never an issue raised with

20  emphasis, or even raised at all, by the Defendants during the signing ceremonies.

21        Based upon the Plaintiff's recent extensive study of cognovit notes for this matter;

22  (1) this contract was never open to any negotiations, for it was a contract of adhesion, as

23  the parties were not parties of equal bargaining power; (2) the Defendants never gave the

24  Plaintiff any extra consideration in order to obtain any confession of judgment (cognovit

25  note) clause, nor was the cognovit issued under any other substantial benefit and/or

26  consideration including and not limited to a reduction in installment payments or reduction

27  in interest rates; (3) there was no contention or acknowledgment that the Plaintiff was

28  aware of the legal (detrimental) consequences of the cognovit provision; (4) this Court

1  should vacate this prejudgment (confession of judgment or cognovit note) as a matter of

2  law for showing that Plaintiff's natural Rights to due process were violated.

3      The clear lack of evidence that Plaintiff ever intentionally, deliberately, and/or

4  knowingly waived due process rights is further supported by this very Complaint.

5  **Natural rights cannot be waived even if that is the intent of the Plaintiff.**

6      At all times material to this Complaint Plaintiff never waived Constitutional

7  rights to a trial by jury under any circumstances, much less willingly, knowingly, or

8  intentionally.

9      The United States Supreme Court and the great majority of State Supreme Courts

10  have all adopted the concept as; State's that use cognovit procedure was found

11  unconstitutional, unless, the debtor knowingly and understandingly consented to the

12  authorization to confess judgment.

13      In ***National Equipment Rental, Ltd. v. Szukent, 375, U.S. 311 (1962)***, the Court

14  observed: "It is settled …that parties to a contract may agree in advance to submit to the

15  jurisdiction of a given court, to permit notice to be served by the opposing party, or even

16  to waive notice altogether." *Id., at 315-316.*

17      And, in ***Boddie v. Connecticut,*** supra, the Court acknowledges that "the hearing

18  required by due process is subject to waiver." *401 U.S., at 378-379.* In another case on

19  point is from New Jersey when the Chief Justice described in a rather condescending tone,

20  "a cognovit note is the loosest way of binding a man's property that was devised in any

21  civilized country." ***Alderman v. Diament, 7 N.J. L. 197, 198***.

22      The Supreme Court clarified another part of cognovit note when the Court stated,

23  "we do not presume acquiescence in the loss of fundamental rights, ***Ohio Bell Tel., Co. v.***

24  ***Public Utilities Comm'n, 301 U.S. 292, 307 (1937),*** that standard was fully satisfied

25  here."

26      The United States Supreme Court makes it very clear that any one may waive their

27  due process rights and/or any other right but in order to do so, one must intentionally,

28  knowingly, deliberately, and voluntarily do so.

33

The consequences or legal detriment to waiving one's Rights must be based only upon an intelligent decision having been presented with the consequences of entering into an agreement having a cognovit clause, (note and/or confession of judgment clause).

Because a cognovit note deprives the debtor knowledge and of notice that their property is being seized, without recourse, or, without benefit of hearing or appeal, courts demand "**clear and convincing evidence**" that the written waiver is "**voluntary, knowing, and intelligently made**." The question of waiver is factual not presumptive. This, a jury must decide.

The Plaintiff is now schooled in the confession of judgment theory through Defendants' application of a hidden within, cognovit note, and, agrees that the knowing and voluntary waiver of one's due process Rights would be pertinent, if, it was truly evident in the present case. Plaintiff agrees that the due process rights to notice and hearing prior to a civil judgment are subject to waiver.

Because the cognovit note deprives the debtor of notice that their property is about to be seized, without benefit of hearing, or right to appeal,, courts demand "clear and convincing evidence" that the written waiver was "voluntary, knowing, and intelligently made."

In order for the Defendants to substantially support their position that Plaintiff did voluntarily waive due process rights, Plaintiff states that there was never any warning paragraph, bold letters, bold sentences and/or no warning statement to merit any concern on behalf of the Plaintiff. One would think to guarantee this basic constitutional question, which is now before this court, the Defendants should have a warning as the following warning to serve as an example:

> **"WARNING –By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your knowledge and the powers of a court can be used to collect from you or your employer regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on their part to comply with the agreement, or any other cause."**

34

1    Plaintiff once again reiterates that Plaintiff was never made aware of any cognovit
2    note and/or confession of judgment at the time of their entering into the contract with the
3    Defendants, or that, Plaintiff ever knowingly waived any Constitutionally guaranteed
4    rights. Defendants never spent any time on this subject with Plaintiff.

5    After carefully examining the executed documents Plaintiff still cannot find any
6    specific references that Plaintiff has, in any way, waived any Constitutionally guaranteed
7    rights upon execution of Defendants' documents.

8    Based upon further review, the Plaintiff never witnessed and/or was never verbally
9    instructed, concerning the loss of due process rights. Any one may give up their rights,
10   but, only those specifically bargained for.

11   Further, Plaintiff never knowingly, and voluntarily waived rights to notice and
12   hearing, and, was wholly unaware of the legal consequences appertaining thereto.

13   Other factors that this Court must take into consideration, besides the
14   unconstitutionality of the purposefully disguised confession of judgment, and/or the
15   cognovit note, incognito, but also must consider contracts of adhesions are procedurally
16   and substantively unconscionable contracts, and contract foundations built upon mistakes,
17   inadvertence, excusable negligence, newly discovered information, fraudulent
18   conveyance, misrepresentation and fraud in the inducement in violation of Federal and
19   Arizona State law.

20   The very existence of a contract is the very heart of our commercial system as both
21   parties operate in good faith and any **"illegal provisions of the contract are "void," and**
22   **thus those provisions were never part of a validly formed contract."** ***Three Valleys***
23   ***Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1140 (9th Cir. 1991)***, and
24   "voidness" challenges go to the very existence of a contract provision, and are not merely
25   a defense to a legally formed contract." And one valid defense that the Defendants are
26   raising is **"unconscionability is not merely a defensive doctrine but rather it goes to**
27   **the predicate of whether a contract was validly formed in the first place."** ***California***
28   ***Grocers Ass'n, Inc. v. Bank of America, 22 Cal.App.4th 205, 217 1994);*** and the

35

"Doctrine of Unconscionability," procedural and/or substantively are the tools to determine the validity of any contract thus ignoring for now the four main elements of a contract.

Plaintiff is raising the unconscionability (*ARS 47-2302 Unconscionable contract or clause*) as referenced in **"*Blake v. Ecker, 93 Cal.App.4th 728, 742 (2001)*" (the substantive element of unconscionability "traditionally involves contract terms that are so one-sided as to 'shock the conscience' or that impose harsh or oppressive terms.")** (*Emphasis added*) **(*citing Armendariz, 24 Cal.4th at 114*)**. Any one who would knowingly agree to a non-judicial foreclosure, where the illegal bank appointed trustee has the power to foreclose on your home at his and/or her whim, is ludicrous and would have to be totally incompetent.

The contract is procedurally unconscionable if "the contract is a standard-form contract, drafted by the party with superior bargaining power, which relegates to the other party the option of adhering to its terms without **modification or rejecting the contract entirely.**"; ***Flores v. Transamerica HomeFirst, Inc.*, 93 Cal.App.4th 846, 853 (2001) (same); *Mercuro v. Superior Court*, 96 Cal.App.4th 167, 174 (2002), *rev. denied*.**

Plaintiff states emphatically that this Court should grant the temporary injunction to allow Defendants sufficient time to disprove that the Deed of Trust is, in fact, a contract void ab initio, and, to dispute Plaintiff's averment to the contrary, that the creation of the contract is supported by a clear and convincing intent of the Plaintiff, for existence of **mutual or reciprocal assent. *Sanford v. Abrams (1888) 24 Fla 181, 2 So 373; Ross v. Savage (1913) 66 Fla 106, 63 So 148; McCay v. Sever (1929) 98 Fla 710, 124 So 44; United State Rubber Products, Inc. v. Clark (1941) 145 Fla 631, 200 So 385; Mann v. Thompson (1958, Fla App D1) 100 So 2d 634.***

The Plaintiff hereby states that for a valid contract to exist with the Defendants and/or any creditor, the contract must have **assent be to a certain and definite proposition**. For example, this Court, operating under cold neutrality, should demand that both sides produce all the substantial records, including and not limited to the accounting

records for a determination as far as consideration. *Fincher v. Belk-Sawyer Co. (1961, Fla App D3) 127 So 2d 130; Goff v. Indian Lake Estates, Inv. (1965, Fla App D2) 178 So 2d 910; Hewitt v. Price (1969, Fla App D3) 222 So 2d 247.*

The Plaintiff contends that without **a meeting of the minds of the parties on an essential element (consideration), there can be no enforceable contract.** *Hettenbaugh v. Keyes-Ozon-Fincher Ins., Inc. (1962, Fla App D3) 147 So 2d 328; Goff v. Indian Lake Estates, Inc. (1965, Fla App D2) 178 So 2d 910.*

The Plaintiff has established enough doubt as to the validity of an enforceable contract that this court is required to determine the enforceability of the contract and determined what party breached the terms and conditions of the contract and in order to form a valid contract, **the parties must have a distinct understanding,** common to both, **and without doubt or difference. Unless all understand alike, there can be no assent, and therefore no contract.** *Webster Lumber Co. v. Lincoln (1927) 94 Fla 1097, 115 So 498; Minsky's Follies of Florida, Inc v. Sennes (1953 206 F2d 1; O'neill v. Corporate Trustees, Inc. (1967) 376 F2d 818.*

The Plaintiff hereby declares that the Defendants have greatly injured the Plaintiff through and not limited to misrepresentation, truth in lending, UDAP and unjust enrichment as a result of the Defendant's deliberate, conspired, intentional, and malicious fraud. Further, Defendants' and/or their counsel have violated, inter alia, the Professional Code of Conduct and procured this illegal and/or voidable contract which lacks the essential elements of real assent and obtained the Plaintiff's Signature as **result of the exercise of duress or undue influence by the other party, or procured by the fraud of one of the parties, lacks the essential element of real assent and may be avoided by the injured party.** *Wall v. Bureau of Lathing and Plastering (1960, Fla App D3) 117 So 2d 767.*

Being that the Plaintiff is asking for this court to protect Plaintiff's due process rights and stay the sale and provide the Plaintiff with their right to a Trial by Jury for the Plaintiff never agreed to a non-judicial foreclosure and any creditor must prove

37

1  compliance with all the terms and conditions and specifically consideration and

2  substantiate **actual assent by the parties upon exactly the same matters is**

3  **indispensable to the formation of a contract.** *Bullock v. Hardwick (1947) 158 Fla 834,*

4  *30 So 2d 539: Hettenbaugh v. Keyes- Ozon - Fincher Ins. , Inc (1962, Fla App D3) 147*

5  *So 2d 328: General Finance Corp. V. Stratton (1963 Fla App D1) 156 So 2d 664.*

6       Unconscionability is deemed to exist when a two-prong test is met, that is when it is

7  established that both procedural and substantive unconscionability exist. *Blake v. Ecker,*

8  *93 Cal App 4th 728 (2001). According to Restatement of Contracts (2nd Ed. 1990)*

9  *commentary accompanying section 208.*

10       Most state unconscionability jurisprudence is sub-divided into two branches:

11  substantive and procedural. Substantive unconscionability refers to oppressively one-sided

12  and harsh terms of a contract, while procedural unconscionability involves the manner and

13  process by which the terms become part of the contract including unequal bargaining

14  power and hidden contract terms. *Comb v. PayPal Inc., Case No. C-02-1227 and C-02-*

15  *2777 USDC CA No. Dist. San Jose Div (9th Cir. 2002); Blake, supra; Kloss v. Edward*

16  *D. Jones & Co., 2002 MT 129; 310 Mont. 123; 54 P3d 1; 2002 Mont. LEXIS 223 (MT*

17  *Sup Ct 2002).*

18       The process by which a contract comes into existence is at the heart of procedural

19  unconscionability such that the contract in question is typically one of adhesion. *Flores v.*

20  *Transamerica HomeFirst, Inc., 93 Cal App 4th 846 (2001).*

21       Analysis of unconscionability begins with an inquiry into whether the contract

22  (Deed of Trust) was a contract of adhesion i.e., a standardized contract, imposed upon the

23  subscribing party without an opportunity to negotiate the terms and the conditions is an

24  oppressive, "take it or leave it offer, an inequality of bargaining position when under

25  scrutiny are so one sided that the terms and conditions are so supportive of the superior

26  bargaining power and actually detrimental or no real negotiations and an absence of

27  meaningful choice through an unequal bargaining position of the weaker party.

28  *Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal.4th 83, 113, 99 Cal.*

1 | ***Rptr. 2d 745, 6 P.3d 669 (2000). Graham v. Scissor-Tail, Inc., 28 Cal.3d 807, 819, 171***
2 | ***Cal. Rptr. 604, 623 P.2d 165 & n.16 (1981).***

3 |      Plaintiff never agreed to place their property in an irrevocable trust, nor, did
4 | Plaintiff ever knowingly agree to have their home subject to a power of sale clause. As a
5 | matter of fact, Plaintiff hereby declares that they have never heard of that term power of
6 | sale, and, what that term meant, until recently.

7 |      Plaintiff likewise, did not know that the term "seised" imparted a wholly different
8 | connotation than "seized", whereby, upon recent understanding of Plaintiff, "seised"
9 | indicates that Plaintiff actually owned their property free and clear, without encumbrance,
10 | prior to signing a Deed of Trust, without benefit of consideration.

11 |      The concept of seising, dates back to the middle ages when the serfs, who were
12 | made to consider themselves not worthy of owning land, would actually give their
13 | properties through seising (gave it away absolutely free) to their masters. Today this
14 | unconscionable practice is still being utilized by bankers, constituting an unjust
15 | enrichment, through concealment and deception and outright stupidity on this Plaintiff,
16 | who suffers from the least susceptible and/or susceptible consumer syndrome.

17 |      Plaintiff now challenges this practice as being procedural and substantively
18 | unconscionable Clauses contained in this referenced contract (Deed of Trust) these should
19 | be challenged by this court as the Deed of Trust, did not and does not represent the true
20 | intentions of the Plaintiff.

21 |      Plaintiff would not knowingly agree to the placing of an irrevocable trust against
22 | thier home by any mortgage company and/or banker and would not have given their
23 | property to anyone through the middle ages policy of seising. At trial, it would become
24 | apparent that the trier of facts could not find an objectively clear and unambiguous
25 | expression of mutual intent of these objectionable and substantively unconscionable
26 | shocking terms.

27 |      In the absence of conflicting parol evidence, the interpretation of a written contract
28 | is essentially a judicial function subject to independent review by this Court or on appeal.

1   A trial court's threshold determination as to whether there is an ambiguity permitting the

2   admission of parol evidence is also a question of law subject to independent review.

3        If parol evidence is admissible, and the competent parol evidence is in conflict, the

4   construction of the contract becomes a question of fact. However, if the parol evidence is

5   not conflicting, the appellate court will independently construe the writing.

6        The duty of this Court is to schedule a hearing and permit the Defendants to

7   actually produce documented evidence that Plaintiff, understood that Plaintiff was already

8   lawfully seised of property, prior to signing the Deed of Trust, and thereafter, knowingly,

9   intentionally, and, deliberately agreed to a (unseen) power of sale clause, and, irrevocable

10  grant, executed, without consideration, to the sole benefit of Defendants.

11       However, this Court should also recognize the risk that such provisions may be

12  included in a trust deed or mortgage without the debtor's knowledge or understanding.

13  Clauses such as this are often termed "dragnet" or "anaconda," as by their broad and

14  general terms they enwrap the unsuspecting debtor in the folds of indebtedness and

15  deceptive practices (concealing deceptively, the power of sale clause in which Plaintiff

16  never was told and/or knew that it was actually part of the alleged contract).

17       The proponent of a dragnet clause bears the burden of establishing that the parties

18  intended all existing or contemporaneous clauses to be included within its scope. A trust

19  deed containing a dragnet clause that is printed on a standard bank form is considered a

20  **contract of adhesion** under Arizona law.

21       Although **contracts of adhesion** are generally enforceable according to their terms,

22  a provision contained in such a contract cannot be enforced if it does not fall within the

23  reasonable expectations of the weaker or adhering party.

24       This Court should examine a number of factors in determining whether broadly

25  worded dragnet clauses (Seised and irrevocable trust) was mutually intended by the parties

26  to be included in the terms and conditions: (1) the language and specificity of the dragnet

27  clause; (2) whether the parties were aware of the dragnet clause and appreciated its

28  significance and would have benefited by their existence; (3) were the clauses

1    procedurally and/or substantively unconscionable and benefited the one party at the

2    expense of the other party taking into account the degree of negotiability being exerted

3    upon the smaller party with inferior bargaining position against the larger party with

4    superior bargaining power.

5         The Defendant's intentional concealment of the Power of Sale Clause in the Deed

6    of Trust further insures Plaintiff's allegations of deceptive intentions of the Defendants.

7         Plaintiff hereby avers that for this Court to precede with this sale, this Court must

8    find an objective and clear unambiguous expression of mutual intent to where the Plaintiff

9    intentionally, deliberately, knowingly desired to place the home into a non-revocable trust,

10    to allow the Defendant's to have the home seised, power of sale and knowingly waived

11    due process rights including and not limited to trial by jury. This Court has in its inherent

12    authority, the duty to stop this "Deed of Trust Sale" upon the unsuspecting mortgagor in

13    the folds of indebtedness embraced and secured in the mortgage which Plaintiff did not

14    contemplate or understand their presence or implications.

15         However, "[t]here are two judicially imposed limitations on the enforcement of

16    adhesion contracts or provisions thereof. The first is that such a contract or provision

17    which does not fall within the reasonable expectations of the weaker or 'adhering' party

18    will not be enforced against him . . . The second - a principle of equity applicable to all

19    contracts generally - is that a contract or provision, even if consistent with the reasonable

20    expectations of the parties, will be denied enforcement if, considered in its context, it is

21    unduly oppressive or 'unconscionable.

22         The irrevocable trust, the hidden power of sale clause, due process violations and

23    the seising clauses are four examples of Plaintiff being ivolved with procedurally and

24    substantively violations of unconscionability, thus voiding this contract from its

25    incipience.

26         A contract of adhesion is "a standardized contract, which, imposed and drafted by

27    the party of superior bargaining strength, relegates to the subscribing party only the

28    opportunity to adhere to the contract or reject it" ***(Armendariz v. Foundation Health***

*Psychcare Serv., 24 Cal 4th 83 at 113 (2000); reflected in Martinez v. Master Protection Corp., 118 Cal. App. 4th 107; 2004 Cal. App. LEXIS 638  (2004)* -- is not unconscionable merely because of disparity of the parties' bargaining position (*Gilmer v. Interstate/Johnson Lane Corp., 500 US 20; 114 L. Ed. 2d 26, 111 St. Ct. 1647 (1991).* Rather, the procedural unconscionability must co-exist with substantive components that include harsh or one-sided results that "shock the conscience". *Soltani v. West. & So. Life Ins. Co., 258 F.3d 1038 (9th Cir. 2001);  Ferguson v. Countrywide Credit Industries, Inc., 298 F.3d 778; 2002 U.S. App. LEXIS 14739 (9th Cir. 2002); Circuit City Stores, Inc. v. Mantor, 335 F.3d 1101; 2003 U.S. App. LEXIS 14607 (9th Cir. 2003).*

When a party to a contract possesses far greater bargaining power (Defendants and/or any creditor) than another party (Plaintiff), or when the stronger party pressures, harasses, or compels another party into entering into a contract, "'oppression and, therefore, procedural unconscionability, are present." *Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, at 1172 (9th Cir. 2003) (quoting Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778 (9th Cir. 2002); Kinney v United HealthCare Services, Inc., 70 Cal App 4th 1322 (1999).*

Substantive unconscionability addresses the fairness of the term in dispute. It traditionally involves contract terms that are so one-sided as to "shock the conscience," or impose harsh or oppressive terms. Historically, courts looked to the common law for discerning the existence of substantive unconscionability as in *Rakoff, Contracts of Adhesion: An Essay in Reconstruction, 96 Harv. L. Rev. 1173, 1179-1180 (1983); Slawson, Mass Contracts: Lawful Fraud in California, 48 S. Cal. L. Rev. 1, 12-13 (1974); K. Llewellyn, The Common Law Tradition 370-371 (1960).*

"The common law, recognizing that standardized form contracts account for a significant portion of all commercial agreements...subjects terms in contracts of adhesion to scrutiny for reasonableness." Judge J. Skelly Wright set out the state of the law succinctly in *Williams v. Walker-Thomas Furniture Co., 121 U. S. App. D. C. 315, 319-320, 350 F. 2d 445, 449-450 (1965)* **(footnotes omitted):**

"Ordinarily, one who signs an agreement without full knowledge of its terms might be held to assume the risk that he has entered a one-sided bargain. But when a party of little bargaining power, and hence little real choice, signs a commercially unreasonable contract with little or no knowledge of its terms, it is hardly likely that Plaintiff's consent, or even an objective manifestation of Plaintiff's consent, was ever given to all of the terms. In such a case the usual rule that the terms of the agreement are not to be questioned should be abandoned and the court should consider whether the terms of the contract are so unfair that enforcement should be withheld."

## **DECLARATORY RELIEF**

Pursuant to the Declaratory Judgment Act, this Honorable Court may enter a declaratory judgment to determine the rights of the Plaintiff, regarding the aforesaid claims and controversies arising there from.

The primary purpose of a declaratory judgment is to quickly determine issues, if left otherwise delayed, will cause irreparable injury and harm to the Plaintiff, and, to afford certain relief from uncertainty and insecurity by effectively determining the legal rights, status and relations of the Plaintiff and the Defendants.

A declaratory judgment is absolutely necessary in the present instance to speedily effectuate the rights and status of Plaintiff in relation to the Defendants as well as delineate the authority of each of the Defendants in their actions as taken against the Plaintiff.

Delay in granting Plaintiff's request for a declaratory judgment will result in irreparable harm and injury to Plaintiff, without ability to otherwise address Plaintiff's grievances to the degree and means that would be otherwise availed.

Declaratory judgments are proper when (1) an actual controversy exists, (2) litigation appears imminent and inevitable, (3) the Plaintiff has a direct, substantial and present interest, and (4) the declaration sought will be of practical help in ending the controversy.

An actual controversy exists between Plaintiff and Defendants, both individually and collectively, as Defendants continue to usurp Plaintiff's rights, unabated, in the wholesale deprivation of Plaintiff's rights and, abrogation of Plaintiff's property.

Additional litigation is imminent and inevitable, pending this court's determination of the controversy, that in the absence thereof, Plaintiff will be forced to proceed in securing their rights, as opposed to Defendants meritless and/or unlawful actions undertaken against Plaintiff.

Plaintiff clearly has a direct, substantial and present interest in the controversy.

A declaratory judgment will aid in ending the controversy, or in the alternative, clearly establish the rights of Plaintiff and the authority and/or lack thereof, of Defendant(s).

## INJUNCTIVE RELIEF

Plaintiff's right to injunctive relief seems clear: An injunction is absolutely necessary to avoid a further and yet greater injury, as result of Defendants continued and unbridled actions.

It is abundantly clear from the foregoing cause(s) as stated herein, that, sufficient grounds to warrant an injunction have been established, until, all facts are fully and properly clarified, as, to be accomplished following the completion of discovery.

It is averred that Defendants, both individually and collectively, have acted in bad faith, in their attempts to unlawfully wrestle Plaintiff's property.

It is averred that Defendants, whether individually and/or collectively, have entered certain documents into the public record, for the purpose of reliance thereupon, which, Plaintiff believes are not supported by the facts, should this Court allow them to be brought to light.

Plaintiff will be irreparably harmed, without effective recourse, should this Court deny Plaintiff's plea for injunctive relief; whereas, Defendants will not be so harmed,

1  should this court grant Plaintiff's relief, pending the full and complete adjudication of

2  salient issues as raised in this complaint.

3       Because of the intentional deceptive nature of the Defendants, this Court should

4  grant the temporary injunction in the name of justice and a matter of good law. **"Where**

5  **administrative action may result in the loss of property and/or life, or of all that**

6  **makes life worth living, and doubt as to the extent of power delegated to**

7  **administrative officials is to be resolved in citizen's favor and court must be**

8  **especially sensitive to the citizen's rights where proceeding is non-judicial**.**"** *United*

9  *States v. Minker, 350 U.S. 179; 76 S. Ct. 281 (1956).*

10

11  **CONCLUSION**

12

13       Plaintiff respectfully seeks this Court to do their constitutional duty (Oath) that this

14  Court is required to under their Constitutional oath to protect and defend the Constitutional

15  rights of the individual against this corporate giant and ask this Court to protect the

16  Plaintiffs rights according to the **"Law of the land," "due process of law," and "due**

17  **course of law"** are synonymous. *People v. Skinner, Cal., 110 P.2d 41, 45; State v. Rossi,*

18  *71, R.I. 284, 2d 323, 326; Direct Plumbing Supply Company v. City of Dayton, 138 Ohio*

19  *St. 540, 38 N.E. 2d 70, 72, 137 A.L.R. 1058; Stoner v. Higginson, 316 Pa. 481, 175 A.*

20  *527, 531.*

21       All litigants have a Constitutional right to have their claims adjudicated according

22  to the rule of precedent. *See: Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000).*

23  The Plaintiff never knew that Plaintiff was entering into a non-judicial foreclosure contract

24  and was never advised about unknowingly waving Federal and State Constitutional rights

25  to have a trial by Jury. **"We are bound to interpret the Constitution in the light of the**

26  **law as it existed at the time it was adopted."** *Mattox v. U.S., 86 S.Ct. 237 (1938).*

27       **"Nothing can be more material to the obligation than the means of**

28  **enforcement.** Without the remedy the contract may, indeed, in the sense of the law, be

45

said not to exist, and its obligation to fall within the class of those moral and social duties **which depend for their fulfillment wholly upon the will of the individual.**

**The ideas of validity and remedy are inseparable, and both are parts of the obligation, which is guaranteed by the Constitution against invasion. The obligation of a contract 'is the law which binds the parties to perform their agreement."** _**RED CROSS LINE vs. ATLANTIC FRUIT COMPANY. 264 U.S. 109, 68 L. Ed. 582, 44 S. Ct. 274 February 18, 1924 Decided.**_

For want of all of the above, Plaintiff now seeks this honorable Court's immediate intervention for the re-establishment and/or protection of Plaintiff's rights. Plaintiff believes, in consideration of all of the foregoing, that Plaintiff has established just and proper cause for this Court to immediately intervene, by enjoining Defendants from any further action, lest further, irreparable harm and injury, and loss of property befall Plaintiff; and, to further issue declaratory relief consistent herewith.

**WHEREFORE,** Plaintiff respectfully prays upon this court to grant Plaintiff declaratory and injunctive relief, consistent with the findings of the aforesaid, including, but not limited to, enjoining the above-named Defendants, as well as any party, yet unnamed Defendant(s), from Selling, Converting, or, by any means whatsoever, Dispossessing Plaintiff of Property, until all Facts, are Clarified, as to be determined following the completion of discovery, which is now pending, and, to provide Plaintiff, thereafter, Oral Argument, and/or any other relief this court deems just and proper.

Michael J. Brosnahan, pro per

COPYRIGHT NOTICE: The above-mentioned entity is quoting citations 'as purported in' context to copyrighted case law, statutes, rules of court and court decision material as found in books published with Federal or state funding supplied by the Citizens of the united States of America and intended for use by attorneys, and does so under the provisions of the Fair use clause of the copyright laws of the United States.

ORIGINAL of the foregoing filed with
the Clerk of the Court, and COPY hand-
delivered in court this 22nd day of
March, 2010.

# Exhibit 16

1  BRYAN CAVE LLP, #00145700
2  Robert W. Shely (No. 014261)
   Gregory B. Iannelli (No. 026549)
3  Two N. Central Avenue, Suite 2200
   Phoenix, AZ  85004-4406
4  Telephone: (602) 364-7000
5  Facsimile: (602) 364-7070
   rwshely@bryancave.com
6  gregory.iannelli@bryancave.com

7
   Attorneys for Defendants Bank of America N.A.,
8  BAC Home Loans Servicing LP, Recontrust Company N.A., and
   Mortgage Electronic Registration Systems Inc.
9

10

11              IN THE UNITED STATES DISTRICT COURT
12
                IN AND FOR THE DISTRICT OF ARIZONA
13

14  MICHAEL J. BROSNAHAN,                       No.

15          Plaintiff,                          NOTICE OF REMOVAL

16      vs.

17  BANK OF AMERICA, formerly Countrywide
    Bank; BAC HOME LOANS SERVICING LP;
18  RECONTRUST COMPANY; MERS; and
    JOHN DOES 1-10,000,
19

20          Defendants.

21

22          PLEASE TAKE NOTICE that Defendants Bank of America N.A., BAC Home Loans

23  Servicing LP, Recontrust Company N.A., and Mortgage Electronic Registration Systems

24  Inc. (collectively, "Defendants") hereby remove to this Court an action pending in the

25  Arizona Superior Court (No. CV2010-00224) pursuant to 28 U.S.C. §§ 1331 and 1332 for

26  the reasons set out below.

27

28

666264.1

1.     On March 22, 2010, Plaintiff Michael J. Brosnahan filed an action in the Superior Court of the State of Arizona, Coconino County, entitled <u>Michael J. Brosnahan v. Bank of America et al.</u>, No. CV2010-00224 (Ariz. Super. Ct. filed Mar. 22, 2010).

2.     Removal of this action is proper under 28 U.S.C. § 1331 because Plaintiff has alleged violations of the Fourteenth Amendment to the United States Constitution.

3.     Removal of this action is proper under 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of Arizona; Bank of America N.A. is a citizen of the State of North Carolina; Mortgage Electronic Registration Systems Inc. is a citizen of the State of Virginia; Recontrust Company N.A. is a citizen of the State of California; and BAC Home Loans Servicing LP is a citizen of the State of North Carolina.  Plaintiff seeks, among other things, to prevent Defendants from enforcing his mortgage obligations, which have a value in excess of $75,000.00.

4.     A true and correct copy of the Certificate on Compulsory Arbitration, "Judicial Notice," and "Memorandum of Points and Authorities," as filed with the Coconino County Superior Court, is attached hereto as Exhibit A.

5.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

6.     Defendants have served a copy of this Notice of Removal on Plaintiff in accordance with 28 U.S.C. § 1446(d).

7.     A copy of the Notice of Removal to Federal Court has been filed with the Superior Court Clerk of Coconino County in accordance with 28 U.S.C. § 1446(d), and attached hereto as Exhibit B.

8.     This Notice is signed pursuant to Federal Rule of Civil Procedure 11 in accordance with 28 U.S.C. § 1446(a).

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1

2             DATED this 12th day of April, 2010.

3                                  BRYAN CAVE LLP

4

5                       By      *s/ Gregory B. Iannelli*

6                                Robert W. Shely

                                Gregory B. Iannelli

7                                Two North Central Avenue, Suite 2200

                                Phoenix, Arizona 85004-4406

8

9                                Attorneys for Defendants Bank of America

                                N.A., BAC Home Loans Servicing LP,

10                             Recontrust Company N.A., and Mortgage

                                Electronic Registration Systems Inc.

11  COPY of the foregoing electronically filed

12  using the CM/ECF System this 12th day of

     April, 2010.

13

14  COPY of the foregoing mailed

     this 12th day of April, 2010, to:

15

16  Michael J. Brosnahan

     Private Mail Box 11-188

17  2370 West Highway 89A

     Sedona, Arizona 88336

18  mtk63@hotmail.com

19

20  *s/ Amy Robinson*

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA, 85004-4406
(602) 364-7000

666264.1                            3

# Exhibit 17

CLOSED,STD

# U.S. District Court
## DISTRICT OF ARIZONA (Prescott Division)
## CIVIL DOCKET FOR CASE #: 3:10-cv-08056-FJM

Brosnahan v. Bank of America et al

Assigned to: Judge Frederick J Martone

Related Case: 3:16-cv-08277-DLR

Case in other court: USDC, District of AZ (PHX) Incorrect
Division, CV-10-00808-PHX-DGC

Coconino County Superior Court,
CV2010-00224

Cause: 28:1331(a) Fed. Question: Real Property

Date Filed: 04/12/2010
Date Terminated: 06/30/2010
Jury Demand: Plaintiff
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Federal Question

**Plaintiff**

**Michael J Brosnahan**        represented by   **Michael J Brosnahan**
2370 W Highway 89A
PMB 11-188
Sedona, AZ 88336
928-300-6030
PRO SE

V.

**Defendant**

**Bank of America**        represented by   **Gregory Bryan Iannelli**
*formerly known as*    Bryan Cave LLP
Countrywide Bank        2 N Central Ave
Ste 2200
Phoenix, AZ 85004-4406
602-364-7053
Fax: 602-364-7070
Email: gregory.iannelli@bryancave.com
*ATTORNEY TO BE NOTICED*

**Robert W Shely**
Bryan Cave LLP
2 N Central Ave., Ste. 2200
Phoenix, AZ 85004-4406
602-364-7000
Fax: 602-364-7070
Email: rwshely@bryancave.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**BAC Home Loans Servicing LP**          represented by   **Gregory Bryan Iannelli**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Robert W Shely**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Recontrust Company**                   represented by   **Robert W Shely**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Gregory Bryan Iannelli**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**MERS**                                 represented by   **Robert W Shely**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Gregory Bryan Iannelli**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Unknown Parties**
*named as John Does 1-10,000*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/12/2010 | 1 | NOTICE OF REMOVAL from Coconino County Superior Court, case number CV2010-00224 Filing fee received: $ 350.00, receipt number 0970-3812497, filed by Recontrust Company, BAC Home Loans Servicing LP, Bank of America, MERS. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet, # 4 Attachment to Civil Cover Sheets, # 5 Supplement Civil Cover Sheet, # 6 Declaration)(Iannelli, Gregory) (Entered: 04/12/2010) |
| 04/12/2010 | 2 | Corporate Disclosure Statement by BAC Home Loans Servicing LP, Bank of America, MERS, Recontrust Company. (Iannelli, Gregory) (Entered: 04/12/2010) |
| 04/12/2010 | 3 | This case has been assigned to the Honorable Paul G. Rosenblatt. This case was originally filed in the Phoenix division in error as case number CV-10-808-PHX-DGC. All future pleadings or documents should bear the correct case number: CV-10-8056-PCT-PGR. This is a TEXT ENTRY ONLY. There is no PDF document associated with |

|  |  | this entry. (AMB) (Entered: 04/13/2010) |
|---|---|---|
| 04/12/2010 | 4 | Notice re Magistrate consent form. (AMB) (Entered: 04/13/2010) |
| 04/13/2010 | 5 | Miscellaneous Document: Removal letter from USDC, District of Arizona. (AMB) (Entered: 04/13/2010) |
| 04/13/2010 | 6 | NOTICE TO FILER OF DEFICIENCY re 1 Notice of Removal, filed by Recontrust Company, BAC Home Loans Servicing LP, Bank of America, MERS. Description of deficiency: Incorrect Division Selected. Incorrect division Phoenix selected. Correct division is Prescott. (AMB) (Entered: 04/13/2010) |
| 04/13/2010 | 7 | Minute Order Due to clerical error, this case was assigned to Judge Paul G. Rosenblatt. THEREFORE, this case will now be assigned to Magistrate Judge Edward C. Voss. All further pleadings/papers should now list the following COMPLETE case number: CV 10-8056-PCT-ECV. (Attachments: # 1 Instructions, # 2 Consent Form) (MAP) (Entered: 04/13/2010) |
| 04/13/2010 |  | Magistrate Election Form Deadline (4/27/10) set as to Defendants. (MAP) (Entered: 04/13/2010) |
| 04/14/2010 | 8 | Party Elects Assignment of Case to District Judge Jurisdiction. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAP) (Entered: 04/15/2010) |
| 04/15/2010 | 9 | Minute Order Pursuant to Local Rule 3.8(a), a request has been received for a random reassignment of this case to a District Judge FURTHER ORDERED Case reassigned by random draw to Judge Frederick J. Martone. All further pleadings/papers should now list the following COMPLETE case number: CV 10-8056-PCT-FJM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAP) (Entered: 04/15/2010) |
| 04/16/2010 | 10 | Mail Returned as Undeliverable. Mail sent to Michael J Brosnahan. Reason for return: Return to Sender, Insufficient Address, Unable to Forward. Document number 7. (MHA) (Entered: 04/19/2010) |
| 04/19/2010 | 11 | MOTION to Dismiss Case by BAC Home Loans Servicing, LP, Bank of America, MERS, Recontrust Company. (Iannelli, Gregory) (Entered: 04/19/2010) |
| 04/29/2010 | 12 | MOTION to Quash all Defendant's Motions, Pleadings, Etc., and MOTION for Summary Judgment by Michael J Brosnahan. (ESL) (Entered: 04/30/2010) |
| 05/10/2010 | 13 | ORDER - Scheduling Conference set for 7/9/2010 at 2:30 PM in Courtroom 506, 401 West Washington Street, Phoenix, AZ 85003 before Judge Frederick J Martone. The parties shall submit their joint proposed case management plan not less than 5 days before the conference. Signed by Judge Frederick J Martone on 5/7/2010. (KAR) (Entered: 05/10/2010) |
| 05/10/2010 | 14 | RESPONSE in Opposition re 12 MOTION to Quash all Defendant's Motions, Pleadings, Etc. MOTION for Summary Judgment *and Reply in Support of Motion to Dismiss* filed by BAC Home Loans Servicing, LP, Bank of America, MERS, Recontrust Company. (Iannelli, Gregory) (Entered: 05/10/2010) |

| 05/18/2010 | 15 | Mail Returned as Undeliverable. Mail sent to Michael Brosnahan. Reason for return: Returned for Postage/Received Unsealed at Phoenix, AZ 850. Document number 13. (CAD) (Entered: 05/18/2010) |
|---|---|---|
| 05/21/2010 | 16 | MOTION for Sanctions against Defendant(s) and Defendant(s)'s Attorney(s) and Firm(s) Pursuant to F.R.C.P. Rule 11c by Michael J Brosnahan. (SAT) (Entered: 05/24/2010) |
| 05/21/2010 | 17 | AFFIDAVIT of Michael J Brosnahan by Plaintiff Michael J Brosnahan. (SAT) (Entered: 05/24/2010) |
| 06/07/2010 | 18 | RESPONSE in Opposition re 16 MOTION for Sanctions against Defendants and Defendants's Attorney's and Firms filed by BAC Home Loans Servicing, LP, Bank of America, MERS, Recontrust Company. (Iannelli, Gregory) (Entered: 06/07/2010) |
| 06/07/2010 | 19 | NOTICE of Appearance by Gregory Bryan Iannelli on behalf of BAC Home Loans Servicing, LP, Bank of America, MERS, Recontrust Company (Iannelli, Gregory) (Entered: 06/07/2010) |
| 06/15/2010 | 20 | MOTION for Default Judgment as to Defendants by Michael J Brosnahan. (TLJ) (Entered: 06/16/2010) |
| 06/30/2010 | 21 | ORDER granting 11 Defendants' Motion to Dismiss Case; denying 12 Plaintiff's Motion to Quash; denying 16 Plaintiff's Motion for Sanctions; and denying 20 Plaintiff's Motion for Default Judgment. Rule 16 Conference set for 7/9/2010 is VACATED. Signed by Judge Frederick J Martone on 6/30/10.(LSP) (Entered: 06/30/2010) |
| 06/30/2010 | 22 | CLERK'S JUDGMENT it is ordered and adjudged that pursuant to the Court's order filed June 30, 2010, judgment is entered in favor of defendant and against plaintiff. Plaintiff to take nothing, and complaint and action are dismissed. (LSP) (Entered: 06/30/2010) |
| 07/15/2010 | 23 | MOTION to Vacate judgment by Michael J Brosnahan. (DMT) (Entered: 07/16/2010) |
| 08/02/2010 | 24 | RESPONSE in Opposition re 23 MOTION to Vacate re judgment filed by BAC Home Loans Servicing LP, Bank of America, MERS, Recontrust Company. (Iannelli, Gregory) (Entered: 08/02/2010) |
| 08/06/2010 | 25 | MOTION to Compel Defendants' Attorneys to Submit an Affidavit to this court stating whether or not they are representing the holder in due course and the creditor in this matter by Michael J Brosnahan. (SAT) (Entered: 08/09/2010) |
| 08/13/2010 | 26 | REPLY to Response to Motion re 23 MOTION to Vacate re judgment filed by Michael J Brosnahan. (TLJ) (Entered: 08/16/2010) |
| 08/20/2010 | 28 | MOTION for Stay of Non-Judicial Proceedings by Michael J Brosnahan. (LAD) (Entered: 08/23/2010) |
| 08/23/2010 | 27 | RESPONSE in Opposition re 25 MOTION to Compel Defendants' Attorneys to Submit an Affidavit *Opposition to Plaintiff's Motion to Compel* filed by BAC Home Loans Servicing LP, MERS, Recontrust Company. (Iannelli, Gregory) (Entered: 08/23/2010) |

| 08/27/2010 | 29 | ORDER denying 23 Motion to Vacate; denying 25 Motion to Compel; denying 28 Motion for Stay of Non-Judicial Proceedings. We again encourage plaintiff to seek the advice of counsel. If he cannot find a lawyer,he may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association at (602) 257-4434. Plaintiff is advised that any further challenge to this courts order should be directed to the United States Court of Appeals for the Ninth Circuit. See Fed. R. App. P. 3, 4. Signed by Judge Frederick J Martone on 8/26/10.(LAD) (Entered: 08/27/2010) |
|---|---|---|
| 09/21/2010 | 30 | MOTION for Recusal of Judge Martone by Michael J Brosnahan. (DMT) (Entered: 09/22/2010) |
| 09/23/2010 | 31 | ORDER denying on grounds of mootness the 30 Motion for Recusal. (See document for full details). Signed by Judge Frederick J Martone on 9/23/10.(LAD) (Entered: 09/23/2010) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/08/2017 09:55:07 | | |
| **PACER Login:** | Bb0049phx:2510231:0 | **Client Code:** | 070329.0430 |
| **Description:** | Docket Report | **Search Criteria:** | 3:10-cv-08056-FJM |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# Exhibit 18

**WO**

1

2

3

4

5                                      **NOT FOR PUBLICATON**

6                         IN THE UNITED STATES DISTRICT COURT

7                            FOR THE DISTRICT OF ARIZONA

8

9  Michael J. Brosnahan,                    )    No. CV-10-8056-PCT-FJM
                                            )
10             Plaintiff,                    )    **ORDER**
                                            )
11  vs.                                      )
                                            )
12                                           )
    Bank of America, et al.,                 )
13                                           )
               Defendants.                   )
14                                           )
   ─────────────────────────────────────────)

15

16

17        The court has before it defendants' motion to dismiss (doc. 11), plaintiff's response

18  and "Motion to Quash All Defendants' Motions" (doc. 12), defendants' response in

19  opposition to motion to quash and reply in support of motion to dismiss (doc. 14). We also

20  have plaintiff's motion for sanctions (doc. 16), defendants' response (doc. 18), and plaintiff's

21  motion for default judgment (doc. 20).

22        Plaintiff's 47-page *pro se* complaint is a rambling narrative of various allegations

23  against defendants and challenges to the enforceability of his deed of trust. Among other

24  things, plaintiff seeks an order of injunction, but there is no indication what plaintiff hopes

25  to have enjoined. There are references to an undefined, non-judicial foreclosure proceeding,

26  but we can only speculate as to whether or when such a proceeding is scheduled to occur.

27  Notwithstanding the challenges presented in deciphering plaintiff's largely incomprehensible

28  claims, three allegations are discernible.

Plaintiff claims that defendants are not the "creditors," "assignee of the creditor," or "real party in interest" because they have not produced the original promissory note, and are therefore without authority to conduct a non-judicial foreclosure. However, courts have consistently rejected this "show me the note" argument to avoid a non-judicial foreclosure. See Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) and cases cited therein. Arizona's non-judicial foreclosure statute does not require presentation of the original note to proceed with non-judicial foreclosure. See A.R.S. §§ 33-801-821. Therefore, plaintiff's argument is without merit.

Plaintiff also asserts that his deed of trust is akin to a "confession of judgment" or a "cognovit note" and challenges it on due process grounds. A claim of deprivation of due process under 42 U.S.C. § 1983, however, is valid only if the alleged deprivation was committed "under color of state law." Plaintiff has sued only *private* parties who do not appear to have been connected to any government entity acting "under color of state law." Therefore, plaintiff's due process claim is without merit.

Finally, plaintiff alleges that he was not aware of the power of sale clause in his deed of trust when he executed the document, and that the deed was an unconscionable contract of adhesion. Arizona recognizes two types of unconscionability. Procedural unconscionability "is concerned with 'unfair surprise,' fine print clauses, mistakes or ignorance of important facts or other things that mean bargaining did not proceed as it should." Maxwell v. Fidelity Fin. Servs., Inc., 184 Ariz. 82, 88-89, 907 P.2d 51, 57-58 (1995). Substantive unconscionability "concerns the actual terms of the contract and examines the relative fairness of the obligations assumed." Id. at 89, 907 P.2d at 58. Plaintiff has not plead facts to show that his deed of trust is unconscionable. His only argument is that the deed was a standard form that he was required to sign and that he did not understand the terms. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). Plaintiff's complaint does not satisfy this test.

1    Because we conclude that the complaint does not adequately assert a cognizable
2    claim, we grant defendants' motion to dismiss (doc. 11).

3    Rather than respond to the legal arguments raised in favor of defendants' motion to
4    dismiss, plaintiff filed a motion to quash (doc. 12), a motion for sanctions (doc. 16), and a
5    motion for default judgment (doc. 20), arguing that defendants and their counsel have failed
6    to appear. According to plaintiff, there was no separate "notice of appearance" filed by
7    defendants' lawyers and therefore they have not appeared as required by Rule 5.1, Fed. R.
8    Civ. P. This is incorrect. Defendants' counsel have properly appeared by filing their
9    removal notice in this court. No additional, separate notice is required by either the federal
10   or local rules. Plaintiff's motions are without merit.

11   Accordingly **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc.
12   11).

13   **IT IS FURTHER ORDERED DENYING** plaintiff's motion to quash (doc. 12),
14   **DENYING** plaintiff's motion for sanctions (doc. 16), and **DENYING** plaintiff's motion for
15   default judgment (doc. 20).

16   **IT IS FURTHER ORDERED VACATING** the Rule 16 conference set for July 9,
17   2010 on grounds of mootness.

18   It is difficult for a party to successfully manage the complexities of a lawsuit unaided
19   by a lawyer. We urge plaintiff to seek the advice of counsel. If he does not have one, he
20   may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association
21   at 602-257-4434.

22   DATED this 30th day of June, 2010.

23

24   _____
                 Frederick J. Martone
25               United States District Judge

26

27

28

- 3 -

# Exhibit 19

FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 1 5 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ S DEPUTY

1  Michael J. Brosnahan, *pro per*
2  Private Mail Box 11-188
   2370 West Highway 89A
3  Sedona, Arizona 88336
   Phone # (928) 300-6030
4  <mtk63@hotmail.com>

5              **UNITED STATES DISTRICT COURT**

6         **DISTRICT OF ARIZONA – PRESCOTT DIVISION**

7  Real Party(s) In Interest(s):
   **MICHAEL J BROSNAHAN**                    Case No.: No. 3:10-cv-08056-FJM
8
9                         Plaintiffs,
                                              **MOTION TO VACATE JUDGMENT**
10 Vs
                                              **PURSUANT TO RULE 60 FRCP**
11 **BANK OF AMERICA, FORMERLY**
   **COUNTRYWIDE BANK;BAC HOME**                        **AND**
12 **LOANS SERVICING LP;**
   **RECONTRUST COMPANY;MERS;**               **PLAINTIFF HEREBY INVOKES**
13 **AND 1-10,000JOHN DOES**
    AND/OR Real Party(s) In Interest:         **HIS DUE PROCESS OF LAW**
14
                                              **RIGHTS AS DEFINED IN BLACK'S**
15                        Defendants
                                              **LAW SIXTH EDITION REQUIRING**
16
                                              **THIS COURT TO ADHERE TO ALL**
17
                                              **MAXIMS OF LAW**
18
                                              (Oral argument requested)
19
                                              **JURY TRIAL DEMANDED**
20
                                              Honorable Judge Frederick J Martone
21

22

23

24     **COMES NOW**, Plaintiff Michael J Brosnahan, *pro per* Plaintiff, (Hereafter

25 "Plaintiff"), on and for the record I Michael J Brosnahan am a Civilian, I am not schooled

26 in law and I appear before the COURT seeking SAFE HARBOR for my REMEDY with

27 this **MOTION TO VACATE JUDGMENT**.

28

The dismissal of case Case No.: No. 3:10-cv-08056-FJM is without merit and repugnant to the laws of Arizona and the state and federal Constitutions, **this also clearly deprives and violates** Plaintiff **DUE PROCESS OF LAW RIGHTS**. Plaintiff did in fact state claims upon which relief can be granted.

In fact, the Honorable Judge Frederick J Martone in this case has dismissed this case for Defendants' **refusal and not their inability to grant relief.** A.R.Civ.P. Rule 12(b)(6) does not state that a case can be dismissed because Defendants **refuse to provide relief**.

**The Order is extremely prejudicial and appears biased against Plaintiff.**

**This Court's appearance of bias violates numerous SCOTUS decisions.**

**This Court need simply adhere to the laws for Plaintiff to succeed in this matter.** Yet, if this Court allows Defendants to continue to violate laws with impunity and this Court fails to do its requisite duty for a pro se litigant, Defendants will succeed in irreparable harm to the Plaintiff and the most egregious acts of Trespass, concealing evidence, fraud upon the court ever perpetrated on this great state and country.

By Law and precedent and in accordance with the Supreme Court of the United States *pro se* Pleadings MAY NOT be held to the same standard as a lawyer's and/or attorney's; and whose motions, pleadings and all papers may ONLY be judged by their function and never their form. *See: **Haines v. Kerner; Platsky v. CIA; Anastasoff v. United States;*** Litigants are to be held to less stringent pleading standards;

> *See: **Haines v. Kerner, 404 U.S. 519-421***; In re Haines: pro se litigants are held to less stringent pleading standards than admitted or licensed bar attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims.

> *See also:* **Platsky v.C.I.A., 953 f.2d. 25**; In re Platsky: court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings.

2

*See also:* <u>**Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000);**</u> In re Anastasoff: litigants' constitutional (guaranteed) rights are violated when courts depart from precedent where parties are similarly situated.

Plaintiffs as well as the Defendants know all this alleged paperwork will not hold up under the scrutiny of this Higher Court and Best Evidence Rules enforced in this Court. **Let the record show for Plaintiffs' appeal** Plaintiff hereby invokes in this case, *inter alia*, Federal Rules of Civil Procedure, *inter alia*, Local Rules of Civil Procedure, *inter alia*, Arizona Revised Statutes, *especially Titles 33, 44 and 47*, *inter alia*, the Uniform Commercial Code, *inter alia*, the federal Constitution, *inter alia*, the Arizona Constitution, all Civil and Due Process of Law and/or God granted Rights, *inter alia*, all maxims of law, *inter alia*, rules of equity, *inter alia*, all Treaties, and all other national and/or international agreement and/or accords, and, *inter alia*, all other applicable laws, codes statutes, and the like.

Plaintiff hereby DEMANDS, pursuant to the Legal definition of Due process of Law that ALL Maxims of law be adhered to by defendant and this Court.

Plaintiff hereby again questions the authenticity and/or authority of all signatures by any and all parties. Plaintiff hereby questions the authenticity and/or authority of all documents, agreements, contracts, notes, and/or the like by any and all parties.

**The court ORDER erroneously concludes the Plaintiff is asserting "show me the note" argument. When in fact the Plaintiff is asserting more succinctly is show me the "Loan"**

**In fact the "Deed of Trust" a separate document not attached to the Note written by the Defendants is very clear and states that:**

**"Loan"** means the debt <u>**evidenced by the Note,**</u> plus interest, any prepayment charges and late charges **due under the Note**, and all sums due under this Security Instrument, plus interest.

The fact is the **Plaintiff** is not in Default as the Defendants allege as the Plaintiff **never received the alleged "Loan" that he paid on till he discovered the Defendants**

3

Fraud and it is the Defendants who are in Default for non performance in this immediate matter before the Court.

**THE LAW IS CLEAR** and **Plaintiffs invoke his rights pursuant to** U.C.C.3-501(b)(2) DEFENDANT now must exhibit the instrument. **Plaintiff has entitlement rights and invokes these rights before this Court under U.C.C. 1-308.**

Once the Court examines the Genuine Original Note, the TRUTH will become clear. That the Defendants' willfully, knowingly, intelligently and with full knowledge of the consequences their actions altered the Note stamped "Pay to the order of" and "Without Recourse". This Releases Plaintiff from any obligation of the note and so called debt.

The following U.C.C Laws will guide the Court based on the *prima facie* evidence;

**U.C.C. § 3-604.**
DISCHARGE BY CANCELLATION OR RENUNCIATION.
(a) A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument **(i) by an intentional voluntary act,** such as surrender of the instrument to the party, **destruction, mutilation, or cancellation of the instrument,** cancellation or striking out of the party's signature, or **the addition of words to the instrument indicating discharge,** or (ii) by agreeing not to sue or otherwise renouncing rights against the party by a signed writing.

**U.C.C. § 3-302.**
HOLDER IN DUE COURSE .
(a) Subject to subsection (c) and Section 3-106(d), **"Holder in Due Course"** means the holder of an instrument if:
(1) the instrument when issued or negotiated to the holder does not   bear such apparent evidence of forgery or **alteration** or is not otherwise so irregular or incomplete as to call into question its authenticity; and
(2) the holder took the instrument (iv) without notice that the instrument contains an unauthorized signature or has been **altered.**

**U.C.C. § 3-407.**
ALTERATION.
(a)  "Alteration" means
(i) an unauthorized change in an instrument that **purports to modify in any respect the obligation of a party**

**U.C.C. § 3-305.** DEFENSES AND CLAIMS IN RECOUPMENT.

4

(a) Except as otherwise provided in this section, the right to enforce the obligation of a party to pay an instrument is subject to the following:
(1) a defense of the obligor based on
(ii) duress, lack of legal capacity, or illegality of the transaction which, under other law, nullifies the obligation of the obligor,
(iii) **fraud that induced the obligor to sign the** instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms

**U.C.C. § 3-602. PAYMENT.**
(a) Subject to subsection (b), an instrument is paid to the extent payment is made
(i) by or on behalf of a party obliged to pay the instrument, and
(ii) to a person entitled to enforce the instrument. To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under
Section 3-306 by another person.

**U.C.C. § 3-416. TRANSFER WARRANTIES.**
(a) A person who transfers an instrument for consideration warrants to the   transferee and, if the transfer is by endorsement, to any subsequent transferee that: (3) the instrument has not been altered;…

**U.C.C. § 417. PRESENTMENT WARRANTIES.**
(a) If an unaccepted draft is presented to the drawee for payment or acceptance and the drawee pays or accepts the draft,
(i) the person obtaining payment or acceptance, at the time of presentment,
(ii) a previous transferor of the draft, at the time of transfer, warrant to the drawee making payment or accepting the draft in good faith that:
(2) the draft has not been altered; …

In fact, Plaintiff has no idea who really has the requested documents, yet Plaintiff is absolutely sure, as this Court will agree, and Defendants will NEVER argue against, that no entity and/or person is or lawfully can be the HOLDER IN DUE COURSE in this matter, therefore, no entity and/or person can lawfully foreclose in this matter.

**Subject-matter jurisdiction** is an issue that must be considered at any stage of the litigation.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); _**United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003); BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 551 (7th Cir. 2002)**_ ("[S]ubject-matter jurisdiction . . . may be questioned at any time until the litigation becomes final, and sometimes even later.").  Even if the defense of lack of subject-matter jurisdiction is overruled, stricken, or excluded by the district court, it may be reasserted at any time in the action. _See: **5B**_

5

1     *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 132*

2     *(3d ed. 2004) (citing Fahnestock v. Reeder, 223 F. Supp. 2d 618, 621 (E.D. Pa. 2002)).*

3        Once questioned, the Defendant and/or the court MUST prove jurisdiction

4     BEFORE proceeding with a case. This requirement has not been abrogated nor does it

5     exclude non-judicial proceedings.

6        The non-judicial foreclosure procedure requires jurisdiction as does any matter,

7     judicial, administrative or otherwise. Defendant has attempted to circumvent jurisdiction

8     requirements by falsely claiming Defendant has met for the court the requisite elements of

9     jurisdiction, primarily that Defendant is the Real Party in Interest.

10       Defendant's claim to be the Real Party in Interest is false, fraudulent and unlawful.

11     Pursuant to, *inter alia*, Rule 17(a), Defendant must prove Defendant is the Real Party in

12     Interest, not just claim such.

13

14                         **PROCEDURAL HISTORY**

15     **Plaintiff has filed:**

16        **Let the record show for Plaintiffs' appeal, Plaintiff hereby incorporates** by

17     reference of all facts set forth in Plaintiff's Complaint and Motion To Quash All

18     Defendant's Motions, Pleadings, Etc., And Grant Plaintiff Summary Judgment For

      Defendant's And Defendant's Attorneys Failure To Appear Pursuant TO F.R.C.P 1, 5.1,

19     11, 17A and Others;An Affidavit Of Michael J Brosnahan; Motion To Sanction; Motion

20     For Default Judgment For Plaintiffs;Defendant(S) And Defendant(S)'S Attorney(S) And

21     Firm(S) Violations Pursuant To L.R.S.Iv 83.3,F.R.C.P RULE 17a And 11c,

22        Plaintiff paid for and received a FORENSIC EXAMINATION by Charles J.

23     Horner of CHARLES J. HORNER AND ASSOCIATES showing numerous violations of

24     ARS 33-804 ,RESPA, FDIC Consumer Protection, FCRA 15 U.S.C. 1681 Section 212

25     Subsection 609(g), Truth In Lending Act (15 USC 1601 et seq.), Uniform Settlement

26     Statement 24 CFR §3500.8 The HUD-1 and HUD-1A and is conclusive evidence of fraud

27     in this immediate matter before the court.( SEE EXHIBHIT "A") Including all

28     Defendants wrongful conduct and defined terms contained therein.

1    **Let the record show for Plaintiffs' appeal that the Court Order is clearly bias**
2    **as it states that the Plaintiff must follow certain Federal Rules of Civil Procedure**
3    **however Defendants who are Bar Certified are exempt from following the Law and**
4    **the Rules, Federal Rules of Civil Procedure as well as LRCP 83.3**. If this court chooses
5    to stand by its ORDER of June 30th, 2010 and allow Defendant(s)'s attorney(s) to violate
6    the Federal Rules of Civil Procedure in order to fraudulently take possession of Plaintiffs'
7    real property, that this court has allowed a case to continue without an appearance by a
8    Defendant(s) and/or with allowing Defendant(s)'s attorney(s) to violate several rules of
9    procedure, including without limits, the requirement that attorneys appear BEFORE filing
10   and/or speaking in open court. All Defendant(s)'s attorney(s) have in fact violated their
11   contractual agreement for ethical behavior and the rules of court when they spoke in open
12   court and entering motions pleadings, and/or papers into this court without being the
13   attorneys of record in this matter. Defendant(s)'s attorney(s) did in fact, and are in fact is a
14   trespass on this case and may also be committing the act of barratry with their unethical
15   behavior and procedural violation(s).
16
17   **DUE PROCESS OF LAW IS PURSUANT TO MAXIMS OF LAW.**
18   Defendant invokes Due Process of Law in this case. Accordingly, this Court must
19   adhere to the Maxims of Law as required by the definition of Due Process of Law. All
20   maxims of law, whether listed or not are hereby invoked in this case.
21   See: Black's Law Sixth Edition, page 500.
     **Due process of law.** Law in its regular course of administration through courts of
22   justice. Due process of law in each particular case means **such an exercise of the**
     **powers of the government as the settled maxims of law permit and sanction,**
23   **and under such safeguards for the protection of individual rights as those**
     **maxims prescribe for the class of cases to which the one in question belongs.**
24   **If any question of fact or liability be conclusively presumed against him, this**
25   **is not due process of law. ....**
     **Aside from all else, "due process" means fundamental fairness and substantial**
26   **justice.** *Vaughn v. State, 3 Tenn.Crim.App. 54, 456 S.W.2d 879, 883.*
27
28
                                              7

Maxims of law, which are integral to the Due Process of Law, clearly consider

deficiencies in process are eviscerated when the party appears:

> *See*: Maxims of Law on Court Appearance:
> - **A general appearance cures antecedent irregularity of process, a defective service, etc.**
> - Certain legal consequences are attached to the voluntary act of a person.
> - The presence of the body cures the error in the name; the truth of the name cures an error in the description
> - An error in the name is immaterial if the body is certain.
> - An error in the name is nothing when there is certainty as to the person.
> - The truth of the demonstration removes the error of the name.

**Plaintiff disputes ALL claims by Defendant that there is ANY amount due on the mortgage in question as said mortgage has been paid in full, directly and/or indirectly, by one or more of the following: Credit Slips, "bailout funds", mortgage insurance, government agencies, FDIC, signature of party, etc.**

**Defendants did receive insurance or "bail out" and/or "TARP" funds** from the government, FDIC and/or private quasi-government institutions that did in fact "pay-off" some or all of Defendants "mortgages" and/or other financial deals approximately **estimated to be $25 billion for BANK OF AMERICA.**

It is incumbent on Defendant to prove the mortgage in question WAS NOT paid-off and/or Defendant was enumerated directly and/or indirectly for the mortgage in question.

In fact, absent *prima facie* evidence controverting Plaintiff's claim that Defendants was reimbursed in some way by some entity for the mortgage in question, Defendants is agreeing that said mortgage is **PAID IN FULL**.

Defendants MUST therefore present for inspection to the Plaintiff a complete list with accounting of ALL funds received correlated to ALL mortgages paid and not paid before continuing with any foreclosure attempt on the property and/or mortgage in question.

Defendant's failure to produce for inspection said accounting documents is Defendant's agreement that the mortgage in question is paid in full. There is no law dictating who is required to pay for a mortgage for it to be considered paid in

8

1    full. In fact, Plaintiff believes the mortgage was and is paid in full and Defendant is

2    attempting to fraudulently convert real property through a conspiracy involving

3    numerous parties unknown to Plaintiff.

**Discussion of confession of judgment clause as it pertains to the mortgage in question and the use of such in the non-judicial foreclosure of Plaintiff's Real Property.**

Defendant is attempting to non-judicially foreclose on real property in accordance with the presumption the "confession of judgment" concept (hereafter cognovit clause) in the mortgage/deed of trust (hereafter mortgage) is and was valid. It is a functional impossibility for a cognovit clause to be valid in the State of Arizona pursuant to *stare decisis* applicable to mortgage document signing unless an attorney represented Plaintiff throughout the negotiations of the mortgage.

Defendant is fully aware Plaintiff was NOT represented by a BAR licensed attorney at any point during the mortgage and/or purchase process that lead to the mortgage being agreed upon by either party. As such, the mortgage is void *ab initio*, not just voidable, but void and in fact did never lawfully exist pursuant to Arizona law.

Accordingly, Defendant must therefore establish an argument against law and set new precedent in violation of, *inter alia*, A.R.Cv.P. Rule 11(a):

> "…….it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or **reversal of existing law**; and that it is not interposed for any improper purpose, such as to harass or to **cause unnecessary delay or needless increase in the cost of litigation**." (*Emphasis added*)

American Jurisprudence, Second Edition, Judgments
IV. Particular Kinds of Judgments, D. Judgment by Confession, 6. Practice and Procedure Topic Summary Correlation Table References
§ 230. Notice and hearing, West's Key Number Digest, Federal Civil Procedure 2396, West's Key Number Digest, Judgment 29 to 70
*See:* **D. H. Overmyer Co. Inc., of Ohio v. Frick Co., 405 U.S. 174, 92 S. Ct. 775,**
   *31* L. Ed. 2d 124
"A maker of a confession of judgment voluntarily, intelligently, and knowingly waives due-process rights it otherwise possesses to prejudgment notice and hearing, and does so with full awareness of the legal consequences, when:

9

(1) the cognovit does not involve unequal bargaining power or overreaching;

(2) the agreement is not a contract of adhesion;

(3) the cognovit provision is obtained for adequate consideration;

(4) the cognovit is a product of negotiations carried on by parties with the advice of competent counsel;

(5) the maker, despite cognovit, is not defenseless under state law."

Plaintiff hereby claims all five (5) elements required for a cognovit clause to be valid in Arizona have been purposely violated by Defendant to deprive Plaintiff of Plaintiff's Civil Rights under color of state law.

Federal questions of constitutionality arise from the conduct and nature of Defendants' actions, both individually and collectively, insofar as to the inherent rights that may be otherwise enjoyed by Plaintiff, as insured under the Fifth and Fourteenth Amendments to the United States Constitution; and, as to certain statutorily clothed tethering upon ones rights; particularly, a Power of Sale clause, and the irrevocable means by which it attaches, in defiance of the Supremacy Clause of the United States Constitution.

**Plaintiff's Rule 60 Motion to Vacate Judgment Upon Fraud of the Defendants**

Plaintiff's Rule 60 Motion is based upon an allegation of fraud by the Defendants, therefore, the Court will construe Plaintiff's Motion as seeking relief pursuant to Federal Rule of Civil Procedure 60(b)(3). See Fed. R. Civ. P. 60(b). Rule 60(b) reads, in part, as follows:

On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated

10

intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party .... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Id. Thus, if a party moves to vacate default judgment pursuant to Federal Rule of Civil Procedure 60(b)(3), the party must file their motion within one year after the judgment. Id.; Franklin Mint, Co. v. Boyd, No. 99-03823, 2001 WL 474424, at *1 (E.D. Pa. May 3,2001)(footnote omitted).

Plaintiff has moved for relief within the required one year period, he is entitled to relief pursuant to Rule 60(b)(3). "Rule 60(b)(3) provides for relief from a final judgment where there has been 'fraud ..., misrepresentation, or other misconduct of an adverse party.'" Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983). In order "[t]o prevail, the movant must establish that the **adverse party engaged in fraud or other misconduct**, and that this conduct prevented the moving party from fully and fairly presenting his case." Id. (citation omitted). Thus, "[a] party filing a motion under Rule 60(b)(3) must establish by clear and convincing evidence that the alleged fraud prevented them from 'fully and fairly' presenting their case." Cavalier Clothes, Inc. v. Major Coat Co., No. 89-3325, 1995 WL 314511, at *36 (E.D. Pa. May 18, 1995)(citing Stridiron, 698 F.2d at 207).

Pursuant to maxims of law, which apply in U.S.D.C. cases, the fraud committed by Defendants causes all agreements and/or contracts, inclusive of the Deed of Trust, between Defendants and Plaintiff to be void *ab initio* according to SCOTUS.

> **Maxim: *FRAUS OMNIA VITIATE!*** (Fraud vitiates everything.)
> *See*: Nudd v. Burrows, 91 US 426 (1875), "Fraud destroys the validity of everything into which it enters"
> *See also*: B. Boyce's Executors v. Grundy, 3 Pet. (28 US) 210 (1830), "Fraud vitiates everything"

*See also*: United States v. Throckmorton, 98 US 61, 70 (1878) "Fraud vitiates the most solemn contracts, documents and even judgments,"
*See also*: Ellett v Ellett Virginia 0824-00-2 (March 13, 2001)14 where a property settlement is over turn and specifically cites Throckmorton.
*See also*: Dakota Partners v. Glopak, Inc, 2001 ND 168 North Dakota Supreme Court.
*See also*: In Re Jose Alejandro Penafiel, Relator, No. 05-021316 Texas Supreme Court (2001) "Texas law holds that fraud vitiates every transaction tainted by the fraud."
*See also*: The People of the State of Illinois v. Fred E. Sterling, 357 Ill. 354; 192 N.E. 229 (1934) ("The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions.").
*See also*: United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").

Is it the intent of this court ORDER to allow the **BANK OF AMERICA** and the Defendant's and/or Defendant's counsel **to continue to purposefully obfuscating facts and laws.**

Defendant's and/or Defendant's counsel's purposeful obfuscation of facts and laws to appear to this Court as the CREDITOR and/or the HOLDER IN DUE COURSE when Defendant and Defendant's counsel are well aware Defendant is neither the CREDITOR nor the HOLDER IN DUE COURSE in this matter.

Pursuant to ERIE doctrine, Arizona Rules of Court and Laws apply in this matter.

*See:* 17A A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, Arizona Revised Statutes Annotated Rules of the Supreme Court of Arizona V. Regulation of the Practice of Law D. Lawyer Obligations Rule 42. Arizona Rules of Professional Conduct Maintaining the Integrity of the Profession

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**Let the record show for Plaintiffs' appeal** Plaintiff has previously rebutted, and here by again rebuts, any and all presumptions this Court has used to rule against Plaintiff. Since Plaintiff has previously rebutted all presumptions; this Court is in error for using the presumptions against Plaintiff. Arizona requires the trier of fact to discover existence of the facts this Court has used to rule against Plaintiff. Until such a time as this Court

1   discovers facts evidencing Defendants fraudulent claims as CREDITOR and/or HOLDER

2   IN DUE COURSE, this Court must vacate the Order and Judgment dated June 30, 2010

3   and Order Defendants to provide evidence to this Court of their actual lawful status.

4       *See*: A.R.S. § 47-1206. <u>Presumptions</u>

5       Whenever this title creates a "presumption" with respect to a fact, or provides that a
        fact is "presumed", the trier of fact must find the existence of the fact unless and

6       until evidence is introduced that supports a finding of its nonexistence.

7       In the alternative; if this Court claims its ruling is valid and lawful, this Court is

8   therefore attesting to the fact this Court has found that Defendants have no rights to

9   foreclose on Plaintiff' property and/or instrument as Defendants are not the CREDITOR

10  and/or the HOLDER IN DUE COURSE concerning Plaintiff's property and/or instrument,

11  and therefore Defendants do not have to comply with Plaintiff's demand that Defendants

12  exhibit the instrument and/or other documents.

13      In the interest of justice and to dispel this Court's appearance of extreme bias and

14  prejudice against Plaintiff; this Court should state on and for the record this Court's

15  findings concerning the status of Defendants and enumerate the evidence this Court claims

16  to prove Plaintiff failed to state a claim upon which relief can be granted.

17      Failure of this Court inform Plaintiff of why this Court claims Plaintiff failed to

18  state a claim upon which relief can be granted can therefore only mean; either this Court

19  has decided to always rule in favor of Banks irrespective of facts due to this Court's bias,

20  or this Court has found Defendants are not the CREDITOR and/or the HOLDER IN DUE

21  COURSE of any instruments and/or property discussed in this case.

22      Arizona Rules of Civil Procedure, *inter alia,* Rule 1 states: "These rules govern the

23  procedure in the superior courts of Arizona in all suits of a civil nature whether cognizable

24  as cases at law or in equity. They shall be construed to secure the just, speedy, and

25  inexpensive determination of every action." It does not state that this Court shall do

26  whatever is necessary to assist the Banks in depriving civilians of their Property and

27  Property Rights.

28

13

The judge's decision in this case is in violation of:

1. Arizona Law: *inter alia*, A.R.S. §§ 39-161, 13-301 thru 306, 13-1001 thru 1004, 13-2001 thru 2005, 13-2301, 13-2306 thru 2308.01, 13-2310and others.
2. UNITED STATES LAW: *inter alia*, Title 18, United States Code, Sections 1961-1968, 1951, 371, and others
3. Public Law Pub.L. 107-56: *inter alia*, Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001: (The USA PATRIOT Act).
4. Arizona Rules of Civil Procedure Rule 1.
5. The equal protection clause enumerated in the 14th Amendment of the United State Constitution.
6. The equal protection clause enumerated in the Arizona Constitution.

Plaintiff has the Substantive Right to Remedy from Defendants' numerous criminal and fraudulent acts that have harmed Plaintiff, pursuant to:

A.R.S. § 13-2314.04. Racketeering; unlawful activity; civil remedies by private cause of action; definitions

Arizona has the authority to prosecute Defendants for Defendants' criminal and fraudulent acts pursuant to:

*See*: A.R.S. § 13-2314.04. Racketeering; unlawful activity; civil remedies by private cause of action; definitions
B. The superior court has jurisdiction to prevent, restrain and remedy a pattern of racketeering activity or a violation of section 13-2312 involving a pattern of racketeering activity, after making provision for the rights of all innocent persons affected by the violation and after a hearing or trial, as appropriate, by issuing appropriate orders.

If the Order is not vacated and Plaintiff is not allowed to "have His day in court" this Court has in fact knowingly, intelligently and willfully deprived Plaintiff of His Civil and Substantive Rights and ordered that it is no longer a crime for "the rich and powerful" to violate the aforementioned Arizona Revised Statutes and federal law as long as such violations only harm the citizens and civilians of the State and/or enrich the Banks.

14

Plaintiff has shown incontrovertibly that Defendants have committed numerous felonious against the State of Arizona and Plaintiff. The documents filed in the Coconino County Recorder's Office by Defendants as evidenced by the documents themselves.

This Court does not possess the judicial discretion to assist Defendants in avoiding prosecution for their felonious acts.

In fact, the Order is in controversy to Arizona Law which considers recording a false document in a public office a class six (6) felony.

*See*: A.R.S. § 39-161. Presentment of false instrument for filing; classification

*See*: A.R.S. § 13-2001. Definitions
12. "Written instrument" means either: (a) Any paper, document or other instrument that contains written or printed matter or its equivalent.

In fact, the Order is in controversy to Arizona Law which considers using a false document to defraud a person may be from a class two (2) to a class five (5) felony.

*See*: A.R.S. § 13-2310. Fraudulent schemes and artifices; classification; definition

E. As used in this section, "scheme or artifice to defraud" includes a scheme or artifice to deprive a person of the intangible right of honest services.

*See*: A.R.S. § 13-2311. Fraudulent schemes and practices; willful concealment; classification

B. For the purposes of this section, "agency" includes a public agency as defined by section 38-502, paragraph 6.

*See*: A.R.S. § 13-2312. Illegal control of an enterprise; illegally conducting an enterprise; classification

In fact, the Order is in controversy to Arizona Law which considers obtaining a signature by deception to defraud a person may be from a class one (1) misdemeanor to a class five (5) felony.

*See*: A.R.S. § 13-2002. Forgery; classification
A. A person commits forgery if, with intent to defraud, the person:
1. Falsely makes, completes or alters a written instrument; or
2. Knowingly possesses a forged instrument; or

15

*See*: A.R.S. § 13-2003. <u>Criminal possession of a forgery device; classification</u>
A. A person commits criminal possession of a forgery device if the person either:
1. Makes or possesses with knowledge of its character and with intent to commit fraud any plate, die, or other device, apparatus, equipment, software, access device, article, material, good, property or supply specifically designed or adapted for use in forging written instruments.

*See*: A.R.S. § 13-2004. <u>Criminal simulation; classification</u>
A. A person commits criminal simulation if, with intent to defraud, such person makes, alters, or presents or offers, whether accepted or not, any object so that it appears to have an antiquity, rarity, source, authorship or value that it does not in fact possess.
B. Criminal simulation is a class 6 felony.

*See*: A.R.S. § 13-2005. <u>Obtaining a signature by deception; classification</u>
A. A person commits obtaining a signature by deception if, with intent to defraud, such person obtains the signature of another person to a written instrument by knowingly misrepresenting or omitting any fact material to the instrument or transaction.

In fact, the Order is in controversy to Arizona Law which considers dealing in the property Defendants' are attempting to steal from Plaintiff may be from a class six (6) felony to a class two (2) felony.

*See*: A.R.S. § 13-2306. <u>Possession of altered property; classification</u>
A. A person who is a dealer in property and recklessly possesses property the permanent identifying features of which, including serial numbers or labels, have been removed or in any fashion altered is guilty of a class 6 felony.

*See*: A.R.S. § 13-2307. <u>Trafficking in stolen property; classification</u>
A. A person who recklessly traffics in the property of another that has been stolen is guilty of trafficking in stolen property in the second degree.
B. A person who knowingly initiates, organizes, plans, finances, directs, manages or supervises the theft and trafficking in the property of another that has been stolen is guilty of trafficking in stolen property in the first degree.

*See*: A.R.S. § 13-2308. <u>Participating in or assisting a criminal syndicate; classification</u>
A. A person commits participating in a criminal syndicate by:

16

1. Intentionally organizing, managing, directing, supervising or financing a criminal syndicate with the intent to promote or further the criminal objectives of the syndicate; or

C. A person commits assisting a criminal syndicate by committing any felony offense, whether completed or preparatory, with the intent to promote or further the criminal objectives of a criminal syndicate.

.

*See*: A.R.S. § 13-2308.01. Terrorism; classification
A. It is unlawful for a person to intentionally or knowingly do any of the following:
1. Engage in an act of terrorism.

6. Provide advice, assistance or direction in the conduct, financing or management of an act of terrorism knowing or having reason to know that an act of terrorism has occurred or may result by:

(a) Harboring or concealing any person or property.
(b) Warning any person of impending discovery, apprehension, prosecution or conviction. This subdivision does not apply to a warning that is given in connection with an effort to bring another person into compliance with the law.
(c) Providing any person with material support or resources or any other means of avoiding discovery, apprehension, prosecution or conviction.
(d) Concealing or disguising the nature, location, source, ownership or control of material support or resources.
(e) Preventing or obstructing by means of force, deception or intimidation anyone from performing an act that might aid in the discovery, apprehension, prosecution or conviction of any person or that might aid in the prevention of an act of terrorism.
(f) Suppressing by any act of concealment, alteration or destruction any physical evidence that might aid in the discovery, apprehension, prosecution or conviction of any person or that might aid in the prevention of an act of terrorism.
(g) Concealing the identity of any person.

The refusal of this Court to hold Defendants responsible for Defendants felonious and terrorist acts is *prima facie* evidence of this Court's bias and prejudice and willingness to protect Banks and Bankers at any cost to the people of this State and/or country.

The Order dated June 30, 2010 is a violation of Plaintiff's Due Process of Law Rights; and a violation of Arizona Rules of Civil Procedure Rules, especially Rule 1.

17

It is now incumbent on this Court to either vacate said Order or state on and for the record this Court hereafter will contend that a Bank's refusal to provide Relief will be viewed by this Court as the same as the Bank's inability to provide Relief.

### IN CLOSING

This is what the court is proposing in the ORDER of June 30, 2010:

That **Bank Of America, Formerly Countrywide Bank and Defendant and/or Defendants can have all three(3)** aspects of the purported "agreement":

It is repugnant in equity that any Defendant and/or Defendants will garner all three (3) aspects of the purported "agreement" if Defendant and/or Defendants prevail in this issue. The three material issues in this Suit are: i) the real property; ii) the Note; iii) the money.

It is a material fact that the U.C.C. prohibits such an unjust enrichment windfall, as evidenced by U.C.C. § 3-501(B)(2). Defendants DO NOT have lawful Proof of Claim.

**Let the record show for Plaintiffs' appeal,** with all due respect; The Court order says: " It is difficult for a party to successfully manage the complexities of a law suit unaided by a lawyer."

Is it the Courts intent with this ORDER to deprive me of my rights of DUE PROSSES OF LAW, My Equal Protection Under The Law, Civil Rights and Property Rights simple because it found it was to inconvenient or tedious and would rather not deal with a Civilian armed only with the TRUTH and would prefer the TRUTH be muffled through legalize of a hired professional? With this ORDER the Court continues to allow all defendants to conceal evidence and commit Fraud upon the Court and Steal my Real Property. I respectfully request the indulgence of this court as I am not schooled in law. This is provided by the precedent set by Haines vs. Kerner at 404 U.S. 519.

### SUMMARY

**Let the record show for Plaintiffs' appeal;** the grounds of this **MOTION TO VACATE JUDGMENT** are that **Plaintiff now has new evidence that the** Defendants

Bank Of America, Formerly Countrywide Bank which is only the trustee for the benefit of the Certificate, the true party in interest for whom Bank Of America, Formerly Countrywide Bank and BAC Home Loans Servicing LP was acting in the sale and purchase of the property for this same entity as identified in Defendants Recontrust Company;MERS of trustee notice of record before the court and in Defendant NOTICE OF TRUSTTEE'S SALE, did not have the standing or authority in law to attempt conduct the sale when it was originally scheduled to be held on 08/06/2009 at 11:30 AM which new evidence will act to void the any foreclosure sale and terminate Defendant's rights to seek unlawful sale in the name of the true party in interest and owner of the property for whom it acts.

**Plaintiff now has new evidence Defendants** Bank Of America, Formerly Countrywide Bank And BAC Home Loans Servicing LP did not have the power under their charter to illegally sell the rights and interests in Plaintiff alleged loan instruments as un-registered securities to those seeking to make lawful security investments. It is a violation of the Securities Act of 1933 and provides a right to rescission of the contract.

**Defendants Bank Of America,** Formerly Countrywide Bank And BAC Home Loans Servicing LP sold the rights and interests in the debt instruments of the Defendant as an unregistered security. It is a violation of the Securities Act of 1933 and provides a right to rescission of the contract.

**Plaintiff now has new evidence that** the enforceability of the note and deed of trust by conversion in securitization without the consent of the trustor is an improper conversion and alteration of the note and deed of trust.

**Plaintiff now has new evidence Defendants** Bank Of America, Formerly Countrywide Bank And BAC Home Loans Servicing LP is not the holder in due course because they are not the drawer, maker, issuer, originator and do not have attachment, enforceability, secured interest, or priority. As these terms are defined in UCC 9-203 (a)(b) and priority in Sections UCC 9-301 and UCC 9-317.

19

## CONCLUSION

Plaintiff respectfully seeks this Court to do their constitutional duty (Oath) that this Court is required to under their Constitutional oath to protect and defend the Constitutional rights of the individual against this corporate giant and ask this Court to protect the Plaintiffs rights according to **"Law of the land", "due process of law"** and **"due course of law",**. _People v. Skinner, Cal., 110 P.2d 41, 45; State v. Rossi, 71, R.I. 284, 2d 323, 326; Direct Plumbing Supply Company v. City of Dayton, 138 Ohio St. 540, 38 N.E. 2d 70, 72, 137 A.L.R. 1058; Stoner v. Higginson, 316 Pa. 481, 175 A. 527, 531._

All litigants have a Constitutional right to have their claims adjudicated according to the rule of precedent.

_See:_ _Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000)._

The Plaintiff never knew that Plaintiff was entering into a non-judicial foreclosure contract and was never advised about unknowingly waving Federal and State Constitutional rights to have a trial by Jury. **"We are bound to interpret the Constitution in the light of the law as it existed at the time it was adopted."** _Mattox v. U.S., 86 S.Ct. 237 (1938)._

**"Nothing can be more material to the obligation than the means of enforcement.** Without the remedy the contract may, indeed, in the sense of the law, be said not to exist, and its obligation to fall within the class of those moral and social duties **which depend for their fulfillment wholly upon the will of the individual. The ideas of validity and remedy are inseparable, and both are parts of the obligation, which is guaranteed by the Constitution against invasion. The obligation of a contract 'is the law which binds the parties to perform their agreement."**

_RED CROSS LINE  vs. ATLANTIC FRUIT COMPANY. 264 U.S. 109, 68 L. Ed. 582, 44 S. Ct. 274 February 18, 1924 Decided._

**Let the record show for Plaintiffs' appeal,** for want of all of the above, Plaintiff now seeks this honorable Court's immediate intervention with this **MOTION TO**

20

/

**VACATE JUDGMENT** for the re-establishment and/or protection of Plaintiff's rights. Plaintiff believes, in consideration of all of the foregoing, that Plaintiff has established just and proper cause for this Court to immediately intervene, by enjoining Defendants from any further action, including the Trespass of **Plaintiffs' real property** with **Trustee Sale scheduled for 7/19/2010 11:30:00 AM** lest further, irreparable harm and injury, and loss of property befall Plaintiff; and, to further issue declaratory relief consistent herewith.

The Order dated June 30, 2010 must be vacated due to the prejudicial, bias, and unlawful nature of the Order; or in the alternative allow Plaintiff to enter an Amended Complaint inclusive of a listing of Defendants' numerous criminal acts which should be adjudicated on absent any presumption by this Court of Defendants status.

DATED: This day of 15th July, in the year, of our Lord, 2010

BY: _____, agent
Michael J Brosnahan, *pro per*
Signed reserving all my rights at UCC 1-308

1

2 **VERIFIED STATEMENT**

3      The undersigned Plaintiff, Michael J Brosnahan, *pro per*, a man, and a civilian,

4 hereinafter "Plaintiff", does solemnly declare and state as follows:

5      **1.**      Plaintiff is competent to state the matters set forth herein.

6      **2.**      Plaintiff has knowledge of the facts stated herein.

7      **3.**      All the facts herein are true, correct and complete, not misleading, to the best

8 of Plaintiffs knowledge and belief, and admissible as evidence, and if called upon as a

9 witness, Plaintiff will testify to their veracity.

10

11

12

13

14      BY: _____, agent

15          Michael J Brosnahan, *pro per*
           Signed reserving all my rights at UCC 1-308

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

ORIGINAL and a COPY of the foregoing Delivered
This 15th day of July, 2010,
To: The Clerk of the Court,
This 15th day of July, 2010,
To: and COPY
The Honorable Judge Frederick J Martone
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
Clerk US district Court
401 W. Washington St
Phoenix, AZ. 85003-2118
**COPY of the foregoing Mailed**
This 15th day of July, 2010,
To: **Gregory Bryan Iannelli**
Bryan Cave LLP
2 N Central Ave
Ste 2200
Phoenix, AZ 85004-4406
602-364-7053
Fax: 602-364-7070
Email: gregory.iannelli@bryancave.com
*ATTORNEY TO BE NOTICED*
**Robert W Shely**
Bryan Cave LLP
2 N Central Ave
Ste 2200
Phoenix, AZ 85004-4406
602-364-7000
Fax: 602-364-7070
Email: rwshely@bryancave.com
*ATTORNEY TO BE NOTICED*Attorneys for:
BANK OF AMERICABANK, FORMERLY COUNTRYWIDE BANK;
BAC HOME LOANS SERVICING LP;
RECONTRUST COMPANY;MERS;

BY: _____, agent
Michael J Brosnahan, *pro per*
Signed reserving all my rights at UCC 1-308

23

# Exhibit "A"

## Charles J. Horner & Associates Forensic Document



**Member**
**American College of Forensic Examiners Institute** [SM]

# Charles J. Horner & Associates
# Forensic Document Examiners
# 4045 Bonita Road Suite 211
# Bonita, CA 91902

# Ph: 619-475-8412
# Fax: 619-475-8468

# Email:
# charles@thedocexaminer.com

**Copyright Warning – The contents of this report as to form, format, language, methods and attachments are the exclusive property of Charles J. Horner & Associates. Any copying, duplication, alteration, or recalculation herein and hereof without the written consent of Charles J. Horner & Associates is strictly prohibited.**

# Examination Date: 06/06/2010

## Mortgage Document Examination & Investigation Report

## For

Mary P. Brosnahan & Michael J. Brosnahan

## Address

21 Hummingbird Circle
Sedona, AZ 86336

## Understanding The Examination Report

**1. Sections -** There are various sections to the Examination which identifies the entity that section applies to. For example, the first section will typically be the Broker's section and identified by the broker's name if a broker was involved in the transaction. The sections between the entities are divided by two gray bars.

**2. Violations -** Violations discovered during the Examination are identified by a brief description of the statute or code which applies to the violation followed by a descriptive paragraph outlining the violation. The statute or code is in bold font and precedes the descriptive paragraph which is in normal font. There may be more than one relative law that applies to same violation. In this case, each law that applies is listed first with the descriptive paragraphs following.

**3. Referencing –** Each section is identified by the entity that the violations apply to. Each section begins a series of letters identifying the statute or the code. Example; the first statute or code would begin with (A) or (A1) if there is more than one statute or code connected with the violation. The descriptive paragraph following the statute(s) or code(s) is numbered. Example; 1. There may be more than one violation which applies to the same statutes or codes and therefore the descriptive paragraphs will be numbered accordingly. To reference a particular violation, you would note the statute such as; "under Lender (B2) paragraph 3."

**4. Gray Bars –** Each section that begins a new entity, or represents the last section before the final disclosures are divided by two gray bars. A single gray bar divides the series within a section. Example; under the broker's section, a single gray bar would divide the (A) series and (B) series. At the end of the section, two gray bars will began a new section preceding a different entity.

**5. Formats –** There are two formats offered for the Examination. The PDF format is the primary format provided to non-legal organizations or individuals. Both PDF and Word formats are provided to Attorneys.

**6. Exhibits –** Exhibits which support the findings of the Examination will be attached in the PDF format following the report. They will not be attached to the Word format if that format is requested by Attorneys.

## Disclaimer

The content of this report is for informational purposes only and is not to be construed as giving "legal advice." You are strongly advised to seek legal consultation from an attorney in connection with the content of this report. If you do not already have an attorney, at your request, we will refer this case to an attorney for you. In such case where an attorney is referred, you are advised that additional fees may be charged by the attorney and those fees may only be discussed between you and the attorney. We do not quote nor provide estimates of those fees.

# Loan Information

## Broker

US Capitol Mortgage
1835 W Highway 89A Suite 8
Sedona, AZ 86336

## Lender

Countrywide Bank
2555 E. Camelback Road, Suite 100
Phoenix, AZ 85016

## Servicing

No
Monthly
Statement
Provided

## Loan Type

Option ARM
Refinance / Non-Owner Occupied
Loan Amount: $373,500.00 @ 8.125%
Document Date: 05/25/2006
Close Date: 05/31/2006

# Examination Report

## US Capitol Mortgage (Broker)

1. **Licensing-** I have investigated the broker's licensing status at the time of the consummation of this loan and have been unable to determine if the broker was properly licensed in the State of Arizona under the Department Of Real Estate.

## Countrywide Bank (Lender)

### Violations

**(A) 5000 - FDIC Statements of Policy -** "When an institution offers nontraditional mortgage loan products, underwriting standards should address the effect of a substantial payment increase on the borrower's capacity to repay when loan amortization begins." "Ensure that loan terms and underwriting standards are consistent with prudent lending practices, including consideration of a borrower's repayment capacity;" "For all nontraditional mortgage loan products, an institution's analysis of a borrower's repayment capacity should include an evaluation of their ability to repay the debt by final maturity at the fully indexed rate, 5 assuming a fully amortizing repayment schedule"

**1. Imprudent Underwriting, Housing Expenses –** The 1003 loan application (Exhibit 1) discloses the borrower was paying $1,327.00 in monthly housing and will be paying $3,419.03 which represents approximately 258% increase in housing costs. The increase in housing costs is a disaster waiting to happen and demonstrates the lender's lack of due diligence in the underwriting process. Displacing prudence with profit and duty of care are ingredients which define predatory lending.

**(Continued On Page 2)**

**(B) Uniform Settlement Statement 24 CFR §3500.8 The HUD-1 and HUD-1A must be completed by the person (settlement agent) conducting the closing and must conspicuously and clearly itemize all charges related to the transaction.**

**1. Failure to Provide Disclosure** – I have noted that the borrower was not provided with a Final HUD 1 Settlement Statement pursuant to paragraph B above.

**(C1) 12 C.F.R. 226.23(a)(3). Failure to make clear, conspicuous, and accurate material disclosures also triggers an extended right of rescission. Material disclosures include the: (1) annual percentage rate, (2) finance charge, (3) amount financed, (4) total payments, (5) or payment schedule.**

**(C2) Truth In Lending Act (15 USC 1601 et seq.). The purpose of TILA is to promote the informed use of consumer credit by requiring disclosures about its terms, cost to standardize the manner in which costs associated with borrowing are calculated and disclosed. TILA requires uniform or standardized disclosure of costs and charges so that consumers can shop and compare. Misleading or misrepresentation of those charges voids the consumer's ability to shop for comparable loan products that may be available through other lenders. The regulation prohibits certain acts or practices in connection with credit secured by a consumer's principal dwelling.**

**1. Understated Amount Financed** – I have compared the Finance Charges used to calculate the APR in the Final Truth In Lending Statement (Exhibit 2) with the Estimated Settlement Statement (Exhibit 3), and have determined that the Amount Financed on exhibit 2 when deducted from the loan amount of $373,500.00 reveals $4,673.54 as the amount of finance charges used to calculate the Amount Financed. When recalculating the finance charges as disclosed on exhibit 3, the resulting total is $4,841.53. Pursuant to 6500 FDIC § 226.4 which states "The finance charge is the cost of consumer credit as a dollar amount. It includes any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to or a condition of the extension of credit." It's important to note that in a refinance loan, the lender engages third party service providers as these services are required by the lender. Therefore, pursuant to § 226.4 (a) (1) & (2), the cost of third party service providers such as escrow related costs, lender required recording fees, notary fees, title endorsements etc. or any other services required by the lender are considered a "Finance Charge" if the lender requires the use of that service. Because the lender did not include these charges, the adjusted Amount Financed is $368,658.47. Therefore, the Final Truth In Lending Statement (Exhibit 2) understates the amount of Finance Charges by the amount of $167.99.

**(Continued On Page 3)**

**2. Under Disclosure of Finance Charge** – I have investigated the Finance Charge as disclosed on the Final Truth In Lending Statement (Exhibit 2) by running a 30 year amortization schedule and have noted that the total of interest the lender will receive is $746,114.41. When added to the finances charges of $4,841.53, the total Finance Charge is $750,955.94. Therefore, the Finance Charge is under disclosed by an amount of $172.75.

**3. Misleading Disclosure** – The Final Truth-In-Lending (Exhibit 2) states "This loan has a variable-rate feature. Variable rate disclosures have been provided to you earlier." However, the notice so referenced is the Adjustable Rate Program Disclosure and is dated the same date and therefore, not "earlier."

**4. Incomprehensible Instrument** - I have noted that the "Adjustable Rate Note" was incomprehensible, filled with legalese and unintelligible language, all designed to confuse the average purchaser. Indeed, an informed and experienced individual would have a difficult time understanding the entire agreement.

**(D) FCRA 15 U.S.C. 1681 Section 212 Subsection 609(g) a lender must provide the following to the consumer as soon as reasonably practicable: 1. The current credit score of the consumer or the most recent credit score of the consumer that was previously calculated by the credit reporting agency for a purpose related to the extension of credit; 2.The range of possible credit scores under the model used; 3. All of the key factors that adversely affected the credit score of the consumer in the model used, the total number of which shall not exceed four (4), unless a key factor that adversely affects the consumer's credit score consists of the number of enquiries made with respect to a consumer report. In this case, then five (5) key factors may be listed; 4. The date on which the credit score was created and; 5. The name of the person or entity that provided the credit score or credit file upon which the credit score was created.**

**1. Failure To Disclose** – Pursuant to this section the lender must provide the most recent credit score the lender used to make an underwriting decision. I have noted that the lender did not provide the credit scores on the document titled "Credit Score Disclosure."

**(E) 15 U.S.C. § 1681s-2] (A) 7 NOTICE TO CONSUMER REQUIRED- (i) IN GENERAL- If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer.**

**(Continued On Page 4)**

**1. Failure To Disclose** – The lender has a one-time duty under this section of the FCRA to provide a notice to the consumer that they have or will furnish negative information to a consumer reporting agency. Typically, a lender will provide this notice along with the other disclosures at the time of loan consummation. I have concluded that no disclosure titled "Furnishing Of Negative Information" was provided to the borrower at any time during the processing of this loan. Thus, it is highly likely that if the lender has reported negatively information with the credit repositories, they have done so in violation of this section.

**(F) 15 USC, Subchapter I, Gramm-Leach-Bliley Act. Disclosure of Nonpublic Personal Information Sec. 6803. Disclosure of institution privacy policy (a) Disclosure required. At the time of establishing a customer relationship with a consumer and not less than annually during the continuation of such relationship, a financial institution shall provide a clear and conspicuous disclosure to such consumer, in writing or in electronic form or other form permitted by the regulations prescribed under section 6804 of this title, of such financial institution's policies and practices with respect to; (1) disclosing nonpublic personal information to affiliates and nonaffiliated third parties, consistent with section 6802 of this title, including the categories of information that may be disclosed;**

**1. Failure To Disclose** - I have concluded that the borrower was not provided the "Privacy Pledge" disclosure or the required "Privacy Choices" disclosure pursuant to the above subsections.

**(G) 24 CFR 3500.6(a). Requires certain disclosures such as but not limited to, Servicing Transfer, Adjustable Rate Booklet, Right to Copy of Appraisal, Federal Equal Opportunity, and various other exhibits to be provided to the borrower.**

**1. Failure To Disclose** - My inventory of the documents that were provided to the borrower has revealed that the required disclosures pursuant to this section were not provided to the borrower at any time during the process of this loan.

**(Continued On Page 5)**

**(H) 6500 - FDIC Consumer Protection Paragraph 19 (b) (2) (viii). 2. Selection of index values.** The historical example must reflect the method by which index values are determined under the program. If a creditor uses an average of index values or any other index formula, the history given should reflect those values. The creditor should select one date or, when an average of single values is used as an index, one period and should base the example on index values measured as of that same date or period for each year shown in the history. A date or period at any time during the year may be selected, but the same date or period must be used for each year in the historical example. For example, a creditor could use values for the first business day in July or for the first week ending in July for each of the 15 years shown in the example.

**1. Failure To Disclose -** Pursuant to this section, the lender must provide the borrower with historical index values when the loan is an adjustable rate loan and adjustments are based on an index. There is no existing evidence in the documents provided to me that this disclosure was ever given to the borrower.

---

## Transnation Title Insurance (Settlement Agent)

### Violations

**(A) RESPA § 3500.10** - One-day advance inspection of HUD–1 or HUD–1A settlement statement; delivery; record keeping. (a) *Inspection one day prior to settlement upon request by the borrower.* The settlement agent shall permit the borrower to inspect the HUD–1 or HUD–1A settlement statement, completed to set forth those items that are known to the settlement agent at the time of inspection, during the business day immediately preceding settlement.

**1. Failure To Provide One Day Inspection –** Pursuant to this section, the Settlement Agent must offer, at the request of the borrower, a one day inspection prior to the settlement of the transaction. "Settlement," as defined, means "the process of executing legally binding documents regarding a lien on property that is subject to a federally related mortgage loan." I have noted that the borrower in this transaction was not informed of their right to an advanced copy, nor offered an advance review of the final settlement statement prior to executing the legally binding documents.

---

**(Continued On Page 6)**

# Foreclosure Investigation

**(A) 33-804. Appointment of successor trustee by beneficiary C. A notice of substitution of trustee shall be recorded in the office of the county recorder of each county in which the trust property or some part of the trust property is situated at the time of the substitution. The beneficiary shall give written notice through registered or certified mail, with postage prepaid, to the trustor.**

**1. Unauthorized Trustee** – Page 2 of the Notice Of Trustee's Sale (NT) (Exhibit A) discloses the date of 05/01/2009 as the date of the document and page 1 of the NT (Exhibit B) discloses the recording date of 05/05/2009 as recorded by ReconTrust Company, N.A. Paragraph (D) on page 2 of the Deed Of Trust (Exhibit C) discloses Fidelity National Title as the Trustee. My search of the Coconino County public records did not produce a Substitution Of Trustee which, pursuant to ARS 33-804 above, must be executed by the beneficiary and recorded to assign powers, duties, authority, and title granted and delegated to the trustee named in the deed of trust. Therefore, the Notice Of Trustee's Sale (Exhibit B) was recorded 05/05/2009 by ReconTrust Company, N.A. who was not the Trustee or authorized agent and did not have the authority to commence foreclosure as the Trustee was still Fidelity National Title.

## Mortgage Electronic Registration Systems (MERS)

Pursuant to page 2 paragraph (E) of the Deed Of Trust (Exhibit C) Mortgage Electronic Registration Systems Incorporated (MERS) is acting solely as nominee for Lender and Lender's successors or assigns and is the beneficiary under that security instrument. In that capacity, MERS initiated the foreclosure process by executing and recording certain instruments which sets in place the entities that carry out the process of foreclosure. However, there are many judicial opinions in several different states that MERS does not have the capacity as only a nominee to execute the process of foreclosure or to assign security instruments from one beneficiary to the other. In Luis E. Gallardo, 10-04710-MM7, vs Movant US Bank National Association, as Trustee for CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-7, a recent San Diego Bankruptcy decision handed down by the Honorable Judge Margaret M. Mann, Judge Mann ruled *"Movant has not supplied evidence that establishes that Movant has standing to seek stay relief. Movant has attached an "Assignment of Deed of Trust" from MERS to Movant, which assigns the trust deed and the related note. But, there is no evidence that MERS ever received an assignment of the note or had the ability to assign the note to Movant. The note attached to the motion does not indicate that the note has been endorsed to Movant or endorsed in blank such that it became bearer paper. Without evidence either that MERS could properly assign the note, or that the note was endorsed to Movant or in blank, Movant has not established standing to seek stay relief."*

**(Continued On Page 7)**

**Authority Of Mortgage Electronic Registration Systems (MERS)** MERS is an enterprise that holds the mortgages of 60 million American homes. It was created by the Mortgage Bankers Association in the 1997 to run a computer registry that records mortgage loan trading activities in connection with the securitization of asset backed investments. It was primarily set up to cut costs on paperwork and publication requirements by registering the assignment of security instruments from one investor to the other. In the securitization process, mortgage loans may be purchased by one single investor or a group of many under one depository trustee without the need to record the transaction in the County in which the asset is located. The problem with MERS is that the real beneficiary is faceless and obscured from public records. By MERS standard contract agreement with its member banks, Notes are assigned to MERS in blank in order to affect the transfer of securities from one investor to the other. The problem here is, a blank note does not set a paper trail of who the owners of these investments were at any given time and therefore, a note assigned in blank does little as to enforcement. Essentially, anyone could come forth with a copy and claim to be the owner of the note.

MERS has since evolved from that of a simple registration system to that of the custodian of powers. As such, MERS has essentially blocked homeowners from preventing their houses from becoming foreclosures and loan fraud victims from pursuing their cases in court because they could not identify the companies holding their mortgage notes. Recent court rulings in several states have challenged MERS in foreclosure cases and have found that, at best, MERS only holds a copy of the blank note with the true beneficiary holding the original note. MERS however commences the foreclosure process by supposedly assigning the security instruments to a Trustee. At best, the Trustee is in possession of blank security instruments at the time the Notice Of Default is recorded while the still unidentified holder of the real Note remains obscured.

In a foreclosure situation whereby MERS is the claimed beneficiary and the true beneficiary obtains the Trustee's Deed affecting a credit sale back to the lender, MERS schemes to avoid the transfer tax of the transaction. Furthermore, in non-judicial states, MERS admits to merely holding title as nominee for the true beneficiary. Here is an exert from their on web site. *"Normally, where the name of the grantee under the Trustee's Deed Upon Sale is different than the name of the foreclosing entity, the Trustee's Deed Upon Sale states that the "Grantee was not the foreclosing beneficiary." This designation triggers the imposition of transfer taxes on the sale. It is important to note that in a MERS foreclosure sale, even where the property reverts, the name of the grantee will be different than the name of the entity foreclosing. Nonetheless, the Trustee's Deed Upon Sale should state that "The Grantee was the foreclosing beneficiary." This is because MERS merely holds title as nominee for the true beneficiary; **it is the true beneficiary that has actually foreclosed and acquired title"**.* By this admission, MERS has stated that they are not, and was not, the true beneficiary thereby nullifying the nomination pursuant to the Deed Of Trust.

Pursuant to the foregoing, in non-judicial foreclosure cases, the borrower is encouraged to demand that the foreclosing institutions provide prima fascia evidence that they are indeed the legal beneficiary, and legitimate owner of the Note with power of sale.

**(Continued On Page 8)**

**Disclosure:** I have completed my examination and investigation of the mortgage documents for which you have engaged me. The scope of my examination is to determine the accuracy and compliance with Federal, State, and local laws as they may apply to your loan(s). I pay particular attention to discovery of evidence that would support legal action against the current lender(s) to either modify, or rescind the existing loan(s), or in the event of an executed foreclosure, overturn the action. The recommendations and opinions entered herein by me are not intended as legal advice or counseling. I strongly advise that you consult with an attorney in matters related to this examination and the report hereof.

Thank you for your business. I look forward to being of further service.

Charles J. Horner, ACFEI, CREB
Chief Examiner

# Exhibit 20

FILED _____ LODGED
RECEIVED _____ COPY

AUG 06 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M DEPUTY

1  Michael J. Brosnahan, *pro per*
   Private Mail Box 11-188
2  2370 West Highway 89A
   Sedona, Arizona 88336
3  Phone # (928) 300-6030
   <mtk63@hotmail.com>
4

5          **UNITED STATES DISTRICT COURT**
6          **FOR THE DISTRICT OF ARIZONA**

7  Real Party(s) In Interest(s):          )   Case No.: No. 3:10-cv-08056-FJM
8  MICHAEL J BROSNAHAN                     )   **MOTION TO COMPEL**
                                           )   **DEFENDANTS' ATTORNEYS**
9                                          )
                       Plaintiffs,         )   **TO SUBMIT AN AFFIDAVIT**
10                                         )   **TO THIS COURT**
11                                         )
   Vs                                      )   **STATING WHETHER OR NOT**
12                                         )
                                           )   **THEY ARE REPRESENTING**
13                                         )
   **BANK OF AMERICA, FORMERLY**           )   **THE HOLDER IN DUE COURSE**
14 **COUNTRYWIDE BANK;BAC HOME**           )   **AND THE CREDITOR IN THIS**
15 **LOANS SERVICING LP;**                 )   **MATTER**
   **RECONTRUST COMPANY;MERS;**            )
16 **AND 1-10,000JOHN DOES**               )
17  AND/OR Real Party(s) In Interest:      )
                                           )
18                     Defendants          )
                                           )    Assigned to
19                                         )
                                           )   Honorable Judge Frederick J Martone
20                                         )
21 _____        )

22       Plaintiff, Michael J Brosnahan, *pro per* pursuant to, *inter alia,* Rule 1 of the

23 F.R.Civ.P. hereby enters his Motion to Compel Defendants' attorneys; **to submit to**

24 **this Court an affidavit signed under penalty of perjury by a party under the**

25 **jurisdiction of this Court**, pursuant to, *inter alia,* F.R.Civ.P. Rule 17(a) stipulating

26 and admitting on and for the record: 1) whether or not they are representing the

27

28

1  Holder in Due Course and the Creditor in this matter; 2) are not in actuality acting
2  as a debt collector in this matter

3      Furthermore, Compel Defendants' attorneys to state on and for the record,
4  what entity, if any, is the Holder in Due Course and the Creditor in this matter.

5      For clarification purposes, Plaintiff is **_not_** asking Defendants' attorneys what
6  entity is the Holder, or if they represent the Holder. Plaintiff has clearly stated he is
7  asking Defendants' attorneys to stipulate as to whether or not they represent the
8  Holder in Due Course and the Creditor in this matter and if Defendants' attorneys
9  are actually acting as a debt collector.

10     Also for clarification purposes, in this Motion, Defendants is defined as
11 Defendants and/or their successors and/or the corporation Defendants were and/or
12 are an officer of, during any aspect of any contingent that was in any way
13 responsible and/or involved with the non-judicial foreclosure and/or Deed of Trust
14 and/or this action. Plaintiff hereby reiterates that Defendants' corporations were
15 only used by Defendants' as part of a criminal conspiracy to unlawfully divest
16 Plaintiff of Plaintiff's lawfully owned real property.

17     **WHEREAS,** Defendants' attorneys have obfuscated facts and avoided
18 important issues and determining factors in this matter causing undue delay in
19 achieving a just, speedy and inexpensive resolution to this matter.

20     **WHEREAS,** Defendants' attorneys have repeatedly misrepresented facts
21 concerning Defendants' standing to confuse this Court by claiming Defendants are a
22 Holder without denying or proving Defendants are the Holder in Due Course.

23     **WHEREAS,** Defendants' attorneys have repeatedly misrepresented facts to
24 confuse this court concerning Defendants' standing by appearing as the Creditor
25 without denying or proving Defendants are the Creditor.

26     **WHEREAS,** there are no facts in evidence there was ever a risk of assets by
27 any Defendant and/or Defendants' corporation in the matter that led to the non-
28 judicial foreclosure, and ultimately this suit.

2

1    **WHEREAS,** Defendants' attorneys could not have lawfully commenced a
2    non-judicial foreclosure against Plaintiff in the State of Arizona unless Defendants
3    are and were at the time of the commencement the Holder in Due Course of the
4    Promissory Note that was integral to the Mortgage/Deed of Trust.

5    **WHEREAS,** Defendants' attorneys must, pursuant to Rule 17(a) ratify the
6    commencement of any proceeding when requested to do so by Plaintiff.

7    **WHEREAS,** this Court has the judicial discretion pursuant to Rule 1 to
8    Compel Defendants and Defendants' attorneys to assist this Court in the just,
9    speedy and inexpensive resolution to this matter.

10   **WHEREAS,** F.R.Civ.P. Rule 1 requires all parties to cooperate to secure the
11   just, speedy, and inexpensive determination of every action and proceeding.

12   **WHEREAS,** if Defendants are not the Holder in Due Course and the
13   Creditor, the Defendants' attorneys have violated A.R.S. § 13-2705 by making
14   inconsistent statements to different government agencies.

15   **WHEREAS,** the aforementioned stipulations and admissions by Defendants'
16   attorneys would achieve a just, speedy and inexpensive resolution to this matter
17   thereby saving the State's and this Court's valuable and limited resources.

18   **THEREFORE,** this Court should grant Plaintiff's Motion to Compel and
19   order Defendants' attorneys to submit affidavits under penalty of perjury declaring
20   on and for this Court's record: whether or not they represent the Holder in Due
21   Course and the Creditor in this matter; and whether or not they or the Defendants
22   attorneys are acting as debt collectors.

23

24   /
25   //
26   ///
27   ////

28

3

1

2 **VERIFIED STATEMENT**

3     The undersigned Plaintiff, Michael J Brosnahan, *pro per*, a man, and a

4 civilian, herein Plaintiff, does solemnly declare and state as follows:

5     I am moving this Court to Compel Defendants for ratification of

6 commencement in furtherance of achieving a just, speedy and inexpensive

7 resolution to this matter pursuant to Rule 17(a) and in no way do I believe this

8 Motion to Compel will cause an undue financial burden or harass Defendants and/or

9 Defendants' attorneys in any way.

10     I believe there is good cause and foundation in law for this Motion to Compel

11 and absence of an affidavit by Defendants' attorneys as stipulated above will

12 negatively effect the pursuit of justice and waste the State's valuable and limited

13 resources.

14

15     DATED: the 5th day of August, in the year of Our Lord, 2010

16

17

18

19

20 BY: _____, agent

21            Michael J Brosnahan, *pro per*
      Signed reserving all my rights at UCC 1-308

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

ORIGINAL and COPY of the foregoing mailed to

 Clerk of the Court,

DATED: the 5th day of August, in the year of Our Lord, 2010

To: and COPY
The Honorable Judge Frederick J Martone
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
Clerk US district Court
401 W. Washington St
Phoenix, AZ. 85003-2118
COPY of the foregoing Mailed
This 5th day of August, in the year of Our Lord, 2010
To: Gregory Bryan Iannelli
Bryan Cave LLP
2 N Central Ave
Ste 2200
Phoenix, AZ 85004-4406
602-364-7053
Fax: 602-364-7070
Email: gregory.iannelli@bryancave.com
*ATTORNEY TO BE NOTICED*
Robert W Shely
Bryan Cave LLP
2 N Central Ave
Ste 2200
Phoenix, AZ 85004-4406
602-364-7000
Fax: 602-364-7070
Email: rwshely@bryancave.com
*ATTORNEY TO BE NOTICED* Attorneys for:
BANK OF AMERICABANK, FORMERLY COUNTRYWIDE BANK;
BAC HOME LOANS SERVICING LP;
RECONTRUST COMPANY;MERS;

BY: _____, agent
Michael J Brosnahan, *pro per*
Signed reserving all my rights at UCC 1-308

5

# Exhibit 21

1  Michael J. Brosnahan, *pro per*
   Private Mail Box 11-188
2  2370 West Highway 89A
   Sedona, Arizona 88336
3  Phone # (928) 300-6030
   mtk63@hotmail.com
4

FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 2 0 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ Z DEPUTY

5      **IN THE UNITED STATES DISTRICT COURT**
6  **IN AND FOR THE DISTRICT OF ARIZONA– PRESCOTT DIVISION**

7  Real Party(s) In Interest(s):        )   Case No.: No. 3:10-cv-08056-FJM
8  **MICHAEL J BROSNAHAN**              )
9                    Plaintiffs,        )
                                         )
10 Vs                                    )
                                         )
11 **BANK OF AMERICA, FORMERLY**        )   **MOTION FOR STAY OF ALL**
12 **COUNTRYWIDE BANK;BAC HOME**        )
   **LOANS SERVICING LP;**              )   **NON-JUDICIAL PROCEEDINGS**
13 **RECONTRUST COMPANY;MERS;**         )
   **AND 1-10,000JOHN DOES**            )
14 AND/OR Real Party(s) In Interest:    )
                                         )
15                                       )
                    Defendants.         )
16                                       )   Assigned to Honorable
                                         )   Judge Frederick J Martone
17                                       )
                                         )
18 .                                     )
                                         )
19

20      **COMES NOW,** Michael J. Brosnahan, *pro per* (Plaintiff) hereby submits the

21 following Motion for Stay of all non-judicial proceedings by Defendant

22 corporations, *et al* .

23      Plaintiff continues to discover fraudulent and/or criminal acts committed by

24 Defendants by and through their corporations as a means to unlawful divest the

25 True Owner, Plaintiff, of the real property in question.

26      Plaintiff has entered into evidence in this Court a true and correct copy of the

27 forensic examination completed by a certified forensic examiner that has been
28

1   recorded in the Coconino County Recorder's Office, recordation number 3569746,
2   which evidences numerous fraudulent acts committed by Defendants, by and
3   through their corporations.
4       Plaintiff moves this Court for a finding of fact and conclusion of law
5   concerning all documents recorded by Plaintiff and Defendants; and until such
6   findings of facts and conclusions of law are completed by this Court, Plaintiff
7   moves this Court to Stay all non-judicial proceedings in the interest of justice and
8   the public policy requirement to prevent felonious acts from being perpetrated
9   against the government and citizens through the recording of false, forged and/or
10  fraudulent documents in a public office in violation of Arizona laws, especially
11  A.R.S. § 39-161.
12      Plaintiff moves this Court to Order a Stay on all non-judicial proceedings
13  until such a time as Defendants present to this Court evidence that Defendants have
14  the lawful right to commence the non-judicial proceeding against Plaintiff and/or
15  Plaintiff's property. Evidence must be inclusive of valid documents recorded in a
16  public office evidencing Defendants' standing as the True Creditor and Holder in
17  Due Course in this matter. Evidence of Holder is insufficient to establish standing to
18  non-judicially foreclose pursuant to Arizona Law, Title 47.
19      In fact, this Court is required to order a Stay on all such procedures as
20  Plaintiff has provided incontrovertible evidence to this Court of Defendants' fraud
21  committed against the State of Arizona to commence the non-judicial proceeding.
22      Defendants' have also committed fraud against the federal government by
23  stating claims to the Internal Revenue Service that Defendants' do not hold the
24  Promissory Note as an asset, yet Defendants' have claimed to the State of Arizona
25  that Defendants' do hold the Promissory Note as an asset to commence the non-
26  judicial proceeding.
27      The inconsistent statements and/or claims made by Defendants to government
28  entities is good cause and support to order a Stay on all proceedings against Plaintiff

2

and/or Plaintiff's property until said statements and/or claims are corrected by Defendants and this Court and the appropriate government agencies are informed of the truth.

Therefore, it is incumbent on this Court to order the Stay until the appropriate authorities discover whether Defendants' are defrauding the Internal Revenue Service, the State of Arizona, this Court, Plaintiff or all said entities.

For the foregoing reasons, this Court should grant Plaintiff a Stay on all non-judicial foreclosure proceedings commenced by any Defendant against Plaintiff and/or Plaintiff's property; and this Court should demand Defendants to provide this Court *prima facie* evidence Defendants have reported consistent claims to all appropriate government entities; and this Court should demand Defendants correct all publicly recorded documents forthwith.


DATED: the 19th day of August, in the year of Our Lord, 2010




BY: _____, agent
Michael J Brosnahan, *pro per*
Signed reserving all my rights at UCC 1-308

## **VERIFIED STATEMENT**

The undersigned, Michael J Brosnahan, *pro per*, a man, a civilian, herein Plaintiff, do solemnly declare and state as follows:

I am moving this Court to Stay all non-judicial procedures by Defendant, by and through their corporations, against Plaintiff in furtherance of achieving a just, speedy and inexpensive resolution to this matter pursuant to Arizona law and in no way do we believe this Motion to Stay will cause an undue financial burden or harass Defendants and/or Defendants' attorneys in any way.

I believe there is good cause and foundation in law for this Motion to Stay and absence of evidence by Defendants' as stipulated above will negatively effect the pursuit of justice and waste the State's and this Court's valuable and limited resources.

DATED: the 19th day of August, in the year of Our Lord, 2010

BY: _____, agent
Michael J Brosnahan, *pro per*
Signed reserving all my rights at UCC 1-308

4

1

## CERTIFICATE OF SERVICE

2
**ORIGINAL** and **ONE COPY** furnished by U.S. Mail to UNITED STATES

3
DISTRICT COURT, DISTRICT OF ARIZONA, this 19th day of August, 2010.

4
    I HEREBY CERTIFY that a true and correct copy of the above MOTION has

5
been furnished by U.S. Mail on this 19th day of August, 2010 to:

6
BRYAN CAVE LLP

7
Two N. Central Avenue Suite 2200
Phoenix, AZ 85004-4406

8

9
Gregory B. Iannelli
602-364-7053

10
Fax: 602-364-7070
Email: gregory.iannelli@bryancave.com

11

12
Robert W. Shely
602-364-7000

13
Fax: 602-364-7070
Email: rwshely@bryancave.com

14

15
*Attorney To Be Noticed for*:
BANK OF AMERICABANK, FORMERLY COUNTRYWIDE BANK;

16
BAC HOME LOANS SERVICING LP;

17
RECONTRUST COMPANY;MERS;

18

19

20
BY: _____, agent

21
          Michael J Brosnahan, *pro per*
(Signed reserving all my rights at UCC 1-308)

22

23

24

25

26

27

28

# Exhibit 22

1    **WO**

2

3

4

5                          **NOT FOR PUBLICATION**

6              IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    Michael J. Brosnahan,                )    No. CV-10-8056-PCT-FJM
                                          )
10            Plaintiff,                  )    **ORDER**
                                          )
11   vs.                                  )
                                          )
12                                        )
     Bank of America, et al.,             )
13                                        )
              Defendants.                 )
14                                        )
                                          )
15   _____  )

16          The court has before it plaintiff's motion to vacate judgment pursuant to Rule 60, Fed.

17   R. Civ. P. (doc. 23), defendants' response (doc. 24), plaintiff's reply (doc. 26); plaintiff's

18   motion to compel defendants' attorneys to submit an affidavit (doc. 25) and plaintiff's motion

19   for stay of non-judicial proceedings (doc. 28).

20          Plaintiff asks us to vacate our order entered on June 30, 2010, in which we concluded

21   that plaintiff had failed to state a cognizable claim and accordingly granted defendants'

22   motion to dismiss (doc. 21).

23          A motion for relief from judgment under Rule 60, Fed. R. Civ. P., requires a showing

24   that the judgment sought to be vacated was entered through mistake or excusable neglect,

25   that newly discovered evidence exists, that the judgment was obtained by fraud or is

26   otherwise void, or that some other reason exists to vacate the judgment. Fed. R. Civ. P.

27   60(b). Plaintiff has failed to make the requisite showing. Instead, he largely repeats

28   arguments made in his response to the motion to dismiss, and levels charges about

1    defendants' "criminal" and "terrorist" conduct.

2            We have fully considered each of plaintiff's claims and will not revisit them now.

3    **IT IS ORDERED DENYING** plaintiff's motion to vacate (doc. 23), and **DENYING**

4    plaintiff's motion to compel defendants' attorneys to submit an affidavit (doc. 25).  Because

5    this case is closed we also **DENY** plaintiff's motion for stay of non-judicial proceedings

6    (doc. 28).

7            We again encourage plaintiff to seek the advice of counsel.  If he cannot find a lawyer,

8    he may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association

9    at (602) 257-4434.  Plaintiff is advised that any further challenge to this court's order should

10   be directed to the United States Court of Appeals for the Ninth Circuit.  <u>See</u> Fed. R. App. P.

11   3, 4.

12           DATED this 26th day of August, 2010.

13

14           _____

15                        Frederick J. Martone
                          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 23

Michael J. Brosnahan, *pro per*
Private Mail Box 11-188
2370 West Highway 89A
Sedona, Arizona 88336
Phone # (928) 300-6030
<mtk63@hotmail.com>

FILED ___ LODGED
___ RECEIVED ___ COPY

SEP 2 1 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ Z  DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Real Party(s) In Interest(s): )
**MICHAEL J BROSNAHAN** )
)
               Plaintiffs, )
)
Vs )
)
**BANK OF AMERICA, FORMERLY** )
**COUNTRYWIDE BANK;BAC HOME** )
**LOANS SERVICING LP;** )
**RECONTRUST COMPANY;MERS;** )
**AND 1-10,000JOHN DOES** )
AND/OR Real Party(s) In Interest: )
)
               Defendants. )
. )

Case No.: No. 3:10-cv-08056-FJM

**MOTION TO RECUSE**

Assigned to Honorable
Judge Frederick J Martone

Plaintiff, Michael J. Brosnahan, *pro per*, a man and a civilian, I am not schooled in law. With all due respect, I read Judge Frederick J Martone Order and do not understand. I accused Bank Of America Bank, Formerly Countrywide Bank;Bac Home Loans Servicing Lp; Recontrust Company; Mers; of attempting to steal my home through fraudulent documents and paperwork.

Many good people and lawyers in town told me the bank's executives would never be brought to justice, and that the case would go nowhere. I stupidly stuck to the notion that everyone is equal under the law etc. Boy, was I wrong?

The Bank and its high price counsel continues set by this Courts agenda, they were able to influence the Court to cancel a hearing set by the Court on July 9, 2010, depriving me of my Due Process Of Law, and attempt to walk away with my home without as much as a scratch.

Even though I gave Judge Frederick J Martone the Facts, Truth, Law and Evidence to exact justice he chose instead to ignore all that and could not see past **His Own Prejudice** and what appears to be **Barratry**. I quote from his Order: "It is difficult for a party to successfully manage the complexities of a lawsuit unaided by a lawyer."

I did not have a high price lawyer and because of that, Judge Frederick J Martone ignored what was right and True, his COMMON SENSE, as well as of all of the Facts, Truth, Law and Evidence and enter an Order to Dismiss.

I would have to agree with his advice with one difference "It is difficult for a party to successfully manage the complexities of a lawsuit unaided by a **Judge**."

My opponents new this full well going into this Court before Judge Frederick J Martone. **Once again Judge Frederick J Martone Order favored them, the criminals in this case.**

### THIS IS MY ONGOING ATTEMPT TO SEEK JUSTICE BEFORE THIS COURT ON AND FOR THE RECORD FOR MY APPEAL.

Pursuant to American *jurisprudence* and numerous Supreme Court of the United States (SCOTUS) decisions moves this Court to recuse Judge Frederick J Martone from the above entitled matter pursuant to 28 USCS § 455, and *Marshall v Jerrico Inc., 446 US 238, 242, 100 S.Ct. 1610, 64 L. Ed. 2d 182 (1980)*, and others.

"The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law."

The above is applicable to this court by application of Article VI of the United States Constitution and *Stone v Powell, 428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).*

"State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law."

2

A 1997 Appellate Court, in *People v. Lambert*, stated that a judge's "failure to enforce the law invites anarchy."

The Respondent suggests that the failure of Judge Frederick J Martone to follow the law and the public policy of the State of Arizona and the United States involves his engaging in actions of inviting anarchy.

Judge Frederick J Martone has in the past deliberately violated other litigant's personal liberties and/or has wantonly refused to provide due process and equal protection to all litigants before the court or has behaved in a manner inconsistent with that which is needed for full, fair, impartial and meaningful hearing.

The United States Constitution guarantees an unbiased Judge who will always provide litigants with full protection of ALL RIGHTS. Therefore, Michael J. Brosnahan respectfully demands Judge Frederick J Martone recuse himself in light of the evidence previously entered into this Court's record and the following statements.

Michael J. Brosnahan has good reason to believe Judge Frederick J Martone cannot hear the above case in a fair and impartial manner due to Judge Frederick J Martone numerous personal conflicts of interest in this case as enumerated below.

Accordingly, there is good cause and support to move Judge Frederick J Martone to recuse himself, and if Judge Frederick J Martone refuses, to have the court recuse Judge Frederick J Martone.

## PREFATORY STATEMENT

**Judge Frederick J Martone WAS WELL AWARE THAT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") was a defendant in this case and chose to ignore the facts and the evidence of the forensic examination. Judge Frederick J Martone Order once again favored the criminal in this case.**

Simply put, Mortgage Electronic Registration Systems, Inc. ("MERS") is a scam. It was designed to be a scam, it operates as a scam, and it does nothing other than scam

3

homeowners out of their rights and properties and states out of their lawfully due recording fees.

MERS is a corporation with twelve (12) officers, no employees, tens of thousands of fraudulent signees claiming to be "vice president" and sixty two (62) million mortgages. At an average cost of $10 per recording with two (2) recordings per sale, MERS has stolen approximately $1.4 billion from Americans. Which is approximately ¾ of what national healthcare will cost this country. In other words, MERS has not only unlawfully destroyed America's housing market and economy; it will be responsible for the Banks and their Ponsi scheme finally collapsing.

Courts all over the country are continuously ordering foreclosures stopped where MERS is involved. Judges are sanctioning the attorneys and law firms that represent bank that used MERS.

Recently, the treasurer/secretary William Hultman of Mortgage Electronic Registration Systems, Inc. ("MERS") was deposed by a law firm in New York. His answers are nothing short of stunning. He admitted to the fact that anyone could claim to be a "vice president" of MERS in documents initiating foreclosures, even if MERS had never actually ever heard of the person. It appears ALL of these people have failed to inform the I.R.S. they are claiming to be vice presidents of MERS, which itself could be an additional crime.

Eventually EVERY home foreclosed upon where MERS is involved will by law have to be returned to its true owner. The more homes allowed by the courts to be stolen by attorneys representing MERS, the more cases the court will eventually have to handle. This will inevitably overwhelm our judicial system and cause our whole system to overload and collapse.

It may eventually be decided in federal court that any bank and attorney involved in stealing real property shall be held accountable under the RICO ACT, the HOBBS ACT, the USA PATRIOT ACT, and considered "paper terrorist" for their unlawful conversion

4

of real property and filing false and/or forged documents in public offices all over the country.

Who would have ever thought America's own bankers and attorneys will accomplish through the creation of one corporation and a few million lies in court what every terrorist in the world has failed to achieve, that of shutting down America from the inside? Comparatively, 911 was a small battle in cost and deaths compared to what the banks and attorneys have and will cost in money and lives through the scam known as MERS.

In the interest of justice and prudence, this Court should study the effects of the criminal conspiracy to defraud America known as MERS to prevent the destruction of this country by the criminal conspiracy; and issue a summary judgment in favor of Plaintiff to prevent the further destruction of this country.

Or in the alternative, this Court can simply wait to be inundated by tens of thousands of cases where this and all other Arizona courts will have to correct all of their previous decisions concerning cases involving MERS.

**BACKGROUND**

1. Michael J. Brosnahan initiated a suit against Defendants to prevent Defendants from using their corporations to succeed in their criminal attempt to steal Michael J. Brosnahan's real property.

2. Michael J. Brosnahan has entered into Judge Frederick J Martone's Court incontrovertible and unrebutted evidence proving conclusively that Defendants' actions are felonious in nature and violate numerous Arizona and Federal Laws, yet Judge Frederick J Martone chose to dismiss the evidence *sua sponte* in an attempt to advocate for the Defendants.

5

3.      Michael J. Brosnahan has entered into Judge Frederick J Martone's Court affidavits signed under penalty of perjury and unrebutted by Defendants.

4.      Michael J. Brosnahan has entered an Affidavit into Judge Frederick J Martone's Court Disputing all signatures and alleged debt that went unrebutted by the defendants. Defendants know their Pooling and Service Agreement will prove conclusively that Defendants' KNOW their corporations are NOT the Holder in Due Course and NOT the Creditor in the matter. Judge Frederick J Martone allowed defendants to conceal evidence and withhold ALL DOCUMENTS AND THEIR IDENTITY committing fraud upon the court.

5.      Michael J. Brosnahan has entered into Judge Frederick J Martone's Court a Forensic Examination proving conclusively those Defendants by and through their corporations has violated numerous Arizona Laws in their attempt to unlawfully steal Michael J. Brosnahan's real property.

6.      Judge Frederick J Martone has chosen to ignore felonious acts he knows, and has *prima facie* evidence of, that have been committed by Defendants by and through their corporations against the State of Arizona and Michael J. Brosnahan.

7.      This case was originally filed with the Superior Court in Coconino County and was erroneously allowed to be moved to U.S. District Court.

8.      Judge Frederick J Martone improperly allowed the evidence and the facts to be ignored: On or about May 1st 2009, two employees of **RECONTRUST COMPANY,** Shane Serwin, and Team Member and Chritopher A. Williams Notary for Dallas Texas. Who acting **administratively as Judge and Jury and ignoring their fiduciary responsibilities as alleged Trustees to verify all documents**; initiated the Defendants' unlawful commencement of a **non-judicial foreclosure proceeding** against Plaintiff without the proper documentation

9.      Judge Frederick J Martone has a storied history of always ruling in favor of banks irrespective of facts and evidence. *See **Lavenue v. Lewis et al** (2010)* 2:2010cv01496 and ***Charov v. Bank of America et al (2010)*** 2:2010cv00512

6

10.     Judge Frederick J Martone as the judge allowed **defense counsel Gregory Bryan Iannelli and Robert W Shely to commit fraud upon the Court and failed to correct their mistakes immediately when it was pointed out that they never filed a "Notice of Appearance" as was requires by F.R.C.P 1, 5.1, 11, 17A , L.R.C.P 83.3 and others.**  Thus the judge allowed **defense counsel Gregory Bryan Iannelli and Robert W Shely,** to conceal evidence and facts from the Court.

11.     Judge Frederick J Martone ignored the *prima fascia* evidence that Plaintiff was correct in Fact and in Law, that Defendants were committing a trespass on the case, when **defense counsel Gregory Bryan Iannelli and Robert W Shely** finally filed a notice of appearance June 7th, 2010.

12.     On or about June 30th, 2010, Judge Frederick J Martone Cancelled oral arguments depriving Michael J. Brosnahan of his Due Process of Law.

13.     Judge Frederick J Martone ignored all Judicial Notices by Plaintiff.   14.

Judge Frederick J Martone ordered this dismissal against Michael J. Brosnahan and ignored the real evidence throughout the alleged trial. The examinations of Charles J. Horner (Horner).

15.     Judge Frederick J Martone is well aware of real evidence, the examinations of Charles J. Horner (Horner) that outlined the multiple felonies of the Defendants, and chose to ignore the facts and the Law.

16.     Judge Frederick J Martone is well aware MERS fraud as he has adjudicated in their favor before. Michael J. Brosnahan complaint involved MERS as a Defendant and once again Judge Frederick J Martone ignored facts in evidence.

17.     Judge Frederick J Martone is well aware **and condones the Unauthorized Trustee the** Defendants **are using to attempt to steal Plaintiffs Home in violation of** ARS 33-804**.**

18.     Judge Frederick J Martone is well aware Michael J. Brosnahan is appearing pro per, By Law and precedent and in accordance with the Supreme Court of the United States *pro se* Pleadings MAY NOT be held to the same standard as a lawyer's and/or

7

attorney's; and whose motions, pleadings and all papers may ONLY be judged by their function and never their form. *See:* ***Haines v. Kerner; Platsky v. CIA; Anastasoff v. United States;*** Litigants are to be held to less stringent pleading standards;

.

## COUNT ONE

### Appearance of bias

19.    Michael J. Brosnahan incorporates Paragraphs 1 through 18 as if fully set forth herein.

20.    Judge Frederick J Martone is not the Court, he is an officer of the Court, and as such his actions, if biased and/or prejudicial, bring the Court into disrepute if not corrected by the Court.

*See People v. Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626 (1980).*

"A judge is not the court."

21.    Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court".

*See Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985),*"Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

22.    Federal law requires the automatic disqualification of a Federal judge under certain circumstances.

*See Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994).*

In 1994, the *U.S. Supreme Court* held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or

state of mind leads a detached observer to conclude that a fair

and impartial hearing is unlikely, the judge must be

disqualified."

23.     Courts have repeatedly held that positive proof of the partiality of a

judge is not a requirement, only the appearance of partiality.

> See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S.
>
> 847, 108 S.Ct. 2194 (1988) "…what matters is not the reality of

bias or prejudice but its appearance";

> See *United States v. Balistrieri*, 779 F.2d 1191 (7th Cir. 1985)
>
> (Section 455(a) "is directed against the appearance of partiality,
>
> whether or not the judge is actually biased.") ("Section 455(a) of

the Judicial Code, 28 U.S.C. §455(a), is not intended to protect

litigants from actual bias in their judge but rather to promote

public confidence in the impartiality of the judicial process."

24.     SCOTUS has stated; "appearance of bias and not just bias is cause for

recusal."

> The Supreme Court has ruled and has reaffirmed the principle that
>
> "justice must satisfy the appearance of justice",
>
> See *Levine v. United States*, 362 U.S. 610, 80 S.Ct. 1038 (1960),
>
> citing *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13

*(1954).* "A judge receiving a bribe from an interested party over

which he is presiding, does not give the appearance of justice."

25.     Any reasonable man would consider the numerous interactions between

Judge Frederick J Martone and Michael J. Brosnahan as negative in context and good

cause for Judge Frederick J Martone to be highly prejudiced and biased against Michael J.

Brosnahan because he is not a lawyer.

26.     Any reasonable man would consider the Order to Dismiss is bias, by the

total disregard of Judge Frederick J Martones with full knowledge of the evidence before

him highly prejudiced and biased against Michael J. Brosnahan.

27.     Judge Frederick J Martone's obvious and known bias against Michael J. Brosnahan is sufficient grounds for the recusal.

> See Black's Law Dictionary Sixth Edition page 162
>
> **Bias** /bayas/. Inclination; bent; prepossession; a preconceived opinion; a predisposition to decide a cause or an issue in a certain way, which does not leave the mind perfectly open to conviction. To incline to one side. Condition of mind, which sways judgment and renders judge unable to exercise his functions impartially in particular case. **As used in law regarding disqualification of judge, refers to mental attitude or disposition of the judge toward a party to the litigation, and not to any views that he may entertain regarding the subject matter involved.** *State ex rel. Mitchell v. Sage Stores Co., 157 Kan. 622, 143 P.2d 652, 655.* (Emphasis added)

## COUNT TWO

### Rulings

28.     Michael J. Brosnahan incorporates Paragraphs 1 through 27 as if fully set forth herein.

29.     All of Judge Frederick J Martone's rulings in this case have been in favor of Defendants.

30.     Judge Frederick J Martone has ignored all affidavits of thePlantiff, and continued the proceedings as if the affidavits had never been entered in this Court.

31.     Judge Frederick J Martone has incontrovertible and unrebutted evidence proving conclusively that Defendants' corporations are not the Real Party in Interest in the foreclosure that was cause for this action; and has refused to acknowledge said facts to aid Defendants.

32.     Judge Frederick J Martone has a repetitive history of ruling in favor of banks irrespective of evidence and facts.

33.   Judge Frederick J Martone's decisions, refused to void, are void *ab initio*.

"Fraud upon the court" has been defined by the *7th Circuit Court*
of Appeals to "embrace that species of fraud which does, or
attempts to, defile the court itself, or is a fraud perpetrated by
officers of the court so that the judicial machinery can not
perform in the usual manner its impartial task of adjudging cases
that are presented for adjudication."
        *See Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal
        Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit* further stated "a
        decision produced by fraud upon the court is not in essence a
decision at all, and never becomes final."


## COUNT THREE

### Refusal to charge Defendants

34.   Michael J. Brosnahan incorporates Paragraphs 1 through 33 as if fully set
forth herein.

35.   Judge Frederick J Martone has a plethora of evidence proving
conclusively and incontrovertibly that Defendants, by and through their corporations, have
committed numerous felonious acts against Michael J. Brosnahan and the State of
Arizona; and Judge Frederick J Martone has refused to act pursuant to his Loyalty Oath of
Office and protect the State of Arizona and Michael J. Brosnahan from further felonious
acts committed against each by Defendants. Instead, Judge Frederick J Martone chose not
to require Michael J. Brosnahan to amend his complaint and has now prevented Michael J.
Brosnahan from filing any additional "more motions" thus violating Michael J.
Brosnahan's Due Process Of Law Rights. I am entitled to a fair hearing.  I am entitled to a
meaningful hearing.
What are the consequences, if any, if Judge Frederick J Martone deprives me of fair and
meaningful hearing through his Order To Dismiss?


36.   Numerous documents that were publicly recorded by Defendants
corporations have been entered into this case which establish *prima facially* Defendants'

criminal activities and yet said recorded documents have been unlawfully ignored by Judge Frederick J Martone.

> *See Federal Rules of Evidence Rule 902, and others;*
>
> *See A.R.S. § 39-161, and others;*
>
> *See 18 U.S.C. §§ 4, 1361, and others.*

## COUNT FOUR

### Judges do not have discretion to not recuse themselves

37.     Michael J. Brosnahan incorporates Paragraphs 1 through 36 as if fully set forth herein.

38.      Further, Judge Frederick J Martone has a legal duty to disqualify himself even if there is no motion asking for his disqualification.

> The *Seventh Circuit Court of Appeals* further stated that "We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed." Balistrieri, at 1202.

39.     Should Judge Frederick J Martone not disqualify himself, then Judge Frederick J Martone is in violation of the Due Process Clause of the U.S. Constitution.

> *See United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996)*
>
> "The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause."

## COUNT FIVE

### Possible Financial Ties

40.     Michael J. Brosnahan incorporates Paragraphs 1 through 39 as if fully set forth herein.

41.     Judge Frederick J Martone may have financial ties to Defendant's corporations that he has not disclosed to Michael J. Brosnahan. In fact, the mere fact that Judge Frederick J Martone violated his judicial duties by not disclosing any and all

financial involvement with any and all cases concerning foreclosures in the name of any bank and/or CEO of any bank.

## COUNT SIX

### Misquoting Michael J. Brosnahan's Statements

42.     Michael J. Brosnahan incorporates Paragraphs 1 through 41 as if fully set forth herein.

43.     In Judge Frederick J Martone's Order dated June, 6, 2010, on page 2, lines 1-4; Judge Frederick J Martone states:

Plaintiff claims that defendants are not the "creditors," "assignee of the creditor," or "real party in interest" because they have not produced the original promissory note, and are therefore without authority to conduct a non-judicial foreclosure. However, courts have consistently rejected this "show me the note" argument to avoid a non-judicial foreclosure. I Michael J. Brosnahan was not asserting a "show me the Note" **argument** and **nowhere was this ever stated in his claim.** I merely was pointing out the obvious that the Defendants lack standing before the court pursuant to FRCP 17A.  If the court found the complaint "rambling" and needed more clarity it could have requested in the interest of justice for Michael J. Brosnahan to simply amend the complaint for the Courts satisfaction.

**More simply stated:**

a.     Defendants traded Plaintiff the real property for the Genuine Original Promissory Note.

b.     Defendants are attempting to take back the real property from Plaintiff;

c.     Defendants MUST then return the Genuine Original Promissory Note to Plaintiff if Defendants are successful in unlawfully converting Plaintiff's real property to Defendants;

d.     Defendants cannot by law be allowed to have both the real property and the Genuine Original Promissory Note, such is also inclusive of all copies, certified or not, of the Genuine Original Promissory Note;

e.     Plaintiff cannot be stripped of all rights and possession of both the real property and the Genuine Original Promissory Note;

f.     The law of equity requires that neither party have both the Genuine Original Promissory Note and the real property;

g.     Defendants filed false and/or forged documents in a public office in Arizona, each filing being a felony under Arizona law;

h.     Title 47 of the Arizona Revised Statutes requires Defendants to return the Genuine Original Promissory Note and all copies, certified or not, to Plaintiff once Defendants foreclosed on Plaintiff's real property;

i.     The foreclosure of the real property is not fully 'completed' nor 'perfected' nor consummated until such time as the Genuine Original Promissory Note is returned to Plaintiff;

j.     Defendants may be currently in unlawful possession of the Genuine Original Promissory Note and copies thereof, certified or not,;

k.     Plaintiff is currently in possession of the real property as the True owner which is one aspect in relation to Defendants' and Plaintiff's currency transaction;

l.     There is no basis in law for either party in a "currency exchange" and/or other transaction to achieve possession of all items in the   transaction even after default of a party;

m.     There is no factual evidence that Plaintiff ever defaulted on Defendants' and Plaintiff's transaction

44.   It is apparent that Judge Frederick J Martone did not read Michael J. Brosnahan's documents as Judge Frederick J Martone states in his Order dated August, 27, 2010 on page 1 and 2, lines 23-18 and 1-6:

A motion for relief from judgment under Rule 60, Fed. R. Civ. P. requires a showing that the judgment sought to be vacated was entered through mistake or excusable neglect, that newly discovered evidence exists, that the judgment was obtained by fraud or is otherwise void, or that some other reason exists to vacate the judgment. Fed. R. Civ. P.60 (b). Plaintiff has failed to make the requisite showing. Instead, he largely repeats arguments made in his response to the motion to dismiss, and levels charges about defendants' "criminal" and "terrorist" conduct.

We have fully considered each of plaintiff's claims and will not revisit them now.

14

**IT IS ORDERED DENYING** plaintiff's motion to vacate (doc. 23), and **DENYING** plaintiff's motion to compel defendants' attorneys to submit an affidavit (doc. 25). Because this case is closed we also **DENY** plaintiff's motion for stay of non-judicial proceedings. **None of these claims has merit.**

45.  If Judge Frederick J Martone had read any of Michael J. Brosnahan's documents, he would have reviewed the examinations of Charles J. Horner (Horner) attached as exhibits.

46.  The examinations of Horner did assert claims that have merit and cite numerous criminal acts committed by Defendants' corporations against Michael J. Brosnahan and/or the State of Arizona.

47.  Horner is a certified and renowned expert and forensic examiner.

48.  Horner's examination names the actual crimes establishing incontrovertibly that Defendants' corporations are absent any lawfully right to foreclose and/or defend against this action.

49.  Horner's examination points out several issues of merit, including without limits, Arizona Laws violated by Defendants through their respective corporations that are good cause and support to bar Defendants' corporations from using any non-judicial foreclosure proceeding in Arizona against Michael J. Brosnahan.

*See pages 7-8 of Horner's examination:*

**<u>Mortgage Electronic Registration Systems (MERS)</u>**

Pursuant to page 2 paragraph (E) of the Deed Of Trust (Exhibit C) Mortgage Electronic Registration Systems Incorporated (MERS) is acting solely as nominee for Lender and Lender's successors or assigns and is the beneficiary under that security instrument. In that capacity, MERS initiated the foreclosure process by executing and recording certain instruments which sets in place the entities that carry out the process of foreclosure. However, there are many judicial opinions in several different states that MERS does not have the capacity as only a nominee to execute the process of foreclosure or to assign security instruments from one beneficiary to the other. In Luis E. Gallardo, 10-04710-

15

MM7, vs Movant US Bank National Association, as Trustee for CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-7, a recent San Diego Bankruptcy decision handed down by the Honorable Judge Margaret M. Mann, Judge Mann ruled *"Movant has not supplied evidence that establishes that Movant has standing to seek stay relief. Movant has attached an "Assignment of Deed of Trust" from MERS to Movant, which assigns the trust deed and the related note. But, there is no evidence that MERS ever received an assignment of the note or had the ability to assign the note to Movant. The note attached to the motion does not indicate that the note has been endorsed to Movant or endorsed in blank such that it became bearer paper. Without evidence either that MERS could properly assign the note, or that the note was endorsed to Movant or in blank, Movant has not established standing to seek stay relief.*

**Authority Of Mortgage Electronic Registration Systems (MERS)**

MERS is an enterprise that holds the mortgages of 60 million American homes. It was created by the Mortgage Bankers Association in the 1997 to run a computer registry that records mortgage loan trading activities in connection with the securitization of asset backed investments. It was primarily set up to cut costs on paperwork and publication requirements by registering the assignment of security instruments from one investor to the other. In the securitization process, mortgage loans may be purchased by one single investor or a group of many under one depository trustee without the need to record the transaction in the County in which the asset is located. The problem with MERS is that the real beneficiary is faceless and obscured from public records. By MERS standard contract agreement with its member banks, Notes are assigned to MERS in blank in order to affect the transfer of securities from one investor to the other. The problem here is, a blank note does not set a paper trail of who the owners of these investments were at any given time and therefore, a note assigned in blank does little as to enforcement. Essentially, anyone could come forth with a copy and claim to be the owner of the note.

MERS has since evolved from that of a simple registration system to that of the custodian of powers. As such, MERS has essentially blocked homeowners from preventing their houses from becoming foreclosures and loan fraud victims from pursuing

16

their cases in court because they could not identify the companies holding their mortgage notes. Recent court rulings in several states have challenged MERS in foreclosure cases and have found that, at best, MERS only holds a copy of the blank note with the true beneficiary holding the original note. MERS however commences the foreclosure process by supposedly assigning the security instruments to a Trustee. At best, the Trustee is in possession of blank security instruments at the time the Notice Of Default is recorded while the still unidentified holder of the real Note remains obscured.

In a foreclosure situation whereby MERS is the claimed beneficiary and the true beneficiary obtains the Trustee's Deed affecting a credit sale back to the lender, MERS schemes to avoid the transfer tax of the transaction. Furthermore, in non-judicial states, MERS admits to merely holding title as nominee for the true beneficiary. Here is an exert from their on web site. *"Normally, where the name of the grantee under the Trustee's Deed Upon Sale is different than the name of the foreclosing entity, the Trustee's Deed Upon Sale states that the "Grantee was not the foreclosing beneficiary." This designation triggers the imposition of transfer taxes on the sale. It is important to note that in a MERS foreclosure sale, even where the property reverts, the name of the grantee will be different than the name of the entity foreclosing. Nonetheless, the Trustee's Deed Upon Sale should state that "The Grantee was the foreclosing beneficiary." This is because MERS merely holds title as nominee for the true beneficiary; **it is the true beneficiary that has actually foreclosed and acquired title"**.* By this admission, MERS has stated that they are not, and was not, the true beneficiary thereby nullifying the nomination pursuant to the Deed Of Trust.

Pursuant to the foregoing, in non-judicial foreclosure cases, the borrower is encouraged to demand that the foreclosing institutions provide prima fascia evidence that they are indeed the legal beneficiary, and legitimate owner of the Note with power of sale.

**COUNT SEVEN**

17

**Evidence previously entered by Michael J. Brosnahan and the Defendants themselves is *prima facie* evidence of Defendants criminal acts and as such prove conclusively Judge Frederick J Martone is ignoring State and Federal Laws to advocate for Defendants**

50.     Michael J. Brosnahan incorporates Paragraphs 1 through 49 as if fully set forth herein.

51.     Michael J. Brosnahan has submitted a plethora of unrebutted evidence proving conclusively Defendants are using their corporations to conceal their criminal activities against the State of Arizona and Michael J. Brosnahan; and Michael J. Brosnahan hereby resubmits all such evidence in this pleading, by this statement, as if fully set forth herein.

52.     Michael J. Brosnahan has submitted unrebutted statements and affidavits. The expert Charles J. Horner, ACFEI, CREB Chief Examiner and his Forensic Document that prove conclusively Defendants are committing crimes against the State of Arizona and Michael J. Brosnahan through their corporations.

53.     Judge Frederick J Martone has repeatedly chosen to ignore facts, evidence, affidavits, expert documents and the like and based his decision on false and unproven claims by Defendants and Defendants' counsel.

54.     Judge Frederick J Martone is attempting to: set new case law; overturn previous case law dating back almost 300 years (*See Keech v. Stanford (1726) and Carpenter v. Longan (1872)*); eviscerate Arizona Law; eviscerate Federal Law; eviscerate the Uniform Commercial Code; all to set precedents that can be used to deprive laymen and True owners of their real property in favor of banks, lawyers, and powerful corporations.

55.     Judge Frederick J Martone is blatantly ignoring his official duties and violating his Loyalty Oath of Office by allowing entities he has evidence is committing crimes against the State of Arizona to evade prosecution and thus allowing them to commit additional crimes against the State of Arizona.

56. Judge Frederick J Martone's Order does NOT conform to the record which is evidence: Judge Frederick J Martone did not read the record; or Judge Frederick J Martone has chosen to ignore the contents of the record to advocate for Defendants.

57. It is a functional impossibility to conclude a finding of fact and conclusion of law in favor of Defendants and against Michael J. Brosnahan in accordance with the record of this Court.

58. Judge Frederick J Martone has therefore mis-stated facts relevant to his own conduct in this case to benefit Defendants; or ignored evidence to harm Michael J. Brosnahan.

The Arizona Supreme Court (and others) has ruled that lenders must strictly comply with Deed of Trust statutes. Further the court has ruled that any Trustee's Sale which is held without complying with the notice requirements of statutes would be VOID.

> *See: Patton v. First Federal Savings and Loan Assoc. of Phoenix*
> *"sale void if Trustee sale did not comply w/ statutory requirements"*
> *See also: Ledesma v. Pioneer National Title Insurance Company*
> *"strict compliance on notice requirements"*
> *See also: Schaeffer v. Chapman 176 ARIZ .326, 861 P.2d 611 (1993)*
> *"30 day notice separate from 90 day"*

As stated in paragraph 22 of Deed of Trust: "Statement of Breach MUST be delivered 30 days prior."

> *See: Glad Tidings Church of America v. Hinkley*
> *"must strictly comply with requirements of a contract."*

**FOR THE FOREGOING REASONS,** and others, Judge Frederick J Martone should recues himself from this case forthwith; and report the criminal activities committed by Defendants to the proper authorities; and a judge that will not financially benefit from Defendants' success and/or criminal activities should be appointed by the Court to this case forthwith. **THEREFORE,** based upon the foregoing, and in the interest of justice and the public policy to prevent terrorist acts and other activities that may lead to

the destruction of this country economically, Plaintiff moves this Court to grant Plaintiff's Motion for an Order to Show Cause Hearing and a Temporary Injunction; **or in the alternative;** Injunctive Relief to bar all proceedings against Plaintiff and Plaintiff's real property until such a time as Defendants can comply with ALL Arizona laws pertaining to the issues at hand.

## **VERIFIED STATEMENT**

The undersigned Plaintiff, Michael J. Brosnahan, *pro per*, a man, and a civilian, hereinafter "Plaintiff", does solemnly declare and state as follows:

**1.** Plaintiff is competent to state the matters set forth herein.

**2.** Plaintiff has knowledge of the facts stated herein.

**3.** All the facts herein are true, correct and complete, not misleading, to the best of Plaintiffs knowledge and belief, and admissible as evidence, and if called upon as a witness, Plaintiff will testify to their veracity.

**NOTICE:** THIS DOCUMENT IS NOT INTENDED TO THREATEN, HARASS, HINDER OR OBSTRUCT ANY LAWFUL OPERATIONS. IT IS FOR THE PURPOSES OF OBTAINING LAWFUL REMEDY AS IS PROVIDED BY LAW.

DATED: the 20th day of September, in the year of Our Lord, 2010

BY: _____, agent
Michael J Brosnahan, *pro per*
Signed reserving all my rights at UCC 1-308

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above RECUSAL has been furnished by U.S. Mail on this 20th day of September, 2010 to:

ORIGINAL and a COPY of the foregoing Mailed

This 20th day of September, in the year of Our Lord, 2010,

To: The Clerk of the Court,

The Honorable Judge Frederick J Martone

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Clerk US district Court

401 W. Washington St

Phoenix, AZ. 85003-2118

True and correct copy of the above RECUSAL has been furnished by U.S. Mail on this

This 20th day of September, in the year of Our Lord, 2010 To:

**Gregory Bryan Iannelli**

Bryan Cave LLP

2 N Central Ave

Ste 2200

Phoenix, AZ 85004-4406

602-364-7053

Fax: 602-364-7070

Email: gregory.iannelli@bryancave.com

*ATTORNEY TO BE NOTICED*

**Robert W Shely**

Bryan Cave LLP

2 N Central Ave

Ste 2200

Phoenix, AZ 85004-4406

602-364-7000

Fax: 602-364-7070

Email: rwshely@bryancave.com

*ATTORNEY TO BE NOTICED* Attorneys for:

BANK OF AMERICABANK, FORMERLY COUNTRYWIDE BANK;

BAC HOME LOANS SERVICING LP;

RECONTRUST COMPANY;MERS;

BY: _____, agent

Michael J Brosnahan, *pro per*

Signed reserving all my rights at UCC 1-308

21

# Exhibit 24

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Michael J. Brosnahan,                 )    No. CV 10-8056-PCT-FJM
                                           )
10            Plaintiff,                    )    **ORDER**
                                           )
11   vs.                                    )
                                           )
12                                          )
     Bank of America et al,                 )
13                                          )
              Defendant.                    )
14                                          )
     _____)
15

16

17          The court has before it plaintiff's "Motion to Recuse" (doc. 30).  However, a review

18   of the docket indicates that final judgment entered on June 30, 2010, and post judgment

19   motions have been denied.  Our last order, dated August 26, 2010 (doc. 29), advised plaintiff

20   that further action in this case belongs in the Court of Appeals.  There is nothing further to be

21   done here.  Accordingly, plaintiff's Motion to Recuse is untimely under the relevant statutes.

22   It is therefore ORDERED DENYING the Motion to Recuse on grounds of mootness (doc.

23   30).

24          We note that plaintiff challenges the court's understanding of, and resolution of, a legal

25   issue.  The proper vehicle for that challenge is an appeal in the United States Court of

26   Appeals, not a post judgment motion to recuse in the trial court.  Thus, even if the Motion to

27   Recuse were not moot, it would necessarily have been denied.

28   / / /

We again urge plaintiff to seek the advice of counsel so that he can seek further judicial review in the proper way.

DATED this 23rd day of September, 2010.

*Frederick J. Martone*

Frederick J. Martone
United States District Judge

# Exhibit 25

CLOSED,STD

## U.S. District Court
## DISTRICT OF ARIZONA (Prescott Division)
## CIVIL DOCKET FOR CASE #: 3:09-cv-08224-JAT

Brosnahan v. JPMorgan Chase Bank et al          Date Filed: 12/14/2009
Assigned to: Judge James A Teilborg             Date Terminated: 10/25/2010
Related Case: 3:16-cv-08277-DLR                 Jury Demand: Plaintiff
Case in other court: Ninth Circuit, 10-17954    Nature of Suit: 290 Real Property: Other
Cause: 28:2201 Declaratory Judgment             Jurisdiction: Federal Question

**Plaintiff**

**Michael J Brosnahan**              represented by   **Michael J Brosnahan**
                                                      22 Hummingbird Cir.
                                                      Sedona, AZ 86336
                                                      928-300-6030
                                                      PRO SE

V.

**Defendant**

**JPMorgan Chase Bank**              represented by   **Daniel D Maynard**
*formerly known as*                                  Maynard Cronin Erickson Curran & Reiter
Washington Mutual Bank                               PLC
                                                     3200 N Central Ave., Ste. 1800
                                                     Phoenix, AZ 85012-2443
                                                     602-279-8500
                                                     Fax: 602-263-8185
                                                     Email: stanner@mmcec.com
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Douglas Cameron Erickson**
                                                     Maynard Cronin Erickson Curran & Reiter
                                                     PLC
                                                     3200 N Central Ave., Ste. 1800
                                                     Phoenix, AZ 85012-2443
                                                     602-279-8500
                                                     Fax: 602-263-8185
                                                     Email: derickson@mmcec.com
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**California Reconveyance Company**  represented by   **Daniel D Maynard**
                                                     (See above for address)

ATTORNEY TO BE NOTICED

**Douglas Cameron Erickson**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2009 | 1 | COMPLAINT. Filing fee received: $ 350.00, receipt number PHX091636, filed by Michael J Brosnahan.(AMB) (Entered: 12/15/2009) |
| 12/14/2009 | 2 | This case has been assigned to the Honorable James A. Teilborg. All future pleadings or documents should bear the correct case number: CV-09-8224-PCT-JAT. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (AMB) (Entered: 12/15/2009) |
| 12/14/2009 | 3 | Notice re Magistrate Judge consent form. (AMB) INCORRECT PDF DOCUMENT ATTACHED. THIS ENTRY HAS BEEN MODIFIED TO ATTACH THE CORRECT DOCUMENT. (ESL). (Entered: 12/15/2009) |
| 12/14/2009 | 5 | AFFIDAVIT of Michael J Brosnahan in Support of 1 Complaint for Declaratory and Injunctive Relief to Void Power of Sale by Plaintiff Michael J Brosnahan. (SAT) (Entered: 12/15/2009) |
| 12/15/2009 | 4 | STANDARD TRACK ORDER. Signed by Judge James A Teilborg on 12/15/09. (Copy mailed to pro se plaintiff Michael J. Brosnahan on 12/15/09 by T. Bengtson) (TLB, ) (Entered: 12/15/2009) |
| 12/16/2009 | 6 | NOTICE OF CORRECTION BY THE CLERK re 3 Notice re Magistrate Judge Consent form. Description of deficiency: Incorrect pdf document attached. Follow up by Clerks Office: Incorrect pdf document added to entry #3. The correct document is also attached to this entry for viewing. Court use only: AMB. (ESL) (Entered: 12/16/2009) |
| 12/17/2009 |  | Summons Issued as to California Reconveyance Company, JPMorgan Chase Bank. SUMMONS ISSUED AND MAILED TO PLAINTIFF. NO PDF ATTACHED. (MHA) (Entered: 12/17/2009) |
| 12/18/2009 | 7 | ORDER (TEXT-ONLY) - The Court notes that in the verified complaint, Plaintiff seeks "Emergency Declaratory and Injunctive Relief, to Void Power of Sale" and other types of injunctive relief. The Court does not see in this record that a motion for Temporary Restraining Order or a Motion for Preliminary Injunction (see Federal Rule of Civil Procedure 65) is pending. Therefore, IT IS ORDERED that the Court will take no action on this request until a motion seeking immediate injunctive relief is filed. Entered by Judge James A Teilborg on 12/18/09. (Copy mailed to pro se plaintiff M. Brosnahan on 12/18/09 by T. Bengtson). This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (TLB, ) (Entered: 12/18/2009) |
| 12/24/2009 | 8 | MOTION for Preliminary Injunction by Michael J Brosnahan. (TLJ) (Entered: 12/28/2009) |

| | | |
|---|---|---|
| 12/29/2009 | 9 | SUMMONS Returned Executed by Michael J Brosnahan. JPMorgan Chase Bank served on 12/21/2009. (TLJ) (Entered: 12/30/2009) |
| 12/29/2009 | 10 | SUMMONS Returned Executed by Michael J Brosnahan. California Reconveyance Company served on 12/21/2009. (TLJ) (Entered: 12/30/2009) |
| 01/15/2010 | 11 | MOTION to Dismiss Case *and Response in Opposition to Injunctive Relief* by California Reconveyance Company, JPMorgan Chase Bank. (Attachments: # 1 Exhibit) (Erickson, Douglas) (Entered: 01/15/2010) |
| 01/19/2010 | 12 | Corporate Disclosure Statement by California Reconveyance Company. (Erickson, Douglas) (Entered: 01/19/2010) |
| 01/19/2010 | 13 | Corporate Disclosure Statement by JPMorgan Chase Bank. (Erickson, Douglas) (Entered: 01/19/2010) |
| 02/01/2010 | 14 | Notice of service (affidavit of mailing) of documents by Michael J Brosnahan (DMT) (Entered: 02/02/2010) |
| 02/02/2010 | 15 | AFFIDAVIT of Michael Brosnahan of non receipt of notice for re 11 MOTION to Dismiss Case *and Response in Opposition to Injunctive Relief* by Plaintiff Michael J Brosnahan. (DMT) (Entered: 02/05/2010) |
| 02/17/2010 | 16 | MOTION to Quash All Defendant's Motions, Pleadings, Etc. and MOTION for Summary Judgment for Defendant's and Defendant's Attorneys Failure to Appear by Michael J Brosnahan. (DTN) (Entered: 02/18/2010) |
| 03/08/2010 | 17 | RESPONSE in Opposition re 16 MOTION to Quash All Defendant's Motions, Pleadings, Etc. MOTION for Summary Judgment filed by California Reconveyance Company, JPMorgan Chase Bank. (Attachments: # 1 Exhibit)(Erickson, Douglas) (Entered: 03/08/2010) |
| 03/17/2010 | 18 | ORDER (TEXT-ONLY) - IT IS ORDERED setting motion hearing on Plaintiff's motion for preliminary injunction (Doc. #8) and Defendants' motion to dismiss (Doc. #11) for Monday, May 24, 2010 at 10:00 a.m. before Judge James A. Teilborg, in PHOENIX, ARIZONA (401 W. Washington St., Courtroom 503, Phoenix, AZ). IT IS FURTHER ORDERED that Plaintiff shall come to the hearing prepared to present any evidence he wishes to present in support of his motion for preliminary injunction. IT IS FURTHER ORDERED that the parties shall prepare and bring to oral argument a table of authorities in alphabetical order listing on the authorities on which they will rely at oral argument. Entered by Judge James A Teilborg on 3/17/2010. (Copy mailed to pro se plaintiff M. Brosnahan on 3/17/2010 by T. Bengtson). This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (TLB) (Entered: 03/17/2010) |
| 03/25/2010 | 19 | MOTION to Sanction Defendant(s) and Defendant(s)'s Attorney(s) and Firm(s) Pursuant to F.R.C.P. Rule 11c by Michael J Brosnahan. (SAT) (Entered: 03/26/2010) |
| 03/25/2010 | 20 | AFFIDAVIT of Mailing Receipt for Notice: 19 MOTION to Sanction Defendant(s) and Defendant(s)'s Attorney(s) and Firm(s) Pursuant to F.R.C.P. Rule 11c by Plaintiff Michael J Brosnahan. (SAT) (Entered: 03/26/2010) |

| 03/30/2010 | 21 | AFFIDAVIT of mailing of Michael Brosnahan re Affidavit of Mailing; Affidavit of Mailing Receipt for Notice:Motion for Sanction and 19 MOTION for Sanctions against Defendant(s) and Defendant(s)'s Attorney(s) and Firm(s) Pursuant to F.R.C.P. Rule 11c by Plaintiff Michael J Brosnahan. (DMT) (Entered: 03/31/2010) |
|---|---|---|
| 04/12/2010 | 22 | RESPONSE in Opposition re 19 MOTION for Sanctions against Defendant(s) and Defendant(s)'s Attorney(s) and Firm(s) Pursuant to F.R.C.P. Rule 11c filed by California Reconveyance Company, JPMorgan Chase Bank. (Erickson, Douglas) (Entered: 04/12/2010) |
| 05/20/2010 | 23 | MOTION (Application) for an Emergency Temporary Restraining Order to Stay the Sale of Real Property, MOTION to Compel this Court and Defendants to Adhere to Arizona Revised Statutes Pursuant to Eerie Doctrine by Michael J Brosnahan. (SAT) (Entered: 05/20/2010) |
| 05/20/2010 | 25 | AFFIDAVIT of Plaintiff Michael J Brosnahan. (SAT) (Entered: 05/21/2010) |
| 05/21/2010 | 24 | ORDER (TEXT-ONLY) - IT IS ORDERED setting oral argument on 23 Plaintiff's Motion/Application for Temporary Restraining Order, Stay Sale of Real Property, Motion to Compel this Court and Defendants to Adhere to Arizona Revised Statutes Pursuant to Eerie Doctrine for Monday, 5/24/2010 at 10:00 AM in Courtroom 503, 401 West Washington Street, Phoenix, AZ 85003 before Judge James A Teilborg. Entered by Judge James A Teilborg on 5/21/2010. (copy mailed to pro se plaintiff and notice by telephone on 5/21/2010 by T. Bengtson). This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (TLB) (Entered: 05/21/2010) |
| 05/24/2010 | 26 | Minute Entry - Proceedings held before Judge James A Teilborg on 5/24/2010. Motion hearing held. Oral argument re: 8 Motion for Preliminary Injunction, 11 Motion to Dismiss Case, 16 Motion to Quash all Defendant's Motions, Pleadings and Motion for Summary Judgment, 19 Motion for Sanctions and 23 Motion for TRO/Motion to Compel. ORDERED taking the above motions under advisement. Any oral motions made at the hearing are denied. (Copy mailed to pro se plaintiff M. Brosnahan on 5/24/2010 by T. Bengtson).(Court Reporter David German.)(TLB) (Entered: 05/24/2010) |
| 05/24/2010 | 31 | Minute Entry (Amended) - of proceedings held before Judge James A Teilborg on 5/24/2010 - Amending the Motion Hearing Minutes of 5/24/2010 to reflect appearances of plaintiff and counsel in person, not telephonic. (see Order at docket #30 granting motion to correct official court record.) (Copy mailed to pro se plaintiff M. Brosnahan on 5/27/10 by T. Bengtson)(Court Reporter David German.)(TLB) (Entered: 05/27/2010) |
| 05/26/2010 | 27 | ORDER granting Dfts' 11 Motion to Dismiss. Pla shall have 20 days from the date of this Order to file an Amended Complaint that complies with Rule 8. If Pla does not file an Amended Complaint within 20 days of the date of this Order, the Clerk of the Court shall dismiss this case without further notice to Pla; denying Pla's 16 Motion to Quash and 19 Motion for Sanctions; denying Pla's 8 Motion for Preliminary Injunction and 23 Motion for Temporary Restraining Order. Pla cannot file another Motion for a Temporary Restraining Order if and until he has filed an Amended Complaint; denying as moot Pla's 16 Motion for Summary Judgment. Signed by Judge James A Teilborg on |

| | | |
|---|---|---|
| | | 05/26/10. (NOTE: see attached pdf for complete details) (ESL) (Entered: 05/26/2010) |
| 05/26/2010 | 28 | TRANSCRIPT DESIGNATION AND ORDER FORM by Michael J Brosnahan for proceedings held on 5/24/2010 before Judge James A Teilborg. (BAS) (Entered: 05/26/2010) |
| 05/26/2010 | 29 | MOTION to Correct the Official Court Record and RESPONSE To Defendant's 11 MOTION to Dismiss by Michael J Brosnahan (ESL) (Entered: 05/27/2010) |
| 05/27/2010 | 30 | ORDER - granting 29 Motion to Correct Official Court Record (to reflect party and counsel appearances at 5/24/2010 hearing were in person, not telephonic). The remainder of the minutes remain the same. Amended minutes to follow. Entered by Judge James A Teilborg on 5/27/2010. (Copy mailed to pro se plaintiff M. Brosnahan on 5/27/10 by T. Bengtson). This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (TLB) (Entered: 05/27/2010) |
| 06/03/2010 | 32 | TRANSCRIPT of Proceedings re: Motion Hearing held on 05/24/2010 before Judge James A Teilborg. Court Reporter: David C German. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/24/2010. Redacted Transcript Deadline set for 7/6/2010. Release of Transcript Restriction set for 9/1/2010. (BAS) (Entered: 06/03/2010) |
| 06/15/2010 | 33 | AMENDED COMPLAINT against California Reconveyance Company, JPMorgan Chase Bankand Judicial Notice filed by Michael J Brosnahan.(TLJ) (Entered: 06/16/2010) |
| 06/15/2010 | 34 | MOTION to Compel Court and Defendants to Adhere to ERIE Doctrine by Michael J Brosnahan. (same pdf as document #33) (TLJ) (Entered: 06/16/2010) |
| 07/01/2010 | 35 | MOTION to Dismiss Case *Dismiss Amended Complaint* by California Reconveyance Company, JPMorgan Chase Bank. (Erickson, Douglas) (Entered: 07/01/2010) |
| 07/15/2010 | 36 | RESPONSE (styled as reply) to Motion re 35 MOTION to Dismiss Case *Dismiss Amended Complaint* filed by Michael J Brosnahan. (DMT) (Entered: 07/16/2010) |
| 07/20/2010 | 37 | REPLY in Support re 35 MOTION to Dismiss Case *Dismiss Amended Complaint* filed by California Reconveyance Company, JPMorgan Chase Bank. (Erickson, Douglas) (Entered: 07/20/2010) |
| 08/03/2010 | 38 | RESPONSE to Motion re 35 MOTION to Dismiss Case *Dismiss Amended Complaint* filed by Michael J Brosnahan. (KMG) (Entered: 08/04/2010) |
| 08/06/2010 | 39 | MOTION to Compel Defendants' Attorneys to Submit an Affidavit to this Court by Michael J Brosnahan. (ESL) (Entered: 08/09/2010) |
| 08/20/2010 | 40 | MOTION to Stay all Non-Judicial Proceedings by Michael J Brosnahan. (ESL) (Entered: 08/23/2010) |
| 08/23/2010 | 41 | RESPONSE in Opposition re 39 MOTION to Compel Defendants' Attorneys to Submit an Affidavit to this Court filed by California Reconveyance Company, JPMorgan Chase Bank. (Erickson, Douglas) (Entered: 08/23/2010) |

| 08/23/2010 | 42 | RESPONSE in Opposition re 40 MOTION to Stay filed by California Reconveyance Company, JPMorgan Chase Bank. (Erickson, Douglas) (Entered: 08/23/2010) |
| 08/23/2010 | 43 | MOTION to Strike 38 Response to Motion by California Reconveyance Company, JPMorgan Chase Bank. (Erickson, Douglas) *CORRECTION: document linkage.* Modified on 8/24/2010 (ESL). (Entered: 08/23/2010) |
| 09/08/2010 | 44 | Minute Order - ORDERED setting oral argument on the following pending motions for 10/14/2010 at 11:30 AM, in Courtroom 503, 401 W. Washington Street, Phoenix, Arizona, before Judge James A. Teilborg: 35 Motion to Dismiss Case *Dismiss Amended Complaint*, 34 Motion to Compel Court and Defendants to Adhere to ERIE Doctrine, 43 Motion to Strike Response to Motion, 39 Motion to Compel Defendants' Attorneys to Submit an Affidavit to this Court and 40 Motion to Stay. To assist the court reporter, parties to bring table of authorities to the hearing. (Copy mailed to pro se plaintiff M. Brosnahan on 9/8/2010 by T. Bengtson).(TLB) (Entered: 09/08/2010) |
| 09/09/2010 | 45 | MOTION to Continue Oral Argument by California Reconveyance Company, JPMorgan Chase Bank. (Attachments: # 1 Text of Proposed Order)(Erickson, Douglas) (Entered: 09/09/2010) |
| 09/14/2010 | 46 | ORDER granting 45 Motion to Continue Oral Argument scheduled for 10/14/10. Resetting the oral argument to October 21, 2010 at 11:30 a.m. Signed by Judge James A Teilborg on 9/14/10.(DMT) (Entered: 09/14/2010) |
| 09/15/2010 | 47 | NOTICE re Change of Firm Name by California Reconveyance Company, JPMorgan Chase Bank. (Erickson, Douglas) (Entered: 09/15/2010) |
| 09/30/2010 | 48 | MOTION to sequester the genuine original adjustable rate note until final adjudication of this matter by Michael J Brosnahan. (DMT) (Entered: 10/01/2010) |
| 10/04/2010 | 49 | RESPONSE in Opposition re 48 MOTION to sequester filed by California Reconveyance Company, JPMorgan Chase Bank. (Erickson, Douglas) (Entered: 10/04/2010) |
| 10/15/2010 | 50 | MOTION for More Court Time by Michael J Brosnahan. (Attachments: # 1 Exhibit 1 and 2 (part 1), # 2 Exhibit 2 (part 2), # 3 Exhibit 2 (part 3))(ESL) (Entered: 10/15/2010) |
| 10/18/2010 | 51 | ORDER denying Plaintiff's 50 Motion for More Court Time. Signed by Judge James A Teilborg on 10/18/10.(ESL) (Entered: 10/18/2010) |
| 10/20/2010 | 52 | NOTICE of Consumer Complaint form and Affidavit of Cynthia J. Cantrell by Michael J Brosnahan. (ESL) (Entered: 10/20/2010) |
| 10/21/2010 | 53 | Minute Entry - Proceedings held before Judge James A Teilborg on 10/21/2010. Motion Hearing held re 34 Motion to Compel, 35 Motion to Dismiss, 39 Motion to Compel, 40 Motion to Stay and 43 Motion to Strike. Oral argument. ORDERED taking the motions under advisement. (Copy mailed to pro se plaintiff M. Brosnahan on 10/21/2010 by T. Bengtson) (Court Reporter David German.) (Court Reporter David German.)(TLB) (Entered: 10/21/2010) |
| 10/25/2010 | 54 | ORDER granting with prejudice 35 Defendants' Motion to Dismiss. IT IS FURTHER ORDERED denying 34 Plaintiff's Motion to Compel Court and Defendants to Adhere |

| | | |
|---|---|---|
| | | to ERIE Doctrine; denying 39 Motion to Compel Defendants' Attorneys to Submit an Affidavit; denying 40 Motion for Stay of all Non-Judicial Proceedings; denying 43 Defendants' Motion to Strike and denying 48 Plaintiff's Motion to Sequester the Genuine Original Adjustable Rate Note. Signed by Judge James A Teilborg on 10/25/10.(LSP) (Entered: 10/25/2010) |
| 10/25/2010 | 55 | CLERK'S JUDGMENT it is ordered and adjudged that pursuant to the Court's order filed October 25, 2010, judgment is entered in favor of defendants and against plaintiff. Plaintiff to take nothing, and complaint and action are dismissed. (LSP) (Entered: 10/25/2010) |
| 11/05/2010 | 56 | MOTION to Vacate: All Orders, Decisions, Rulings, and the Like for Purposeful Judicial Inpropriety; Judicial Bias; and Judicial Misconduct for Pecuniary Gain and MOTION to Recuse by Michael J Brosnahan. (Attachments: # 1 Exhibit B)(MAP) (Entered: 11/08/2010) |
| 11/05/2010 | 57 | Sealed Exhibit A (re 56 ) filed by Michael J Brosnahan. (MAP) (Entered: 11/08/2010) |
| 11/08/2010 | 58 | ORDER that the Clerk of the Court shall file the 56 Motion in the public record, but shall file the financial disclosures as a separate docket entry under seal. This Order shall not be sealed. Signed by Judge James A Teilborg on 11/8/10. (MAP) (Entered: 11/08/2010) |
| 11/12/2010 | 59 | MOTION to Strike 56 MOTION to Vacate MOTION for Recusal by California Reconveyance Company, JPMorgan Chase Bank. (Erickson, Douglas) (Entered: 11/12/2010) |
| 11/16/2010 | 60 | ORDER denying 56 Plaintiff's Motion to Vacate ; denying 56 Plaintiff's Motion for Recusal. Signed by Judge James A Teilborg on 11/16/10.(TLJ) (Entered: 11/16/2010) |
| 11/29/2010 | 61 | RESPONSE in Opposition re 59 MOTION to Strike 56 MOTION to Vacate MOTION for Recusal filed by Michael J Brosnahan. (TLJ) (Entered: 11/30/2010) |
| 12/01/2010 | 62 | ORDER (TEXT-ONLY) - The Court having denied Motion to Vacate on 11/16/2010 (Doc. 60), ORDERED terminating 59 Motion to Strike the Motion to Vacate per this Order. Entered by Judge James A Teilborg on 12/1/2010. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (TLB) (Entered: 12/01/2010) |
| 12/30/2010 | 63 | NOTICE OF APPEAL to 9th Circuit, as to 60 Order on Motion to Vacate, Order on Motion for Recusal, 62 Order on Motion to Strike by Michael J Brosnahan. (SAT) (Entered: 12/30/2010) |
| 12/30/2010 | 64 | MOTION to Allow Electronic Filing by a Party Appearing Without an Attorney by Michael J Brosnahan. (SAT) (Entered: 12/30/2010) |
| 12/30/2010 | 65 | USCA Appeal Fees received $ 455 receipt number PHX104954 re 63 Notice of Appeal filed by Michael J Brosnahan (SAT) (Entered: 12/30/2010) |
| 01/03/2011 | 66 | Ninth Circuit Case Number 10-17954 for 63 Notice of Appeal. (KMG) (Entered: 01/03/2011) |

| 01/11/2011 | 67 | TRANSCRIPT REQUEST by Michael J Brosnahan for proceedings held on 10/21/2010 before Judge James A Teilborg, (BAS) (Entered: 01/19/2011) |
|---|---|---|
| 01/19/2011 | 68 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT for Motion Hearing on 10/21/2010, before Judge James A Teilborg, re 63 Notice of Appeal Court Reporter David C German. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/9/2011. Redacted Transcript Deadline set for 2/22/2011. Release of Transcript Restriction set for 4/19/2011. (BAS) (Entered: 01/19/2011) |
| 01/19/2011 | 69 | CERTIFICATE OF RECORD TRANSMITTED TO 9TH CIRCUIT COURT OF APPEALS re 63 Notice of Appeal. (BAS) (Entered: 01/19/2011) |
| 01/19/2011 | 70 | ORDER (TEXT-ONLY) - IT IS ORDERED that because this case is closed, Plaintiff's motion to allow electronic filing by a party appearing without an attorney (Doc. 64) is DENIED. Entered by Judge James A Teilborg on 1/19/2011. (Copy mailed to pro se plaintiff M. Brosnahan on 1/19/2011). This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (TLB) (Entered: 01/19/2011) |
| 01/26/2011 | 71 | TRANSCRIPT REQUEST - Designation only - by Michael J Brosnahan for proceedings held on 05/24/2010 and 10/21/2010 before Judge James A Teilborg (BAS) (Entered: 01/28/2011) |
| 01/28/2011 | 72 | AMENDED CERTIFICATE OF RECORD TRANSMITTED TO 9TH CIRCUIT COURT OF APPEALS re 63 Notice of Appeal. (BAS) (Entered: 01/28/2011) |
| 03/02/2011 | 73 | MANDATE of USCA re 10-17954 dismissing the appeal as to 63 Notice of Appeal filed by Michael J Brosnahan. (Attachments: # 1 Order, # 2 NDA). (LSP) (Entered: 03/02/2011) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 02/08/2017 11:25:26 | | |
| PACER Login: | Bb0049phx:2510231:0 | Client Code: | 070329.0430 |
| Description: | Docket Report | Search Criteria: | 3:09-cv-08224-JAT |
| Billable Pages: | 6 | Cost: | 0.60 |