Michael J Brosnahan
21 Hummingbird Circle
Sedona Az. 86336
mtk63@hotmail.com
(928) 300-6030

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

Real Party In Interest:
MICHAEL J BROSNAHAN
Consumer Claimant
                Plaintiff,

v.

CALIBER HOME LOANS, INC., et al.
AND/OR Real Party(s) In Interest:
                Defendants.

No. CV-16-08277-PCT-DLR

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

(Honorable Douglas L. Rayes)

Plaintiff Michael J Brosnahan, natural person,"Consumer" as defined by 15 USC 1692a(3)(4), and Principal, exercising his private right of action 15 U.S.C. § 1692k, not waiving any rights, without prejudice, **Enforcement action Fair Debt Collection Practices Act 15 U.S.C. § 1692 Federal Question 28 U.S.C. § 1331;** Consumer/Principal/Plaintiff hereby incorporates by reference all facts set forth in Plaintiff's Complaint, First Amended Complaint ("FAC") and Plaintiff's Response, including all defined terms contained therein. On and for the record and for my appeal if necessary, Consumer hereby respectfully submits his Response to Defendants' Motion to Dismiss and states as follows:

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

It is difficult to comprehend the basis of Defendant's Motion to Dismiss, it is an avalanche of paperwork (243 pages) filled with legalese, terms no laymen will understand and used words that have different meanings in law than in the layman sense, ONLY the

laymen meaning of the words should be used with the Consumer. The unfair advantage for Defendants is obvious in that condition alone. A Consumer layman is NOT required to know legal definitions. Plain Writing Act of 2010.

Defendants motion appears to have been filed in bad faith in an attempt to Prejudice the court against the Consumer's legitimate claim. Plaintiff objects, Consumer's prior cases are irrelevant and have no bearing on the Federal Question 28 U.S.C. § 1331 before the court and are inadmissible. Plaintiff asks that any and ALL references to prior cases be sealed and stricken from the record "Exhibits 15 - 25" as to not bias the Case and sanction Defendants' counsel accordingly. 28 U.S. Code § 2072. Additionally, Plaintiff objects to all "Exhibits 1 - 14" that are "Unofficial Copies" are inadmissible in this Federal Court Case pursuant to Federal Rules of Evidence Rule 1002. Requirement of the Original. Court must have "Exhibits 1 - 14" sealed and stricken from the record.

Defendants' counsel knows or should have known that the prior trustee sale documents are false and forged documents as disclosed in our pre-trial meeting on December 27, 2016 and a letter to Caliber dated June 27,2016. Federal Rule of Civil Procedure 12 (f) MOTION TO STRIKE. "*The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:(1) on its own;...*"

Plaintiff again hereby questions the authenticity and/or authority of all signatures by any and all parties. Plaintiff hereby questions the authenticity and/or authority of all documents, agreements, contracts, notes, and/or the like by any and all parties.

The notary(s) signing documents for Defendants' *ens legis* are actually employees of Defendants' corporations and have unlawfully notarized documents for their employers without firsthand knowledge and are hearsay.  All documents notarized by employees are void ab intio and may only be considered by this Court as evidences of their crimes and NEVER as valid documents. The Court should not tolerate an utterly frivolous motion such as this by a party who does not wish to have its unlawful and illegal activities exposed.

Plaintiff categorically denies any and all allegations, assumptions, and presumptions in the defendants baseless and frivolous "motion to dismiss".

## JUDICIAL NOTICE

**28 U.S. Code § 2072 - Rules of procedure and evidence; power to prescribe**

**Fair Debt Collection Practices Act 15 U.S.C. § 1692**

**Federal Question 28 U.S.C. § 1331**

**Truth in Lending Act (TILA) 15 U.S.C. § 1601** *et seq*

**Helping Families Save Their Homes Act of 2009**

**Public Law 111 - 274 - Plain Writing Act of 2010**

**FTC 16 C.F.R. § 433, ("Holder" Rule)**
**SCOTUS unanimous decision** January 13, 2015 *Jesinoski v. Countrywide Home Loans, Inc., 2015 WL 144681*.

Plaintiff respectfully requests the Court take notice of the well-pleaded allegations of the Consumer Plaintiff's complaint, which this Court in the initial hearing said several times was *"...a very well written complaint"* as well as the First Amended Complaint and must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

## I. STATEMENT OF FACTS

1. At all relevant times, Defendants Caliber Home Loans Inc., LSF9 Master Participation Trust, and Summit Services and Realty LLC (collectively "Defendants") and its agents are in fact a "Debt Collector" as defined under the FDCPA. 15 U.S.C. § 1692a(6). Defendants have acted and continue to act recklessly or knowingly and commit the acts, cause or direct others to commit the acts, or permit others to commit the acts alleged in this matter. Any allegations about the acts of the Corporations means those acts were committed through their officers, directors, employees, agents, and/or representatives while those individuals were acting within the actual or implied scope of their authority.

Consumer has received numerous unsolicited correspondences in violation of 15 USC § 1692c(a), from Defendants clearly stating they are a "debt collector" as required by the FDCPA yet now allege they are not "debt collector" before this Court. *See*: Wilson v. Draper & Goldberg, P.L.L.C., 2006 U.S. App. LEXIS 8243 (4th Cir. April 5, 2006) the court dismissed Draper's argument that it was a debt collector only under certain provisions of the Act, concluding that once a party meets the statutory definition of debt collector, it is subject to the Act in its entirety.

This matter arises out of Defendants' unlawful communication to the Consumer pursuant to 15 USC§1692c(a) and the commencement of a non-judicial foreclosure proceeding against Consumer absent the required documentation pursuant to 15 U.S.C. §1692e(2) §1692f 6(a) and in lieu of said documentation, Defendants used perjurious statements and claim to conceal the Facts that neither Defendant nor Defendant's *ens legis* has no Legal and/or Lawful Right to commence the non-judicial foreclosure proceeding.

Defendants also now allege they are above, and not subject to, contact law. The Deed of Trust is explicit in paragraph 22 that: *"Acceleration; Remedies.* **Lender shall give notice** *to Borrower* **prior to acceleration** *following Borrower's* **breach of any covenant or agreement in this Security"** *Instrument (emphasis added)* Defendants failed to meet Conditions Precedent pursuant to DOT. *See*: Conditions Precedent Not Met - 2011 CA US District Court - Paik v Wells Fargo.

It is disingenuous of Defendant's counsel to state *"...it does not appear that a trustee's sale of the property was conducted at that time. Neither the FAC nor the documents in the public record explain why the trustee's sale did not occur in late 2010 or soon thereafter..."* when the history of the many irregularities and of false and forged documents were disclosed by Consumer in good faith to **Defendant's Lead Counsel in our pre-trial meeting on December 27, 2016** and also disclosed in a letter to Caliber dated June 27, 2016.

Consumer again Documented this fact in "FAC"; Page 13, *13) On November 12,*

1  *2016, Consumer filed complaint with the CFPA over debt collectors abusive behavior. See*
2  *Case number 161112-000216.... CFPA in part:* **"In addition to the above irregularities,**
3  **the original August, 06, 2009 Trustee Sale Document** *was proven to be a "robo-signed"*
4  *document that was created in an attempt to steal the Consumer's property. The Texas*
5  *Secretary of State responded to Mr. Brosnahan's notary complaint on February, 08, 2012*
6  *case number: INPC 22531, by immediately Suspending Christopher Williams Recon Trust*
7  *employee and Notary, for not complying with Texas Law Code & 406.014 and failing to*
8  *log the details of the Trustee Sale Document properly. Mr. Brosnahan, Consumer, also*
9  *believes Recon Trust Company breached their fiduciary obligation as the alleged Trustee*
10 *and ignored due diligence to the Trustor by not acting in a fair and unbiased manner to*
11 *disclose to both parties when this material fact was discovered by the Texas Secretary of*
12 *State."*

13  Also See page 9 of FAC: 6) : "On August 05, 2016, *45-days later, Consumer*
14 *received a communication from Debt Collector that was nonresponsive and refused to*
15 *acknowledged any of the consumers legitimate concerns even though they were*
16 *previously informed:* " CALIBER HOME LOANS and its agents must accept the full
17 "Moral Hazard" of their continued willful ignorance and their actions that continue to
18 purposefully obfuscating facts and laws. CALIBER HOME LOANS and its agents can no
19 longer claim "plausible deniability". CALIBER HOME LOANS and its agents cannot
20 expect to legally collect on an alleged Loan/Debt it allegedly claims originated on May
21 25, 2006 and simultaneously turns a blind eye as to the fraudulent nature of the
22 origination, accounting irregularities, statutory violations and false and forged
23 documents that it is maliciously using in an attempt to steal Consumer unique real
24 property."

25  The legitimacy of the Assignments is very much in question. 28 U.S. Code § 2072
26 and Federal Rules of Evidence Rule 1002. Requirement of the Original

27  Defendants allege there is a clear chain of title. Quite frankly, it is clear the alleged
28 Assignments were not executed correctly in the ordinary course of business, as required

by law and defendants clouded the title in an attempt to "push through" this unlawful mortgage foreclosure. The exhibits are "hearsay" and inadmissible as evidence in this Court. The veracity of accounting and the Affidavit by now is in question. Defendants and its agents continue to trespass and harass Consumer.

**Fact: Broken chain of title**

Defendants breached their fiduciary duty and ignored their Due diligences: **Ocwen letter to Consumer: January 13, 2014:** "*The entity that currently owns the loan and holds the Note is Deutsche Bank National Trust Company, as Trustee for Bank of America, National Association, NC1-026-05-66 900 West Trade Street Attn: Investor Inquiries, Charlotte, NC 28255.*" never recorded properly. Defendants are attempting to mislead the Consumer and the Court. There is no clear chain of title, Defendants have no standing and are unable to enforce, therefore are nothing more than a "debt collector" as defined in FDCPA.

Pursuant to F.R.Civ.P. Rule 8(b)(6) and/or all allegations and/or claims made by Plaintiff MUST be accepted as true by this Court unless said allegations and/or claims are rebutted with a preponderance of the evidence by Defendant. Any and all such avowries and/or averments presented by Defendant must be done under penalty of perjury.

ALL of Defendant's counsel's pleadings, motions, Judicial Notice, tainted documents and/or the like MUST be stricken from this Court's record.

**II. STANDARD OF REVIEW**

2. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. At 555. "[W]e do not require heightened fact pleading

of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

3. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". Friends of Lake View School District v. Beebe, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. Id. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". Ashcroft v. Iqbql, 129 W.Ct. 1937, 1950 (2009).

4. Well-pleaded allegations of fact and every inference fairly deducible there from are accepted as true for purposes of a motion to dismiss. *See*: *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

### III. ARGUMENTS AND AUTHORITIES

5. "When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

**A. THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.**

6. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997): see also *Irwin v. Mascott*,

112 F. Supp. 2d 937 (N.D. Cal. 2000): Pittman v. J.J. *Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30, 33-34 (2nd Cir. 1996).

**B. THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER.**

7. The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002). Also See SCOTUS (TILA) unanimous decision January 13, 2015 *Jesinoski v. Countrywide Home Loans, Inc., 2015 WL 144681.*

It is unclear why Defendants allege in their motion that they do not have to strictly follow the FDCA and TILA laws as it applies to them, and instead chose to ignore Congress and SCOTUS in this matter.

**C. THE FDCPA BROADLEY PROHIBITS UNFAIR OR UNSCONSIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPRESSES OR ABUSES ANY CONSUMER, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.**

8. The Fair Debt Collection Practices Act. ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debt by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provided for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by Consumers, and forbid deceitful and misleading practices, both generally

and in a specific list of disapproved practices, and prohibit harassing and abusive tactics both generally and in a specific list of disapproved practices.

9. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b). It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

10. Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply it was designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any consumer, and any false deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

11. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. See Pacific Concrete F.C.U. v. Kauanoe, 62 Haw. 334, 614 P. 936 (1980), GE Capital Hawaii, Inc. v. Yonenaka 25 P. 3d 807, 96, Hawaii 32, (Hawaii App 2001), Fooks v. Norwich Housing Authority 28 Conn. L. Rptr. 371, (Conn. Super. 2000), Town of Brookfield v. Candlewood Shores Estates, Inc. 513 A. 2d 1218, 201 Conn. I (1986), and Solon V. Godbole, 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987). The Defendants never complied with Plaintiff's Consumer demands for validation of the alleged debt they were attempting to collect yet continued their collection activities. A debt collector verifies a debt by providing information that is responsive to the consumer's request. See H.R. Rep. No 31, 95th Cong., 1st Sess. 5 1977. At NO time did DEFENDANTS begin to attempt to properly validate the alleged debt as demanded by Plaintiff.

12. As previously mentioned, the FDCPA is a strict liability statute and "Because the Act imposes strict liability, a Consumer need not show intentional conduct by the debt collector to be entitled to damages". The argument of no duty to send a verification letter fails in light of the fact that Defendants did NOT provide validation of the alleged debt nor did the Defendants up until the time this action was filed.

13. The arguments made that Plaintiff has not provided all evidence material to the allegations made in the complaint is ridiculous. Such evidence is to be presented at trial and is not required to be annexed to the Original Complaint. Plaintiff again states "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," [emphasis added] in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." [emphasis added] *Id.* At 555.

"[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." [emphasis added] *Id.* At 570.

14. Defendants' argument that they did not violate 15 U.S.C. § 1692d or § 1692f is erroneous and without merit. Defendants initiated a non judicial foreclosure against Plaintiff in an attempt to "collect a debt" from Consumer without providing validation of Debt after a demand was made by Plaintiff to Defendants and no validation of the alleged debt was provided to the Consumer in accordance of the law.

15. The fact that Defendants made a faulty presumption and violated 15 U.S.C. § 1692 does not excuse them from liability under a bona fide error defense as stated in Jerman v. Carlise, NcNellie, Rini, Dramer & Ulrich, L.P.A. 538 F.3d 469,471 (6th Cir. 2008).

16. The audacity of the Defendants argument that Consumer Claim is allegedly a "*spurious lawsuit*" is frivolous. The veracity of the Consumer Claim has been legitimized over the years as Countrywide, Bank of America, Deutsche Bank, and Ocwen all have multimillion dollar consent orders and Judgments against them and Second Superseding Federal Indictment, for Wilmington Trust, in addition the New York Attorney General opened an investigation into Caliber Home Loans Inc. for their abusive practices.

   Plaintiff has made detailed allegations with particularity that the Defendants have used written representations of exaggeration and falsehood, which is precisely what is required for an action to be brought under FDCPA, TILA and other consumer protection laws.

17. Plaintiff has also shown that Defendants have violated FDCPA by their willful failure to state a material fact, or the willful concealment of a material fact in their commencement of a non judicial foreclosure against the Plaintiff. The intent of the Defendants actions was that the Plaintiff would rely on their false and coercive

statements and just "pay up" rather than exercise his rights as dictated by the FDCPA and not bring suit against the Defendants for their violation of the FDCPA and other consumer protection laws.

**18.** The coercive nature of the actions of, and statements made to the Plaintiff in multiple communications from DEFENDANTS identifying themselves specifically as "Debt Collectors " leave little doubt that Plaintiff has been damaged with his having lost an immense amount of sleep and was and is currently being subjected to any manner of emotional trauma including, but not limited to, loss of sleep, stress , humiliation, anger, fatigue, anxiety, alienation of affection and emotional distress. Defendants are acting with impunity with continued harassment and abuse of the consumer for their unjust enrichment in violations of FDCPA and their unlawful actions continue unabated.

Defendants continue to harass Consumer with threatening letters sent December 19, 2016, December 23, 2016, January 18, 2017 and now escalated the harassment of Consumer by leaving voice mail on his personal private unlisted cell phone on January 24, 2017 and after Debt Collector was told to cease and desist by Consumer and Lead Counsel for the Defendants. Defendants continue to threaten, harass, abuse and trespass on Consumers' inalienable rights. Allegedly, the foreclosure sale date has been postponed until when is unclear at this time.

## V. CONCLUSION

Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies Plaintiff burden of pleading under the Federal Rule of Civil Procedure, in addition to the FDCPA at this stage. See Ashcroft v. Iqbal, 129 S.Ct. at 1950. Plaintiff's claims should therefore survive dismissal.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order

denying Defendants' Motion to Dismiss. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend his Complaint.

RESPECTFULLY SUBMITTED: This 22nd day of February, in the year, of our Lord, 2017.

BY: _____, agent
Consumer Claimant Michael J Brosnahan,
Sincerely and signed without prejudice,

COPYRIGHT NOTICE: The above-mentioned entity is quoting citations 'as purported in' context to copyrighted case law, statutes, rules of court and court decision material as found in books published with Federal or state funding supplied by the Citizens of the United States of America and intended for use by attorneys, and does so under the provisions of the Fair use clause of the copyright laws of the United States.

CERTIFICATE OF SERVICE
ORIGINAL and COPY of the foregoing
Delivered and Filed with the Clerk of the Court,
This 22nd day of February , 2017,
The Honorable Douglas L. Rayes
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA


Conformed COPY of the foregoing
Perkins Coie LLP
Brian C. Lake
Kendra L. Haar
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Attorneys for Defendants Caliber Home Loans,  LSF9 Master Participation Trust, and Summit Services and Realty LLC

BY: _____, agent
Consumer Claimant Michael J Brosnahan,
Sincerely and signed without prejudice,