Brian C. Lake (#020543)
Kendra L. Haar (#030959)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
BLake@perkinscoie.com
KHaar@perkinscoie.com
docketphx@perkinscoie.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL J. BROSNAHAN, <br><br> Plaintiff, <br><br> v. <br><br> CALIBER HOME LOANS, INC., LSF9 MASTER PARTICIPATION TRUST, and SUMMIT SERVICE AND REALTY LLC <br><br> Defendants. | No. CV-16-08277-PCT-DLR <br><br> **DEFENDANTS CALIBER HOME LOANS, INC., LSF9 MASTER PARTICIPATION TRUST, AND SUMMIT SERVICE AND REALTY LLC'S AMENDED REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> (Honorable Douglas L. Rayes) |

Defendants Caliber Home Loans, Inc., LSF9 Master Participation Trust, and Summit Service and Realty LLC (collectively "Caliber") respectfully request under Federal Rule of Evidence 201 ("Rule 201") that this Court take judicial notice of the documents attached to this Amended Request for Judicial Notice.

Rule 201 allows a court to take judicial notice of documents outside of the complaint that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Ariz. R. Evid. 201. Courts routinely take

1 | judicial notice of loan documents in foreclosure cases. *See, e.g.*, *Kuc v. Christiana Trust ARLP 3*, No. CV-15-08136-PCT-DLR, 2016 WL 74712, at *1 n.2 (Jan. 6, 2016). Likewise, it is entirely proper for a court to take judicial notice of court filings in other cases. *See, e.g.*, *In re Sabino R.*, 198 Ariz. 424, 10 P.3d 1211 (Ct. App. 2000) ("It is proper for a court to take judicial notice of its own records or those of another action tried in the same court."); *Pierpont v. Hydro. Mfg. Co., Inc.*, 22 Ariz. App. 252, 526 P.2d 776 (1974). A district court may consider documents referred to or "whose contents are alleged in the complaint" but are not attached to the plaintiff's pleading. *See, e.g.*, *Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir. 2000).

The documents attached were all filed in the county recorder's office and several unofficial copies were attached to Defendants' initial Request for Judicial Notice, filed concurrently with its Motion to Dismiss on February 9, 2017. In his Response to the Motion to Dismiss, Plaintiff objected to these documents due to the "Unofficial Copy" stamp. [Dkt. 16, at 2]

Federal Rule of Evidence 201 permits courts to take judicial notice of any facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b)(2). The rule does not limit the scope of judicial notice to only "official" copies of documents, and importantly Plaintiff offers to reason at all for the Court to doubt the accuracy of the previously submitted documents (let alone any "reasonabl[e]" basis to question their accuracy). The previously submitted records were pulled directly from the Coconino County Recorder's Office website and submitted for the convenience of the Court to provide an example of the exact documents that are contained in the official records, and the Court has the ability to directly access those records itself online if it were so inclined. Nevertheless, to avoid any further argument about this irrelevant side issue, Defendants have obtained Official Copies of the exact same documents that were previously submitted from the County Recorder's Office, and those official copies are attached to this Amended Request as Appendix A.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the attached documents and contents contained therein.

Dated: March 2, 2017            **PERKINS COIE LLP**

By: /s/ *Kendra L. Haar*
    Brian C. Lake
    Kendra L. Haar
    Suite 2000
    2901 North Central Avenue
    Phoenix, Arizona 85012-2788

Attorneys for Defendants Caliber Home Loans, LSF9 Master Participation Trust, and Summit Service and Realty LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2017, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing.

I also certify that on March 2, 2017, I served a copy of the attached documents via First Class mail on Plaintiff *Pro Se* Michael J. Brosnahan, 21 Hummingbird Circle, Sedona, AZ 86336-7012.

<u>s/ Susan Carnall</u>