Michael J Brosnahan
21 Hummingbird Circle
Sedona Az. 86336
mtk63@hotmail.com
(928) 300-6030

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Real Party In Interest:<br>MICHAEL J BROSNAHAN<br>Consumer Claimant<br>　　　　　　　Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., et al.<br>AND/OR Real Party(s) In Interest:<br>　　　　　　　Defendants. | No. CV-16-08277-PCT-DLR<br><br>**REPLY TO DEFENDANT'S CALIBER HOME LOANS, INC., LSF9 MASTER PARTICIPATION TRUST, AND SUMMIT SERVICE AND REALTY LLC'S AMENDED REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT MOTION TO DISMISS**<br><br>(Honorable Douglas L. Rayes) |

Plaintiff Michael J Brosnahan, natural person, "Consumer" as defined by 15 USC 1692a(3)(4), and Principal, exercising his private right of action 15 U.S.C. § 1692k, not waiving any rights, without prejudice, **Enforcement action Fair Debt Collection Practices Act 15 U.S.C. § 1692 Federal Question 28 U.S.C. § 1331;** Consumer/Principal/Plaintiff hereby incorporates by reference all facts set forth in Plaintiff's Complaint, First Amended Complaint ("FAC") and Plaintiff's Response, including all defined terms contained therein. On and for the record and for my appeal if necessary, Consumer hereby respectfully submits his Reply to Defendants' Motion to Dismiss and states as follows:

**PLAINTIFF'S REPLY TO DEFENDANT'S :**
*"DEFENDANTS CALIBER HOME LOANS, INC., LSF9 MASTER PARTICIPATION TRUST, AND SUMMIT SERVICE AND REALTY LLC'S AMENDED REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT"*

Defendants Caliber Home Loans, Inc.,(FAC page 5 (2), LSF9 Master Participation Trust,(FAC page 6 (3) and Summit Services and Realty LLC,(FAC page:6(7) (collectively "Defendants") (FAC page 5-14 (1-20), "Debt Collector" as defined in accordance with FDCPA, 15 U.S.C. § 1692a(6). At all relevant times, Defendants (collectively "Defendants") and its agents are in fact "Debt Collector" as defined under the FDCPA. 15 U.S.C. § 1692a(6). Defendants have acted and continue to act recklessly or knowingly and commit the acts, cause or direct others to commit the acts, or permit others to commit the acts alleged in this matter. Any allegations about the acts of the Corporations means those acts were committed through their officers, directors, employees, agents, and/or representatives while those individuals were acting within the actual or implied scope of their authority.

Consumer finds it difficult to comprehend the "legalese" of Defendant's Motion and Plaintiff objects to *DEFENDANTS AMENDED REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT.* Plaintiff objects to the Misuses of "Judicial Notice", as it is widespread throughout their pleadings. Plaintiff Objects to any and all statute of state laws cited by Defendants, pursuant to Article VI, Paragraph 2 of the Constitution commonly referred to as the Supremacy Clause, establishes that the federal constitution, and federal law generally, take precedence over state laws, and even state constitutions.

Defendants attempts once again to use "Judicial Notice" in order to get something into evidence they could not otherwise prove in open court. They are mistaken in the use of "Judicial Notice" and the Court would be in error for accepting this gross misuse and abuse of "Judicial Notice". Generally, "Judicial Notice" is meant to allow introduction of a

document that is in the Public Domain and which is maintained by a government institution. Technically the only proof issue that is satisfied by granting "Judicial Notice" is that the document exists. What is written on the document or record introduced by way of "Judicial Notice" is **NOT in Evidence** only that the document exists.

Plaintiff Objects and demand that "Judicial Notice" without proper foundation for the documents or its contents not be allowed in this Federal Judicial Court case. 28 U.S. Code § 2072.

Regardless, the action by the Defendants is a distraction from the Federal Question 28 U.S.C. § 1331 before the court and the proponent of the documents or record introduced by "Judicial Notice" must still prove the truth of the matter asserted in the document. It is no different than introducing the document using as foundation the testimony of a witness.

Defendants documents are instruments that are self-serving and not based upon anything authentic that occurred in real time. The actual source of the document and their fabrication is concealed by the Servicer. It is now clear that the change in servicer involves no actual "boarding" process or Due Diligence and this is why Defendants allegations in their narrative make no sense to any reasonable person.

Plaintiff Objects and again and hereby questions the authenticity and/or authority of all signatures by any and all parties. Plaintiff hereby questions the authenticity and/or authority of all documents, agreements, contracts, notes, and/or the like by any and all parties.

The notary(s) signing documents for Defendants' *ens legis* are actually employees of Defendants' corporations and have unlawfully notarized documents for their employers without firsthand knowledge and are hearsay. All documents notarized by employees are void ab intio and may only be considered by this Court as evidences of their crimes and NEVER as valid documents. (FAC page: 9 (7)

Through the Defendants own admission, the court must conclude the documents were created in an attempt to collect a debt through a foreclosure and not from any chain

of records in the normal course of business.

The legitimacy of the Assignments is very much in question. 28 U.S. Code § 2072. The Court should not tolerate Defendants utterly frivolous amended motion.

Defendants still allege there is a clear chain of title. It is clear by the Defendants own admission that the alleged Assignments were not executed correctly in the ordinary course of business, as required by law and defendants clouded the title in an attempt to "push through" this unlawful Debt collection with a mortgage foreclosure. The exhibits are in fact "hearsay" and inadmissible as evidence in this Court. The veracity of accounting and the Affidavit by now is in question. Defendants and its agents continue to trespass and harass Consumer.

**Undisputed Fact: Broken chain of title:** Defendants breached their fiduciary duty and ignored their Due diligences: **Ocwen letter to Consumer: January 13, 2014:** *"The entity that currently owns the loan and holds the Note is Deutsche Bank National Trust Company, as Trustee for Bank of America, National Association, NC1-026-05-66 900 West Trade Street Attn: Investor Inquiries, Charlotte, NC 28255."* never recorded properly. Defendants stipulated to this fact and are attempting to mislead the Consumer and the Court as Ocwen and Deutsche Bank National Trust Company did attempt to foreclose on Consumer in 2014.

There is no clear chain of title, Defendants have no standing and are unable to enforce under the DOT, therefore by their own admission and definition are nothing more than a "debt collector" as defined in FDCPA.

Defendants cannot overcome this material fact and fatal flaw through legalese and pretzel logic. Defendants cannot rational explain how they came to allegedly have in their possession, "the loan" and "holds the Note" from Deutsche Bank to initiate the enforcement of non judicial foreclose on the Consumer to collect an alleged debt.

The history of the many irregularities and of false and forged documents were disclosed by Consumer in good faith to Defendant's Lead Counsel in our pre-trial meeting on December 27, 2016 and also disclosed in a letter to Caliber dated June 27, 2016.

Consumer again Documented this fact in "FAC"; Page 13, *13)* Also See page 9 of FAC: 6). Yet Defendant's Counsel, remains unapologetic to the Consumer and the Court for misrepresenting the facts and presenting a false and forged Document: *August, 06, 2009 Trustee Sale Document* and also neglected to disclose to the Court it is the **same tainted document Ocwen used in a failed attempt to foreclose on the consumer in 2015. Consumer again disclosed this fact to Defendant's Counsel in our pre trial meeting on February 07, 2017.**

**Please note "*August, 06, 2009 Trustee Sale Document*" is now conspicuously missing from the new exhibits. Also missing the recorded Ocwen 11-05-2015 *Trustee Sale Document.***

Consumer also has: Ocwen and its agents two "Corporate Assignment Of Deed Of Trust"? How many employees have the power and knowledge to authorize this assignment of rights legally? These both appear to be arbitrary and capricious assignments that were improperly recorded in Coconino Arizona from two different sates:

> *One-* **Dated March 27, 2015** notarized the same day in Black Hawk, Iowa authorized by Rebecca Damme.

> **Missing-** *Two-* **Dated April 30, 2015** and then notarized in Palm Beach Florida on May 1, 2015 authorized by Yenifer Lorenzo.

All of the above entities ignored their fiduciary obligations to disclose all the facts to the Consumer and the Court. When they were attempting to extort real property, they knowingly, willfully and maliciously misled the consumer and the Court.

Mr. Brosnahan is not alone as to the dubious nature of the documents and timelines involved, see *Texas Secretary of State responded to Mr. Brosnahan's notary complaint on February, 08, 2012 case number: INPC 2253.*

Katherine Ann Porter, at the University of Iowa published a research paper in which she had sampled thousands of foreclosure cases. She found, based upon her research and interviews, that at a minimum 40% of all notes were intentionally destroyed or lost. Later, Wall Street confirmed that virtually all notes had been destroyed and that only duplicates or fabrication were being used.

Also, Judge Shack in New York fulfilling his judicial obligation to make sure that the paperwork for a foreclosure was in order. He found that the paperwork from banks not in order and pointed to two major flaws: (1) the existence of multiple major competing financial institutions were tenants at the same address and (2) that the party whose signature was proffered on the apparently facially valid documents was asserting employment at all of the competing financial institutions. He ordered the banks to provide him with the employment histories of the persons whose authority he found lacking in credibility. Judge Boyco in Ohio and other judges in state courts or bankruptcy courts had essentially concluded the same thing that foreclosures are riddled with fatal defects. Various studies, conducted by government agencies or third party vendors for the agencies, all came to the same conclusion that a high percentage possibly as high as 95% of the foreclosures were being conducted in the name of entities, institutions and banks who had no relationship with the alleged loan that as subject to foreclosure. Such studies were conducted in San Francisco CA, Baltimore MD, Orlando FL and other states.

Plaintiff again hereby Objects and questions the authenticity and/or authority of all signatures by any and all parties. Plaintiff hereby questions the authenticity and/or authority of all documents, agreements, contracts, notes, and/or the like by any and all parties.

Defendants have never properly "Identified" themselves to the Consumer or the Court. Defendants now allege they are not a "Debt Collector", "Lender", "Creditor" or "Holder in Due Course". Defendants presume they are above, and not subject to, contract law as Conditions Precedent was Not Met. Enforcement of a Non-judicial foreclosures to collect a debt require the purported power of sale clause to be a lawful agreement, which in this case it was not.

Defendants assert their entitled, under the color of law, to the Consumers property when they have an illogical legalese narrative of their own fatally flawed trail of paper work.

Plaintiff has demonstrated that Defendants have violated FDCPA by their willful

failure to state a material fact, or the willful concealment of a material fact in their commencement of a non judicial foreclosure to collect a debt against the Plaintiff. The intent of the Defendants actions was that the Plaintiff would rely on their false and coercive statements and just "pay up" rather than exercise his rights as dictated by the FDCPA and not bring suit against the Defendants for their violations of the FDCPA and other consumer protection laws. Plaintiff has made detailed allegations with particularity that the Defendants have used written representations of exaggeration and falsehood, which is precisely what is required for an action to be brought under FDCPA, TILA and other consumer protection laws.

Any reasonable person would consider it preposterous, that after eight years, the Defendants assertion that they now have the right to collect an alleged debt through a non judicial foreclosure, with no validation of debt, faulty chain of title, incoherent timeline, false and forged paperwork and accounting irregularities.

Defendants are attempting to have to the Court pre litigate the case for them in a rush to judgment in their frivolous motion to dismiss. Defendants motion is an attempt to deny Consumer a fair and meaningful hearing and circumvent justice to avoid the scrutiny of a Court Of Competent Jurisdiction where the facts, evidence and the law will be exposed to the light of truth in this matter.

The Court should not tolerate Defendants' utterly frivolous motion such as this by a party who does not wish to have its unlawful and illegal activities exposed.

Plaintiff categorically denies any and all allegations, assumptions, and presumptions in the defendants baseless and frivolous "amended motion to dismiss".

## JUDICIAL NOTICE
**28 U.S. Code § 2072 - Rules of procedure and evidence; power to prescribe**
**Fair Debt Collection Practices Act 15 U.S.C. § 1692**
**Federal Question 28 U.S.C. § 1331**
**Truth in Lending Act (TILA) 15 U.S.C. § 1601** *et seq*
**Helping Families Save Their Homes Act of 2009**

**Public Law 111 - 274 - Plain Writing Act of 2010**

**FTC 16 C.F.R. § 433, ("Holder" Rule)**

**SCOTUS unanimous decision January 13, 2015** *Jesinoski v. Countrywide Home Loans, Inc., 2015 WL 144681* .

**Article VI, Paragraph 2 of the Constitution commonly referred to as the Supremacy Clause.**

Defendants continue to harass Consumer with threatening letters sent December 19, 2016, December 23, 2016, January 18, 2017 and now escalated the harassment of Consumer by leaving voice mail on his personal private unlisted cell phone on January 24, 2017, this after the Debt Collector was told to cease and desist by Consumer and Lead Counsel for the Defendants. Defendants continue to threaten, harass, abuse and trespass on Consumers' inalienable rights. Counsel for the Defendants have been unable and failed to control their Clients' abuses as another threatening letter was sent to Consumer dated February18,2017. The alleged foreclosure sale by debt collector is imminent and the foreclosure sale date has been postponed until when has not been revealed to Consumer or Counsel for the Defendants.

## V. CONCLUSION

Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies Plaintiffs' burden of pleading under the Federal Rule of Civil Procedure, in addition to the FDCPA at this stage. See Ashcroft v. Iqbal, 129 S.Ct. at 1950. Plaintiff's claims should therefore survive dismissal.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendants' Motion to Dismiss. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend his Complaint. Respectfully Submitted:This 10th day of March, in the year, of our Lord, 2017.

BY:_____, agent
Consumer Claimant Michael J Brosnahan,
Sincerely and signed without prejudice

1  COPYRIGHT NOTICE: The above-mentioned entity is quoting citations 'as purported in' context to copyrighted case law, statutes, rules of court and court decision material as found in books published with Federal or state funding supplied by the citizens of the United States of America and intended for use by attorneys, and does so under the provisions of the Fair use clause of the copyright laws of the United States.

CERTIFICATE OF SERVICE
ORIGINAL and COPY of the foregoing
Delivered and Filed with the Clerk of the Court,
This 10th day of March,, 2017,
The Honorable Douglas L. Rayes
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Conformed COPY of the foregoing
Perkins Coie LLP
Brian C. Lake
Kendra L. Haar
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Attorneys for Defendants Caliber Home Loans, LSF9 Master Participation Trust, and Summit Services and Realty LLC

BY: _____, agent
Consumer Claimant Michael J Brosnahan,
Sincerely and signed without prejudice