**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael J Brosnahan, | No. CV-16-08277-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Caliber Home Loans Incorporated, et al., | |
| Defendants. | |

At issue is a motion to dismiss filed on behalf of Defendants Caliber Home Loans, Inc., LSF9 Master Participation Trust, and Summit Service and Realty LLC.  (Doc. 14.) The motion is fully briefed and neither party requested oral argument.  For the following reasons, Defendants' motion is granted.

**I. Background**

This case arises out of the pending non-judicial foreclosure of real property owned by pro se Plaintiff Michael Brosnahan and located in Sedona, Arizona ("Property"). Plaintiff borrowed $373,500.00 from Countrywide Home Loans, Inc. ("Countrywide") in 2006, and concurrently executed a deed of trust securing repaying of the loan using the Property as collateral.  Plaintiff stopped paying on the loan in 2009.

On November 22, 2016, Plaintiff filed this action, initially alleging a single claim against Defendants for violating the Fair Debt Collections Practices Act ("FDCPA"). Plaintiff also filed an application for a temporary restraining order ("TRO"), in which he

asked the Court to enjoin the non-judicial foreclosure of the Property scheduled the following day. The Court denied Plaintiff's TRO application after finding that he had not complied with Federal Rule of Civil Procedure 65(b)(1)'s notice requirements. (Doc. 7.) The Court also found that Plaintiff was not likely to succeed on the merits of his claim because mortgagees and their beneficiaries are not debt collectors subject to the FDCPA, and actions taken to facilitate non-judicial foreclosure are not attempts to collect a debt within the meaning of the act. (*Id.*)

Plaintiff thereafter filed an amended complaint, which purports to assert three claims for violations of the (1) Real Estate Settlement Procedures Act ("RESPA"), (2) Truth in Lending Act ("TILA"), and FDCPA. (Doc. 13.) Defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint for failure to state a claim upon which relief may be granted.

**II. Legal Standard**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). Nor is the court required to accept as true "allegations that contradict matters properly subject to judicial notice," or that merely are "unwarranted deductions of fact, or unreasonable inferences*." Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

To avoid dismissal, the complaint must plead sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557.)

## III. Discussion

One of the primary functions of a complaint is to provide defendants with notice of the legal claims asserted against them and the factual bases for those claims. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). A complaint written "without simplicity, conciseness and clarity" as to who is being sued and for what, "fails to perform the essential functions of a complaint." *Id.* at 1180. Accordingly, the Federal Rules of Civil Procedure place certain basic minimum requirements on the form and content of complaints to ensure that they serve their basic functions. Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Rule 10(b) requires claims or defenses to be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Plaintiff's complaint must be dismissed because it does not comply with these rules and, therefore, fails to state a plausible claim for relief. Instead of providing a short and plain statement showing that he is entitled to relief, Plaintiff has submitted a rambling 27-page narrative that fails to clearly and concisely state the factual and legal bases for his claims. Plaintiff's complaint, which consists primarily of legal jargon rather than factual allegations, is far too verbose and convoluted to understand, and is insufficient to put Defendants or this Court on fair notice of the claims at issue.

Although courts generally construe the pleadings of pro se litigants liberally, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Moreover, Plaintiff is not a newcomer to federal litigation. Including this action, Plaintiff has litigated three cases in this District since 2009, all raising objections to non-judicial foreclosures. (*See Brosnahan v. JPMorgan Chase Bank, et al.*, 3:09-cv-08224-JAT ("2009 Case"); *Brosnahan v. Bank of America, et al.*, 3:10-cv-08056-FJM

("2010 Case").) Both of Plaintiff's prior cases were dismissed for failure to comply with Rule 8's basic pleading requirements. (*See* Docs. 27, 54 in the 2009 Case; Doc. 21 in the 2010 Case.) By now, Plaintiff should know about the rules governing pleadings in Federal courts and be able to comply.

Nonetheless, the Court will afford Plaintiff the opportunity to revise his complaint so that it comports with basic pleadings requirements. Plaintiff should familiarize himself with the Federal Rules of Civil Procedure, particularly Rules 8, 9, and 10. Plaintiff should also carefully review Defendants' motion to dismiss, as well as this Court's prior order denying his TRO application, and ensure that his amended pleading does not contain claims that are unsupportable by fact or law.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 14) is **GRANTED**. Plaintiff shall have **30 days** from the date of this order in which to file a second amended complaint that complies with the Federal Rules of Civil Procedure, if he so chooses. The Clerk of the Court shall terminate this case without further order of the Court if Plaintiff fails to file a second amended complaint within the timeframe specified herein.

Dated this 19th day of September, 2017.

Douglas L. Rayes
United States District Judge