FILED ✓   ____ LODGED
____ RECEIVED   ____ COPY

OCT 18 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1  Michael J Brosnahan
2  21 Hummingbird Circle
   Sedona Az. 86336
3  mtk63@hotmail.com
   (928) 300-6030
4
5
6              **UNITED STATES DISTRICT COURT**
7                    **DISTRICT OF ARIZONA**
8
9  Real Party In Interest:              No. CV-16-08277-PCT-DLR
10 MICHAEL J BROSNAHAN
   Consumer Claimant                    **CIVIL ACTION**
11
                    Plaintiff,          **PURSUANT TO FAIR DEBT**
12                                       **COLLECTION PRACTICES ACT 15**
                                         **U.S.C. § 1692**
13     v.                                **TRUTH IN LENDING ACT (TILA) 15**
                                         **U.S.C. § 1601**
14                                       **REAL ESTATE SETTLEMENT**
   CALIBER HOME LOANS, INC., LSF9        **PROCEDURES ACT (RESPA), 12**
15 MASTER PARTICIPATION TRUST,           **U.S.C. §2605**
   AND SUMMIT SERVICE AND
16 REALTY LLC                            **Federal Question 28 U.S.C. § 1331**
   AND/OR Real Party(s) In Interest:
17                                       **DEMAND FOR JURY TRIAL Rule 38**
18                                       **SECOND AMENDED COMPLAINT**
                    Defendants.
19                                       **(ORAL ARGUMENT REQUESTED)**

20                                       (Honorable Douglas L. Rayes)
21
22
       NOW COMES Plaintiff Michael J Brosnahan, pro per, is a natural person and Mr.
23
   Brosnahan, acknowledges he is not schooled in law and by law is held to the "least
24
   sophisticated consumer" standard. He is a "Consumer" as defined by 15 USC 1692a(3)(4),
25
   private right of action 15 U.S.C. § 1692k, not waiving any rights, without prejudice,
26
   hereby respectfully submits this CIVIL ACTION pursuant to Fair Debt Collection
27
   Practices Act 15 U.S.C. § 1692, Truth in Lending Act (TILA), 15 U.S.C. 1601 et seq and
28

Real Estate Settlement Practices Act (RESPA) 12 U.S.C. §2605 et seq. and is a Federal Question 28 U.S.C. § 1331. Consumer is in the United States of America and any action against him, or thing attached to him must be addressed in a Court of Competent Jurisdiction, 28 U.S.C. § 1251 Original jurisdiction. Any action against or concerning the Consumer is an action against the United States of America by Defendants that are "Debt Collectors" as defined pursuant to FDCPA, 15 U.S.C. § 1692a(6). Defendants alleged foreclosure sale is imminent. Defendants continue to break Federal Laws and threaten, harass, abuse and trespass on Consumers' inalienable rights and the Consumers' principle dwelling unique real property used primarily for personal, family, or household purposes is in question; and for declaratory and injunctive relief.15 U.S.C. § 1692k(3)(d).

On and for the record for my appeal if necessary I hereby submit the following: Verified Second Amended Complaint complying with court Order dated September 19, 2017 In support thereof, Plaintiff hereby avers as follows:

**Parties**

1. Plaintiff Michael J. Brosnahan, appearing pro se, pro per, is a 62 year old man, natural person who at all material times relevant to this complaint and is a "Consumer" as defined by15 U.S.C. § 1692a(3)(4),

2. Defendant Caliber Home Loans, Inc. ("Caliber") is a corporation incorporated under the laws of the State of Delaware its principal place of business in Irving, Texas 75063. Caliber is a subsidiary of the private equity firm Lone Star Funds.

3. Defendant LSF9 Master Participation Trust that is a Lone Star Fund Trust.

4. Defendant Summit Services Realty LLC is a fictitious name for Summit Trustee Services, LLC. Summit Trustee Services, LLC a Delaware limited liability with its principal place of business in the state of Texas. Caliber Home Loans, Inc. is the sole member of Summit Trustee Services, LLC.(collectively "Defendants")

5. At all relevant times, Defendants Caliber Home Loans Inc., LSF9 Master Participation Trust, and Summit Services and Realty LLC "Defendants" and its agents are in fact "Debt Collectors" as defined under the FDCPA. 15 U.S.C. § 1692a(6).

6. Defendants have acted collectively and unlawfully as "Debt Collectors" and continue to act recklessly or knowingly and commit the acts, cause or direct others to commit the acts, or permit others to commit the acts alleged in this matter.

7. Any allegations about the acts of the Corporations means those acts were committed through their officers, directors, employees, agents, and/or representatives while those individuals were acting within the actual or implied scope of their authority.

8. Defendants jointly or separately, and its agents, have knowingly and repeatedly violated the federal law prohibitions on Unfair, Deceptive, or Abusive Acts or Practices (UDAAP) for financial services providers servicing and collecting on loans that were wholly or partially void or uncollectible under TILA Federal and State law.

9. The concept that a debt collection communication must be viewed through the lens of the "least sophisticated consumer" is a fairly established tenet of Fair Debt Collection Practices Act (FDCPA law). Second Circuit Mar 22, 2016 ruling in Avila, et al. v. Riexinger & Associates, LLC.

### Real Property Description

10. 21 Hummingbird Circle, Sedona, AZ 86336-7012. Parcel Number: Lot 33 of Chapel Bell Estate Unit 4, According to Case 2 Maps, Page 324, Records Of Coconino County, Arizona, APN NO 401-54046 , Min 1001337-0001411265-3

### Jurisdiction and Venue

11. This Federal Judicial Court has subject-matter jurisdiction over this action because it presents a FEDERAL QUESTION, 28 U.S.C. § 1331, and is brought by a consumer for Enforcement of Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, Truth in Lending Act (TILA), 15 U.S.C. 1601 et seq Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605 and 28 U.S. Code § 1251 28 U.S.C. § 1345 INJUNCTIONS AGAINST FRAUD under the United States of America Constitution Article III section II the right sought to be protected herein are secured by the United States of America Constitution by Acts of Congress, and federal common law and the Supremacy Clause of the United States Constitution, Article VI, paragraph 2

1    12. Venue is proper because Defendants alleged unlawful acts and business are conducted

2        in the Arizona Division of this District and defendants are therefore considered to be

3        residents, pursuant to 28 U.S. Code § 1391.

4    13. This is an action for damages which exceed $75,000.00.

5    14. Plaintiff contends that Defendants have conspired and committed unlawful acts in

6        order to wrongfully foreclose with total disregard for Federal Laws.

7    15. Plaintiff contends that Defendants have created and caused fabricated, false and forged

8        documents to be filed into the public records of Coconino County, Arizona and into

9        the United States District Court giving the appearance that there is a legal foreclosure

10       going while some or all of the Defendants continue to break the Federal Laws

11       unabated.

12   16. Plaintiff contends that this is common practice by some or all Defendants nationwide

13       and that some or all Defendants are under investigation by the Attorney General of

14       New York State.

15   17. Enforcement of a Non-judicial foreclosures to collect a debt require the purported

16       power of sale clause to be a lawful agreement, which in this case it was not.

17   18. Plaintiff hereby questions the authenticity and/or authority of all documents,

18       agreements, contracts, notes, signatures and/or the like by any and all parties.

19                                    **PRELIMINARY STATEMENT**

20   19. This is an action brought for damages for violations of the Federal consumer financial

21       laws, 12 U.S.C. § 5491, including but not limited to the Fair Debt Collection Practices

22       Act ("FDCPA") and the Consumer Financial Protection Act of 2010 ("CFPA"). 12

23       U.S.C. § 5481(12)(H), (14). The Consumer Plaintiff has authority to bring private right

24       of action that extends to persons engaged in the collection of debts related to any

25       consumer financial product or service. 12 U.S.C. § 5481(5), (15)(A)(x). Consumer

26       Plaintiff has independent litigating authority to commence civil actions on his own to

27       address violations of "Federal consumer financial laws," including the FDCPA and the

28       CFPA. 12 U.S.C. § 5564(a)-(b); 15 U.S.C. § 1692l(b)(6) and Real Estate Settlement

Practices Act (RESPA) 12 U.S.C. §2605 et seq.; for damages for violations of the Truth in Lending Act (TILA)15 U.S.C. §1641 et seq.; TILA, Helping Families Save Their Homes Act of 2009 for damages attached to violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and for "Defendants" breach of fiduciary and Conditions Precedent not met. Consumer Plaintiff is entitled to relief under Federal Law to actual, punitive and statutory damages in addition to declaratory and injunctive relief.

## INTRODUCTION

20. Defendants jointly or separately, pursuant to Defendants own communications with Plaintiff, said communications expressly states **"THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO Collect a DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT Purpose ..." (emphasis Defendants),** thereby identifying Defendants Caliber Home Loans, Inc. and its agents, as a "debt collector" to the Consumer. See Attached Plaintiff "Exhibit 1" Caliber Home Loans, Inc letters.

21. This is Defendants bonafide admission and proclamation, there is no disputing this fact. Defendants jointly or separately either misled the Consumer or this Court.

22. Furthermore, to ensure there is absolutely no confusion regarding this said "fact" expressly stated in "Defendants" communications to Consumer, Defendants Caliber Home Loans Inc. and its agents are a "Debt Collector" pursuant to 15 USC§1692a (6), 15USC §1681n,

23. Defendant CALIBER HOME LOANS Inc. and its agents, are a subsidiary of the private equity firm Lone Star Funds and its agents.

24. Defendant Summit Services Realty LLC is a fictitious name for Summit Trustee Services, LLC. Summit Trustee Services, LLC and Caliber Home Loans, Inc. is the sole member of Summit Trustee Services, LLC.

25. Defendant LSF9 Master Participation Trust that is in fact a Lone Star Fund trust.

26. Lone Star, founded in 1995, is a private equity fund that invests in distressed financial

and real estate loans. Because of its focus on purchasing bad loans for significant discount, Lone Star is known in Wall Street parlance as a "vulture investor." Lone Star's business model is focused on the short term with each of its funds having an investment period of four years or less.

27. As a result, Lone Star LSF9 Master Participation Trust focuses on profiting through the purchase of the distressed assets and selling them as quickly as possible, i.e. foreclosure.

28. This mortgage and others have been serviced by Lone Star's subprime servicer, Caliber Home Loans Inc., ranked by the National Housing Resource Center, as the nation's lowest-rated big servicer. Many of their loans have reportedly ended up in foreclosure.

29. To be clear, collectively "Defendants" jointly or separately are like a "snake eating its tail" hidden in a self contained corporate conglomerate, built on a well oiled "foreclosure mill". see Defendants "Corporate Disclosure"

30. Defendants have stipulated they acquired alleged debt or loan that was in default for over eight years.

31. Thus, for FDCPA purposes, the distinction between a "loan servicer" and a "debt collector" depends on whether the loan was in "default" at the time it was obtained.

32. FDCPA is designed to protect consumers from unscrupulous debt collectors, whether or not there is a valid debt, it more importantly has to do with the <u>conduct and behavior of Debt collector, inflicted on the Consumer.</u>

33. Congress intent is clear, the exemption is intended to include "mortgage service companies and others who service outstanding debts for others, so long as the debts were <u>not in default</u> when taken for servicing. see 15 USC 1692a (F) (iii) "concerns a debt which was not in default at the time it was obtained by such person." see May 1, 2000 the Federal Trade Commission (FTC) DeMayo opinion the word "default". see Wilson v. Draper & Goldberg, P.L.L.C., 2006 U.S. App. LEXIS 8243 (4th Cir. April 5, 2006) the court concluded that Draper's foreclosure activities were central to its role

as fiduciary."Thus, to the extent [Draper] used the foreclosure process to collect Wilson's alleged debt, they cannot benefit from the [exemption]." U.S. Fourth Circuit Court of Appeals concluding that a debt remains a debt, even after foreclosure proceedings commence.

34. Defendants' jointly or separately threatened Consumer and set the unlawful Foreclosure Sale to occur on November 23, 2016 at 11:30 AM. Violation of 15 USC 1692 (F) 6(A) see attached Plaintiff "Exhibit 2" Certified Letters "...To Collect A Debt" and Defense "Exhibit 12"

35. Defendants' jointly or separately and subsequently canceled November 23, 2016. see Defendants "Exhibit 13" Notice Of Cancel

36. Defendants' jointly or separately, doubled their unlimited liability by willfully, maliciously and with knowledge of forethought initiated another foreclosure proceeding against Mr. Brosnahan scheduled for February 27, 2017. The alleged foreclosure sale by debt collector is imminent. see attached Plaintiff "Exhibit 2" and "Exhibit 3" Certified Letters "...To Collect A Debt"

37. Defendants' jointly or separately CALIBER HOME LOANS Inc. and its agents, SUMMIT SERVICES AND REALTY LLC, acting administratively, on behalf of LSF9 Master Participation Trust, acted as Judge and Jury breached their fiduciary responsibilities as Trustees to verify all documents and accounts.

38. Defendants' jointly or separately CALIBER HOME LOANS Inc. and its agents LSF9 Master Participation Trust, SUMMIT SERVICES AND REALTY LLC initiated unlawful commencement of a non-judicial foreclosure proceeding against Consumer Plaintiff without the proper Notice, accounting or documentation. Violated TILA, FDCPA RESPA and Deed of Trust "DOT". see below Counts I-IV

39. Therefore Consumer Plaintiff is apprehensive regarding the effect of any delay in the issuance of the Order concerning this Application. Defendants' jointly or separately unlawful actions, "Debt Collector", as a debt collector, forwarded, or caused to have forwarded, a communication regarding an attempt to collect an alleged "debt" as

defined in 15 USC 1692a(5).

40. Consumer demands Defendant/debt collector immediately CEASE and DECIST pursuant to 15 U.S.C. § 1692c(c). Pursuant to 15 USC 1692c(c)(1)

41. Consumer, Mr. Brosnahan, believes 1) the alleged debt has been knowingly passed, without ever being validated, from one company to the next in an attempt to conceal material facts and evidence 2) That Defendants filed fabricated false and/or forged documents into a public office and into this court; 3) and, that none of the above-mentioned entities (i.e., Debt Collectors) are the true Creditor or Holder in Due Course of the alleged note and debt in question to enforce a non judicial foreclosure.

42. Defendants jointly or separately must, by Federal Laws provide the Consumer, Proper Notice and accurate accounting, identify and disclose who the alleged "CREDITOR" is in this matter.

43. Defendants and its agents filed false and/or forged documents into a public office and into this court, on or about August 24, 2016 see Defendants' Exhibits 1-14

44. And also November 12, 2016 and are in violation of A.R.S. § 39-161 on the false presumption that they have standing to foreclose FRCP 17 (a).

45. Defendants and its agents violated FTC 16 C.F.R. § 433, ("Holder" Rule)

**PLAIN STATEMENT OF FACTS**
**These are the material facts and evidence; they are and remain undisputed:**

46. Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

47. Mr. Brosnahan and his family have owned the home for 24 years since February 02 1993, his principle dwelling unique real property, used primarily for personal, family, or household purposes and made timely payments.

48. The veracity of the Consumer Claims and Facts in this case have been legitimized over these eight years of Federal litigations by the: DOJ, CFPA and Attorney General resulting with Countrywide, Bank of America, Deutsche Bank, and Ocwen all having multimillion dollar consent orders and Judgments against them.

49. A Second Superseding Federal Indictment, for Wilmington Trust.

50. The New York Attorney General opened an investigation into Caliber Home Loans Inc. for their abusive practices.

51. December 2008 Countrywide Loans advised the consumer that he should quit paying on his alleged loan so that he could qualify for their new lower refinance rate. Consumer complied with Countrywide Loans request. Shortly after Countrywide Loans took their ill gotten gains and then went bankrupt due to its criminal activity in 2009. Abandoned the Consumer to live in agony with the consequences of Countrywide Loans financial crimes.

52. Since January 2009, Consumer Michael J Brosnahan lawfully acting in good faith, has attempted to have a full and transparent accounting to discover the TRUTH of the identity of who is the Creditor and who is the Holder in Due Course so that he knew who he was exactly lawfully obligated to in the alleged transaction.

53. Plaintiff Mr. Brosnahan sent TILA right of rescission letter dated May 15 2009: Michael J Brosnahan legally mailed first class effectively rescinding the loan under TILA. No response to dispute this was every received from the alleged creditor. See: SCOTUS January 13, 2015 unanimous decision TILA, 15 U.S.C. § 1635, provides borrowers with an unconditional right to rescind. See attached Plaintiff "Exhibit 4" TILA 2009 Resided Letter.

54. Mr. Brosnahan notified Defendants of the TILA letter dated 2009. Mr. Brosnahan informed "Defendants" and its agents who knowingly, willfully and maliciously continue to attempt to collect a debt on an alleged Loan that was Rescinded. See Attached Plaintiff "Exhibit 7"

55. On August 24, 2016, ignoring due diligence, Defendants jointly or separately acquired the alleged loan from Ocwen. By Defendants own admission that was eight years in default and must now accept the full moral hazard and unlimited liability of said actions to became the alleged "present beneficiary", LSF9 Master Participation Trust, by Caliber Home Loans, Inc., solely in its capacity as servicer, substituted the trustee

and appointed Summit Services and Realty, LLC, as Trustee under the Deed Of Trust "DOT".

56. After Notice by the Plaintiff, Defendants jointly or separately have no lawful explanation of why they are attempting to collect on a Debt that has been rescinded in 2009. See Plaintiff "Exhibit 4" TILA 2009 Resection Letter.

57. Consumer has diligently and consistently acted in good faith to enforce his rights as a consumer since January 2009.

58. Consumer Plantiff, has been mocked, humiliated, threatened, bullied and terrorized by all of the Defendants jointly and or separately, Caliber Home Loans, Inc.,LSF9 Master Participation Trust, and Summit Services and Realty LLC (collectively "Defendants") in this action as well as their predecessors over the past eight year.

59. None of the subsequent debt collectors have been able to validate the debt with authentic accounting documentation and or Clearly Identify the real Creditor to the consumer and who the real party of interest is in the transaction or to lawfully foreclose.

## FACTUAL ALLEGATIONS

60. Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

61. All Defendants jointly or separately involved have clouded the title by filing and or knowingly and using false and forged documents in attempt to steal the consumer unique real property and when they could not lawfully foreclose, then knowingly breached their fiduciary duty to disclose and passed the false and forged documents through along with undocumented and unverified alleged debt to the next debt collector who knowingly continued the unlawful paper trail. See attached Plaintiff "Exhibits 5" "Evidence of Robo-Signing "Texas Secretary of State Letter RE: Complaint INPC 22531 See Plaintiff "Exhibit 6" More Evidence of Robo-Signing and see Defense "Exhibits 1-14" That clearly demonstrates this habitual pattern of abuse.

62. Defendants jointly or separately still allege there is a clear chain of title. It is clear by

the Defendants own time line admission that the alleged Assignments and other related documents were not executed correctly in the ordinary course of business, as required by law and defendants clouded the title in an attempt to "push through" this unlawful Debt collection with a mortgage foreclosure using fabricated, false and forged documents. The Defendants exhibits 1- 14 are in fact "hearsay" and inadmissible as evidence in this Court. The veracity of accounting and the Affidavit by now is in question.

63. Defendants jointly or separately are attempting to mislead the Consumer and the Court with fabricated, false and forged documents. There is no clear chain of title, Defendants have no standing and are unable to enforce, therefore are nothing more than a "debt collector" as defined in FDCPA and other consumer protection laws.

64. The history of the many irregularities and of false and forged documents, Texas Notary Complaint and Consumer 2009 TILA letter were disclosed by Consumer Plaintiff in good faith to Defendant's Lead Counsel in our pre-trial meeting on December 27, 2016 in a sincere effort to settle this matter before trail and also disclosed in a letter to Caliber Home Loans, Inc. dated June 27, 2016.see Plaintiff "Exhibit 4,5,6, 7 and 8"

65. Defendants' actions may have Triggered violations of 31 U.S. Code § 3729 - False claims False Claims Act "(FCA)".

66. Court must now question the Defendants veracity of their accounting and documentation. see DAVID KESTER V. CITIMORTGAGE, INC. | 9th Cir – "the recording of false or fraudulent documents that assert an interest in a property may cloud the property's title" September 29, 2017

67. The fact that Defendants made a faulty presumption and violated 15 U.S.C. § 1692 does not excuse them from liability under a bona fide error defense as stated in Jerman v. Carlise, NcNellie, Rini, Dramer & Ulrich, L.P.A. 538 F.3d 469,471 (6th Cir. 2008).

68. Consumer did receive on May 31. 2017 from "debt collector" Caliber without his expressed permission "debt collector" communications. These communications

violates the FDCPA pursuant to 15 USC § 1692c (a), as Consumer did not authorize and/or give direct prior consent for "debt collector" to communicate with Consumer regarding this or any alleged debt.

69. Additionally, pursuant to 15 USC 1692c (a), their communications were sent without the express permission from a <u>Court of Competent Jurisdiction</u>. This violated 15 USC § 1692a (4), 1692d, 1692e (11) and 1692g.

70. On or about March 15, 2016, LSF9 MASTER PARTICIPATION TRUST allegedly acquired an interest of "ownership". "DebtCollector"LSF9 MASTER PARTICIPATION TRUST sent Consumer on March 25,2016 "Notice of Ownership of Mortgage Loan" nowhere in the correspondence did they claim to be the "Creditor" or "Holder In Due Course".

71. In the case involving this particular assignment, Defendants executed a document entitled "Notice of Ownership of Mortgage Loan" which contained no warranties of title or interest, showing that "LSF9 Master Participation Trust" is in fact not a trust holding beneficial rights to the Defendants' loan, but rather it is an undisclosed "Participation Agent" for yet more undisclosed investors identified as simply "Us" in correspondence, this is in violations of TILA, Helping Families Save Their Homes Act of 2009,15USC§ 1692a(4), 1692c(a) and Plain Writing Act of 2010.

72. On or about May17, 2016 Debt Collector Ocwen, a known criminal organization as evidenced by recent findings and news reports and a consent order of $125 million, knowingly transferred the undocumented and unverified alleged debt to Defendants jointly or separately who ignored "Due Diligence" and accepted the transfer of the alleged debt and did so with full knowledge and understanding and accepting full "Moral Hazard" of the transaction on March 15, 2016. Defendants jointly or separately violated 15 USC§1692a (4), 1692e, 1692e (2) (A) and other sub-paragraphs.

73. Defendants jointly or separately violated the FTC 16 C.F.R. § 433, ("Holder" Rule) makes any assignee or holder of the credit contract responsible for claims the consumer might have against the seller.

74. Defendants executed a document entitled "assignment" that contained no warranties of title or interest, which is a breach of fiduciary duty to Mr. Brosnahan. see Defense exhibits 1-14

75. Defendants jointly or separately on or about May17, 2016 CALIBER HOME LOANS and its agents, then stole consumer's identity, i.e., "identity theft" in accordance with 18 U.S. Code § 1028A and section 523 of the Gramm-Leach-Bliley Act 15 U.S.C. 6823 and created a new account 9804xxxxx, without the Consumer's authorization, then sent threatening and harassing communications, in violation of 15 USC 1692d, in the form of CALIBER HOME LOANS and its agents "NOTICE OF SALE OF OWNERSHIP OF MORTGAGE LOAN" letter dated May 31, 2016 and another letter dated June 03, 2016.

76. Debt Collector's violation of FTC 16 C.F.R. § 433, ("Holder" Rule) makes any assignee or holder of the credit contract responsible for claims the consumer might have against the seller. Which is Mail Fraud 18 USC 1341, 1342 & 1345; 39 USC 3005 & 3007

77. CALIBER HOME LOANS and its agents, "debt buyers" cannot authenticate their collection activities, as required by contract and Federal Law, with rudimentary documents including: Debt Validation, Identity of the Creditor, authentic full accounting, original contracts, the Note,

78. Defendants cannot verify that the underlying alleged debt is not fraudulent or the chain of title evidencing that the debt buyer had standing FRCP Rule 17 (a) to collect a debt through a non judicial foreclosure on consumer. see Wilson v. Draper & Goldberg, P.L.L.C., 2006 U.S. App. LEXIS 8243 (4th Cir. April 5, 2006)

79. Defendants jointly or separately recorded two non judicial documents for the foreclosure without authenticating the alleged facts. Defendants executed a document entitled "assignment" that contained no warranties of title or interest. See Defense "Exhibits 12 and 14"

80. Defendants and its agent's documents are self-serving instruments not based upon

anything authentic that occurred in real time. The actual source of the document and their fabrication is concealed by the Servicer. It is now clear that the change in servicer involves no actual "boarding" process or "Due Diligence" and this is why Defendants allegations in their narrative make no sense to any reasonable person.

81. The actions by Debt Collector would lead an "unsophisticated consumer" to believe he is responsible to pay the alleged debt, a violation of 15 USC § 1692a (4), 1692f (6) (A).

82. Plaintiff On June 27, 2016, Consumer, in good faith, corresponded to Defendants and its agents that they were Harassing the Consumer. Consumer also asked the Debt Collector to identify themselves more clearly and describe the nature and history of the alleged debt. Consumer disputed said alleged Debt and attempted discover who the Creditor and Holder In Due Course is in accordance with RESPA Qualified Written Request and FDCA debt validation. see attached Plaintiff "Exhibit 7"

83. Furthermore, Consumers' correspondence to Defendants and its agents stated: "... *This letter further constitutes my Request for Michael J Brosnahan complete Loan File pursuant to TILA, RESPA FDCA and Arizona Law. Please consider this my response to your **"NOTICE OF SALE OF OWNERSHIP OF MORTGAGE LOAN"** letter dated May 31, 2016 and another letter dated June 03,2016 from Mary Elis Senior Vice President CALIBER HOME LOANS that identified CALIBER HOME LOANS was now the "Loan Servicer " and "Debt collector". These letters asking me to dispute the validity of the debt within thirty days. I am currently acting in good faith so I may have quiet and peaceful enjoyment of my home. I will attempt to be concise in my response as there are many misrepresentations and violations to address in your letter...*

84. On August 05, 2016, 45-days later, Consumer received a communication from Debt Collector that was nonresponsive and refused to acknowledged any of the consumers legitimate concerns that they were previously informed: " *CALIBER HOME LOANS and its agents must accept the full "Moral Hazard" of their continued willful ignorance and their actions that continue to purposefully obfuscating facts and*

*laws. CALIBER HOME LOANS and its agents can no longer claim "plausible deniability". CALIBER HOME LOANS and its agents cannot expect to legally collect on an alleged Loan/Debt it allegedly claims originated on May 25, 2006 and simultaneously turns a blind eye as to the fraudulent nature of the origination, accounting irregularities, statutory violations and false and forged documents that it is maliciously using in an attempt to steal Consumer unique real property."* violation of (RESPA), 12 U.S.C. §2605 See Attached Plaintiff "Exhibit 7"

85. On August 24, 2016: With no authority Defendants and its agents, jointly or separately, by and through their *ens legis,* cause to have filed and recorded false and/or forged documents in the Coconino County Recorder's Office. See Defense "Exhibit 12"

86. Defendants' jointly or separately obtained and used affidavits, under the color of law, that were patently false and misleading which were then recorded into the Coconino County Recorder's Office, clouding the title, affiants of said affidavits claimed they had personal knowledge of the validity and ownership of debts. Filed into this Court See Defense Exhibits 1-14

87. Defendants know that many of these affidavits were executed by persons who lacked personal knowledge of the facts and were never party to the contract. See Defense Exhibits 1-14 And See 02/10/11Case No. 810-77338-reg In re: Ferrel L. Agard, Debtor, Chapter 7 ***"Aside from the inappropriate reliance upon the statutory definition of "mortgagee," MERS's position that it can be both the mortgagee and an agent of the mortgagee is absurd, at best..."*** Judge ***Grossman, Federal Bankruptcy*** Court Eastern District of New York.

88. Consumer is the only natural person with personal and first-hand knowledge of the fact regarding this matter.

89. Defendants jointly or separately Filing of the affidavits was a "false, deceptive, or misleading representation" made in connection with collection of a debt violates 15 U.S.C. § 1692e, furthermore, "unfair or unconscionable means" to collect a debt in

violation of 15 U.S.C. § 1692f. Defendants' acts and practices constitute violations of sections 807(3) and 807(10) of the FDCPA. 15 U.S.C. § 1692e(3), (10) and Mail Fraud 18 USC 1341, 1342 & 1345; 39 USC 3005 & 3007.

90. On August 24, 2016 in response to Consumer's good faith communication, Debt Collector, acting in bad faith, took a punitive measure on the "consumer asking for debt validation" and willfully, maliciously and with knowledge of forethought recorded a Trustee Sale, scheduled November 23, 2016. See Attached Plaintiff "Exhibit 2"

91. Defendants jointly or separately actions threatened the Consumer in their attempt to collect an alleged debt and they are terrorizing and attempting to extort the consumer regarding a debt they knew and know not to be legitimate.

92. Defendants are seeking to illegally seize possession of Consumer Mr. Brosnahan's home and to unlawfully take possession of (i.e.,"steal") the consumers' principle dwelling unique real property to obtain unlawful enrichment by concealing the true parties to the fraud from an alleged loan and using "unfair or unconscionable means" to collect a debt in violation of 15 U.S.C. § 1692f. 1692f (6)(A).

93. On September 15, 2016 acting in good faith, Consumer, concerned about Defendants ongoing threats, abuse and harassments sent by USPS Certified Mail # 7016 0910 0000 7647 4611 *"NOTICE OF DISPUTE AND DEMAND FOR VERIFICATION OF DEBT IN ACCORDANCE WITH 15 USC 1692 (FDCPA) to Debt Collector CALIBER HOME LOANS and its agents again demanding proof of claim:*

*BE ADVISED AND NOTICED: ... Account Loan Number: xxxxxx9874 (alleged "Loan"). NOTICE: Any lawyer responsible for false debt collection claim will be held accountable under the Fair Debt Collection Practices Act, 15 USC 1692.*

94. Plaintiff clearly stated... ***I will bring suit against your agency for violations of federal and state consumer protection laws.*** *Therefore, this notice can be construed as a Notice of Intent to bring such action if your response does not support a legal debt "owed" to your agency " Consumer copied: Arizona Attorney General Mark*

*Brnovich Civil Litigation Division Consumer Protection and Advocacy Office Section Tucson Office who opened a case file: CIC 16-009479 / CALIBER HOME LOANS*

95. **On or about October 09, 2016**, under the color of law, Defendants and its agents, by and through their *ens legis* ignored and violated the Posted: "Private Property, No Trespass, No Photographs" signs on Consumer's property; did in fact violate consumers privacy, photograph, trespass, threaten, harass and abuse Consumer when it was publicly posted on the front gate of Consumers home for all neighbors and passersby to see: The "Foreclosure Trustee Sale Notice" that clearly stated ***"THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT"***. See Defense Exhibit 12

96. Defendants actions violate 'third party disclosures', a violation pursuant to Section 15U.S.C.§1692e(3),(10),1692e(2)(A)(10),1692f(6)(A)(B)(C)1692d,1692c(b),A.R.S.13 -1504 Criminal Trespassing in the First Degree.

97. Plaintiff. On October 20, 2016 sent correspondence via USPS Certified Mail Tracking 7016 0910 0000 7644 4928 to Arizona Attorney General Mark Brnovich Civil Litigation Division Consumer Protection and Advocacy Office Section Tucson Office regarding case file: CIC 16-009479 / CALIBER HOME LOANS and "Debt Collector" USPS CERTIFIED MAIL TRACKING # 7016 0910 0000 7644 4911. ...*This action is a violation of 15 USC 1692d§ 806, along with Furnishing Certain Deceptive Forms, USC 1692j § 812; False Or Misleading Representations,15 USC 1692e § 807; Communication In Connection With Debt Collection, 15 USC 1692c § 805...*Plaintiff *pg3 Notice:.. **Consumer here by demands that Debt Collector, CALIBER HOME LOANS and its agents, immediately Cease and Desist any and all Foreclosure actions."***

98. Plaintiff on November 05, 2016 sent correspondence to Defendants USPS Certified Mail Tracking #7016 0910 0000 7644 8483 the Debt Collector, "*Notice: Consumer here by demands that Debt Collector, CALIBER HOME LOANS and its agents, immediately Cease and Desist any and all Foreclosure actions. ...*" Exercising my right to private action, *I will bring suit against you, personally, and your agency for*

1 ***violations of federal and state consumer protection laws.*** *Therefore, this notice can*
2 *be construed as a Notice of Intent to bring such action, as your non-response does not*
3 *support a legal debt "owed" to your agency..."Should you continue to choose and*
4 *pursue your unlawful Foreclosure, trespass, harassment, threats, identity theft and*
5 *other actions, pursuant to your admission,* ***you are doing so with full knowledge and***
6 ***understanding and FOR THE RECORD, accept all associated liabilities, penalties,***
7 ***fees, fines and punitive damages etc."*** **see** Plaintiff "Exhibit 8" Federal Trade
8 Commission (FTC) mail receipt .

9 99. Plaintiff on November 12, 2016, filed complaint with the CFPA over debt collector's
10 abusive behavior. See consumerfinance.gov CFPA Case number 161112-000216

11 100. On November 23, 2016,11AM. Trustee sale, Consumer physically went to
12 Flagstaff court steps and was informed by the realtor Jodie xxx, commissioned by the
13 Debt Collector, that the sale was PERMANENTLY CANCELLED, 5 minutes before
14 alleged sale, with no notice to consumer.

15 101. Plaintiff believes Defendants actions are *prima facie evidence* of the truth, facts
16 and evidence asserted by the consumer in this matter over the past eight years is true
17 and correct and there is no evidence to the contrary. FDCPA § 1692e says a debt
18 collector cannot use any false, deceptive, or misleading representation or means in
19 connection with the debt collection and 1692e(5) says the debt collector cannot
20 threaten to take any action that cannot legally be taken or that is not intended to be
21 taken. Violated 15 USC 1692f (6)(A)

22 102. November 22, 2016, one day before the foreclosure sale, Defendants jointly or
23 separately, by and through their *ens legis,* acting in bad faith, with malice and
24 aforethought responded to CFPB complaint, purposely obfuscating facts and willful
25 concealing determining factors in this; Case number 161112-000216, 63 pages, using
26 legalese (prohibited under FDCPA) that misrepresents the material facts, omits
27 evidence and stubbornly remains unapologetic and displays a willful ignorance of their
28 abusive behavior and actions towards the Consumer, with no notice of the cancelled

1  trustee sale. Consumer Received this communication on November 28, 2016.

2  103.  November 28, 2016 continued their harassment, as Defendants jointly or

3  separately, by and through their *ens legis,* cause to have filed and recorded false and/or

4  forged documents in the Coconino County Recorder's Office: "Notice Of Trustee

5  Sale" Filing of the affidavit was a "false, deceptive, or misleading representation"

6  made in connection with collection of a debt in violation of 15 U.S.C. § 1692e, and

7  that it used "unfair or unconscionable means" to collect a debt in violation of 15

8  U.S.C. § 1692f. Defendants' acts and practices constitute violations of sections 807(3)

9  and 807(10) of the FDCPA. 15 U.S.C. § 1692e(3), (10) and Mail Fraud 18 USC 1341,

10  1342 & 1345; 39 USC 3005 & 3007,15 USC 1692f (6)(A). See Defense "Exhibit 14"

11  104.  December 02, 2016 Consumer disputed Response filed November 22, 2016 by

12  Debt collector to Consumer complaint with the CFPA over Debt Collectors abusive

13  behavior see consumerfinance.gov CFPB Case Number 161112-000216: *"Any*

14  *reasonable person can see after reviewing the substantial irregularities in the*

15  *accounting, paperwork, solid evidence and facts presented herein, why this matter has*

16  *been ongoing for more than eight years without equitable resolution. The Consumer*

17  *has acted in good faith and worked diligently since January 01, 2009 to resolve this*

18  *dispute. He believes the any Court of Competent Jurisdiction will find...*

19  105.  December 15, 2016 Consumer received correspondence from Defendants they

20  were debt collectors and  that they would comply with the FDCPA and cease all

21  communications. See Attached Plaintiff "Exhibit1"Caliber Home Loans, Inc "Debt

22  Collector Letters"

23  106.  December19, 2016, Consumer; harassed again when he received correspondence

24  from Defendants in violation of 15 USC 1692c

25  107.  December 23, 2016, Consumer; harassed again when he received correspondence

26  from Defendants in violation of 15 USC 1692c, 1692j

**PLAINTIFF HEREBY STATES THE CLAIM FOR WHICH RELIEF CAN BE
GRANTED UNDER RULE 12(b)(6) AS FOLLOWS:**

27

28

# COUNT I

## DEFENDANTS CONDITIONS PRECEDENT NOT MET

108. Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

109. Defendants jointly or separately to act upon these claims would divest Consumer from his property and his prerogative rights, resulting in legal injury.

110. The failure of Defendants to properly Notice Mr. Brosnahan and accelerate their own alleged loan, **as an essential prerequisite to foreclosure**, is at issue because defined in Paragraph twenty-two Deed of Trust, in clear and is unambiguous terms (see Defense "Exhibit 1" DOT) provides, in pertinent part, the following:

111. "Acceleration; Remedies, **Lender shall give notice** to <u>Borrower</u> **prior to** acceleration **following Borrower's breach of any covenant** or agreement in this Security Instrument...

112. *"The **notice shall specify:** (a) the default; (b) the action required to cure the default; (c) a date, **not less than 30 days** from the date the **notice is given to Borrower**, by which the default must be cured; and (d) that failure to cure the default on or **before the date specified** in the notice may **result in acceleration** of the sums secured by this Security Instrument, and sale of the Property."* see **Zervas v. Wells Fargo Decision** Case No. 2D11-750 Opinion filed July 18, 2012 THE DISTRICT COURT OF APPEAL OF FLORIDA SECOND DISTRICT Konsulian v. Busey Bank, N.A., 61 So. 3d 1283, 1285 (Fla. 2d DCA 2011) Sandoro v. HSBC Bank, 55 So. 3d 730, 732 (Fla. 2d DCA 2011).

113. Consumer **did not** **receive this notice** from the alleged "Lender" this prior <u>to both non judicial proceedings.</u> see Plaintiff "Exhibit 2" and "Exhibit 3" Certified Letters

114. The Due Process Clause of the United States Constitution requires "timely individual notice...before their property can be adversely affected". See **Volkswagenwerk Aktiengesallschaft v. Schlunk**, 486 U.S. 694,707 (1988)

115.   Furthermore the parties to a contract should bear in mind that condition precedent clauses are ultimately "conditions". A condition on its own is an important term in a contract and one that is said to go "to the root of the contract".

116.   When a condition is broken the innocent party (Plaintiff) is entitled to terminate the contract and claim damages.

117.   Defendants' failed and breached their Fiduciary Duty in the contract: Defendants by and through employees of Defendants' *ens legis* breached the contract by creating a "Substitution Of Trustee" not "appointed" by the "Lender".

118.   Defendants and its agents, jointly or separately breached Fiduciary Duty in the contract: violated Paragraph twenty-four Deed of Trust provide, in pertinent part, the following:*"Substitute Trustee. **Lender** may, for any reason or cause, from time to time **remove Trustee and appoint a successor trustee** to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law."* (*Emphasis added*) See Defendants "Exhibit 10"

119.   The "DOT" contract is unambiguous and that means ONLY "Lender" and No One Else may appoint a successor Trustee Substitution of trustee can only be assigned by the "lender". Defendants by and through employees of Defendants' *ens legis* created a unlawful "Substitution Of Trustee" without the "Lender" involved. Defendants executed a document entitled "assignment" that contained no warranties of title or interest. Once a court finds a violation, there is no discretion with regard to imposition of the penalties [Grant v. Imperial Motors (5th Cir. 1976)] FRCP 9 (c)

120.   Defendants and its agents, jointly or separately, by and through their *ens legis*, cause to have filed and recorded fabricated, false and/or forged documents in the Coconino County Recorder's Office "Substitution Of Trustee" Dated: 08-24-2015 that clearly breaks the chain of title see Defense "Exhibit 1" "DOT" paragraph 24 -

121.   Defendants and its agents, jointly or separately violated Paragraph twenty-five Deed of Trust: **Time of Essence.** Time is of the essence in each of the covenants of

1    this security instrument.

2    122.   **WHEREFORE**, Plaintiff demands judgment against Defendants jointly or

3    separately for actual, statutory, treble and/or punitive damages, and attorney's fees and

4    costs, along with any other and further relief as the court deems just and proper.

## COUNT II
## DEFENDANTS VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), 12 U.S.C. §2605

7    123.   Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs

8    as if more fully set forth herein below.

9    124.   Defendants jointly or separately are servicers of a federally related mortgage loan

10   within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.

11   §2605.

12   125.   Plaintiff's June 27, 2016 written requests for information about his account and

13   correction of Defendants' numerous errors were "qualified written requests" within

14   the meaning of RESPA.

15   126.   Defendants jointly or separately deliberately failed to respond in a proper and

16   timely way to Plaintiff's "qualified written requests" for information about, and

17   corrections to, his mortgage account, in violation of 12 U.S.C. §2605(e).

18   **WHEREFORE**, Plaintiff demands judgment against Defendants jointly or separately

19   for a proper accounting and application of his mortgage payments and for actual,

20   statutory, treble and/or punitive damages, and attorney's fees and costs, along with any

21   other and further relief as the court deems just and proper, pursuant to 12 U.S.C.

22   §2605.

## COUNT III
## Defendants VIOLATION OF TRUTH IN LENDING ACT (TILA), 15 U.S.C. §1641

24   127.   Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs

25   as if more fully set forth herein below.

26   128.   Defendants jointly or separately committed "Identity Theft" in accordance with 18

27   U.S. Code § 1028A and section 523 of the Gramm- Leach-Bliley Act 15 U.S.C. 6823

28

and created a new account 9804xxxxx, without the Consumer's authorization.

129. Defendants jointly or separately Violation TILA, 15 U.S.C. § 1635: Consumer noticed Debt collector and ignored TILA Rescission, and attempted to collect debt after notice. See SCOTUS unanimous decision January 13, 2015 (*Jesinoski v. Countrywide Home Loans, Inc., 2015 WL 144681* ). See Attached Plaintiff "Exhibit 4" TILA 2009 Rescission Letter.

130. Defendants jointly or separately therefore violated Federal Law by refusing to rescind. *(See*: Arnold v. W.D.L. Invs., Inc., 703 F.2d 848, 850 ($^{5th}$ cir. 1983) (clear intention of TILA and Reg. Z is to make sure that the creditor gets notice of the Borrower's intention to rescind).

131. Defendants jointly or separately violated TILA and claim they represent the "Lender" or "Creditor" and are a party to the contract "DOT" and have not cancelled the security interest and returned all monies paid by the Plaintiff, within the 20 days of receipt of the original Notice of Rescission, Defendants are responsible for actual and statutory damages pursuant to 15U.S.C.§1640(a). the liability is on the "Lender" see Plaintiff "Exhibit 4" TILA 2009 Rescission Letter.

132. Debt Collector violation of FTC 16 C.F.R. § 433, ("Holder" Rule) makes any assignee or holder of the credit contract responsible for claims the consumer might have against the seller

133. Defendants jointly or separately violated TILA, A new creditor must provide notice of its status pursuant to 15 U.S.C. §1641(g)

134. Helping Families Save Their Homes Act of 2009 states;

135. NOTICE OF NEW CREDITOR — (1) IN GENERAL.—In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, / including –

136. (A) **the identity**, address, telephone number of the **new creditor**;(B) the date of

transfer;(C) how to reach an **agent or party having authority to act** on behalf of the **new creditor**;(D) **the location of the place where transfer of ownership of the debt is recorded**; and (E) **any other relevant information regarding the new creditor**.(emphasis add)

137. Defendants jointly or separately failed in their duty to send proper notice to Plaintiff.

138. Under TILA's statutory penalty provisions, a creditor can be liable to the consumer in an amount equal to twice the amount of the finance charge imposed, but not less than $100 nor more than $1,000 [15 U.S.C. Section 1640(2)(a)].

139. **WHEREFORE**, Plaintiff demands judgment against Defendants for and for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to pursuant to 15 U.S.C. §1640(a) and 15 U.S.C. § 1635 (b)

**COUNT IV**
**DEFENDANTS VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692**

140. Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

141. Defendants jointly or separately Violated 15 USC 1692c(a)
Without the prior consent of the Consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt.

142. Defendants jointly or separately Violated 15 USC § 1692a(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

143. Defendants jointly or separately Violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

144.   Defendants jointly or separately Violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

145.   Defendants jointly or separately Violated 15 U.S.C. §1692e(6) by sale or transfer of any interest in the debt will cause the consumer to lose any claim or defense to payment of the debt.

146.   Defendants jointly or separately Violation of FTC 16 C.F.R. § 433, ("Holder" Rule) makes any assignee or holder of the credit contract responsible for claims the consumer might have against the seller

147.   Defendants jointly or separately Violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

148.   Defendants jointly or separately Violated 15 USC 1692f (6)(A) (6) Taking or threatening to take any non judicial action to effect dispossession or disablement of property if -- (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

149.   Defendants jointly or separately Violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

150.   Defendants jointly or separately Violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

151.   Defendants jointly or separately Violated 15 U.S.C. §1692f (6) taken or threatened to unlawfully repossess or disable the consumer's property.

152. Defendants jointly or separately Violated 15 U.S.C. §1692 e(5) misleading representation or means in connection with the debt collection and says the debt collector cannot threaten to take any action that cannot legally be taken or that is not intended to be taken.

153. Defendants jointly or separately Violation of 15 U.S.C. § 1692e "false, deceptive, or misleading representation" made in connection with collection of a debt in violation of, and that it used "unfair or unconscionable means" to collect a debt and

154. Defendants jointly or separately Violation of 15 U.S.C. § 1692f. Defendants used affidavits in which the affiants represented that they had personal knowledge of the validity and ownership of debts. By using these affidavits, Defendants represented, directly or indirectly, expressly or by implication, that those affiants had personal knowledge of the validity and ownership of the debts. In numerous instances in which they submitted such affidavits, Defendants knew or should have known that the affiants in fact did not have such personal knowledge.

155. Defendants' representations as set forth in this Complaint were false or misleading and constituted deceptive acts and practices, in violation of sections 1031(a) and 1036(a)(1)(B) of the CFPA. 12 U.S.C.§§ 5531(a), 5536(a)(1)(B).Defendants' use of such affidavits falsely represented to consumers the character, amount, or legal status of debts. Defendants' use of such affidavits constituted false representations or deceptive means to collect or attempt to collect debts. Defendants' use of such affidavits was an unfair or unconscionable means used to collect or attempt to collect debts. Defendants' acts and practices constitute violations of sections 807(2)(A), 807(10), and 808 of the FDCPA. 15 U.S.C. §§ 1692e(2)(A), (10), 1692f.

156. Defendants jointly or separately Violation December 15, 2016 violation of 15 USC 1692 received correspondence from Defendants acknowledge cease and desist 15 USC 1692c(1)

No. CV-16-08277-PCT-DLR

157.   Plaintiff has demonstrated that Defendants have violated FDCPA by their willful failure to state a material fact, or the willful concealment of a material fact in their commencement of a non judicial foreclosure to collect a debt against the Plaintiff.

158.   The intent of the Defendants actions was that the Plaintiff would rely on their false and coercive statements and just "pay up" rather than exercise his rights as dictated by the FDCPA and not bring suit against the Defendants for their violations of the FDCPA and other consumer protection laws.

159.   Defendants Violation December 19, 2016 violation of 15 USC 1692c(1) Consumer was harassed again when he received correspondence from Defendants after told to cease and desist 15 USC 1692c, 1692j  See Attached Exhibit

160.   Defendants Violation December 23, 2016 Consumer was harassed again when he received correspondence from Defendants in violation of 15 USC 1692c, 1692j

161.   **WHEREFORE,** Plaintiff demands judgment against Defendants Caliber Home Loans, Inc., LSF9 Master Participation Trust, and Summit Service and Realty LLC jointly and separately for actual or statutory damages, and punitive damages, attorney's fees and costs, along with any other and further relief as the court deems just and proper pursuant to 15 U.S.C. §1692k

## DEMAND FOR JURY TRIAL

162.   Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law. Federal Rules of Civil Procedure Rule 38

## CONCLUSION

Plaintiff has made detailed allegations with particularity with Facts and Evidence, that the Defendants have used written representations of exaggeration and falsehood, which is precisely what is required for an action to be brought under FDCPA, TILA,RESP and other consumer protection laws. The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.,* 310 F. 3d 385, 392 (5th Cir. 2002). The

remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.,* 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq.,* is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002). Also See SCOTUS (TILA) unanimous decision January 13, 2015 *Jesinoski v. Countrywide Home Loans, Inc., 2015 WL 144681.*

Alleged foreclosure sale is imminent and, as such, Defendant/debt collectors continue to threaten, harass and trespass on Consumer's inalienable rights.

Plaintiff has demonstrated, through facts and evidence, that Defendants have violated by their willful failure to state a material fact, or the willful concealment of a material fact in their commencement of a non judicial foreclosure to collect a debt against the Plaintiff.

Plaintiff respectfully seeks this Court to do their constitutional duty (Oath) that this Court is required to, under their Constitutional Oath to Enforce the Federal Laws to protect and defend the Constitutional rights of the individual Consumer against this corporate giants' abuse.

Plaintiff asks this Court to uphold the "Rule of Law" and protect the Plaintiff's rights according to the "Law of the Land," "due process of law," and "due course of law" are synonymous. People v. Skinner, Cal., 110 P.2d 41, 45; State v. Rossi, 71, R.I. 284, 2d 323, 326; Direct Plumbing Supply Company v. City of Dayton, 138 Ohio St. 540, 38 N.E. 2d 70, 72, 137 A.L.R. 1058; Stoner v. Higginson, 316 Pa. 481, 175 A. 527, 531.

Defendant's errors in quoting incorrect Court Rules notwithstanding, it is a functional impossibility for Consumer Plaintiff, a laymen, *and/or any juris doctorate for that matter*, to explain the horrendous and numerous acts unlawfully perpetrated against the State of Arizona, the Body Politic of Arizona, and the Consumer Plaintiff by Defendants in a few "short" paragraphs.

Defendants have spent untold millions of dollars and possibly thousands of hours of attorney's time to contrive such an abysmal scheme to steal from the people, the

Counties, the States and the United States of America simultaneously.

By Law and Precedent and in accordance with the Supreme Court of the United States *pro se* pleadings MAY NOT be held to the same standard as a lawyer's and/or attorney's. Additionally, *pro se* motions, pleadings and all papers may ONLY be judged by **their function and never their form**. Litigants are to be held to less stringent pleading standards. *See:* Haines v. Kerner, 404 U.S. 519-421 Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000) Emphasis Added

Defendants standard business practices are designed to receive pecuniary gain from the Violations of Federal Laws. Defendant's acts, committed under the guise of a 'lawful transaction' to unlawfully convert real property from the Consumer, the lawful owner, to a "vulture investment" corporation.

**WHEREFORE,** Plaintiff demands judgment against Defendants Caliber Home Loans, Inc., LSF9 Master Participation Trust, and Summit Service and Realty LLC jointly and separately for actual or statutory damages, treble and/or punitive damages, attorney's fees and costs, along with any other and further relief as the court deems just and proper.

For want of all of the above, Plaintiff now seeks this honorable Court's immediate intervention. Plaintiff believes, in consideration of all of the foregoing, that Plaintiff has established just and proper cause for this Court to immediately intervene, by enjoining Defendants from any further unlawful action, lest further, irreparable harm and injury, and loss of property befall Plaintiff; and, to further issue declaratory relief consistent herewith. **THEREFORE,** this Court should grant Summary Judgment in favor of Plaintiff.

**IN THE ALTERATIVE** until all Facts, are Clarified, as to be determined following the completion of discovery, which is now pending, and, to provide Plaintiff, thereafter, Oral Argument, and/or any other relief this court deems just and proper.

RESPECTFULLY SUBMITTED: This 18th day of October, 2017.

BY: _____ , agent
Consumer Claimant Michael J Brosnahan,
Sincerely and signed without prejudice,

COPYRIGHT NOTICE: The above-mentioned entity is quoting citations 'as purported in' context to copyrighted case law, statutes, rules of court and court decision material as found in books published with Federal or state funding supplied by the Citizens of the United States of America and intended for use by attorneys, and does so under the provisions of the Fair use clause of the copyright laws of the United States.

## VERIFIED AFFIDAVIT

The undersigned Affiant, Consumer Claimant Michael J Brosnahan, *pro per*, a natural person, hereinafter "Affiant", does solemnly declare and state as follows:

1.     Affiant is competent to state the matters set forth herein.

2.     Affiant has knowledge of the facts stated herein.

3.     All the facts herein are true, correct and complete, not misleading, to the best of Affiants knowledge and belief, and admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

BY: _____, agent
Consumer Claimant Michael J Brosnahan, *pro per*
Sincerely and signed without prejudice,

CERTIFICATE OF SERVICE
ORIGINAL and COPY of the foregoing
Delivered and Filed with the Clerk of the Court,
This 18ᵗʰ day of October, 2017
The Honorable Douglas L. Rayes
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA


Conformed COPY of the foregoing
Perkins Coie LLP
Brian C. Lake
Kendra L. Haar
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Attorneys for Defendants Caliber Home
Loans, LSF9 Master Participation Trust,
and Summit Services and Realty LLC


BY: _____, agent
Consumer Claimant Michael J Brosnahan,

Sincerely and signed without prejudice

No. CV-16-08277-PCT-DLR