Michael J Brosnahan
21 Hummingbird Circle
Sedona Az. 86336
mtk63@hotmail.com
(928) 300-6030

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Real Party In Interest:<br>MICHAEL J BROSNAHAN<br>Consumer Claimant<br>　　　　　Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., et al.<br>AND/OR Real Party(s) In Interest:<br><br>　　　　　Defendants. | No. CV-16-08277-PCT-DLR<br><br>**RESPONSE TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>(ORAL ARGUMENT REQUESTED)<br><br>(Honorable Douglas L. Rayes) |

Plaintiff Michael J Brosnahan, natural person, "Consumer" as defined by 15 USC 1692a(3)(4), and Principal, exercising his private right of action 15 U.S.C. § 1692k, not waiving any rights, without prejudice, in this CIVIL ACTION pursuant to Fair Debt Collection Practices Act 15 U.S.C. § 1692, Truth in Lending Act (TILA), 15 U.S.C. 1601 et seq and Real Estate Settlement Practices Act (RESPA) 12 U.S.C. §2605 et seq. and Federal Question 28 U.S.C. § 1331. Consumer/Principal/Plaintiff hereby incorporates by reference all facts set forth in Plaintiff's Complaint, First Amended Complaint ("FAC") Second Amended Complaint ("SAC") and Plaintiff's Response, including all defined terms contained therein. On and for the record and for my appeal if necessary, Consumer hereby respectfully submits his Response to Defendants' Motion to Dismiss and states as follows:

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

With all due respect, Plaintiff objects to the Defendants motion as it appears to have been filed in bad faith in an attempt to pre litigate and Prejudice the court against the Consumers' legitimate claim and have no bearing on the Federal Question 28 U.S.C. § 1331 before the court. 28 U.S. Code § 2072

It is difficult to comprehend the basis of Defendant's Motion To Dismiss Plaintiffs Second Amended Complaint, as the tone is unprofessional and appears to mock the consumer's legitimate claim. The Consumer protection laws are not some "Nebulous Theory" they are unambiguous in that no interpretation is required or allowed and no stonewalling the rescission can be accomplished by merely announcing a dispute with statutory TILA rescission on ANY grounds.

Plaintiff objects to Defendants' motion as it is filled with legalese, terms no laymen will understand and used words that have different meanings in law than in the layman sense, ONLY the laymen meaning of the words should be used with the Consumer.

Plaintiff objects to the unfair advantage for Defendants, it is obvious in that condition alone. A Consumer layman is NOT required to know legal definitions. Plain Writing Act of 2010.

Plaintiff objects to Defendants Documents and again hereby questions the authenticity and/or authority of all signatures by any and all parties. Plaintiff hereby questions the authenticity and/or authority of all documents, agreements, contracts, notes, and/or the like by any and all parties. Plaintiff objects to the notary(s) signing documents for Defendants' *ens legis* are actually employees of Defendants' corporations and have unlawfully notarized documents for their employers without firsthand knowledge and are hearsay. All documents allegedly "Verified" (See defense motion and perjurious "Verification" dated November 01,2017) or notarized by employees are void ab intio and may only be considered by this Court as evidences of their crimes and NEVER as valid documents. The Federal Court should not tolerate an utterly frivolous motion such as this by a party who does not wish to have its unlawful and illegal activities exposed in open Court.

Plaintiff objects to Defendants motion as it is misleading and purjurous. Plaintiff objects to Defendants motion and categorically denies any and all allegations, assumptions, and presumptions in the defendants baseless and frivolous "Motion To Dismiss Plaintiffs Second Amended Complaint".

## JUDICIAL NOTICE

**Although this is a Civil case Plaintiff asks the court to note the defendants actions also may be criminal in nature.**

**28 U.S. Code § 2072 - Rules of procedure and evidence; power to prescribe**

**Federal Question 28 U.S.C. § 1331**

**Fair Debt Collection Practices Act 15 U.S.C. § 1692**

**Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq***

**Helping Families Save Their Homes Act of 2009**

**Public Law 111 - 274 - Plain Writing Act of 2010**

**FTC 16 C.F.R. § 433, ("Holder" Rule)**

**28 U.S. Code § 1251 28 U.S.C. § 1345 Injunctions Against Fraud**

**United States of America Constitution Article III section II**

**Supremacy Clause of the United States Constitution, Article VI, paragraph 2**

**SCOTUS unanimous decision January 13, 2015 *Jesinoski v. Countrywide Home Loans, Inc., 2015 WL 144681*.**

Plaintiff respectfully requests the Court take notice of the well-pleaded allegations and **Facts now in evidence** of the Consumer Plaintiff's complaint, and must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

## I. STATEMENT OF FACTS

Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs

as if more fully set forth herein below.

At all relevant times, Defendants Caliber Home Loans Inc., LSF9 Master Participation Trust, and Summit Services and Realty LLC (collectively "Defendants") and its agents are in fact a "Debt Collector" as defined under the FDCPA. 15 U.S.C. § 1692a(6). Defendants have acted and continue to act recklessly or knowingly and commit the acts, cause or direct others to commit the acts, or permit others to commit the acts alleged in this matter. Any allegations about the acts of the Corporations means those acts were committed through their officers, directors, employees, agents, and/or representatives while those individuals were acting within the actual or implied scope of their authority.

To be clear, collectively "Defendants" jointly or separately are like a "snake eating its tail" hidden from the Consumer and Federal Court in a self contained Lone Star corporate conglomerate, built on a well oiled "foreclosure mill". see Defendants "Corporate Disclosure Statement"

**Plaintiff Mr. Brosnahan, Asserts The Following Facts Now In Evidence:**

1. Mr. Brosnahan and his family have owned the home for 24 years since February 02 1993, his principle dwelling unique real property, used primarily for personal, family, or household purposes and made timely payments.
2. In December 2008 Consumer was mislead when solicited by Countrywide to stop his timely payments for at least three months to secure a better interest rate.
3. Consumer on or about May 15, 2009 sent pursuant to TILA a Rescission well within the three year time limit of the alleged original loan being <u>consummated on May 25 2006</u> and recorded May 31 2006.
4. The rescission is ALWAYS effective upon mailing. Based upon the express wording of the statute 15 U.S.C. 1635, and the unanimous ruling from SCOTUS that the statute's wording is clear and thus permits no interpretation, and the ruling of SCOTUS that the statute is procedural, and simple logic.
5. Plaintiff objects to Defendants deceptive attempt to again mislead this Federal Court

and Consumer that the alleged loan was somehow consummated earlier on a meaningless document prepared on 01/24/2006 that clearly states **"(This Is Neither A Contract Nor Or A Commitment To Lend)"** (emphasis defendants document page 22 of 25 Exhibit "A")

6. Plaintiff objects to Defendants deceptive attempt to again mislead this Federal Court and Consumer with a meaningless document that clearly states **"(This Is Neither A Contract Nor Or A Commitment To Lend)"** (emphasis defendants document) page 23, 24, 25 and all unsigned and dated May 10, 2006. See defendants' "Exhibit A" attached to MOTION TO DISMISS "SAC".

7. Plaintiff objects to Defendants deceptive attempt to mislead this Federal Court and Plaintiff by submitting a bogus Verification from a one: "Default Service Officer Nathan Masnsi Caliber Home Loans Inc." stating: *"I have read the <u>Motion to Dismiss Plaintiffs First Amended complaint</u> dated November 01,2017... the facts there in are <u>not all within my personal knowledge</u> ...but have been assembled by authorized representatives (Unidentified) and counsel (also Unidentified) ...I am informed and believe the facts therein are true based (Unidentified) on the business records (Unidentified)...**under penalty of perjury**... "* (Emphasis added)

8. Plaintiff objects to Defendants "Verification" the ambiguous nature of it notwithstanding, **this is in fact the <u>Motion to Dismiss Plaintiffs Second Amended</u>**. Demonstrating and proving once again to the Federal Court and Consumer that **Caliber employees will sign and verify and attest to anything that is put in front of them without reading or understanding the content or ramifications.**

9. Plaintiff objects and demands the veracity of all signatures, accounting, alleged "business records" and any "Affidavits" put forth by any of the Defendants by now is in question in this case and must be disallowed and stricken from the record.

10. Plaintiff objects to Defendants disingenuous motion and deception. This Federal Court should summarily **<u>not grant</u>** Defendants motion and motion should be stricken from the record and a default judgment be entered in favor of the Plaintiff.

11. After Notice by the Consumer, Defendants jointly or separately have no lawful explanation of why they are attempting **"To Collect A Debt"** (emphasis defendants, see plaintiffs exhibit 1) that has been rescinded in May 15, 2009. See Plaintiff "Exhibit 4" TILA 2009 Resection Letter.

12. Pursuant to TILA Rescission is an EVENT. It is a FACT not a claim requiring adjudication in the court and not subject to Defendants legalese explanations of why they think that they can set aside a unanimous SCOTUS decision in an attempt to achieve ill-gotten gains "collecting a debt."

13. Consumer rescission was effected on the above date and the Defendants continue to ignore that fact and prosecute claims in an **"attempt to collect a debt"** (emphasis defendants, see plaintiffs exhibit 1) through an unlawful non-judicial foreclosure under a canceled loan contract and void note and mortgage.

*14.* Plaintiff objects to Defendants condescending tone asserting *"Plaintiff apparently now claims he unilaterally rescinded..."* see *line12 page 11"MTDSAC" also* see page 5 court order 11-23-2016 *"1. During the hearing, Brosnahan argued that his original lender had violated the Truth in Lending Act (TILA), that he rescinded his loan in 2009, and that, as a result, no debt is owed on the Property."*

15. Consumer has diligently and consistently acted in good faith and lawfully noticed the Federal Court, all relevant Authorities, Agencies and Defendants' jointly or separately to enforce his rights as a consumer since January 2009.

16. Plaintiff objects to Defendants' jointly or separately, attempt to escape justice by simply saying *"Caliber was not involved in originating Plaintiff's 2006 loan—it had no involvement until 2016."* while seeking to enforce a non judicial foreclosure.

17. Plaintiff objects to Defendants' jointly or separately, as they can no longer claim "plausible deniability" must accept the full "Moral Hazard" of their unlawful actions in acquiring alleged debt to Enforcement of a Non-judicial foreclosures **"To Collect A Debt"** (emphasis defendants, see plaintiffs exhibit 1) as they were legally and lawfully noticed.

18. Plaintiff objects to Defendants' jointly or separately, as the history of the many irregularities and of false and forged documents were disclosed by Consumer in good faith, including the 2009 TILA rescission disclosed to Defendant's Lead Counsel in our pre-trial meeting on December 27, 2016 and also disclosed in a letter to Caliber dated June 27, 2016.
19. Non-judicial foreclosures require the purported power of sale clause to be a lawful agreement, which in this case it was not.
20. It is now self evident to any reasonable person, the alleged debt and subsequent fabricated false and/or forged documents have knowingly passed since 2009, without ever being validated, from one company to the next in an attempt by Defendants' jointly or separately, to conceal material facts and evidence.
21. Plaintiff objects that Defendants' jointly or separately, willfully ignored lawful notice of TILA rescission May 15, 2009 and continued to attempt to collect alleged debt.
22. That Defendants' jointly or separately, allege they have acquired an "interest" in a "DOT" and now assert they have a clear chain of title with the recording of fabricated false and/or forged documents into a public office and into this court; Quite frankly, it is clear the alleged Assignments were not executed correctly in the ordinary course of business, as required by law. See Plaintiffs' Exhibits 1-8
23. That none of the above-mentioned entities, Defendants' jointly or separately, (i.e., Debt Collectors) are the true Creditor or Holder in Due Course of the alleged note and debt in question to enforce a non judicial foreclosure.
24. Defendants' jointly or separately, allege they have acquired an "interest" in a loan that has been rescinded in May of 2009 and precludes them any enforcement of a non judicial foreclosure.
25. Plaintiff objects Defendants' jointly or separately, can't use a robo-Defendants or robo-Beneficiary to press the case because that would mean that the rescinded loan closing documents were being used for the purpose of establishing the presumption of legal standing.

26. Plaintiff objects Defendants' jointly or separately, pursuant to RESPA did not respond in a timely manner to consumers "Written Qualified Request" and attempted to mislead Consumer in their eventual response. See plaintiff exhibit 2
27. Consumer has received numerous unsolicited correspondences in violation of 15 USC § 1692c(a), from Defendants' jointly or separately, clearly stating they are a "debt collector" as required by the FDCPA yet now allege they are not "debt collector" before this Court. *See*: Wilson v. Draper & Goldberg, P.L.L.C., 2006 U.S. App. LEXIS 8243 (4th Cir. April 5, 2006) the court dismissed Draper's argument that it was a debt collector only under certain provisions of the Act, concluding that once a party meets the statutory definition of debt collector, it is subject to the Act in its entirety.
28. This matter arises out of Defendants' unlawful communication to the Consumer pursuant to 15 USC§1692c(a) and the commencement of a non-judicial foreclosure proceeding against Consumer absent the required documentation pursuant to 15 U.S.C. §1692e(2) §1692f 6(a) and in lieu of said documentation, Defendants used perjurious statements and claim to conceal the Facts that neither Defendant nor Defendant's *ens legis* has no Legal and/or Lawful Right to commence the non-judicial foreclosure proceeding in attempt to collect a debt.
29. Plaintiff objects to Defendants allege they and not subject to, Conditions Precedent not met in contact law. The Deed of Trust is explicit in paragraph 22 that *"Acceleration; Remedies.* **Lender shall give notice to Borrower *prior to acceleration* *following Borrower's* *breach of any covenant or agreement in this Security"* *Instrument (emphasis added)* Defendants failed to meet Conditions Precedent pursuant to DOT. *See*: Conditions Precedent Not Met - 2011 CA US District Court - Paik v Wells Fargo
30. Plaintiff objects to Defendants as the legitimacy of the Assignments is very much in question. 28 U.S. Code § 2072 Defendants allege there is a clear chain of title. Quite frankly, it is clear the alleged Assignments were not executed correctly in the ordinary

course of business, as required by law and defendants clouded the title in an attempt to "push through" this unlawful mortgage foreclosure.

31. Plaintiff objects the exhibits are "hearsay" and inadmissible as evidence in this Court. The veracity of accounting and the Affidavit by now is in question. Defendants and its agents continue to trespass and harass Consumer. See DAVID KESTER V. CITIMORTGAGE, INC. | 9th Cir – "the recording of false or fraudulent documents that assert an interest in a property may cloud the property's title" September 29, 2017.

32. Plaintiff objects as Defendants breached their fiduciary duty and ignored their Due diligences in acquiring the alleged loan. Defendants are attempting to mislead the Consumer and the Federal Court and now blame the Victim Mr. Brosnahan for their malfeasance. There is no clear chain of title, Defendants have no standing and are unable to enforce, therefore are nothing more than a "debt collector" as defined in FDCPA.

33. Pursuant to F.R.Civ.P. Rule 8(b)(6) and/or all allegations and/or claims made by Plaintiff MUST be accepted as true by this Court unless said allegations and/or claims are rebutted with a preponderance of the evidence by Defendant. Any and all such avowries and/or averments presented by Defendant must be done under penalty of perjury. see defendants bogus "Verification" and plaintiffs exhibits 1-8

ALL of Defendant's counsel's pleadings, motions, Judicial Notice, tainted documents and/or the like MUST be stricken from this Court's record. see defendants bogus "Verification" dated 01-11-2017 and plaintiffs exhibits 1-8

## II. STANDARD OF REVIEW

Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

35. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

36. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". Friends of Lake View School District v. Beebe, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. Id. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". Ashcroft v. Iqbql, 129 W.Ct. 1937, 1950 (2009).

37. Well-pleaded allegations of fact and every inference fairly deducible there from are accepted as true for purposes of a motion to dismiss. *See*: *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

### III. ARGUMENTS AND AUTHORITIES

Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

38. "When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to

some relief, the court should overrule defendant's motion to dismiss.

## A. FDCPA, RESPA, TILA, IMPOSE A STRICT LIABILITY STANDARD.

39. "Nothing in our jurisprudence, and no tool of statutory interpretation, requires that a congressional Act must be construed as implementing its closest common-law analogue. Cf. Astoria Fed. Sav. & Loan Assn. v. Solimino, 501 U. S. 104, 108-109 (1991). The clear import of §1635(a) is that a borrower need only provide written notice to a lender in order to exercise his right to rescind." See SCOTUS <u>unanimous</u> decision January 13, 2015 (*Jesinoski v. Countrywide Home Loans, Inc., 2015 WL 144681*).

40. The whole purpose of the statute is to allow the homeowner to wipe out the deal without going to a lawyer much less filing a lawsuit. Rescission is NOT a claim. It is an event. That much is clear from the SCOTUS decision in Jesinoski. The ruling of SCOTUS who says that the wording of the statute means that the rescission IS effective upon mailing.

41. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997): see also *Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000): Pittman v. J.J. *Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30, 33-34 (2nd Cir. 1996).

## B. THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER.

42. The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq.*, is a remedial statute, it should be construed liberally

in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002). Also See SCOTUS (TILA) unanimous decision January 13, 2015 *Jesinoski v. Countrywide Home Loans, Inc., 2015 WL 144681.*

43. Plaintiff objects to Defendants as it is unclear why Defendants allege in their motion that they do not have to strictly follow the FDCPA,TILA RESPA and other consumer protection laws as it applies to them, and instead chose to ignore the facts and willfully to break Federal Laws enacted by Congress and adjudicated clearly by SCOTUS in this **Federal Question 28 U.S.C. § 1331**.

**C. The FDCPA broadly Prohibits Unfair Or Unconscionable Collection Methods, Conduct Which Harasses, Oppresses Or Abuses Any Consumer, And Any False, Deceptive Or Misleading Statements, In Connection With The Collection Of A Debt.**

44. The Fair Debt Collection Practices Act. ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debt by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provided for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by Consumers, and forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics both generally and in a specific list of disapproved practices.

45. Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §

1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply it was designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any consumer, and any false deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

46. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. See Pacific Concrete F.C.U. v. Kauanoe, 62 Haw. 334, 614 P. 936 (1980), GE Capital Hawaii, Inc. v. Yonenaka 25 P. 3d 807, 96, Hawaii 32, (Hawaii App 2001), Fooks v. Norwich Housing Authority 28 Conn. L. Rptr. 371, (Conn. Super. 2000), Town of Brookfield v. Candlewood Shores Estates, Inc. 513 A. 2d 1218, 201 Conn. I (1986), and Solon V. Godbole, 163 III. App. 3d 845, 114 I11. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987). The Defendants never complied with Plaintiff's Consumer demands for validation of the alleged debt they were attempting to collect yet continued their collection activities. A debt collector verifies a debt by providing information that is responsive to the consumer's request. See H.R. Rep. No 31, 95th Cong., 1st Sess. 5 1977. At NO time did DEFENDANTS begin to attempt to properly validate the alleged debt as demanded by Plaintiff.

47. Pursuant to FDCPA is a strict liability statute and "Because the Act imposes strict liability, a Consumer need not show intentional conduct by the debt collector to be entitled to damages". The argument of no duty to send a verification letter fails in light of the fact that Defendants did NOT provide validation of the alleged debt nor did the Defendants up until the time this action was filed.

48. Plaintiff objects to Defendants arguments made that Plaintiff has not provided all evidence material to the allegations made in the complaint is ridiculous. Such

evidence is to be presented at trial and is not required to be annexed to the Original Complaint. Plaintiff again states "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," [emphasis added] in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." [emphasis added] *Id.* At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." [emphasis added] *Id.* At 570.

49. Plaintiff objects to Defendants' argument that they did not violate 15 U.S.C. § 1692d or § 1692f is erroneous and without merit. Defendants initiated a non judicial foreclosure against Plaintiff in an attempt to "collect a debt" from Consumer without providing validation of Debt after a demand was made by Plaintiff to Defendants and no validation of the alleged debt was provided to the Consumer in accordance of the law.

50. The fact that Defendants made a faulty presumption and violated 15 U.S.C. § 1692 does not excuse them from liability under a bona fide error defense as stated in Jerman v. Carlise, NcNellie, Rini, Dramer & Ulrich, L.P.A. 538 F.3d 469,471 (6th Cir. 2008).

51. Plaintiff has demonstrated that actions of the Defendants' jointly or separately, have violated FDCPA, TILA, RESPA and other consumer protection laws by their willful failure to state a material fact, or the willful concealment of a material fact in their commencement of a non judicial foreclosure against the Plaintiff.

52. The intent of the Defendants actions was that the Plaintiff would rely on their false and coercive statements and just "pay up" rather than exercise his rights as dictated by the FDCPA and not bring suit against the Defendants for their violation of the FDCPA and other consumer protection laws.

53. The coercive deceptive nature of the actions of, and statements made to the Plaintiff in multiple communications from Defendants' jointly or separately, identifying themselves specifically as "Debt Collectors " leave little doubt that Plaintiff has been damaged with his having lost an immense amount of sleep and was and is currently being subjected to any manner of emotional trauma including, but not limited to, loss of sleep, stress, humiliation, anger, fatigue, anxiety, alienation of affection and emotional distress.

54. Defendants are acting with impunity with continued harassment and abuse of the consumer for their unjust enrichment in clear violations of FDCPA,TILA RESPA and other consumer protection laws and their unlawful actions continue unabated.

55. Defendants continue to harass Consumer with threatening letters sent December 19, 2016, December 23, 2016, January 18, 2017 and now escalated the harassment of Consumer by leaving voice mail on his personal private unlisted cell phone on January 24, 2017 and after Debt Collector was told to cease and desist by Consumer and Lead Counsel for the Defendants. Defendants continue to threaten, harass, abuse and trespass on Consumers' inalienable rights. Allegedly, the foreclosure sale date has been postponed until when is unclear and remains eminent at this time.

56. Plaintiff has made detailed allegations with particularity with Facts and Evidence, that the Defendants have used written representations of exaggeration and falsehood, which is precisely what is required for an action to be brought under FDCPA, TILA,RESPA and other consumer protection laws. The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002). Also See SCOTUS (TILA) unanimous decision January 13, 2015 *Jesinoski v. Countrywide Home Loans,*

*Inc., 2015 WL 144681.*

57. The veracity of the Consumer Claims and Facts in this case have been legitimized over these eight years of Federal litigations by the: DOJ, CFPA and Attorney General resulting with Countrywide, Bank of America, Deutsche Bank, and Ocwen all having multimillion dollar consent orders and Judgments against them. A Second Superseding Federal Indictment, for Wilmington Trust. The New York Attorney General opened an investigation into Caliber Home Loans Inc. for their abusive practices.

## V. CONCLUSION

Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer a plausible claim and "more than the mere possibility of misconduct", by Defendants own illicit action in this Federal Court, which easily satisfies Plaintiff burden of pleading under the Federal Rule of Civil Procedure, in addition to the FDCPA ,TILA, RESPA at this stage. See Ashcroft v. Iqbal, 129 S.Ct. at 1950. Plaintiff's claims should therefore survive dismissal.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendants' Motion to Dismiss. In the alternative, oral arguments requested and if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend his Complaint.

RESPECTFULLY SUBMITTED: This 14th Day of November, 2017.

BY: _____, agent
Consumer Claimant Michael J Brosnahan,
Sincerely and signed without prejudice,

COPYRIGHT NOTICE: The above-mentioned entity is quoting citations 'as purported in' context to copyrighted case law, statutes, rules of court and court decision material as found in books published with Federal or state funding supplied by the Citizens of the United States of America and intended for use by attorneys, and does so under the provisions of the Fair use clause of the copyright laws of the United States.

CERTIFICATE OF SERVICE
ORIGINAL and COPY of the foregoing
Delivered and Filed with the Clerk of the
Court,
This 14th Day of November, 2017,
The Honorable Douglas L. Rayes
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA


Conformed COPY of the foregoing
Perkins Coie LLP
Brian C. Lake
Kendra L. Haar
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Attorneys for Defendants Caliber Home Loans, LSF9 Master Participation Trust, and Summit Services and Realty LLC

BY: /s/ [signature], agent
Consumer Claimant Michael J Brosnahan,
Sincerely and signed without prejudice,