Michael J Brosnahan
21 Hummingbird Circle
Sedona Az. 86336
mtk63@hotmail.com
(928) 300-6030



# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Real Party In Interest:<br>MICHAEL J BROSNAHAN<br>Consumer Claimant<br>                      Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., LSF9 MASTER PARTICIPATION TRUST, AND SUMMIT SERVICE AND REALTY LLC AND/OR Real Party(s) In Interest:<br>                      Defendants. | No. CV-16-08277-PCT-DLR<br><br>**RESPONSE TO DEFENDANT'S CALIBER HOME LOANS, INC., LSF9 MASTER PARTICIPATION TRUST, AND SUMMIT SERVICE AND REALTY LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>(Honorable Douglas L. Rayes) |

Plaintiff Michael J Brosnahan, natural person,"Consumer" as defined by 15 USC 1692a(3)(4), and Principal, exercising his private right of action 15 U.S.C. § 1692k, not waiving any rights, without prejudice, in this CIVIL ACTION pursuant to Fair Debt Collection Practices Act 15 U.S.C. § 1692, Truth in Lending Act (TILA), 15 U.S.C. 1601 et seq and Real Estate Settlement Practices Act (RESPA) 12 U.S.C. §2605 et seq. and Federal Question 28 U.S.C. § 1331. Consumer,Plaintiff hereby incorporates by reference all facts set forth in Plaintiff's Complaint, First Amended Complaint ("FAC") Second Amended Complaint ("SAC") and all Plaintiff's Response, including all defined terms contained therein to achieve a fair and meaningful hearing.

Consumer has diligently and consistently acted in good faith and lawfully noticed

the Federal Court, all relevant Authorities, Agencies and Defendants' jointly or separately to enforce his rights as a consumer since January 2009.

On and for the record and for my appeal if necessary, Consumer hereby respectfully submits his Response to Defendants' Motion and states as follows:

Plaintiff Objects to Defendants frivolous motion: Caliber Home Loans, Inc., LSF9 Master Participation Trust, And Summit Service And Realty LLC's Reply In Further Support Of Its Motion To Dismiss Plaintiff's Second Amended Complaint. Plaintiff categorically denies any and all allegations, assumptions, and presumptions in the defendants baseless and frivolous motion pages one through eleven.The Court should not tolerate Defendants' utterly frivolous motion such as this by a party who does not wish to have its unlawful and illegal activities exposed.

## I. BRIEF OVERVIEW

### "Enough Is Enough."

Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

Plaintiff could not find anywhere in the history of jurisprudents when a Federal Court found within its preview to award a free house to Defendants' through an Abuse Of Process by Defendants' in an attempt to have this Federal Court pre litigate and rubber stamp the Defendants malfeasance with a pre trail motion.

Plaintiff objects to Defendants' jointly or separately, as they attempt to rewrite history and the facts before the Federal Court. Defendants' can't use a robo-Defendants or robo-Beneficiary to press the case because that would mean that the rescinded loan, that Defendants' describe as "technicality" and the closing documents were being used for the purpose of establishing the presumption of legal standing that is nonexistent.

Plaintiff objects to Defendants' jointly or separately, as the Consumer protection laws are not some "Nebulous Legal Theory" they are unambiguous and statutory, in that no interpretation is required or allowed and no stonewalling the rescission can be accomplished by merely announcing a dispute with statutory TILA rescission on ANY

grounds.

After Notice by the Consumer, Defendants jointly or separately have no lawful explanation of why they are attempting **"To Collect A Debt"** (emphasis defendants, see plaintiffs exhibit 1) that has been rescinded in May 15, 2009 and the debt or loan no longer exists. See Plaintiff "Exhibit 4" TILA 2009 Rescission Letter. The rescission is ALWAYS effective upon mailing. Based upon the express wording of the statute 15 U.S.C. 1635, and the unanimous ruling from SCOTUS that the statute's wording is clear and thus permits no interpretation, and the ruling of SCOTUS that the statute is procedural, and simple logic.

"Nothing in our jurisprudence, and no tool of statutory interpretation, requires that a congressional Act must be construed as implementing its closest common-law analogue. Cf. Astoria Fed. Sav. & Loan Assn. v. Solimino, 501 U. S. 104, 108-109 (1991). The clear import of §1635(a) is that a borrower need only provide written notice to a lender in order to exercise his right to rescind." See SCOTUS <u>unanimous</u> decision January 13, 2015 (*Jesinoski v. Countrywide Home Loans, Inc., 2015 WL 144681*).

Plaintiff objects to Defendants' jointly or separately, see Defendants' motion page eight... *"Plaintiff consummated the loan in May 2006. This suit was not filed until November 2016—more than a decade later. Plaintiff also still possesses the collateral that is the Property at issue here..."* Defendants' jointly or separately through their own criminal actions, are now blaming the victim Mr. Brosnahan for their lack of Due Diligent.

Mr. Brosnahan did not write the Consumer protection Laws and only filed suit after Lawful and Legal notice to "Cease And Desist" was ignored by Defendants in an attempt **"To Collect A Debt"** (emphasis defendants, see plaintiffs exhibit 1) on an a loan lawfully rescinded in 2009. Defendants did attempt a non judicial foreclosure without proper strict statuary documentation as required by Law.

*see page3 defendants' motion "Plaintiff admittedly stopped making payments on that loan nearly nine years ago, but still is fighting to hold on to the collateral without*

*making any effort to repay the loan. It would appear that the party acting with impunity up until this point is, in fact, Plaintiff.* **Enough is enough".** "

After the 2009 TILA Rescission, Consumer Mr. Brosnahan was no longer required by Federal Law to make any further payments on the alleged loan. Mr. Brosnahan has consistently given Legal and Lawful notice to any and all previous alleged "Loan Servicers" aka "Debt Collectors" to "Cease And Desist" and enforce his rights as a consumer since January 2009. ***"Enough is enough"***

Plaintiff objects to Defendants' jointly or separately, as they can no longer claim "Plausible Deniability" must accept the full "Moral Hazard" of their unlawful actions in acquiring alleged debt for the Enforcement of a Non-judicial foreclosures **"To Collect A Debt"** (emphasis defendants, see plaintiffs exhibit 1-8) as they were legally and lawfully noticed of the facts and history now in evidence and now before the Federal Court.

The fact that Defendants made a faulty presumption and violated 15 U.S.C. § 1692 does not excuse them from liability under a bona fide error defense as stated in Jerman v. Carlise, NcNellie, Rini, Dramer & Ulrich, L.P.A. 538 F.3d 469,471 (6th Cir. 2008).

Plaintiff objects to Defendants' jointly or separately, Defendants' knowingly used false forged and or fabricated documents to garner legal presumption. Defendants' describe this as a "technicality": Pursuant to 8 U.S. Code § 1324c - Penalties for document fraud is a violation of Federal Law, also See DAVID KESTER V. CITIMORTGAGE, INC. | 9th Cir – "the recording of false or fraudulent documents that assert an interest in a property may cloud the property's title" September 29, 2017.

Plaintiff objects to Defendants' jointly or separately, Defendants' knowingly Perjured a verification in open court, the Defendants' describe as another "technicality": Pursuant to 18 U.S.C. 1621 it is a violation of Federal Law.

Plaintiff objects to Defendants perjuries "Verification" Demonstrating and proving once again to the Federal Court and Consumer that Caliber employees will sign and verify and attest to anything that is put in front of them without reading or understanding the content or ramifications. (See defense motion and perjuries "Verification" dated

November 01,2017)

Plaintiff objects to Defendants Documents and again hereby questions the authenticity and/or authority of all signatures by any and all parties. Plaintiff hereby questions the authenticity and/or authority of all documents, agreements, contracts, notes, and/or the like by any and all parties. Plaintiff objects to the notary(s) signing documents for Defendants' *ens legis* are actually employees of Defendants' corporations and have unlawfully notarized documents for their employers without firsthand knowledge and are hearsay. All documents allegedly "Verified" (See defense motion and perjuries "Verification" dated November 01,2017) or notarized by employees are void ab intio and may only be considered by this Court as evidences of their crimes and NEVER as valid documents.

Plaintiff objects to Defendants as the legitimacy of the Assignments are very much in question. 28 U.S. Code § 2072. Defendants allege there is a clear chain of title. Quite frankly, it is clear the alleged Assignments were not executed correctly in the ordinary course of business, as required by law and defendants clouded the title in an attempt to "push through" this unlawful mortgage foreclosure.

Defendants have no standing and are unable to enforce, therefore are nothing more than a "debt collector" as defined in FDCPA. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997): see also *Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000): Pittman v. J.J. *Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.,* 74 F. 3d 30, 33-34 (2nd Cir. 1996).

The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.,* 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.,* 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA)

15 U.S.C. § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002). Also See SCOTUS (TILA) unanimous decision January 13, 2015 *Jesinoski v. Countrywide Home Loans, Inc., 2015 WL 144681.*

Plaintiff objects to Defendants' jointly or separately, to their audacity in attempting to the misuse of " *Ho v. ReconTrust Co., NA, 840 F.3d 618, 621 (9th Cir. 2016) ("actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as the term is defined by the FDCPA").* "

The honorable 9th Circuit, case was in regards to **legitimate "Loan Servicing"** not to the Defendants' unlawful "Debt Collection" action on a TILA 2009 rescinded loan that Defendants' allegedly acquired using false, forged, fabricated accounting and documents.

Plaintiff objects to Defendants' jointly or separately, to their audacity in attempting to use the analogy *"...As the Ninth Circuit explained, "[t]he fear of having your car impounded may induce you to pay off a stack of accumulated parking tickets, but that doesn't make the **guy with the tow truck a debt collector**." Id ...* this is an attempt to portray themselves as the victim or legitimate "Loan Servicer" just "doing their job."

However a more accurate analogy for the Defendants actions are: Consumer Legally and Lawfully Noticed the " *Guy With a Tow Truck* " and everyone involved in Defendants unlawful actions that they were stealing the Consumers car that Consumers owned for 24 years. *"Tow Truck Guy"* still knowingly uses false, forged and fabricated documents and accounting. *"Tow Truck Guy"* under the color of law continues to demand payment **"To Collect A Debt"** unabated and continues to harass and trespass, threatening to steal Consumer car if does not **"pay up"** and continues with knowledge of forethought because he is **"just following orders"** or more commonly known as the Nuremberg Defense. Through an Abuse Of Process, Defendants actions are tantamount to "Car Jacking" and the Consumer Car is not going to an impound were it may be recovered, "acting with impunity" it is going to a foreclosure mill chop shop never to be seen again.

FDCPA, Consumer and Defendants identifies themselves through their behavior unlawful actions and correspondence as "Debt Collectors", a jury of Mr. Brosnahan's peers and any reasonable person will more likely look at it as extortion racket after all the facts are presented in open Court.

This matter arises out of Defendants' unlawful communication to the Consumer pursuant to 15 USC§1692c(a) and the commencement of a non-judicial foreclosure proceeding against Consumer absent the required documentation pursuant to 15 U.S.C. §1692e(2) §1692f 6(a) and in lieu of said documentation, Defendants used perjuriess statements and claim to conceal the Facts that neither Defendant nor Defendant's *ens legis* has no Legal and/or Lawful Right to commence the non-judicial foreclosure proceeding in attempt to collect a debt. The coercive deceptive nature of the actions of, and statements made to the Plaintiff in multiple communications from Defendants' jointly or separately, identifying themselves specifically as "Debt Collectors " leave little doubt that Plaintiff has been damaged. A "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply it was designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any consumer, and any false deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

Defendants' knowingly violated fiduciary due diligent 28 U.S. Code § 1251 28 U.S.C. § 1345 Injunctions Against Fraud.

Plaintiff objects Defendants' jointly or separately, pursuant to RESPA did not respond in a timely manner to consumers "Written Qualified Request" and attempted to mislead Consumer in their eventual response. See plaintiff exhibit 2 Defendants' knowingly misled the Consumer with Unverified accounting Pursuant to RESPA, the Dodd-Frank Act and 12 C.F.R. §§ 9.8-.9 (2004) (regulating recordkeeping, record

retention, and audit by the Comptroller of the Currency)

Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. See Pacific Concrete F.C.U. v. Kauanoe, 62 Haw. 334, 614 P. 936 (1980), GE Capital Hawaii, Inc. v. Yonenaka 25 P. 3d 807, 96, Hawaii 32, (Hawaii App 2001), Fooks v. Norwich Housing Authority 28 Conn. L. Rptr. 371, (Conn. Super. 2000), Town of Brookfield v. Candlewood Shores Estates, Inc. 513 A. 2d 1218, 201 Conn. I (1986), and Solon V. Godbole, 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987). The Defendants never complied with Plaintiff's Consumer demands for validation of the alleged debt they were attempting to collect yet continued their collection activities. A debt collector verifies a debt by providing information that is responsive to the consumer's request. See H.R. Rep. No 31, 95th Cong., 1st Sess. 5 1977. At NO time did Defendants begin to attempt to properly validate the alleged debt as demanded by Plaintiff.

Plaintiff objects to Defendants allege that Conditions Precedent not met in contact is a "technicality". The Deed of Trust is explicit in paragraph 22 that *"Acceleration; Remedies.* **Lender shall give notice** *to Borrower* **prior to acceleration** *following Borrower's* **breach of any covenant or agreement in this Security"** *Instrument (emphasis added)* Defendants failed to meet Conditions Precedent pursuant to DOT. *See:* Conditions Precedent Not Met - 2011 CA US District Court - Paik v Wells Fargo

With all due respect, Plaintiff objects to the Defendants motion as it appears to have been filed in bad faith in an attempt to pre litigate and Prejudice the court against the Consumers' legitimate claim and have no bearing on the Federal Question 28 U.S.C. § 1331 before the court and in fact Defendant's Motion has repeatedly and notably failed to address this Federal Court about the Federal Question 28 U.S.C. § 1331. 28 U.S. Code § 2072.

Plaintiff objects to Defendant's Motion, as the tone is unprofessional and unethical as it appears to mock the consumer's legitimate claim.

Plaintiff objects to Defendants' motion as it is filled with legalese, terms no laymen will understand and used words that have different meanings in law than in the layman sense, Only the laymen meaning of the words should be used with the Consumer. Plaintiff objects to the unfair advantage for Defendants, it is obvious in that condition alone. A Consumer layman is NOT required to know legal definitions. Plain Writing Act of 2010.

The veracity of the Consumer Plaintiffs' Claims and Facts in this case have been legitimized over these eight years of Federal litigations by the: DOJ, CFPA and Attorney General resulting with Countrywide, Bank of America, Deutsche Bank, and Ocwen all having multimillion dollar consent orders and Judgments against them. A Second Superseding Federal Indictment, for Wilmington Trust. The New York Attorney General opened an investigation into Caliber Home Loans Inc. for their abusive practices.

At all relevant times, Defendants Caliber Home Loans Inc., LSF9 Master Participation Trust, and Summit Services and Realty LLC (collectively "Defendants") and its agents are in fact a "Debt Collector" as defined under the FDCPA. 15 U.S.C. § 1692a(6). Defendants have acted and continue to act recklessly or knowingly and commit the acts, cause or direct others to commit the acts, or permit others to commit the acts alleged in this matter. Any allegations about the acts of the Corporations means those acts were committed through their officers, directors, employees, agents, and/or representatives while those individuals were acting within the actual or implied scope of their authority.

To be clear, collectively "Defendants" jointly or separately are like a "snake eating its tail" hidden from the Consumer and Federal Court in a self contained Lone Star corporate conglomerate, built on a well oiled "foreclosure mill". see Defendants "Corporate Disclosure Statement". Defendants actions are orchestrated to mislead and designed to inflict and deliver maximum irreparable harm to the Consumer. Plaintiff objects to Defendants disingenuous motion and deception. This Federal Court should summarily <u>not grant</u> Defendants motion.

## II. STANDARD OF REVIEW

Plaintiff Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". Friends of Lake View School District v. Beebe, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. Id. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". Ashcroft v. Iqbql, 129 W.Ct. 1937, 1950 (2009). Well-pleaded allegations of fact and every inference fairly deducible there from are accepted as true for purposes of a motion to dismiss. See: Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." Twombly, 550 U.S. at 556.

### III. ARGUMENTS AND AUTHORITIES

Plaintiff Consumer Michael J Brosnahan reaffirms and re-alleges the preceding paragraphs as if more fully set forth herein below.

"When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Sir. 1996): Jones v. General Elec. Co., 87 F.3d 209, 211 (7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle

plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

## JUDICIAL NOTICE

**Although this is a Civil case Plaintiff asks the court to note the defendants actions also may be criminal in nature.**

    28 U.S. Code § 2072 - Rules of procedure and evidence; power to prescribe

    Federal Question 28 U.S.C. § 1331

    Fair Debt Collection Practices Act 15 U.S.C. § 1692

    Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq*

    Helping Families Save Their Homes Act of 2009

    Public Law 111 - 274 - Plain Writing Act of 2010

    FTC 16 C.F.R. § 433, ("Holder" Rule)

    28 U.S. Code § 1251 28 U.S.C. § 1345 Injunctions Against Fraud

    United States of America Constitution Article III section II

    Supremacy Clause of the United States Constitution, Article VI, paragraph 2

    SCOTUS unanimous decision January 13, 2015 *Jesinoski v. Countrywide Home Loans, Inc., 2015 WL 144681* .

    DAVID KESTER V. CITIMORTGAGE, INC. | 9TH CIR – September 29, 2017

    8 U.S. Code § 1324c - Penalties for document fraud

    18 U.S.C. § 1621- Perjury

    28 U.S. Code § 1251 28 U.S.C. § 1345 Injunctions Against Fraud

    Wilson v. Draper & Goldberg, P.L.L.C., 2006 U.S. (4th Cir. April 5, 2006)

    CA US District Court - Paik v Wells Fargo 2011- Conditions Precedent Not Met

    12 C.F.R. §§ 9.8-.9 (2004) (regulating recordkeeping, record retention, and audit)

## CONCLUSION

Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial

experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies Plaintiffs' burden of pleading under the Federal Rule of Civil Procedure, in addition to the FDCPA at this stage. See Ashcroft v. Iqbal, 129 S.Ct. at 1950. Plaintiff's claims should therefore survive dismissal.

Plaintiff has demonstrated that actions of the Defendants' jointly or separately, have violated FDCPA, TILA, RESPA and other consumer protection laws by their willful failure to state a material fact, or the willful concealment of a material fact in their commencement of a non judicial foreclosure against the Plaintiff. The intent of the Defendants actions was that the Plaintiff would rely on their false and coercive statements and just "pay up" rather than exercise his rights as dictated by the FDCPA and not bring suit against the Defendants for their violation of the FDCPA and other consumer protection laws. Plaintiff has made detailed allegations with particularity with Facts and Evidence, that the Defendants have used written representations of exaggeration and falsehood, which is precisely what is required for an action to be brought under FDCPA, TILA,RESPA and other consumer protection laws.

Plaintiff respectfully requests the Court take notice of the well-pleaded allegations and **Facts now in evidence** of the Consumer Plaintiff's complaint, and must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an order denying Defendants' Motion to Dismiss. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend his Complaint.

RESPECTFULLY SUBMITTED: This 1st Day of December, 2017,

BY: _____, agent
Consumer Claimant Michael J Brosnahan,
Sincerely and signed without prejudice,

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| | ORIGINAL and COPY of the foregoing |
| 2 | Delivered and Filed with the Clerk of the Court, |
| 3 | This 1st Day of December, 2017, |
| | The Honorable Douglas L. Rayes |
| 4 | UNITED STATES DISTRICT COURT |
| | FOR THE DISTRICT OF ARIZONA |
| 5 | |
| 6 | |
| 7 | Conformed COPY of the foregoing |
| | Perkins Coie LLP |
| | Brian C. Lake |
| 8 | Kendra L. Haar |
| | 2901 North Central Avenue, Suite 2000 |
| 9 | Phoenix, Arizona 85012-2788 |
| | Attorneys for Defendants Caliber Home |
| 10 | Loans, LSF9 Master Participation Trust, |
| | and Summit Services and Realty LLC |
| 11 | |
| 12 | BY: _____, agent |
| 13 | Consumer Claimant Michael J Brosnahan, |
| | Sincerely and signed without prejudice, |
| 14 | |

COPYRIGHT NOTICE: The above-mentioned entity is quoting citations 'as purported in' context to copyrighted case law, statutes, rules of court and court decision material as found in books published with Federal or state funding supplied by the Citizens of the United States of America and intended for use by attorneys, and does so under the provisions of the Fair use clause of the copyright laws of the United States.