WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael J Brosnahan,<br><br>    Plaintiff,<br><br>v.<br><br>Caliber Home Loans Incorporated, et al.,<br><br>    Defendants. | No. CV-16-08277-PCT-DLR<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss Second Amended Complaint, which is fully briefed. (Docs. 25-27.) For the following reasons, Defendants' motion is granted.

**I. Background**

This case arises out of a non-judicial foreclosure of real property owned by pro se Plaintiff Michael Brosnahan and located in Sedona, Arizona ("Property"). Plaintiff borrowed $373,500.00 from Countrywide Home Loans, Inc. ("Countrywide") in 2006, and concurrently executed a deed of trust securing repaying of the loan using the Property as collateral. Plaintiff stopped paying on the loan in 2009. On November 22, 2016, Plaintiff filed this action, initially alleging a single claim against Defendants for violating the Fair Debt Collections Practices Act ("FDCPA"). (Doc. 1.) Plaintiff also filed an application for a temporary restraining order ("TRO"), in which he asked the Court to enjoin the non-judicial foreclosure of the Property scheduled the following day.

The Court denied Plaintiff's TRO application after finding that he had not complied with Federal Rule of Civil Procedure 65(b)(1)'s notice requirements. (Doc. 7.) The Court also found that Plaintiff was not likely to succeed on the merits of his claim because mortgagees and their beneficiaries are not debt collectors subject to the FDCPA, and actions taken to facilitate non-judicial foreclosure are not attempts to collect a debt within the meaning of the act. (*Id.*) Further, the Court noted that Plaintiff's "allegations are conclusory and do not state a plausible claim to relief under the FDCPA" because "he does not specify the nature of Defendants' abusive debt collection practices." (*Id.* at 4-5.)

Plaintiff thereafter filed an amended complaint, which purported to assert three claims for violations of the (1) Real Estate Settlement Procedures Act ("RESPA"), (2) Truth in Lending Act ("TILA"), and FDCPA. (Doc. 13.) Defendants moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint for failure to state a claim upon which relief may be granted. (Doc. 14.) The Court granted Defendants' motion, concluding that Plaintiff's amended complaint failed to comply with Rule 8's minimum pleading requirements. (Doc. 23.) The Court also noted that

> Plaintiff is not a newcomer to federal litigation. Including this action, Plaintiff has litigated three cases in this District since 2009, all raising objections to non-judicial foreclosures. (*See Brosnahan v. JPMorgan Chase Bank, et al.*, 3:09-cv-08224-JAT ("2009 Case"); *Brosnahan v. Bank of America, et al.*, 3:10-cv-08056-FJM ("2010 Case").) Both of Plaintiff's prior cases were dismissed for failure to comply with Rule 8's basic pleading requirements. (*See* Docs. 27, 54 in the 2009 Case; Doc. 21 in the 2010 Case.) By now, Plaintiff should know about the rules governing pleadings in Federal courts and be able to comply.

(*Id.* at 3-4.) Nevertheless, the Court granted Plaintiff leave to file a second amended complaint, but directed him to familiarize himself with the Federal Rules of Civil Procedure. (*Id.* at 4.)

Plaintiff timely filed his second amended complaint on October 18, 2017, which Defendants now seek to dismiss with prejudice. (Docs. 24-25.)

**II. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a

complaint that is not based on a cognizable legal theory or that lacks sufficient facts to state a plausible claim under an otherwise cognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). Nor is the court required to accept as true "allegations that contradict matters properly subject to judicial notice," or that merely are "unwarranted deductions of fact, or unreasonable inferences*." Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

To avoid dismissal, the complaint must plead sufficient facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557.)

**III. Discussion**

Defendants raise a number of arguments for dismissal, but the Court reaches only the first: that Plaintiff's second amended complaint violates Federal Rule of Civil Procedure 8. This has been a persistent problem throughout this case and others that Plaintiff has filed in this District.

As the Court explained in its prior order, one of the primary functions of a complaint is to provide defendants with notice of the legal claims asserted against them and the factual bases for those claims. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). A complaint written "without simplicity, conciseness and clarity" as to who

1 is being sued and for what, "fails to perform the essential functions of a complaint." *Id.* at 1180. Accordingly, the Federal Rules of Civil Procedure place certain basic minimum requirements on the form and content of complaints to ensure that they serve their basic functions. Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Rule 10(b) requires claims or defenses to be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Plaintiff's second amended complaint is dismissed because, like the previous two versions, it does not comply with these rules and therefore fails to state a plausible claim for relief. Instead of providing a short and plain statement showing that he is entitled to relief, Plaintiff has again submitted lengthy, rambling complaint that fails to clearly and concisely state the factual and legal bases for his claims. Plaintiff's second amended complaint, again like its predecessors, consists primarily of legal jargon rather than factual allegations, is far too verbose and convoluted to understand, and is insufficient to put Defendants or this Court on fair notice of the claims at issue.

Although courts generally construe the pleadings of pro se litigants liberally, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Moreover, as the Court noted in its prior order, Plaintiff is not a newcomer to federal litigation and should by now understand how to comply with Rule 8. Given the inadequacy of Plaintiff's prior amendments, the Court finds that further amendment would be futile. Accordingly,

//
//
//
//
//
//

1   **IT IS ORDERED** that Defendants' motion to dismiss (Doc. 25) is **GRANTED**.
2   The Clerk of the Court shall terminate this case.
3   Dated this 14th day of March, 2018.

_____
Douglas L. Rayes
United States District Judge